```
 1              IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                        EASTERN DIVISION

 3    BAYU SAPUTRA, Personal          )   Docket No. 18 C 7686
      Representative of the Heirs of  )
 4    CANDRA KIRANA, deceased,        )
      MARSUDI, Personal Representative)
 5    of the Heirs of CICI ARISKA,    )
      deceased, SUTARIYO, Personal    )
 6    Representative of the Heirs of  )
      ASEP SARIFUDIN, deceased,       )
 7                                    )
                      Plaintiffs,     )   Chicago, Illinois
 8                                    )   January 7, 2019
               v.                     )   9:25 a.m.
 9                                    )
      THE BOEING COMPANY, a           )
10    corporation,                    )
                                      )
11                    Defendant.      )

12
                TRANSCRIPT OF PROCEEDINGS - Motion Hearing
13             BEFORE THE HONORABLE THOMAS M. DURKIN

14
      APPEARANCES:
15

16    For the Plaintiffs:   MS. ALEXANDRA M. WISNER
                            Wisner Law Firm PC
17                          514 W. State Street
                            Suite 200
18                          Geneva, IL 60134

19
      For the Defendant:    MS. BATES M. LARSON
20                          Perkins Coie LLP
                            131 S. Dearborn Street
21                          Suite 1700
                            Chicago, IL 60603
22

23                          MR. MACK H. SHULTZ JR.
                            Perkins Coie LLP
24                          1201 3rd Avenue
                            Suite 4900
25                          Seattle, WA 98101
```

```
 1    APPEARANCES (Cont'd.):

 2
      For Plaintiff          MR. THOMAS P. ROUTH
 3    Satijo in              Nolan Law Group
      Case No. 18 C 8006:    20 N. Clark Street
 4                           30th Floor
                             Chicago, IL 60602
 5

 6    Court Reporter:        LAURA R. RENKE, CSR, RDR, CRR
                             Official Court Reporter
 7                           219 S. Dearborn Street, Room 1432
                             Chicago, IL 60604
 8                           312.435.6053
                             laura_renke@ilnd.uscourts.gov
 9
```

1     (In open court.)

2     THE CLERK: Okay. 18 C 7686, Saputra v. Boeing.

3     THE COURT: Mr. Miller, if you've got a minute, can
4 you hang around after this? On -- completely unrelated to the
5 case we just talked about, of course.

6     Okay. Let's have everyone identify themselves for the
7 record.

8     MS. LARSON: Good morning, your Honor. Bates Larson
9 on behalf of defendant, The Boeing Company.

10     MR. SHULTZ: Good morning, your Honor. Mack Shultz,
11 also on behalf of defendant, The Boeing Company.

12     MS. WISNER: Good morning, your Honor. Alexandra
13 Wisner on behalf of the -- Saputra.

14     MR. ROUTH: Good morning, your Honor. Tom Routh,
15 R-O-U-T-H, on behalf of a related matter, the Satijo matter,
16 that is -- has a motion pending before you.

17     THE COURT: All right. This is defendant Boeing's
18 motion for reassignment of related cases. I guess there's a
19 couple federal -- this all relates to the air crash off of
20 Malaysia --

21     MS. LARSON: That's correct, your Honor.

22     THE COURT: -- of the Lion aircraft -- the Lion Air
23 plane. And I have the lowest number, and there's two other
24 federal -- two other cases in this court?

