IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BAYU SAPUTRA, Personal Representative of the Heirs of CANDRA KIRANA, deceased, MARSUDI, Personal Representative of the Heirs of CICI ARISKA, deceased, SUTARIYO, Personal Representative of the Heirs of ASEP SARIFUDIN, deceased,<br><br>     Plaintiffs,<br><br>  v.<br><br>THE BOEING COMPANY, a corporation,<br><br>     Defendant. | No. 1:18-cv-07686 |

**DEFENDANT THE BOEING COMPANY'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

Defendant The Boeing Company ("Boeing"), by and through its attorneys of record, Perkins Coie LLP, hereby answers the Complaint at Law ("Complaint") of Plaintiffs Bayu Saputra, Personal Representative of the Heirs of Candra Kirana, deceased, Marsudi, Personal Representative of the Heirs of Cici Ariska, deceased, Sutariyo, Personal Representative of the Heirs of Asep Sarifudin, deceased (collectively, "Plaintiffs"), as follows, in paragraphs numbered to correspond to the paragraph numbers in said Complaint. All facts not specifically admitted are denied.

Boeing also states that the Complaint pertains to an accident on October 29, 2018, that currently is the subject of an ongoing investigation by the Indonesia National Transportation Safety Committee ("NTSC-KNKT"), which has not yet been completed. The United States National Transportation Safety Board ("NTSB") is a party to the NTSC-KNKT investigation, and Boeing is providing technical assistance.

Under international law (Section 5.26 of Annex 13 to the Convention on International Civil Aviation) and federal law (49 C.F.R. § 831.13 and 49 § U.S.C. 1114(f)), Boeing is prohibited at this time from releasing information concerning the accident to any person not a

ANSWER TO COMPLAINT

party to the investigation without prior consultation and approval of the NTSB. Accordingly, in responding to this Complaint, Boeing has not relied upon information made known to certain Boeing personnel by the NTSB related to the ongoing investigation of the accident.

## COUNT I

1. Plaintiffs are citizens of Indonesia. Plaintiffs are the heirs, and personal representatives, of their respective decedents. Plaintiffs' decedents were citizens of Indonesia.

**ANSWER:**

Upon information and belief, Plaintiffs were and continue be citizens of Indonesia, and the Decedents were also citizens of Indonesia. Boeing lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 and therefore denies them.

2. Defendant Boeing is a corporation which has its principal place of business in, and is a resident of, Chicago. Illinois.

**ANSWER:**

Boeing admits the allegations contained in Paragraph 2.

3. This action arises from the crash of Lion Air Flight JT 610 in which more than 75 persons died at the same location. Therefore, this action is governed by the Multi-Forum Multi-Jurisdiction Act, 28 U.S.C. §1369, and this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331.

**ANSWER:**

Boeing admits the allegations contained in Paragraph 3.

4. Venue is proper in this District under 28 U.S.C. §1391 as defendant Boeing is a resident of this District.

**ANSWER:**

The allegations contained in Paragraph 4 consist of legal conclusions to which no response from Boeing is required. To the extent a response is required, Boeing admits that venue exists in this District.

5. On a date prior to or about August 2018, defendant Boeing designed, manufactured, assembled, and sold a certain Boeing 737 Max 8 aircraft, Registration PK-LQP ("the accident aircraft") and prepared and provided an Aircraft Flight Manual (AFM) for the accident aircraft.

**ANSWER:**

Boeing admits that, prior to August 2018, it designed, manufactured, assembled, and sold the Boeing 737-8 aircraft bearing Registration No. PK-LQP (the "Subject Aircraft"), except for those components, parts, and systems of the Subject Aircraft that were designed, manufactured, assembled, and sold by others, and the components, parts, and systems that were subsequently removed, installed, exchanged, altered, modified, retrofitted, overhauled, or manufactured by others. Boeing also admits that it prepared an Aircraft Flight Manual ("AFM") for the Subject Aircraft and that the AFM was provided to Lion Air. Boeing denies the remaining allegations contained in Paragraph 5.

