```
 1                   IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                             EASTERN DIVISION

 3      IN RE                        )  Docket No. 18 C 7686
                                     )  and related cases
 4      LION AIR FLIGHT JT 610 CRASH )
                                     )  Chicago, Illinois
 5      This Document Relates To:    )  March 5, 2019
        All Actions                  )  9:20 a.m.
 6

 7                    TRANSCRIPT OF PROCEEDINGS - Status
                   BEFORE THE HONORABLE THOMAS M. DURKIN
 8

 9      APPEARANCES:

10

        For Plaintiffs        MR. STEVEN A. HART
11      Cases 18 C 8484       Hart McLaughlin & Eldridge LLC
        and 18 C 8490:        22 W. Washington Street
12                            Suite 1600
                              Chicago, IL 60602
13

14      For Plaintiffs        MR. THOMAS P. ROUTH
        Cases 18 C 8006,      Nolan Law Group
15      19 C 1712,            20 N. Clark Street
        19 C 1714, and        30th Floor
16      19 C 1715:            Chicago, IL 60602

17

18      For Plaintiff         MR. MICHAEL K. DEMETRIO
        Case 19 C 622:        MR. ANDREW P. STEVENS
19                            Corboy & Demetrio PC
                              33 N. Dearborn Street
20                            Suite 2100
                              Chicago, IL 60602
21

22      For Plaintiffs        MR. JOHN R. WRONA
        Case 19 C 797:        Gardiner Koch Weisberg & Wrona
23                            53 W. Jackson Boulevard
                              Suite 950
24                            Chicago, IL 60604

25
```

```
 1   For Plaintiffs Cases 19 C 802, 19 C 1550, 19 C 1552, 19 C 1553,
     19 C 1554, 19 C 1588, 19 C 1598, 19 C 1600, 19 C 1601,
 2   19 C 1623, 19 C 1624, 19 C 1625, 19 C 1626, 19 C 1695,
     19 C 1697, 19 C 1698, 19 C 1701, and 19 C 1703:
 3
                              MR. AUSTIN BARTLETT
 4                            BartlettChen LLC
                              150 N. Michigan Avenue
 5                            Suite 2800
                              Chicago, IL 60601
 6
 7   For Plaintiffs Cases 19 C 802, 19 C 1588, 19 C 1598, 19 C 1600,
     19 C 1623, 19 C 1624, 19 C 1697, 19 C 1698, 19 C 1701, and
 8   19 C 1703:
                              MR. MANUEL von RIBBECK
 9                            Ribbeck Law Chartered
                              Lake Point Tower
10                            505 N. Lake Shore Drive
                              Suite 102
11                            Chicago, IL 60611
12
     For Plaintiff            MR. PETER J. FLOWERS
13   Kartikawati:             Meyers & Flowers LLC
                              3 N. Second Street
14                            Suite 300
                              Saint Charles, IL 60174
15
16   For the Defendant:       MS. BATES McINTYRE LARSON
                              Perkins Coie LLP
17                            131 S. Dearborn Street
                              Suite 1700
18                            Chicago, IL 60603
19
                              MR. MACK H. SHULTZ JR.
20                            Perkins Coie LLP
                              1201 3rd Avenue
21                            Suite 4900
                              Seattle, WA 98101
22
23   Court Reporter:          LAURA R. RENKE, CSR, RDR, CRR
                              Official Court Reporter
24                            219 S. Dearborn Street, Room 1432
                              Chicago, IL 60604
25                            312.435.6053
                              laura_renke@ilnd.uscourts.gov
```

1        (In open court.)

2              THE CLERK:  Okay.  18 C 7686, Saputra v. Boeing;

3    18 C 8006, Satijo v. Boeing; 19 C 622, Gitelson v. Boeing;

4    19 C 797, Kurniawati v. Boeing; and 19 C 802, Irianto v.

5    Boeing.

6              THE COURT:  All right.  Good morning.  Why don't we

7    start first with the Boeing attorneys, and then I'll go through

8    each plaintiff attorney.  So for Boeing, who do we have?

9              MR. SHULTZ:  Mack Shultz for The Boeing Company.

10             MS. LARSON:  Good morning, your Honor.  Bates Larson,

11   also on behalf of The Boeing Company.

