IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BAYU SAPUTRA, Personal Representative of the Heirs of CANDRA KIRANA, deceased, MARSUDI, Personal Representative of the Heirs of CICI ARISKA, deceased, SUTARIYO, Personal Representative of the Heirs of ASEP SARIFUDIN, deceased, MERY SUNDARY, Personal Representative of the Heirs of MUHAMMAD JUFRI, deceased, ROHANI HASAN, Personal Representative of the Heirs of RENI ARYANTI, deceased, MARDIANA, HRP, Personal Representative of the Heirs of CAPT. MUAS EFENDI, deceased, FENY, Personal Representative of the Heirs of LIANY, deceased, HENDRA, deceased, and KENZO CANNAVARO, deceased, HERU SUSANTO, Personal Representative of the Heirs of I GUSTI AYU NGURAH METTA KURNIA, deceased, MOEHAMMAD ZOELFAHMI AL-FARABY, Personal Representative of the Heirs of MARDIMAN, deceased, LAIG WIE LING, Personal Representative of the Heirs of MONNIE, deceased, RIMA WIJAYANTI, Personal Representative of the Heirs of PRATOMO WIRA DEWANTO, deceased, DELA FARHANA, Personal representative of the Heirs of TRI HASKA HAFIDZI, deceased, DESY ZULYA, Personal Representative of the Heirs of FIRMANSYAH AKBAR, deceased, NANDANG SURATMAN, Personal Representative of the Heirs of VIVIAN AFIFA, deceased, and DHINI RETNO PUSPITA, Personal Representative of the Heirs of ACHMAD SUKRON HADI, deceased,<br><br>      Plaintiffs,<br><br>    v.<br><br>THE BOEING COMPANY, a corporation,<br><br>      Defendant. | In re: Lion Air JT 610 Crash<br><br>No. 18 cv 07686<br><br>Hon. Thomas M. Durkin |

**AMENDED COMPLAINT**

Plaintiffs Bayu Saputra, Personal Representative of the heirs of Candra Kirana, deceased, Marsudi, Personal Representative of the heirs of Cici Ariska, deceased, Sutariyo, Personal Representative of the heirs of Asep Sarifudin, deceased, Mery Sunday, Personal Representative of the heirs of Muhammad Jufri, deceased, Rohani Hasan, Personal Representative of the heirs of Reni Aryanti, deceased, Mardiana, HRP, Personal Representative of the heirs of Capt. Muas Efendi, deceased, Feny, Personal representative of the heirs of Liany, deceased, Hendra, deceased, and Kenzo Cannavaro, deceased, Heru Susanto, Personal Representative of the heirs of I Gusti Ayu Ngurah Metta Kurnia, deceased, Moehammad Zoelfahmi Al-Faraby, Personal Representative of the heirs of Mardiman, deceased, Susanti Agustina, Personal Representative of the heirs of Permadi Anggrimulya, deceased, Laig Wie Ling, Personal Representative of the heirs of Monnie, deceased, Rima Wijayanti, Personal Representative of the Heirs of Pratomo Wira Dewanto, deceased, Dela Farhana, Personal Representative of the Heirs of Tri Haska Hafidzi, deceased, Desy Zulya, Personal representative of the Heirs of Firmansyah Akbar, deceased, Nandang Suratman, Personal Representative of the Heirs of Vivian Afifa, deceased, and Dhini Retno Puspita, Personal Representative of the Heirs of Achmad Sukron Hadi, deceased, by their attorneys, Wisner Law Firm, P.C., for their Amended Complaint against defendant The Boeing Company ("Boeing") state as follows:

**COUNT I**

1. Plaintiffs are citizens of Indonesia. Plaintiffs are the heirs, and personal representatives, of their respective decedents. Plaintiffs' decedents were citizens of Indonesia.

2. Defendant Boeing is a corporation which has its principal place of business in, and is a resident of, Chicago. Illinois.

2

3. This action arises from the crash of Lion Air Flight JT 610 in which more than 75 persons died at the same location. Therefore, this action is governed by the Multi-Forum Multi-Jurisdiction Act, 28 U.S.C. §1369, and this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331.

4. Venue is proper in this District under 28 U.S.C. §1391 as defendant Boeing is a resident of this District.

5. On a date prior to or about August 2018, defendant Boeing designed, manufactured, assembled, and sold a certain Boeing 737 Max 8 aircraft, Registration PK-LQP ("the accident aircraft") and prepared and provided an Aircraft Flight Manual (AFM) for the accident aircraft.

