UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re: Lion Air Flight JT 610 Crash      Lead Case: 1:18-cv-07686

Honorable Thomas M. Durkin

**PLAINTIFFS' JOINT MOTION REQUIRING BOEING TO FILE, OR ABANDON, ITS MOTION TO DISMISS FOR *FORUM NON CONVENIENS* PRIOR TO THE PLAINTIFFS RESPONDING TO THE MOTION TO SEQUENCE DISCOVERY**

The Plaintiffs jointly move this Court to require Boeing to file a motion to dismiss for *forum non conveniens*, or abandon it, before the Plaintiffs must respond to Boeing's Motion to Sequence Discovery, D.E. 14. In support, the Plaintiffs state as follows:

1. After this Court set a briefing schedule on Boeing's Motion to Sequence Discovery, another Boeing 737 MAX crashed in Ethiopia, resulting in a worldwide grounding of the fleet. Multiple probes have been launched in the United States, including by Congress, the DOT, the DOJ, and the FBI. Even the President of the United States has weighed in on the 737 MAX crisis, and encouraged Boeing to "FIX the Boeing 737 MAX[.]" In addition to the multiple suits before this Court, suits have been filed in this District against Boeing in the Ethiopian Airlines crash and by Boeing shareholders who allege that Boeing made misrepresentations concerning the 737 MAX. In light of these subsequent events and for the reasons below, the Plaintiffs request that Boeing be ordered to file its *forum non conveniens* motion immediately or abandon it, and explain why it is unwilling to defend the design of the 737 MAX in its home forum.

2. Lion Air Flight JT 610 crashed on October 29, 2018.

3. Over 50 lawsuits have been, or soon will be, consolidated before this Court involving over 100 victims of the Lion Air crash.

4. On December 27, 2018, Boeing filed its Motion to Sequence Discovery in which it claims that the most "efficient and sound case management" is to limit discovery to the "*forum non conveniens* issues" raised by Boeing in its "forthcoming *forum non conveniens* motion." D.E. 14 at 6.

5. But forthcoming is not the same thing as filed. Boeing, which bears the burden of establishing good cause to deviate from the default rules of discovery under Federal Rule of Civil Procedure 26, has cited no authority holding that the families of the victims must commit to a discovery plan in the abstract, before a defendant's purportedly "dispositive" motion is filed, before the Parties have participated in either a Rule 16 scheduling conference or a Rule 26(f) discovery conference, and without seeing the motion to dismiss or in any other way being able to identify the issues that presumably frame the discovery to be sequenced. Boeing, in short, is demanding that the Plaintiffs blindly devise, or acquiesce to, a discovery plan to address issues that only Boeing knows. Such an effort would neither be efficient nor fair to the Plaintiffs.

6. Indeed, even in many of the cases cited by Boeing where the doctrine of *forum non conveniens* was invoked, the parties litigated the scope and timing of discovery **after** the defendants had filed their motions to dismiss, and it was often the plaintiffs who needed discovery to respond to the particular factual challenges asserted by the defendants. *See, e.g.*, *Textile USA, Inc. v. Diageo N. Am., Inc.*, No. 15-24309-CIV, 2016 WL 11317301, at *1 (S.D. Fla. June 8, 2016) (noting that the defendants' motion to stay discovery was filed after the defendants had filed motions to dismiss); *Beebe v. Housatonic R.R. Co.*, No. 05-CV-0021, 2005 WL 1173974, at *3 (N.D.N.Y. May 12, 2005) (denying the defendant's motion to dismiss with leave to renew the motion following discovery); *In re Bridgestone/Firestone, Inc. ATX, ATX II & Wilderness Tires Prod. Liab. Litig.*, 131 F. Supp. 2d 1027, 1029 (S.D. Ind. 2001) (noting that the defendants filed

their motions to dismiss, that the parties then conferred on discovery and a briefing schedule, and that, upon impasse, the plaintiffs filed a motion to set a discovery and briefing schedule).

7. Ordering Boeing to file its motion to dismiss before it may disrupt the ordinary course of discovery serves another purpose: it wards against dilatory tactics and ensures that Boeing files its motion to dismiss for *forum non conveniens*, as it must, "within a reasonable time after the facts or circumstances which serve as the basis for the motion have developed and become known or reasonably knowable to the defendant." *Shi v. New Mighty U.S. Tr.*, 918 F.3d 944, 948 (D.C. Cir. 2019) (collecting cases, including from the Seventh Circuit).

8. The crash of Lion Air Flight JT 620 occurred nearly six months ago. For months Boeing has been on notice of the details of the flight, the identity of the Decedents, the Plaintiffs' theories of liability, and the national and international investigations into the defects of the 737-8. Boeing should not need more time to draft a variant of the same motion that it files in virtually every foreign aviation crash.

9. Counsel for some of the Plaintiffs, acting on behalf of all the Plaintiffs' counsel, conferred with counsel for Boeing and was informed that Boeing objects to the Plaintiffs' joint motion and the relief requested herein.