25     MS. LARSON: There's this case, and, your Honor, there

1   are two other cases that were recently removed --
2           THE COURT:  Okay.
3           MS. LARSON:  -- that are the subject of a separate
4   motion.
5           THE COURT:  And I understand that there's some
6   20 state court cases?
7           MS. LARSON:  Currently, yes.
8           THE COURT:  And you're going to be removing all of
9   those?
10          MS. LARSON:  Yes.
11          THE COURT:  Okay.  Is there going to be an opposition
12  to removal if -- or motions to remand?  You can't really oppose
13  removal.  But do you expect there's going to be any motions to
14  remand?  I know you can't speak for plaintiffs' counsel in
15  those cases.
16          MS. LARSON:  And these cases were filed originally in
17  federal court, your Honor, so I don't know that these
18  plaintiffs would be the ones with opposition.
19          The Multiforum, Multiparty Jurisdiction Act is pretty
20  clearly applicable in this case, so I don't think that there's
21  a good-faith --
22          MR. ROUTH:  Well --
23          MS. LARSON:  -- motion for remand in the anticipated
24  removed -- cases that will be removed.
25          MR. ROUTH:  I have spoken to counsel for some of the

1 state court cases, and they are going to be opposing it.
2 Whether it's, as counsel said, not in good faith, I do
3 anticipate they're going to try to remand those cases.
4     THE COURT: Okay. Well, I'm certainly going to grant
5 the motion to reassign. I've got the lowest number. The rules
6 are I get it.
7     MR. ROUTH: I have no objection to that, your Honor.
8     THE COURT: Okay. You're eventually, I assume -- I
9 think you've indicated you're going to file a motion for *forum*
10 *non conveniens* and try and get these cases kicked back to
11 Malaysia.
12     MS. LARSON: Indonesia.
13     THE COURT: Or Indonesia, rather. It makes more
14 sense, I think, for all of these cases to come from state court
15 and get everything in one courtroom, whether it's mine or
16 another courtroom -- presumably mine -- and then, if there are
17 motions to remand, consider those.
18     And if -- those cases that remain here, either all of
19 them or part of them, you can file your motion to have them
20 go -- leave this Court on a *forum non conveniens* motion. I
21 think that's the most orderly way to do it.
22     So the motion to reassign is granted. I don't know
23 that we need -- well, I'll set it for a status in 60 days just
24 as a precaution. I expect we'll be in here much sooner on
25 various motions. If you can think of a way to expedite this

1    where we're not -- if 19 or 20 cases come from state court --
2             MS. LARSON:  Yeah.
3             THE COURT:  -- to at least half a dozen or more
4    different federal judges and you're going to file motions to
5    reassign them to me, I'll grant those without appearance
6    because they all belong in one courtroom.
7             MS. LARSON:  We have, your Honor, attempted to --
8    we've marked the box on the cover sheet that the cases are
9    related, and we've also filed, to flag for the Clerk's Office,
10   a separate Notice of Related Case.
11            THE COURT:  Okay.
12            MS. LARSON:  That has not so far resulted in them
13   being assigned to you.
14            In others matters, we have had mixed success with
15   that.  We will continue to do that in an attempt to avoid as
16   much motion practice on that as we can.
17            We do have another motion noticed for today, though,
18   your Honor, a motion related to sequencing of discovery.
19            THE COURT:  Yeah.  And I'll get to that in a second.
20            MS. LARSON:  Okay.
21            THE COURT:  The other thing I'd like to raise is -- I
22   don't think -- my brother, he works for the Clifford Law
23   Offices.  They do a lot of airplane crash cases.  I don't know
24   that they have any of these state court cases.  I don't think
25   they do.

1    MR. ROUTH:  None of the currently pending state court
2  cases are from the Clifford law firm.
3    THE COURT:  Okay.  I --
4    MR. SHULTZ:  That's correct, your Honor.
5    MS. LARSON:  That's correct.
6    THE COURT:  All right.  So I don't know if they get
7  involved whether that's going to affect my ability to stay on
8  this or not.
9    And also, Ms. Wisner, I think I went to law school
10 with your father.
11   MS. WISNER:  Yes.  He mentioned that.
12   THE COURT:  I assume it's your father.
13   MS. WISNER:  Yes, it is my father.
14   THE COURT:  Okay.  Floyd.  So I put those things on
15 the record.  The matter relating to my brother's law firm is
16 not at issue at this point.  And Mr. Wisner and I knew each
17 other in law school but haven't seen each other other than
18 another case he filed years ago here.  So ...
19   MS. WISNER:  He mentioned that as well, your Honor.
20   THE COURT:  But that's on the record.
21   All right.  Now the motion on sequencing of discovery.
22 Is there an objection to basically restricting discovery to
23 discovery that just deals with the *forum* -- the anticipated
24 *forum non conveniens* motion?
25   MS. WISNER:  Yes, your Honor.  There is an objection.