6. At the time the accident aircraft and its AFM left the control of defendant Boeing, they were defectively and unreasonably dangerous in one or more of the following respects:

(a) the accident aircraft had a flight control feature which, in the event sensor(s) on the aircraft reported an erroneously high angle of attack, would command a nose down movement of the aircraft unauthorized by, and without notice to, the flight crew;

(b) the subject sensor(s) on the accident aircraft were subject to failure in flight and subject to providing erroneous information to the aircraft's flight control system as to the aircraft's angle of attack;

(c) the subject sensor(s) on the accident aircraft were subject to becoming blocked or obstructed, causing them to provide erroneous information, including erroneous information as to the aircraft's angle of attack, to the aircraft's flight control system;

(d) the accident aircraft's flight control system failed to filter out erroneous information, including erroneous information as to the accident aircraft's angle of attack;

(e) the accident aircraft's above-described flight control feature commanded dangerous downward movements of the accident aircraft unauthorized by the flight crew and did not allow the flight crew a means or method to timely and safely manually override an improperly-commanded downward movement;

(f) the accident aircraft did not provide a means or method for the flight crew to timely and safely correct an improperly-commanded downward movement and recover control of the accident aircraft; and

(g) the AFM for the accident aircraft did not warn of the dangers presented by the above-described defects; and

(h) the AFM for the accident aircraft did not provide instruction as to a procedure to be followed by the flight crew to timely and safely correct an improperly commanded downward movement and to recover control of the accident aircraft.

**ANSWER:**

Boeing denies the allegations contained in Paragraph 6, including all sub-parts of Paragraph 6.

7. On October 29, 2018, the accident aircraft was being operated by Lion Air as Flight No. JT 610 from Jakarta, Indonesia to Pangkal Pinang, Indonesia.

**ANSWER:**

Boeing admits the allegations contained in Paragraph 7.

8. On said date, plaintiffs' decedents were fare paying passengers onboard the accident aircraft on the subject flight.

**ANSWER:**

Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and therefore denies them.

9. As the direct and proximate result of one or more of the above-described defects in the accident aircraft, one or more of the sensors on the accident aircraft failed and provided erroneous information to the accident aircraft's flight control system as to the accident aircraft's angle of attack; the flight control system of the accident aircraft failed to filter out this erroneous information and commanded the accident aircraft to go into a dangerous downward dive; there was no means or method for the flight crew to safely manually override the improperly-commanded downward movement; the flight crew had not been instructed and advised as to any means or method to correct the improperly-commanded downward movement and could not regain control of the accident aircraft; and the aircraft crashed into the Java Sea, killing all those onboard, including plaintiffs' decedents.

**ANSWER:**

Boeing denies the allegations contained in Paragraph 9.

10. Plaintiffs' decedents left surviving heirs and next of kin, including plaintiffs, for whose benefit this action is brought.

**ANSWER:**

Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and therefore denies them.

11. Plaintiffs and the other heirs and next of kin of their respective decedents have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance, and society, and mental anguish, sorrow, and grief as a result of the deaths of plaintiffs' decedents.

**ANSWER:**

Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and therefore denies them.

WHEREFORE, plaintiffs pray for the entry a judgment in their favor against defendant The Boeing Company for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other amounts as may be allowed by law.

**ANSWER:**

Boeing denies that Plaintiffs are entitled to any relief from Boeing.

## COUNT II

1-9 As paragraphs 1 through 9 of Count II, plaintiffs reallege paragraphs 1 through 9 of Count I.

**ANSWER:**

Boeing incorporates herein by reference its responses to Paragraphs 1-9 of Count I, *supra*, as if set forth fully herein.

10. As a further direct and proximate result of one or more of the foregoing defective and unreasonably dangerous conditions of the accident aircraft which resulted in the crash of the accident aircraft, plaintiffs' decedents, and each of them, were caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror prior to impact and prior to their deaths, and property damage.

**ANSWER:**

Boeing denies the allegations contained in Paragraph 10.

11. Had plaintiffs' decedents survived, each of them would have been entitled to bring an action for damages and such actions have survived them.

**ANSWER:**

The allegations contained in Paragraph 11 consist of legal conclusions to which no response from Boeing is required; to the extent a response is required, Boeing denies these allegations.

WHEREFORE, plaintiffs pray for the entry a judgment in their favor against defendant The Boeing Company for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other amounts as may be allowed by law.

**ANSWER:**

Boeing denies that Plaintiffs are entitled to any relief from Boeing.