12             THE COURT:  All right.  Now, for plaintiffs, why don't

13   you identify yourselves and state who the -- which case you're

14   associated with.

15             MR. BARTLETT:  Your Honor, Austin Bartlett with Manuel

16   von Ribbeck on behalf of plaintiff Irianto.

17             THE COURT:  Okay.

18             MR. DEMETRIO:  Good morning, Judge Durkin.  Michael

19   Demetrio and Mr. Andrew Stevens of Corboy & Demetrio on behalf

20   of plaintiff Gitelson.

21             THE COURT:  Okay.

22             MR. ROUTH:  Good morning, your Honor.  Tom Routh of

23   the Nolan Law Group on behalf of plaintiff Satijo.

24             MR. WRONA:  Good morning, your Honor.  John Wrona from

25   Gardiner, Koch, Weisberg & Wrona on behalf of plaintiff Fahrida

1  Kurniawati.

2          MR. HART:  Good morning, your Honor.  Steven Hart,

3  Hart, McLaughlin & Eldridge.  We have two cases now in state

4  court that we believe will be removed and before you shortly.

5  Those are the Estate of Hantoro and the Estate of Sitharesmi.

6          THE COURT:  Okay.

7          MR. BARTLETT:  Judge, on that note, just to advise the

8  Court, there's about, I think, 17 more cases of ours that the

9  good folks at Boeing will be removing shortly.

10         THE COURT:  Okay.

11         MR. FLOWERS:  Good morning, your Honor.  Pete Flowers

12  on behalf of a case that's being removed.  I wasn't going to

13  step up since I didn't have an appearance on file.  But it's

14  the Kartikawati case.

15         THE COURT:  Okay.

16         COURT REPORTER:  Spell that for me.

17         MR. FLOWERS:  K-A-R-T-I-K-A-W-A-T-I.

18         COURT REPORTER:  Thank you.

19         THE COURT:  All right.  Anyone else?

20         And for the record, I know Mr. Demetrio just because

21  my brother, I think, and -- was associated with his -- with the

22  combined law firm of Corboy & Demetrio at one time before when

23  the Clifford firm merged back with Corboy and then split up

24  again.  So -- and I've known --

25         MR. DEMETRIO:  Indeed it did, your Honor.

1          THE COURT:  And I've known Mr. Demetrio a number of

2     years.  We're business friends, if there is such a thing.

3     We're not personal friends.  He's never been to my house; I've

4     never been to his.  But I'll make it as a matter of disclosure.

5          Okay.  Well, we have -- last time you were here, you

6     had previewed that there'd be a number -- there were a number

7     of state court cases that would be removed to federal court.

8     Apparently there's still a number of them in state court that

9     are going to be -- you intend to remove on behalf of Boeing.

10         MR. SHULTZ:  Yes, your Honor.  Would it be helpful if

11    I summarized at least what we knew about the status of the

12    litigation?

13         THE COURT:  Sure.

14         MR. SHULTZ:  So as the Court is aware, there's five

15    cases currently pending in federal court.  I believe each are

16    represented by different counsel.

17         We are aware of 24 cases currently pending in Cook

18    County.  17 are -- have been filed by Mr. Bartlett and

19    Mr. Ribbeck.  We'll be removing those in the next two weeks, we

20    expect, your Honor.

21         The case filed by Mr. Flowers was filed, I believe,

22    about ten days ago.  Boeing has not yet been served by that --

23    with that case.  We expect to remove it once it is.

24         There is the case filed -- two cases filed by Mr. Hart

25    last week.  Those cases we've agreed to waive service once we

1    receive the appropriate form.  And we expect to remove those.

2          There are also four additional cases that were filed

3    in state court on February 27th by the Edelson firm and

4    Girardi & Keese.  We have not yet been served with those.

5          So in total, there are 24 pending cases in state

6    court, 17 of which will be removed in the next two weeks, and

7    the remaining seven will be removed once we're served.

8          THE COURT:  Okay.  And do any of the state court cases

9    involve my brother?