6. At the time the accident aircraft and its AFM left the control of defendant Boeing, they were defectively and unreasonably dangerous in one or more of the following respects:

(a) the accident aircraft had a flight control feature which, in the event sensor(s) on the aircraft reported an erroneously high angle of attack, would command a nose down movement of the aircraft unauthorized by, and without notice to, the flight crew;

(b) the subject sensor(s) on the accident aircraft were subject to failure in flight and subject to providing erroneous information to the aircraft's flight control system as to the aircraft's angle of attack;

(c) the subject sensor(s) on the accident aircraft were subject to becoming blocked or obstructed, causing them to provide erroneous information, including erroneous information as to the aircraft's angle of attack, to the aircraft's flight control system;

(d) the accident aircraft's flight control system failed to filter out erroneous information, including erroneous information as to the accident aircraft's angle of attack;

(e) the accident aircraft's above-described flight control feature commanded dangerous downward movements of the accident aircraft unauthorized by the flight crew and did not allow the flight crew a means or method to timely and safely manually override an improperly-commanded downward movement;

(f) the accident aircraft did not provide a means or method for the flight crew to timely and safely correct an improperly-commanded downward movement and recover control of the accident aircraft; and

(g) the AFM for the accident aircraft did not warn of the dangers presented by the above-described defects; and

3

    (h)    the AFM for the accident aircraft did not provide instruction as to a procedure to be followed by the flight crew to timely and safely correct an improperly commanded downward movement and to recover control of the accident aircraft.

7.    On October 29, 2018, the accident aircraft was being operated by Lion Air as Flight No. JT 610 from Jakarta, Indonesia to Pangkal Pinang, Indonesia.

8.    On said date, Capt. Muas Efendi was a flight officer on the accident aircraft and the other plaintiffs' decedents were fare paying passengers onboard the accident aircraft on the subject flight.

9.    As the direct and proximate result of one or more of the above-described defects in the accident aircraft, one or more of the sensors on the accident aircraft failed and provided erroneous information to the accident aircraft's flight control system as to the accident aircraft's angle of attack; the flight control system of the accident aircraft failed to filter out this erroneous information and commanded the accident aircraft to go into a dangerous downward dive; there was no means or method for the flight crew to safely manually override the improperly-commanded downward movement; the flight crew had not been instructed and advised as to any means or method to correct the improperly-commanded downward movement and could not regain control of the accident aircraft; and the aircraft crashed into the Java Sea, killing all those onboard, including plaintiffs' decedents.

10.    Plaintiffs' decedents left surviving heirs and next of kin, including plaintiffs, for whose benefit this action is brought.

11.    Plaintiffs and the other heirs and next of kin of their respective decedents have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance, and society, and mental anguish, sorrow, and grief as a result of the deaths of plaintiffs' decedents.

WHEREFORE, plaintiffs pray for the entry a judgment in their favor against defendant The Boeing Company for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other amounts as may be allowed by law.

## COUNT II

1-9. As paragraphs 1 through 9 of Count II, plaintiffs reallege paragraphs 1 through 9 of Count I.

10. As a further direct and proximate result of one or more of the foregoing defective and unreasonably dangerous conditions of the accident aircraft which resulted in the crash of the accident aircraft, plaintiffs' decedents, and each of them, were caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror prior to impact and prior to their deaths, and property damage.

11. Had plaintiffs' decedents survived, each of them would have been entitled to bring an action for damages and such actions have survived them.

WHEREFORE, plaintiffs pray for the entry a judgment in their favor against defendant The Boeing Company for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other amounts as may be allowed by law.

## COUNT III

1-4. As paragraphs 1 through 4 of Count III, plaintiffs reallege 1 through 4 of Count I.

5. On a date prior to or about August 2018, defendant Boeing designed, manufactured, assembled, and sold a certain Boeing 737 Max 8 aircraft, Registration PK-LQP ("the accident aircraft") and prepared and provided an Aircraft Flight Manual (AFM) for the accident aircraft. and defendant Boeing further provided the operator of the accident aircraft, Lion Air, with after-sale warnings, instructions, and advice as to the maintenance, repair, and proper and safe operation of the accident aircraft.

6. On said date and at all times relevant hereto, defendant Boeing owed a duty to plaintiffs and plaintiffs' decedents to exercise reasonable care in the design, manufacture, assembly, and sale and the providing of after-sale warnings, instructions, advice to the operator of the accident aircraft so as not to cause injury to, or the deaths of, plaintiffs' decedents.