WHEREFORE, the Plaintiffs respectfully request that this Court enter an order requiring Boeing to file a motion to dismiss for *forum non conveniens*, or abandon it, before the Plaintiffs must respond to Boeing's Motion to Sequence Discovery, D.E. 14, and providing any other such relief the Court deems just.

Dated:  April 24, 2019						Respectfully submitted,

/s/ *Steven C. Marks*_____
Steven C. Marks
Fla. Bar No. 516414
Kristina M. Infante
Fla. Bar. No. 112557
**PODHURST ORSECK, P.A.**
SunTrust International Center, Suite 2300
One S.E. Third Avenue
Miami, Florida 33131
(305) 358-2800 / Fax (305) 358-2382

- and -

Andrew T. Hays
HAYS FIRM LLC
55 W. Wacker Dr., 14th Floor
Chicago, IL 60601
(312) 626-2537
ahays@haysfirm.com
Atty. # 46467

*Attorneys for the Plaintiffs in Case Nos.*
*19-cv-01924*
*19-cv-01932*
*19-cv-01935*
*19-cv-01951*
*19-cv-01992*


/s/Alexandra M. Wisner
Floyd A. Wisner
Alexandra M. Wisner
Wisner Law Firm, P.C.
514 W. State Street
Suite 200
Geneva, Illinois  60134
(630) 262-9434
(630) 262-1066 (fax)
faw@wisner-law.com
Ill. ID. No.
awisner@wisner-law.com
Ill. ID No. 6317572

4

*Attorney For Plaintiffs in*
*Saputra v. Boeing, No. 18-cv-7686*

By: */s/ Brian S. Kabateck*
Brian S. Kabateck
Christopher B. Noyes
KABATECK LLP
633 West 5th Street, Suite 3200
Los Angeles, California 90071
Phone: (213) 217-5000
Fax: (213) 217-5010
bsk@kbklawyers.com
cn@kbklawyers.com

- and -

/s/ *Steven A. Hart*
Steven A. Hart
John S. Marrese
Hart McLaughlin & Eldridge, LLC
22 W. Washington Street, Ste. 1600
Chicago, IL 60602
P. (312) 955-0545
F. (312) 971-9243
shart@hmelegal.com
jmarrese@hmelegal.com

*Attorneys for Plaintiffs in*
*Case Nos. 19-cv-2074,*
*19-cv-2312, and 19-cv-2315*

*/s/Michael K. Demetrio*
Michael K. Demetrio
Thomas A. Demetrio
Corboy & Demetrio
33 N. Dearborn Street
Suite 2100
Chicago, IL 60602
(312) 346-3191
tad@corboydemetrio.com
mkd@corboydemetrio.com

5

*Attorneys for Gitelson v. Boeing*
*Case No.: 1:19-cv-00622*


/s/ *John R. Wrona*
Thomas G. Gardiner
John R. Wrona
Shannon V. Condon
Gardiner Koch Weisberg & Wrona
53 West Jackson Blvd., Suite 950
Chicago, IL 60604
Ph: (312) 362-0000
Fax: (312) 362-0440
tgardiner@gkwwlaw.com
jwrona@gkwwlaw.com
scondon@gkwwlaw.com

*Attorneys for Plaintiff in*
*Case No. 19-cv-797*



By: /s/ *Austin Bartlett*
Austin Bartlett
**BartlettChen LLC**
150 North Michigan Avenue, Suite 2800
Chicago, Illinois 60601
(312) 624-7711
www.bartlettchenlaw.com
austin@bartlettchenlaw.com

--and--

By: /s/ *Manuel von Ribbeck*
Manuel von Ribbeck
Monica Ribbeck Kelly
**Ribbeck Law Chartered**
505 N. Lake Shore Drive, Suite 102
Chicago, Illinois 60611
(833) 883-4373
(312) 973-0146
www.ribbecklaw.com
mail@ribbecklaw.com
monicakelly@ribbecklaw.com

6

*Counsel for Plaintiffs*
*Case No. 19 cv 00802*
*Case No. 19 cv 01550*
*Case No. 19 cv 01552*
*Case No. 19 cv 01553*
*Case No. 19 cv 01554*
*Case No. 19 cv 01588*
*Case No. 19 cv 01598*
*Case No. 19 cv 01600*
*Case No. 19 cv 01601*
*Case No. 19 cv 01623*
*Case No. 19 cv 01624*
*Case No. 19 cv 01625*
*Case No. 19 cv 01626*
*Case No. 19 cv 01695*
*Case No. 19 cv 01697*
*Case No. 19 cv 01698*
*Case No. 19 cv 01701*
*Case No. 19 cv 01703*

*/s/ Thomas P. Routh*
Thomas P. Routh, Esq.
NOLAN LAW GROUP
20 North Clark Street
30th Floor
Chicago, Illinois 60602
Tel: (312) 630-4000
Fax: (312) 630-4011
tpr@nolan-law.com
contact@nolan-law.com

## **CERTIFICATE OF SERVICE**

Steven C. Marks, an attorney, certifies that he served the Plaintiffs' Joint Motion to Require Boeing to File its Motion to Dismiss for *Forum Non Conveniens* upon all counsel of record via CM/ECF on April 24, 2019.

/s/ *Steven C. Marks*
Steven C. Marks