1 And I'm happy to advise the Court as to the basis for my
2 objection if the Court would like to hear it.
3       THE COURT: All right. Go ahead.
4       MS. WISNER: Okay. Judge, as you had previously
5 mentioned, this is just one case, and now two cases that are
6 part of multiple cases that have been filed, some of which have
7 not even been removed to this court yet, but Boeing anticipates
8 removing them to this court.
9       By hearing this motion now, we believe that it's
10 depriving the other plaintiffs in the other cases of having
11 their opinions heard, their arguments heard as to whether or
12 not they agree or they object to sequencing discovery. It's
13 premature at this time considering all these outstanding cases
14 and the early position of this case and the fact that this
15 crash just occurred last October.
16       That being said, your Honor, what we request is to
17 enter and continue this motion and defer until the other
18 parties in the related cases may be heard.
19       If that's not the Court's inclination, our alternative
20 argument, Judge, is to ask that we give -- have an opportunity
21 to respond to this motion. This was a lengthy motion, and it
22 included citations.
23       Also it included arguments relating to *forum non*
24 *conveniens* improperly under the guise of a motion to sequence
25 discovery. And respectfully, your Honor, we'd like a chance to

1  be able to respond to that briefly, very briefly, but to
2  highlight the fact that this is a products liability case,
3  there's already evidence of a product liability issue, and
4  Boeing is in Chicago.
5        So Boeing's had an opportunity to make some arguments
6  in terms of FNC, but also in terms of how that impacts
7  sequencing discovery. And we would like an opportunity to have
8  a written opinion -- or excuse me -- a written brief on the
9  same.
10        If that's not the Court's inclination as well, if the
11  Court is inclined to just hear this motion today, then our
12  position is, Judge, that *forum non conveniens* --
13        THE COURT: Well, I'll give you a chance to respond in
14  writing.
15        MS. WISNER: Thank you.
16        THE COURT: They filed a 13-page brief. In fairness,
17  you ought to have a chance to respond to it fully, although I
18  noted it said that the plaintiffs' counsel in this case, the
19  Saputra action, has indicated they won't object to limiting
20  initial discovery to *forum non conveniens* issues.
21        MS. WISNER: Well -- excuse me, Judge. And I'll tell
22  you why. We had gotten calls from counsel for Boeing. We work
23  with them in a lot of different cases. We have a good
24  relationship with them. And they reached out and asked us if
25  we would agree to this motion.

1     The first thing we said was "This is too early.
2  There's all these other cases pending. This is premature."
3     And then we had said, "Well, look. If all the other
4  cases are involved, if we have them, then we would agree to
5  it."
6     But we don't want to step on anyone else's toes. I
7  don't want to be put in a position where I have other
8  plaintiffs saying, "Because you've now agreed to it, now
9  Boeing's going to argue that, 'Well, you've already agreed to
10 it for this one. Everyone else should fall in line.'"
11    I don't think that's fair to the other parties. And
12 considering this isn't just a case involving just my case but
13 presumably is going to involve over 20 -- or excuse me -- yes,
14 over 20 other cases, I think they should have an opportunity to
15 be heard.
16    And that's also before we saw Boeing's motion that
17 argued FNC, which I wasn't told was going to be part of the
18 basis for the motion to sequence discovery, your Honor.
19    THE COURT: All right.
20    Well, any response from Boeing?
21    MR. SHULTZ: Your Honor, with respect to counsel's
22 concern about the argument with respect to FNC, it's not our
23 intent to have the Court decide that issue right now,
24 obviously. It was just an attempt to put forth enough
25 information that the Court would understand there is a