## COUNT III

1-4    As paragraphs 1 through 4 of Count III, plaintiffs reallege 1 through 4 of Count I.

**ANSWER:**

Boeing incorporates herein by reference its responses to Paragraphs 1-4 of Count I, *supra*, as if set forth fully herein.

5.    On a date prior to or about August 2018, defendant Boeing designed, manufactured, assembled, and sold a certain Boeing 737 Max 8 aircraft, Registration PK-LQP ("the accident aircraft") and prepared and provided an Aircraft Flight Manual (AFM) for the accident aircraft. and defendant Boeing further provided the operator of the accident aircraft, Lion Air, with after-sale warnings, instructions, and advice as to the maintenance, repair, and proper and safe operation of the accident aircraft.

**ANSWER:**

Boeing admits that, prior to August 2018, it designed, manufactured, assembled, and sold the Subject Aircraft, except for those components, parts, and systems of the Subject Aircraft that were designed, manufactured, assembled, and sold by others, and the components, parts, and systems that were subsequently removed, installed, exchanged, altered, modified, retrofitted, overhauled, or manufactured by others.  Boeing also admits that it prepared an Aircraft Flight Manual ("AFM") for Subject Aircraft and that the AFM was provided to Lion Air.  Boeing further admits that it provided certain information regarding the maintenance, repair, and operation of the Subject Aircraft to Lion Air.  Boeing denies the remaining allegations contained in Paragraph 5.

6.    On said date and at all times relevant hereto, defendant Boeing owed a duty to plaintiffs and plaintiffs' decedents to exercise reasonable care in the design, manufacture, assembly, and sale and the providing of after-sale warnings, instructions, advice to the operator of the accident aircraft so as not to cause injury to, or the deaths of, plaintiffs' decedents.

**ANSWER:**

The allegations contained in Paragraph 6 consist of legal conclusions to which no response from Boeing is required; to the extent a response is required, Boeing denies these allegations as written.

7.    Defendant Boeing negligently breached its duty of care owed to plaintiffs and plaintiffs' decedents through one or more of the following negligent acts or omissions:

  (a) negligently designed, manufactured, assembled, and sold the accident aircraft such that the accident aircraft had a flight control feature which, in the event sensor(s) on the aircraft reported an erroneously high angle of attack, would command a nose down movement of the aircraft unauthorized by, and without notice to, the flight crew;

  (b) negligently designed, manufactured, assembled, and sold the accident aircraft such that the subject sensor(s) on the accident aircraft were subject to failure in flight and subject to providing erroneous information to the aircraft's flight control system as to the aircraft's angle of attack;

  (c) negligently designed, manufactured, assembled, and sold the accident aircraft such that the subject sensor(s) on the accident aircraft were subject to becoming blocked or obstructed, causing them to provide erroneous information, including erroneous information as to the aircraft's angle of attack;

  (d) negligently designed, manufactured, assembled, and sold the accident aircraft such that the accident aircraft's flight control system failed to filter out erroneous information, including erroneous information as to the accident aircraft's angle of attack;

  (e) negligently designed, manufactured, assembled, and sold the accident aircraft such that the accident aircraft's above-described flight control feature commanded dangerous downward movements of the accident aircraft unauthorized by the flight crew and did not allow the flight crew a means or method to timely and safely manually override an improperly-commanded downward movement;

  (f) negligently designed, manufactured, assembled, and sold the accident aircraft such that the accident aircraft did not provide a means or method for the flight crew to timely and safely correct an improperly-commanded downward movement and recover control of the accident aircraft;

  (g) negligently prepared and provided the AFM for the accident aircraft in that the AFM did not warn of the dangers presented by the above-described defects;

  (h) negligently prepared and provided the AFM for the accident aircraft in that the AFM did not provide instruction as to a procedure to be followed by the flight crew to timely and safely correct an improperly commanded downward movement and to recover control of the accident aircraft;

  (i) negligently failed to warn of the above-described defects in the accident aircraft;

  (j) negligently provided or failed to provide proper and adequate after-sale warnings, instructions, and advice as to the maintenance and repair of the accident aircraft; and

  (k) negligently provided or failed to provide proper and adequate instruction to flight crews of Lion Air as to the proper and safe operation of the accident aircraft and, specifically, negligently failed to advise and instruct such flight crews as to a procedure to be followed by the flight crew to timely and safely correct an improperly commanded downward movement and to recover control of the accident aircraft.