10          MR. SHULTZ:  Not --

11          THE COURT:  Or the Clifford Law Office?

12          MR. SHULTZ:  No.

13          MR. BARTLETT:  No.

14          THE COURT:  Okay.  Again, I can't predict what will

15    happen in the future, and I don't know what would happen if his

16    firm filed a case in state court, it got removed and assigned

17    to me.  I'm not sure what I'll do.  But that raises a conflict

18    issue that I may not -- I'll have to deal with, and we'll see

19    what happens.

20          Okay.  But I just wanted to make sure no case has been

21    filed by the Clifford Law Office against Boeing, as far as you

22    know.

23          MR. SHULTZ:  Not with respect to this matter, your

24    Honor.

25          THE COURT:  Okay.  Yeah.  Okay.  I understand.

1          Well, I think what will happen to all of your cases,

2     they'll be randomly assigned when they come over.  Even if you

3     say they're related to the lowest number case, the way the

4     clerk's office has been doing it is they randomly assign them.

5     And then there's a motion to reassign, which is filed before

6     me, and I grant it so that all of the cases come before a

7     single judge, in this case me.

8          There is a motion to sequence discovery which was

9     filed as to the first case by Boeing.  The plaintiff in that

10    case, Mr. Wisner's firm, said they didn't object to it.  But

11    they thought, and I agreed with them, that I shouldn't enter

12    such an order until we had either more or all of the plaintiff

13    attorneys in the case to see whether they objected to the

14    sequencing of discovery.  And I agree with that.  Everyone

15    ought to have their say on that before I --

16          MR. DEMETRIO:  Can I make --

17          THE COURT:  -- do anything.

18          MR. DEMETRIO:  -- one comment for the record, Judge

19    Durkin --

20          THE COURT:  Sure.

21          MR. DEMETRIO:  -- is Boeing has filed that motion in

22    the Gitelson case also and just attached the previous filed

23    motion.  I wanted the Court to be aware that we also object to

24    that motion for several reasons.

25          THE COURT:  Okay.  So there's at least -- I know the

1    Wisner firm did not, I think, last time we were here.  But

2    there is at least one objection from -- possible -- I expect

3    there will be many objections.  But at least for the record,

4    one party is objecting to the motion to sequence discovery, to

5    restrict it to *forum non conveniens* issues.  That's correct?

6              MR. DEMETRIO:  That's correct.

7              THE COURT:  Okay.  All right.

8              Well, then what I will do is set a briefing schedule.

9    There's no reason we can't at least start the process of

10   getting briefs in on that issue.

11             I'm not going to -- they -- they presented a fairly

12   lengthy brief explaining why they think it was appropriate and

13   cited a number of cases, and you ought to have an opportunity

14   to respond to that.

15             I expect you may want to coordinate so we don't get

16   multiple briefs, and people coming in late may just say "me

17   too" and add something if they want to.  But you're all good

18   firms, and I'm sure that, you know, a combined effort by you

19   may account for the arguments anyone would make.

20             It makes -- to me, that makes more sense than waiting

21   for all these cases to filter their way back to me.  Any

22   objection to doing that?  I guess I'm asking specifically to

23   the people that are -- have cases before me right now.

24             MR. ROUTH:  No objection, your Honor.

25             MR. WRONA:  No.

1          MR. BARTLETT:  No objection.

2          THE COURT:  Okay.  Mr. Demetrio, you agree?

3          MR. DEMETRIO:  Yes, I agree.

4          THE COURT:  Well, then I will let -- how much time do

5     you want to respond to their motion?  And I'll suggest that you

6     do it as a single brief on behalf of multiple plaintiffs.

7     Doesn't mean you're all in -- you know, there's no class action

8     or anything.  It doesn't mean you're all in the -- doing

9     anything other than filing a brief for convenience' purposes

10    that relates to arguments you're all bringing.

11         MR. DEMETRIO:  Well, Judge, I certainly don't mind

12    helping any party in the case.  I think that each plaintiff may

13    be in a slightly different posture --

14         THE COURT:  On this?

15         MR. DEMETRIO:  -- procedurally given this motion.

16    So --

17         THE COURT:  How so?  I'm not -- I -- the -- it would

18    seem to me the issue of discovery in full or discovery for

19    *forum non conveniens* purposes is an issue that all the

20    plaintiffs share equally.  Boeing's position is -- applies to

21    all of you.  I would think the response would be similar unless

22    people want to, you know, take a hand at drafting a different

23    argument that covers the same area.