7. Defendant Boeing negligently breached its duty of care owed to plaintiffs and plaintiffs' decedents through one or more of the following negligent acts or omissions:

(a) negligently designed, manufactured, assembled, and sold the accident aircraft such that the accident aircraft had a flight control feature which, in the event sensor(s) on the aircraft reported an erroneously high angle of attack, would command a nose down movement of the aircraft unauthorized by, and without notice to, the flight crew;

(b) negligently designed, manufactured, assembled, and sold the accident aircraft such that the subject sensor(s) on the accident aircraft were subject to failure in flight and subject to providing erroneous information to the aircraft's flight control system as to the aircraft's angle of attack;

(c) negligently designed, manufactured, assembled, and sold the accident aircraft such that the subject sensor(s) on the accident aircraft were subject to becoming blocked or obstructed, causing them to provide erroneous information, including erroneous information as to the aircraft's angle of attack;

(d) negligently designed, manufactured, assembled, and sold the accident aircraft such that the accident aircraft's flight control system failed to filter out erroneous information, including erroneous information as to the accident aircraft's angle of attack;

(e) negligently designed, manufactured, assembled, and sold the accident aircraft such that the accident aircraft's above-described flight control feature commanded dangerous downward movements of the accident aircraft unauthorized by the flight crew and did not allow the flight crew a means or method to timely and safely manually override an improperly-commanded downward movement;

(f) negligently designed, manufactured, assembled, and sold the accident aircraft such that the accident aircraft did not provide a means or method for the flight crew to timely and safely correct an improperly-commanded downward movement and recover control of the accident aircraft**;**

(g) negligently prepared and provided the AFM for the accident aircraft in that the AFM did not warn of the dangers presented by the above-described defects;

(h) negligently prepared and provided the AFM for the accident aircraft in that the AFM did not provide instruction as to a procedure to be followed by the flight crew to timely

6

and safely correct an improperly commanded downward movement and to recover control of the accident aircraft;

(i) negligently failed to warn of the above-described defects in the accident aircraft;

(j) negligently provided or failed to provide proper and adequate after-sale warnings, instructions, and advice as to the maintenance and repair of the accident aircraft; and

(k) negligently provided or failed to provide proper and adequate instruction to flight crews of Lion Air as to the proper and safe operation of the accident aircraft and, specifically, negligently failed to advise and instruct such flight crews as to a procedure to be followed by the flight crew to timely and safely correct an improperly commanded downward movement and to recover control of the accident aircraft.

8. On October 29, 2018, the accident aircraft was being operated by Lion Air as Flight No. JT 610 from Jakarta, Indonesia to Pangkal Pinang. Indonesia

9. On said date, plaintiffs' decedents were fare paying passengers onboard the accident aircraft on the subject flight.

10. As the direct and proximate result of one or more of the above-described negligent acts or omissions of defendant Boeing, one or more of the sensors on the accident aircraft failed and provided erroneous information to the accident aircraft's flight control system as to the accident aircraft's angle of attack; the flight control system of the accident aircraft failed to filter out this erroneous information and commanded the accident aircraft to go into a dangerous downward dive; there was no means or method for the flight crew to safely manually override the improperly-commanded downward movement; the flight crew had not been instructed and advised as to any means or method to correct the improperly-commanded downward movement and could not regain control of the accident aircraft; and the aircraft crashed into the Java Sea, killing all those onboard, including plaintiffs' decedents.

11. Plaintiffs' decedents left surviving heirs and next of kin, including plaintiffs, for whose benefit this action is brought.

12. Plaintiffs and the other heirs and next of kin of their respective decedents have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance, and society, and mental anguish, sorrow, and grief as a result of the deaths of plaintiffs' decedents.

WHEREFORE, plaintiffs pray for the entry a judgment in their favor against defendant The Boeing Company for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other amounts as may be allowed by law.

## COUNT IV

1-4. As paragraphs 1 through 4 of Count IV, plaintiffs reallege paragraphs 1 through 4 of Count I.

5-10. As paragraphs 5-10 of Count IV, plaintiffs reallege paragraphs 5-10 of Count III.

11. As a further direct and proximate result of one or more of the aforesaid negligent acts and omissions of defendant Boeing which resulted in the crash of the accident aircraft, plaintiffs' decedents, and each of them, were caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror prior to impact and prior to their deaths, and property damage.

12. Had plaintiffs' decedents survived, each of them would have been entitled to bring an action for damages and such actions have survived them.

WHEREFORE, plaintiffs pray for the entry a judgment in their favor against defendant The Boeing Company for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other amounts as may be allowed by law.

## COUNT V

1-5. As paragraphs 1-5 of Count V, plaintiffs reallege paragraphs 1-5 of Count I.