1  good-faith motion for *forum non conveniens* that will be put
2  before the Court.
3        THE COURT: Well, here's how -- and I don't mean to
4  interrupt, but I think I've made up on my mind on this. I'm
5  going to enter and continue your motion. It doesn't make a lot
6  of sense if I'm going to have 20 other sets of plaintiffs'
7  lawyers here, some trying to get the case remanded back to
8  state court, some agreeing to stay here, but one way or the
9  other me ruling, for me to rule on what the discovery in this
10 case will be until everyone has a seat at the table and can
11 raise their objections. I think your point is well taken
12 there.
13       And rather than have you brief it, why don't -- and me
14 getting potentially 19 different briefs, why don't we wait and
15 see how this case lands and ends up in final form in front of
16 me so that I can rule on this motion. No discovery is going to
17 take place before that, so it's -- no need to decide this.
18       I assume there's non-destruct orders in place. Or are
19 there?
20       MR. SHULTZ: Your Honor, we've taken steps to preserve
21 relevant documents and information relating to the case.
22       And just to elaborate, the reason we brought the
23 motion at the outset. We understand it's more efficient to
24 have it heard when everyone is here. But with the mandatory
25 initial disclosures pilot program, we were concerned about the

1  potential obligation to begin producing large volumes of
2  documents.
3              THE COURT:  There's an exception to the mandatory
4  disclosures that deal with jurisdictional issues.  I think a
5  *forum non conveniens* motion is close enough to a jurisdictional
6  question on a case of this magnitude to not require the
7  mandatory disclosures at this time.  There's plenty of issues
8  here that I think involve more complexity than keeping the
9  mandatory disclosure obligations in place.  I'd much rather we
10 have everyone here, decide this motion at that time.  And
11 that's how we'll do it.
12             So did we give a date on the 60 days out, Sandy?
13             THE CLERK:  No, we did not.  60 days out from today
14 takes us to March -- maybe March 5th.
15             THE COURT:  Okay.  Does that date work?
16             MS. WISNER:  That's fine for me, your Honor.
17             MR. SHULTZ:  That's fine, your Honor.
18             I believe there's currently a status hearing set for
19 January 28th in this matter.  I assume that will be struck.
20             THE COURT:  That's going to be stricken.
21             And the motions to reassign are -- if you notice them
22 up, keep watching the docket.  I'll likely just grant those
23 without appearance.
24             MS. LARSON:  There is one noticed for this Wednesday,
25 your Honor, for the first two cases that have been removed.

1     THE COURT: Okay. Then those -- those motions are
2 going to be granted.
3     MS. LARSON: Okay. We'll monitor the docket.
4     THE COURT: We'll make sure an order is entered to
5 grant those. No need to appear. And I'll do that on all the
6 other ones that come in. And then I'm sure I'll get some
7 motions to remand, or it sounds like I will, and those we'll
8 have to set a briefing schedule on.
9     But we'll keep the 60-day date just in case nothing
10 happens between now and then. Unlikely.
11     MS. LARSON: Thank you.
12     MR. ROUTH: Thank you, your Honor.
13     MR. SHULTZ: Thank you.
14     THE COURT: All right. Anything else we need to
15 discuss today?
16     MR. SHULTZ: No, your Honor.
17     MS. WISNER: Not from our position.
18     THE COURT: All right. Thank you all.
19     MR. SHULTZ: Thank you, your Honor.
20     MR. ROUTH: Thank you.
21     MS. WISNER: Thank you.
22     MS. LARSON: Thank you, Judge.
23   (Concluded at 9:36 a.m.)
24
25

1     C E R T I F I C A T E

2     I certify that the foregoing is a correct transcript of the

3 record of proceedings in the above-entitled matter.

4

5 */s/ LAURA R. RENKE*                 *January 11, 2019*
    LAURA R. RENKE, CSR, RDR, CRR
6     Official Court Reporter