  **ANSWER:**

  Boeing denies the allegations contained in Paragraph 7, including all sub-parts of Paragraph 7.

ANSWER TO COMPLAINT

-7-

92129926.7

8. On October 29, 2018, the accident aircraft was being operated by Lion Air as Flight No. JT 610 from Jakarta, Indonesia to Pangkal Pinang. Indonesia

**ANSWER:**

Boeing admits the allegations contained in Paragraph 8.

9. On said date, plaintiffs' decedents were fare paying passengers onboard the accident aircraft on the subject flight.

**ANSWER:**

Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and therefore denies them.

10. As the direct and proximate result of one or more of the above-described negligent acts or omissions of defendant Boeing, one or more of the sensors on the accident aircraft failed and provided erroneous information to the accident aircraft's flight control system as to the accident aircraft's angle of attack; the flight control system of the accident aircraft failed to filter out this erroneous information and commanded the accident aircraft to go into a dangerous downward dive; there was no means or method for the flight crew to safely manually override the improperly-commanded downward movement; the flight crew had not been instructed and advised as to any means or method to correct the improperly-commanded downward movement and could not regain control of the accident aircraft; and the aircraft crashed into the Java Sea, killing all those onboard, including plaintiffs' decedents.

**ANSWER:**

Boeing denies the allegations contained in Paragraph 10.

11. Plaintiffs' decedents left surviving heirs and next of kin, including plaintiffs, for whose benefit this action is brought.

**ANSWER:**

Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and therefore denies them.

12. Plaintiffs and the other heirs and next of kin of their respective decedents have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance, and society, and mental anguish, sorrow, and grief as a result of the deaths of plaintiffs' decedents.

**ANSWER:**

Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and therefore denies them.

WHEREFORE, plaintiffs pray for the entry a judgment in their favor against defendant The Boeing Company for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other amounts as may be allowed by law.

ANSWER TO COMPLAINT

**ANSWER:**

Boeing denies that Plaintiffs are entitled to any relief from Boeing.

## COUNT IV

1-4 As paragraphs 1 through 4 of Count IV, plaintiffs reallege paragraphs 1 through 4 of Count I.

**ANSWER:**

Boeing incorporates herein by reference its responses to Paragraphs 1-4 of Count I, *supra*, as if set forth fully herein.

5-10. As paragraphs 5-10 of Count IV, plaintiffs reallege paragraphs 5-10 of Count III.

**ANSWER:**

Boeing incorporates herein by reference its responses to Paragraphs 5-10 of Count III, *supra*, as if set forth fully herein.

11. As a further direct and proximate result of one or more of the aforesaid negligent acts and omissions of defendant Boeing which resulted in the crash of the accident aircraft, plaintiffs' decedents, and each of them, were caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror prior to impact and prior to their deaths, and property damage.

**ANSWER:**

Boeing denies the allegations contained in Paragraph 11.

12. Had plaintiffs' decedents survived, each of them would have been entitled to bring an action for damages and such actions have survived them.

**ANSWER:**

The allegations contained in Paragraph 12 consist of legal conclusions to which no response from Boeing is required; to the extent a response is required, Boeing denies these allegations.

WHEREFORE, plaintiffs pray for the entry a judgment in their favor against defendant The Boeing Company for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other amounts as may be allowed by law.

**ANSWER:**

Boeing denies that Plaintiffs are entitled to any relief from Boeing.

ANSWER TO COMPLAINT

92129926.7

## COUNT V

1-5     As paragraphs 1-5 of Count V, plaintiffs reallege paragraphs 1-5 of Count I.

**ANSWER:**

Boeing incorporates herein by reference its responses to Paragraphs 1-5 of Count I, *supra*, as if set forth fully herein.