24         MR. DEMETRIO:  Yeah.  The only thing I'm aware of

25    right now -- I haven't had a chance to talk to Mr. Wisner -- is

1  with respect to the Gitelson case, plaintiffs have complied

2  with your order with respect to the Court-directed discovery.

3  I don't know what posture the other cases before you are at

4  this point.

5        I think that's a salient point and a response that I

6  may file in front of you.

7        THE COURT:  What do you mean they've complied?  I'm

8  not sure I understand.

9        MR. DEMETRIO:  Well, your -- you sent us an order with

10  respect to the project for Court-initiated discovery.

11        THE COURT:  I waived that, though, for this case --

12        MR. DEMETRIO:  Oh.  I didn't get that order.

13        THE COURT:  -- mandatory disclosures.  No, I -- well,

14  it was on the record last time.

15        MR. DEMETRIO:  Well, and that's fine.

16        THE COURT:  Yeah.

17        MR. DEMETRIO:  I filed -- or directed my answers and

18  filed the certificate before you yesterday.

19        THE COURT:  Okay.

20        MR. DEMETRIO:  So, I mean, it's just progress, I

21  guess.

22        THE COURT:  No, it is.

23        MR. DEMETRIO:  So --

24        THE COURT:  I just -- I -- my recollection is I waived

25  the mandatory disclosure obligations both sides had.

1          MR. DEMETRIO:  That may have happened before I was

2     before you.  But I --

3          THE COURT:  It did.

4          MR. DEMETRIO:  -- did get an order from you, from this

5     Court, saying "Comply with this program."

6          THE COURT:  And here's the problem.  And it's not

7     anyone else's fault other than the way the clerk's office

8     works.  All cases that are filed in the district get that

9     order.  I am -- I can waive the obligations that --

10         MR. DEMETRIO:  Okay.

11         THE COURT:  -- the mandatory disclosure project --

12    it's a -- it's not anything under the Federal Rules.  It's a

13    project this district has adopted for pilot purposes.  I can

14    waive that in appropriate cases, especially when there's

15    challenges to jurisdiction or venue.

16         I did waive it last time.

17         MR. DEMETRIO:  Okay.

18         THE COURT:  You got that order because it's --

19    everybody gets it.  And -- and so we'll make explicit in our

20    minute order of today's proceedings that the mandatory

21    disclosure obligations are waived at this time so that nobody

22    is -- I don't want anybody doing any work on this relating to

23    discovery until I decide the issue of what discovery is

24    appropriate.  So I'll make that clear.

25         And thank you for bringing that up because I'm sure

1    every one of you is going to get that same order, which is sent

2    out automatically by the clerk's office.

3              MR. DEMETRIO:  Okay.

4              THE COURT:  So ...

5              MR. BARTLETT:  Your Honor, there was one other issue I

6    had --

7              THE COURT:  Yeah.

8              MR. BARTLETT:  -- just for point of clarification.

9    While the parties are briefing the motion to sequencing

10   discovery, we desired to conduct discovery from third parties,

11   written discovery.  So I don't think it would be particularly

12   onerous on any parties to this case, and indeed the discovery

13   wouldn't be directed to the parties in this case, but the

14   issues that would be relevant, I believe, both to *forum non*

15   *conveniens*, as well as the merits in this case.

16             THE COURT:  Well, who are you talking about?

17             MR. BARTLETT:  Sure.  One example would be Southwest

18   Airlines, the largest customer in the world of the 737 MAX

19   airplane.  They have information, I believe, that's germane to

20   the issues before this Court.

21             The Federal Aviation Administration.

22             I may as well some component part manufacturers.

23             Those are some of the universe of people that I think

24   are in play.

25             THE COURT:  What's the view of Boeing?  You're not the

1   third party getting the subpoena and having to do the work, but

2   what's your view?

3           MR. SHULTZ:  Your Honor, to the extent that the

4   proposed discovery would go beyond the issues that are

5   presented by our forthcoming *forum non conveniens* motion, we

6   would think it's premature to engage in that discovery at that

7   time and would be a diversion of the parties' and the Court's

8   resources.

9           THE COURT:  Well, the problem is that third parties --

10  you've committed to preserve all relevant records.  Third

11  parties haven't.  And I think it's important -- I'm going to

12  allow you to issue the discovery.