8

6. At the time the accident aircraft and its AFM left the control of defendant Boeing, they were defectively and unreasonably dangerous in one or more of the following respects:

(a) the accident aircraft had a flight control feature which, in the event sensor(s) on the aircraft reported an erroneously high angle of attack, would command a nose down movement of the aircraft unauthorized by, and without notice to, the flight crew;

(b) the subject sensor(s) on the accident aircraft were subject to failure in flight and subject to providing erroneous information to the aircraft's flight control system as to the aircraft's angle of attack;

(c) the subject sensor(s) on the accident aircraft were subject to becoming blocked or obstructed, causing them to provide erroneous information, including erroneous information as to the aircraft's angle of attack;

(d) the accident aircraft's flight control system failed to filter out erroneous information, including erroneous information as to the accident aircraft's angle of attack;

(e) the accident aircraft's above-described flight control feature commanded dangerous downward movements of the accident aircraft unauthorized by the flight crew and did not allow the flight crew a means or method to timely and safely manually override an improperly-commanded downward movement;

(f) the accident aircraft did not provide a means or method for the flight crew to timely and safely correct an improperly-commanded downward movement and recover control of the accident aircraft;

(g) the AFM for the accident aircraft did not warn of the dangers presented by the above-described defects; and

(h) the AFM for the accident aircraft did not provide instruction as to a procedure to be followed by the flight crew to timely and safely correct an improperly commanded downward movement and to recover control of the accident aircraft.

7. Defendant Boeing also failed to warn of the above-described defects in the accident aircraft, failed to provide proper and adequate after-sale warnings, instructions, and advice as to the maintenance and repair of the accident aircraft; and failed to provide proper and adequate instruction to flight crews of Lion Air as to the proper and safe operation of the accident aircraft and, specifically, failed to advise and instruct such flight crews as to a procedure to be followed by the flight crew to timely and safely correct an improperly commanded downward movement and to recover control of the accident aircraft.

9

8. In designing, manufacturing, assembling and selling the accident aircraft with the defects set forth in paragraph 6(a)-(h) above and in performing or failing to perform the acts set forth in Count III and in paragraph 7 of this Count, defendant Boeing acted willfully, wantonly, recklessly and with an intentional or conscious disregard for the safety of plaintiffs' decedents and the others on the accident aircraft.

9. Specifically, defendant Boeing had actual or constructive knowledge of the defects set forth in paragraph 6(a)-(h), yet failed to correct these defects and failed to warn Lion Air and other operators of the dangers presented by these defects and defendant Boeing had actual or constructive knowledge of the fact that the flight crews of Lion Air did not know of any means or methods to correct the improperly-commanded downward movement and regain control of the accident aircraft, yet failed to provide complete and proper training and instruction.

10. Defendant Boeing and the U.S. Federal Aviation Administration issued a warning after the subject air crash, stating that the subject sensors could provide incorrect information and cause an extreme nose down attitude of the aircraft and possible impact with terrain.

11. As the direct and proximate result of one or more of the above-described willful, wanton, reckless, intentional or conscious acts or omissions of defendant Boeing, one or more of the sensors on the accident aircraft failed and provided erroneous information to the accident aircraft's flight control system as to the accident aircraft's angle of attack; the flight control system of the accident aircraft failed to filter out this erroneous information and commanded the accident aircraft to go into a dangerous downward dive; there was no means or method for the flight crew to safely manually override the improperly-commanded downward movement; the flight crew had not been instructed and advised as to any means or method to correct the improperly-commanded

10

downward movement and could not regain control of the accident aircraft; and the aircraft crashed into the Java Sea, killing all those onboard, including plaintiffs' decedents.

12. Plaintiffs' decedents left surviving heirs and next of kin, including plaintiffs, for whose benefit this action is brought.

13. Plaintiffs and the other heirs and next of kin of their respective decedents have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance, and society, and mental anguish, sorrow, and grief as a result of the deaths of plaintiffs' decedents.

14. As a further direct and proximate result of one or more of the aforesaid willful, wanton, reckless, intentional or conscious acts and omissions of defendant Boeing which resulted in the crash of the accident aircraft, plaintiffs' decedents, and each of them, were caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror prior to impact and prior to their deaths, and property damage.

15. Had plaintiffs' decedents survived, each of them would have been entitled to bring an action for damages and such actions have survived them.

16. The aforesaid willful, wanton, reckless, intentional or conscious acts and omissions of defendant Boeing which resulted in the crash of the accident aircraft warrant and justify an award of punitive damages in an amount to punish defendant Boeing for its conduct and to deter future such conduct.

WHEREFORE, plaintiffs pray for the entry a judgment in their favor against defendant The Boeing Company for punitive damages in an amount to be determined at trial, together with costs and such other amounts as may be allowed by law.

PLAINTIFFS DEMAND TRIAL BY JURY.

Dated: April 18, 2019          Respectfully submitted,

                               /s/Floyd A. Wisner
                               Attorney For Plaintiffs

                               Wisner Law Firm, P.C.
                               514 W. State Street
                               Suite 200
                               Geneva, Illinois 60134
                               (630) 262-9434
                               (630) 262-1066 (fax)
                               faw@wisner-law.com
                               IL Bar #3048713

## **CERTIFICATE OF SERVICE**

    Floyd A. Wisner, an attorney, certifies that he served Plaintiffs' Amended Complaint upon all counsel of record via CM/ECF on April 18, 2019.

                                                                /s/Floyd A. Wisner