6.     At the time the accident aircraft and its AFM left the control of defendant Boeing, they were defectively and unreasonably dangerous in one or more of the following respects:

(a)     the accident aircraft had a flight control feature which, in the event sensor(s) on the aircraft reported an erroneously high angle of attack, would command a nose down movement of the aircraft unauthorized by, and without notice to, the flight crew;

(b)     the subject sensor(s) on the accident aircraft were subject to failure in flight and subject to providing erroneous information to the aircraft's flight control system as to the aircraft's angle of attack;

(c)     the subject sensor(s) on the accident aircraft were subject to becoming blocked or obstructed, causing them to provide erroneous information, including erroneous information as to the aircraft's angle of attack;

(d)     the accident aircraft's flight control system failed to filter out erroneous information, including erroneous information as to the accident aircraft's angle of attack;

(e)     the accident aircraft's above-described flight control feature commanded dangerous downward movements of the accident aircraft unauthorized by the flight crew and did not allow the flight crew a means or method to timely and safely manually override an improperly-commanded downward movement;

(f)     the accident aircraft did not provide a means or method for the flight crew to timely and safely correct an improperly-commanded downward movement and recover control of the accident aircraft; and

(g)     the AFM for the accident aircraft did not warn of the dangers presented by the above-described defects; and

(h)     the AFM for the accident aircraft did not provide instruction as to a procedure to be followed by the flight crew to timely and safely correct an improperly commanded downward movement and to recover control of the accident aircraft.

**ANSWER:**

Boeing denies the allegations contained in Paragraph 6, including all sub-parts of Paragraph 6.

7.     Defendant Boeing also failed to warn of the above-described defects in the accident aircraft, failed to provide proper and adequate after-sale warnings, instructions, and advice as to the maintenance and repair of the accident aircraft; and failed to provide proper and adequate instruction to flight crews of Lion Air as to the proper and safe operation of the

accident aircraft and, specifically, failed to advise and instruct such flight crews as to a procedure to be followed by the flight crew to timely and safely correct an improperly commanded downward movement and to recover control of the accident aircraft.

**ANSWER:**

Boeing denies the allegations contained in Paragraph 7.

8. In designing, manufacturing, assembling and selling the accident aircraft with the defects set forth in para. 6 (a)-(h) above and in performing or failing to perform the acts set forth in Count III and in para. 7 of this Count, defendant Boeing acted willfully, wantonly, recklessly and with an intentional or conscious disregard for the safety of plaintiffs' decedents and the others on the accident aircraft.

**ANSWER:**

Boeing denies the allegations contained in Paragraph 8.

9. Specifically, defendant Boeing had actual or constructive knowledge of the defects set forth in paragraphs 6(a)-(h), yet failed to correct these defects and failed to warn Lion Air and other operators of the dangers presented by these defects and defendant Boeing had actual or constructive knowledge of the fact that the flight crews of Lion Air did not know of any means or methods to correct the improperly-commanded downward movement and regain control of the accident aircraft, yet failed to provide complete and proper training and instruction.

**ANSWER:**

Boeing denies the allegations contained in Paragraph 9.

10. Defendant Boeing and the U.S. Federal Aviation Administration issued a warning after the subject air crash, stating that the subject sensors could provide incorrect information and cause an extreme nose down attitude of the aircraft and possible impact with terrain.

**ANSWER:**

Boeing admits that Boeing issued Flight Crew Operations Manual Bulletin TBC-19 on November 6, 2018, and that the Federal Aviation Authority issued Emergency Airworthiness Directive 2018-23-51 on November 7, 2018. The contents of those documents speak for themselves. Boeing denies the remaining allegations contained in Paragraph 10 as written.

11. As the direct and proximate result of one or more of the above-described willful, wanton, reckless, intentional or conscious acts or omissions of defendant Boeing, one or more of the sensors on the accident aircraft failed and provided erroneous information to the accident aircraft's flight control system as to the accident aircraft's angle of attack; the flight control system of the accident aircraft failed to filter out this erroneous information and commanded the accident aircraft to go into a dangerous downward dive; there was no means or method for the flight crew to safely manually override the improperly-commanded downward movement; the flight crew had not been instructed and advised as to any means or method to correct the improperly-commanded downward movement and could not regain control of the accident aircraft; and the aircraft crashed into the Java Sea, killing all those onboard, including plaintiffs' decedents.

ANSWER TO COMPLAINT

-11-

**ANSWER:**

Boeing denies the allegations contained in Paragraph 11.

12. Plaintiffs' decedents left surviving heirs and next of kin, including plaintiffs, for whose benefit this action is brought.