13          MR. BARTLETT:  Thank you, your Honor.

14          THE COURT:  Note that it is for purposes of

15  preservation, not for production.  I want them to preserve the

16  information you are requesting.  But until I decide the scope

17  of discovery and whether it's going to be me making a decision

18  ultimately on how this case proceeds or some other

19  jurisdiction, I think it's important you have the opportunity

20  to preserve things.

21          But I think the expense of production of it, I'm going

22  to wait for another day once I've decided what the scope of

23  discovery before me is going to be.

24          MR. BARTLETT:  Very good.  And so, your Honor, just so

25  I can make sure I comply --

1      THE COURT:  Yeah.

2      MR. BARTLETT:  -- with this Court's orders, basically

3  we're talking about sending them preservation letters as

4  opposed to production requests.

5      THE COURT:  However you want to do it.

6      MR. BARTLETT:  Sure.  Okay.

7      THE COURT:  Whether you do it by way of a production

8  request or a subpoena -- they're third parties, so it would be

9  a subpoena.

10     MR. BARTLETT:  Right.

11     THE COURT:  But tell them in a cover letter that the

12 Court is not requiring production at this time but simply that

13 you preserve those documents, whatever you think is going to be

14 paid attention to more by the third parties.

15     MR. BARTLETT:  Very good.

16     THE COURT:  If a subpoena gets their attention more

17 than a production -- or a preservation notice, I'm fine with

18 you issuing a subpoena as long as you put in your cover letter

19 that production of the documents is not required at this time,

20 merely preservation.

21     MR. BARTLETT:  Very good.

22     THE COURT:  Will that protect your interests?

23     MR. BARTLETT:  It will.  Thank you.

24     THE COURT:  Okay.  I think that's why you want to do

25 this.

1          MR. BARTLETT:  That's right.

2          THE COURT:  So all plaintiffs have leave to do that.

3  But, you know, you shouldn't -- there's no need to send ten

4  subpoenas to Southwest.  If one is going on behalf of everyone

5  else, they're going to save the documents.

6          MR. BARTLETT:  We'll coordinate.

7          THE COURT:  Okay.

8          MR. BARTLETT:  Yes.

9          THE COURT:  Great.

10         Are there cases pending in other jurisdictions?

11         MR. SHULTZ:  Not to Boeing's knowledge, your Honor.

12         THE COURT:  Okay.

13         MR. SHULTZ:  We've been wondering if one would be

14  filed in another state that would put this into the MDL

15  process, but --

16         THE COURT:  Well, I was too.

17         MR. SHULTZ:  -- so far -- so far there has not been.

18         THE COURT:  Okay.  All right.

19         Well, sometimes it doesn't work that way.  Mr. Hart

20  knows this from the case under the chicken -- chicken antitrust

21  case I have where it's not an MDL because everyone sued in

22  Chicago, and there's 30 of them or 40 of them.  So -- but it

23  doesn't matter.  It's going to be in front of one judge one way

24  or the other.

25         Okay.  So how much time do plaintiffs want to respond

1    to the motion to sequence discovery?

2         MR. DEMETRIO:  Judge, listening to everything that

3    we've been informed of here, for coordination purposes, I was

4    going to suggest, just to get everybody involved and, you know,

5    cut down on paperwork and electronics before the Court,

6    60 days.

7         THE COURT:  That's fine.  It delays the case, but the

8    plaintiffs are asking for it.  I understand you're -- you've

9    got a lot of people to coordinate with and -- so 60 days is

10   fine.

11        Everyone else agrees to that?

12        MR. ROUTH:  Yes, your Honor.

13        THE COURT:  On the plaintiff side.

14        Any objection from Boeing?

15        MR. SHULTZ:  No, your Honor.

16        THE COURT:  All right.  So 60 days takes us to when,

17   Sandy?

18        THE CLERK:  Maybe May 6th.

19        THE COURT:  Okay.  And how much time do you want to

20   file a reply?

21        MR. SHULTZ:  21 days, your Honor.

22        THE COURT:  That's fine.

23        THE CLERK:  I think that takes us to Memorial Day.  So

24   the day after, which would be the 28th.