**ANSWER:**

Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and therefore denies them.

13. Plaintiffs and the other heirs and next of kin of their respective decedents have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance, and society, and mental anguish, sorrow, and grief as a result of the deaths of plaintiffs' decedents.

**ANSWER:**

Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and therefore denies them.

14. As a further direct and proximate result of one or more of the aforesaid willful, wanton, reckless, intentional or conscious acts and omissions of defendant Boeing which resulted in the crash of the accident aircraft, plaintiffs' decedents, and each of them, were caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror prior to impact and prior to their deaths, and property damage.

**ANSWER:**

Boeing denies the allegations contained in Paragraph 14.

15. Had plaintiffs' decedents survived, each of them would have been entitled to bring an action for damages and such actions have survived them.

**ANSWER:**

The allegations contained in Paragraph 15 consist of legal conclusions to which no response from Boeing is required; to the extent a response is required, Boeing denies these allegations.

16. The aforesaid willful, wanton, reckless, intentional or conscious acts and omissions of defendant Boeing which resulted in the crash of the accident aircraft warrant and justify an award of punitive damages in an amount to punish defendant Boeing for its conduct and to deter future such conduct.

**ANSWER:**

Boeing denies the allegations contained in Paragraph 16.

ANSWER TO COMPLAINT

WHEREFORE, plaintiffs pray for the entry a judgment in their favor against defendant The Boeing Company for punitive damages in an amount to be determined at trial, together with costs and such other amounts as may be allowed by law.

### ANSWER:

Boeing denies that Plaintiffs are entitled to any relief from Boeing.

### AFFIRMATIVE AND ADDITIONAL DEFENSES

### FIRST DEFENSE

1. The Complaint and all claims for relief therein should be dismissed on the ground of *forum non conveniens*.

### SECOND DEFENSE

2. Plaintiffs' damages, if any, were proximately caused by the acts or omissions of others over whom Boeing had no control or right of control, which may include but are not limited to the flight crew and the operator, and/or said acts or omissions were a superseding and sole, direct, and proximate cause of Plaintiffs' damages, if any.

### THIRD DEFENSE

3. If Plaintiffs were damaged by products originally designed, manufactured, assembled, inspected, tested, or sold by Boeing, those products were subsequently installed, removed, exchanged, altered, modified, retrofitted, repaired, overhauled, remanufactured, improperly maintained, or misused by persons and/or entities other than Boeing, and over whom Boeing had no control or right of control, and such installation, removal, change, alteration, repair, modification, retrofitting, overhauling, remanufacturing, improper maintenance, or misuse proximately caused or contributed to the events alleged in the Complaint and the resulting damages complained of, if any.

### FOURTH DEFENSE

4. Third parties over whom Boeing had no control, which may include but are not limited to the flight crew and the operator, altered and/or misused the Subject Aircraft, which was the sole, direct, and proximate cause of the damages, if any, of Plaintiffs.

ANSWER TO COMPLAINT

92129926.7

## FIFTH DEFENSE

5. Boeing places in issue the negligence, fault, and responsibility of all persons and entities, which may include but are not limited to the flight crew and the operator, that have contributed in any degree to the injuries and damages alleged to have been sustained by Plaintiffs. Judgment against Boeing, if any, should be diminished to an amount that represents Boeing's degree of negligence, fault, or responsibility, if any.

## SIXTH DEFENSE

6. Plaintiffs' claims may be barred by virtue of failing to properly identify the plaintiff personal representatives.

## SEVENTH DEFENSE

7. The Subject Aircraft was intended for and sold to a knowledgeable and sophisticated user over whom Boeing had no control.

## EIGHTH DEFENSE

8. The Subject Aircraft was certified as airworthy by the Federal Aviation Administration, and the Subject Aircraft and its manuals, instructions, warnings, and other related documents complied with all applicable codes, standards, and regulations of the United States and agencies thereof at the time it was delivered by Boeing.

## NINTH DEFENSE

9. Boeing complied with all applicable federal, state, and foreign statutes, codes, and administrative regulations existing at the time the Subject Aircraft was manufactured and all applicable standards for design, inspection, testing, warning and manufacture.