25        THE COURT:  Okay.  So that will be fully briefed by

1    May 28th.  There will be a written ruling.

2             What I'll likely do is I'll set you for a status in

3    late June to give me a target date to give you a ruling on

4    that.  I hate to keep delaying things because people want to

5    move ahead with this.  But as long as the documents and

6    anything else are being preserved, there's no prejudice in the

7    overall sense of this case, as long as everybody hangs on to

8    what they have.  So I'll give you a late June date for a

9    ruling.

10             THE CLERK:  How is June 27th for everybody, 9:00?

11             MR. BARTLETT:  Perfect.

12             MR. DEMETRIO:  That's fine, Judge.

13             MR. ROUTH:  That will work.

14             MR. WRONA:  Yes.

15             THE COURT:  Okay.  And I think as other cases get

16   reassigned to me, get removed from state court, that schedule

17   is going to remain the same.  If someone feels they -- everyone

18   will be covered by any order I make.  But if anyone thinks upon

19   the filing of the brief by the group of plaintiff lawyers who

20   are going to be involved in it that someone needs to file

21   something beyond just a "me too" brief, ask for leave to do it,

22   and you can explain why you have a different position that

23   isn't covered in the brief that's been filed by plaintiffs.

24             MR. SHULTZ:  Your Honor, just from a technical

25   perspective, is there one matter that we should file in as a

1    lead case or --

2              THE COURT:  Yes.

3              MR. SHULTZ:  I'm concerned about -- I mean, we're

4    presently in a situation where we're worried about having to

5    file our motion to sequence discovery in each case as we remove

6    them and the potential for having to file the motion

7    technically in all of the cases, all of the briefing.

8              THE COURT:  We did this in the chicken antitrust cases

9    too where we have a single number as the number for the case.

10   So the low number, which I believe is the Saputra case, which I

11   think is the first one we had, that will be the number.

12   18 CV 7686 will be the number that will apply to all filings in

13   this case, even though individual plaintiffs will have their

14   own case.

15             So no one loses the fact of a case, but for filing

16   purposes, people should use that low number.  And we'll put an

17   order out to that effect too.

18             So there is no need -- so it's very clear, there's no

19   need to file multiple briefs that are identical in each one of

20   these cases.

21             MR. SHULTZ:  And, again, just raising technical

22   questions.  Should all the plaintiffs' counsel appear in that

23   case so that electronic service is effective on everybody

24   through the Saputra case?

25             THE COURT:  Probably.  We'll give you an order that

1　　　will describe how you need to do that.

2　　　　　　　MR. SHULTZ:  Okay.

3　　　　　　　THE COURT:  I'm just going to have to figure out how

4　　　we did that in the -- in that other antitrust case.  But it

5　　　works effectively in that case where everyone gets notice under

6　　　the low number in that one case.  And I want to do the same

7　　　here.  So we'll put that in the order somehow and make sure

8　　　that there are not multiple -- everyone gets notice of anything

9　　　filed in the case, and there's no multiple filings.

10　　　　　　　This all leads up to -- I -- well, the other question

11　　　I have, on the plaintiffs' side, is anyone going to file a

12　　　motion to remand?

13　　　　　(No response.)

14　　　　　　　THE COURT:  Hearing none --

15　　　　　　　MR. BARTLETT:  So a motion to remand.

16　　　　　　　THE COURT:  Back to state court.

17　　　　　　　MR. BARTLETT:  Right.  No, I think that the only

18　　　person who probably evaluated that and may have caused some

19　　　pause was -- was at least us.  And, no, we will not be moving

20　　　to remand.

21　　　　　　　THE COURT:  Okay.  All right.

22　　　　　　　I'm not saying you can't, but, you know, the law is

23　　　pretty clear on why the cases are here right now.

24　　　　　　　MR. BARTLETT:  Yeah.

25　　　　　　　THE COURT:  So -- but I just wanted to make sure

1    because that adds a new wrinkle to the timing.

2         All right.  I need to know -- and you can do it by way

3    of a status.  Boeing will know this first -- if you are sued

4    anywhere else so that the issue of this being an MDL is raised.

5    Please just file a status report with the Court --

6         MR. SHULTZ:  Absolutely.

7         THE COURT:  -- copying everyone, but -- or at least

8    filing it, and hopefully the notice will go to every attorney

9    in the case that way.