## TENTH DEFENSE

10. The design of the Subject Aircraft and each component thereof that was installed at the time of delivery by Boeing was consistent with or exceeded the "state of the art" at the time of its design and manufacture.

## ELEVENTH DEFENSE

11. The benefits of the design of the Subject Aircraft and each component thereof outweigh the risks associated therewith, if any.

## TWELFTH DEFENSE

12. The Complaint and all claims for relief therein should be dismissed on the ground that Plaintiffs have failed to join necessary and indispensable parties.

## THIRTEENTH DEFENSE

13. Plaintiffs may lack standing to bring this action.

## FOURTEENTH DEFENSE

14. An award or judgment rendered in favor of Plaintiffs must be reduced by the amount of benefits Plaintiffs received, or is entitled to receive, from any source as a result of this accident.

## FIFTEENTH DEFENSE

15. Some or all of Plaintiffs' claims and available damages may be barred by virtue of prior settlements.

## SIXTEENTH DEFENSE

16. Plaintiffs' claims may be barred in whole or in part and/or preempted by federal law.

## SEVENTEENTH DEFENSE

17. Plaintiffs' claims for punitive damages are barred or limited by provisions of the United States Constitution, state constitutions, or other applicable law including, without limitation, proscriptions against double jeopardy and excessive fines and provisions assuring due process of law and equal protections of laws.

## EIGHTEENTH DEFENSE

18. Evidence of subsequent remedial measures is not admissible to prove liability. *See* Federal Rule of Evidence 407.

## NINETEENTH DEFENSE

19. Plaintiffs' Complaint is premature in that it was filed and served before the completion of the investigations arising from the October 29, 2018 accident at issue, including the ongoing investigation of the Indonesia National Transportation Safety Committee. Boeing reserves the right to add those affirmative defenses that it deems necessary to its defense during or upon the conclusion of investigation and discovery. Boeing further reserves the right to assert any additional affirmative defenses asserted by another defendant and/or allowed by the law of the jurisdiction found to apply in this case.

## NOTICE OF THE APPLICABILITY OF THE LAW OF ANOTHER JURISDICTION

Pursuant to Federal Rule of Civil Procedure 44.1, Boeing gives notice that it may raise issues concerning the applicability of the law of another jurisdiction, including but not limited to the laws of other states and/or a foreign country or countries, and reserves the right to assert and plead such other claims and defenses available to it arising out of the application of the substantive laws of another jurisdiction.

## PRAYER FOR RELIEF & DEMAND FOR JUDGMENT

WHEREFORE, Defendant The Boeing Company prays as follows:

That Plaintiffs take nothing by the Complaint, that the Complaint be dismissed, and that judgment on the Complaint be entered for Boeing;

That Boeing be awarded its costs of suit and attorneys' fees;

That the Court grant such further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendant The Boeing Company hereby demands trial by jury on all claims and defenses before the Court in this litigation.

ANSWER TO COMPLAINT

92129926.7

DATED: February 21, 2019          **THE BOEING COMPANY**

                                                     By: /s/ Bates McIntyre Larson
                                                             *One of its Attorneys*

Bates McIntyre Larson
BLarson@perkinscoie.com
Daniel T. Burley
DBurley@perkinscoie.com
**Perkins Coie LLP**
131 S. Dearborn, Suite 1700
Chicago, Illinois 60603-5559
Phone: (312) 324-8400
Fax: (312) 324-9400

Mack H. Shultz
MShultz@perkinscoie.com
Gretchen M. Paine
GPaine@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

ANSWER TO COMPLAINT

92129926.7

-18-

## CERTIFICATE OF SERVICE

I, Bates McIntyre Larson, certify that on February 21, 2019, I electronically filed the foregoing *ANSWER AND AFFIRMATIVE DEFENSES* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to attorneys of record, and by email.

        Floyd A. Wisner
        faw@wisner-law.com
        Alex M. Wisner
        Awisner@wisner-law.com
        WISNER LAW FIRM, P.C.
        514 W. State Street Suite 2000
        Geneva, Illinois 60134
        (630) 262-9434

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 21st day of February, 2019.

        /s/    Bates McIntyre Larson
        PERKINS COIE LLP
        131 South Dearborn Street, Suite No. 1700
        Chicago, Illinois 60603-5559
        Tel: (312) 324-8400
        Fax: (312) 324-9400