10        MR. SHULTZ:  Certainly.

11        THE COURT:  Okay.  All right.

12        Do you anticipate -- your intelligence network on the

13   plaintiffs' side is probably pretty good on this.  Do you

14   anticipate many more of these cases being filed in state court?

15   There were over 180 people that passed away, I think.

16        MR. HART:  Yes, your Honor.

17        THE COURT:  And as I read it, everyone is from

18   Malaysia [*sic*] except for one pilot from India and one

19   passenger from Italy.  So there are no U.S. plaintiffs.  And I

20   would expect most people -- if some people are suing, there's

21   probably going to be a lot more.  There's no way to expedite

22   that because I imagine it involves the plaintiffs or the

23   families of the decedents contacting attorneys.

24        How long does that -- do you think this process will

25   take before we have every plaintiff -- every putative

1    plaintiff, anyone who intends to sue, in court?  Any way of

2    even predicting that?

3            MR. ROUTH:  I don't believe so, your Honor.

4            THE COURT:  Okay.  And we don't even know if it would

5    be here.  Certainly people could sue -- well, where else could

6    you sue in this case?  Boeing's the single defendant, correct?

7            MR. SHULTZ:  Boeing is the single defendant named in

8    these proceedings, yes.

9            In -- obviously, there may be proceedings in

10   Indonesia.  We don't know whether any have been commenced or

11   not that might involve the airline there --

12           THE COURT:  Yeah.

13           MR. SHULTZ:  -- or other parties there.

14           THE COURT:  You can get sued in Seattle too, couldn't

15   you?

16           MR. SHULTZ:  I hesitate to speculate --

17           THE COURT:  Yeah --

18           MR. SHULTZ:  -- as to --

19           THE COURT:  -- I know.

20           MR. SHULTZ:  -- where --

21           THE COURT:  That's a --

22           MR. SHULTZ:  -- Boeing might be subject to personal

23   jurisdiction, your Honor.

24           THE COURT:  At least that's a potential.

25           MR. DEMETRIO:  Everywhere would be the answer.

1          THE COURT:  Yeah.  Well, your corporate headquarters

2     is here.  I don't know if your principal place of business

3     is -- what have courts determined to be the principal place of

4     business, here or Seattle?

5          MR. SHULTZ:  Most often, if Boeing is the sole

6     defendant, we are sued in Chicago, your Honor.

7          THE COURT:  Okay.  All right.

8          Where are you incorporated?

9          MR. SHULTZ:  Delaware.

10          THE COURT:  Okay.  All right.

11          Well, who knows where else you can get sued.  But it

12     looks like the lion's share is going to -- or the majority is

13     going to come here.  Okay.

14          Well, we have a June 27th status date.  Is there

15     anything else we ought to discuss today?  First from

16     plaintiff -- from plaintiffs.  Anything else?

17          MR. BARTLETT:  Your Honor, just one housekeeping

18     motion.  We had -- my co-counsel from Colson Hicks, they had

19     filed a motion to withdraw from our cases.  All the plaintiffs

20     are still going to be represented by my firm as well as

21     Mr. Ribbeck's firm.  So that was noticed for today.  So --

22          THE COURT:  All right.  That motion will be granted.

23          MR. BARTLETT:  Yeah, okay.

24          THE COURT:  Anything else from the plaintiffs

25     otherwise?

1          MR. ROUTH:  No, your Honor.

2          MR. DEMETRIO:  No, your Honor, but our thanks.

3          THE COURT:  Okay.  How about Boeing?  Anything else?

4          MR. SHULTZ:  No, your Honor.  Thank you very much.

5          THE COURT:  All right.  Thank you all.

6          MULTIPLE COUNSEL:  Thank you, Judge.

7          THE COURT:  Okay.

8      (Concluded at 9:43 a.m.)

9                C E R T I F I C A T E

10     I certify that the foregoing is a correct transcript of the

11 record of proceedings in the above-entitled matter.

12

13 */s/ LAURA R. RENKE*                 *April 1, 2019*
    LAURA R. RENKE, CSR, RDR, CRR

14 Official Court Reporter

15

16

17

18

19

20

21

22

23

24

25