```
 1              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                      EASTERN DIVISION

 3   IN RE                       )  Docket No. 18 C 7686
                                 )  and related cases
 4   LION AIR FLIGHT JT 610 CRASH )
                                 )  Chicago, Illinois
 5   This Document Relates To:    )  April 30, 2019
     All Actions                  )  9:04 a.m.
 6

 7           TRANSCRIPT OF PROCEEDINGS - Motion Hearing
             BEFORE THE HONORABLE THOMAS M. DURKIN
 8

 9   APPEARANCES:

10

11   For Plaintiffs        MR. STEVEN A. HART
     Cases 18 C 8484,       Hart McLaughlin & Eldridge LLC
12   18 C 8490,             22 W. Washington Street
     19 C 2312, and         Suite 1600
13   19 C 2315:             Chicago, IL 60602

14

15   For Plaintiffs        MR. TIMOTHY I. McARDLE
     Cases 18 C 8006,       Nolan Law Group
16   19 C 1712,             20 N. Clark Street
     19 C 1714,             30th Floor
17   19 C 1715,             Chicago, IL 60602
     19 C 2240, and
18   19 C 2241:

19   For Plaintiff         MR. ANDREW P. STEVENS
     Case 19 C 622:         Corboy & Demetrio PC
20                          33 N. Dearborn Street
                            Suite 2100
21                          Chicago, IL 60602

22

23   For Plaintiffs        MR. JOHN R. WRONA
     Case 19 C 797:         Gardiner Koch Weisberg & Wrona
24                          53 W. Jackson Boulevard
                            Suite 950
25                          Chicago, IL 60604
```

1    APPEARANCES (Cont'd.):

2

3    For Plaintiffs Cases 19 C 802, 19 C 1550, 19 C 1552, 19 C 1553,
     19 C 1554, 19 C 1588, 19 C 1598, 19 C 1600, 19 C 1601,
4    19 C 1623, 19 C 1624, 19 C 1625, 19 C 1626, 19 C 1695,
     19 C 1697, 19 C 1698, 19 C 1701, and 19 C 1703:
5
                         MR. AUSTIN BARTLETT
6                        BartlettChen LLC
                         150 N. Michigan Avenue
7                        Suite 2800
                         Chicago, IL 60601
8

9
     For Plaintiffs Cases 19 C 802, 19 C 1588, 19 C 1598, 19 C 1600,
10   19 C 1623, 19 C 1624, 19 C 1697, 19 C 1698, 19 C 1701, and
     19 C 1703:
11
                         MS. MONICA R. KELLY
12                       Ribbeck Law Chartered
                         Lake Point Tower
13                       505 N. Lake Shore Drive
                         Suite 102
14                       Chicago, IL 60611

15

16   For Plaintiffs Cases 19 C 1550, 19 C 1601, 19 C 1695, 19 C 1701,
     19 C 1703, 19 C 1924, 19 C 1932, 19 C 1935, 19 C 1951,
17   19 C 1992, 19 C 2212, 19 C 2213, 19 C 2214, 19 C 2393, and
     19 C 2400:
18
                         MR. STEVEN C. MARKS
19                       MS. KRISTINA M. INFANTE
                         MR. DAYRON SILVERIO
20                       Podhurst Orseck PA
                         SunTrust International Center
21                       Suite 2300
                         One SE Third Avenue
22                       Miami, FL 33131

23

24

25

```
 1    APPEARANCES (Cont'd.):

 2

 3    For Plaintiffs         MR. MARK E. LINDQUIST
      Case 19 C 2774:        Herrmann Law Group
 4                           505 5th Avenue South
                             Suite 330
 5                           Seattle, WA 98104

 6

 7                           MR. CARMEN D. CARUSO
                             Carmen D. Caruso Law Firm
 8                           77 W. Washington Street
                             Suite 1900
 9                           Chicago, IL 60602

10

11    For the Defendant:     MS. BATES McINTYRE LARSON
                             Perkins Coie LLP
12                           131 S. Dearborn Street
                             Suite 1700
13                           Chicago, IL 60603

14

15                           MR. MACK H. SHULTZ JR.
                             Perkins Coie LLP
16                           1201 3rd Avenue
                             Suite 4900
17                           Seattle, WA 98101

18

19    Court Reporter:        LAURA R. RENKE, CSR, RDR, CRR
                             Official Court Reporter
20                           219 S. Dearborn Street, Room 1432
                             Chicago, IL 60604
21                           312.435.6053
                             laura_renke@ilnd.uscourts.gov
22

23

24

25
```

1     (In open court.)

2          THE CLERK:  18 C 7686, In re Lion Aircraft.

3          THE COURT:  All right.  Good morning.  Let's have

4     everyone identify themself for the record, starting first

5     with -- since there are fewer of them, let's start with defense

6     counsel.

7          MR. SHULTZ:  Good morning, your Honor.  Mack Shultz on

8     behalf of The Boeing Company.

9          MS. LARSON:  Good morning, your Honor.  Bates Larson,

10    also on behalf of The Boeing Company.

11         THE COURT:  All right.  Then let's have all the

12    plaintiffs' attorneys identify themselves, starting from

13    Mr. Caruso on the far right, my right.

14         MR. CARUSO:  Good morning, Judge.  Carmen Caruso.

15         We filed the complaint 18 C 2774 [*sic*], which was

16    reassigned to you last week.  And I'm really here to introduce

17    Mark Lindquist from the West Coast, who is going to be lead

18    counsel on that case.

19         THE COURT:  All right.

20         MR. LINDQUIST:  Good morning, your Honor.

21         THE COURT:  All right.

22         MR. BARTLETT:  Good morning, your Honor.  Austin

23    Bartlett on behalf of certain plaintiffs in the case.

24         MR. WRONA:  Good morning, your Honor.  John Wrona on

25    behalf of Harvino, the copilot.

1       MR. STEVENS:  Good morning, your Honor.  Andrew

2   Stevens, S-T-E-V-E-N-S, from Corboy & Demetrio on behalf of

3   plaintiff Gitelson, 19 CV 622.

4       MS. KELLY:  Good morning, your Honor.  Monica Kelly of

5   Ribbeck Law on behalf of certain plaintiffs.

6       THE COURT:  All right.  Good morning.

7       MR. McARDLE:  Good morning, your Honor.  Tim McArdle

8   on behalf of certain plaintiffs.

9       MR. HART:  Good morning, your Honor.  Steven Hart,

10  Hart, McLaughlin & Eldridge, on behalf of 11 victims of the

11  crash.

12      THE COURT:  All right.

13      MR. MARKS:  Good morning, your Honor.  Steve Marks

14  with Podhurst Orseck.  I'm here with Kristina Infante from my

15  office and Dayron Silverio.

16      THE COURT:  All right.  Good morning.

17      Well, thank you all for coming in.  This was

18  occasioned by a motion by the defendants to get Boeing to

19  either file their motion for *forum non conveniens* or abandon

20  it.

21      The motion to sequence discovery was entered and

22  continued when it was filed last time because we had a lot of

23  cases that were outstanding that I understood would eventually

24  end up in front of me.  I think that process is still ongoing.

25      Can anyone give me a report on -- two things.  One, I

1   understood there may have been a case filed in either state or

2   federal court in Washington State.  And then, two, are there

3   more cases in the Circuit Court of Cook County that are going

4   to be removed?  And, three, are there additional cases before

5   other judges in this building that are subject of a motion to

6   reassign that has not yet been granted?

7           If -- maybe Boeing can take the lead on that since

8   you're in all of them.

9           MR. SHULTZ:  Thank you, your Honor.

10          With respect to the matter that was originally filed

11  in Washington, that matter was voluntarily dismissed and has

12  been refiled in this court and either is before your Honor or

13  on its way to your Honor.

14          THE COURT:  All right.  Well, that's good to know

15  because that would have -- had it remained, it would be likely

16  the subject of a request to have this case heard as an MDL.

17          MR. SHULTZ:  Correct.

18          THE COURT:  And if all the cases are here, there's no

19  need to get involved in MDL proceedings to consolidate cases

20  from different districts.  And as far as you know, are there

21  any other cases anywhere else in the country?

22          MR. SHULTZ:  We are unaware of any other cases

23  anywhere else in the country, other than a handful of cases

24  which remain in Cook County that we expect to remove to this

25  Court in the next seven to ten days.

1    THE COURT:  Do any plaintiffs' counsel know of
2 anything different than that?
3    MR. CARUSO:  Judge, I would just inform the Washington
4 State case is here.  Mr. Lindquist, it was his case.
5    THE COURT:  Okay.  And that's been dismissed in
6 Washington State?
7    MR. LINDQUIST:  That was correct, your Honor.  Thank
8 you.
9    THE COURT:  Okay.
10    All right.  Go ahead.
11    MR. SHULTZ:  We're aware of a total of, I believe at
12 the last time we counted, 48 cases, all of which are on their
13 way to your Honor, involving 92 of the people who were on board
14 the aircraft.
15    Cases continue to be filed.  We had two filed,
16 actually, on the day that plaintiffs filed their motion that
17 brings us here today.
18    As to whether there are additional cases that remain
19 to be filed, we would expect so because only about half the
20 aircraft has been accounted for.  But we don't know that for
21 sure.
22    THE COURT:  All right.  Are there cases that have been
23 filed in Indonesia?
24    MR. SHULTZ:  We're unaware of any cases in Indonesia,
25 but plaintiffs' counsel might actually have better information

1      on that than we do.

2                MR. BARTLETT:  None --

3                THE COURT:  Any knowledge?

4                MR. BARTLETT:  None that we're aware of.

5                THE COURT:  Okay.  So at least as it stands right now,

6      it looks like the majority or all of the cases are going to end

7      up sooner or later in federal court and in front of me that are

8      being filed relating to this crash, correct?

9                MR. SHULTZ:  That's our expectation right now, your

10     Honor.

11               THE COURT:  All right.  Any reason to differ from that

12     from any on the plaintiffs?

13               MR. HART:  No, your Honor.

14               THE COURT:  Okay.  Hearing none -- hearing nothing, I

15     assume that's the case.  All right.

16               All right.  Then we're here on the motion -- a joint

17     motion.  I assume it's joined in by everyone who is here.  Is

18     that correct?

19               MULTIPLE COUNSEL:  That's correct.

20               Yes, your Honor.

21               THE COURT:  Okay.  I guess the record can just reflect

22     unanimous assent by all the present plaintiffs.

23               All right.  And then also I saw there was a

24     shareholders' case filed.  Where is that?

25               MR. SHULTZ:  I'm afraid I don't have good information

1    on the current status of the shareholders' case.  We're not

2    representing the company in that proceeding, your Honor.

3               THE COURT:  Okay.

4               MR. MARKS:  Your Honor, Steve Marks.

5               There are news reports it's in the Northern District

6    in Illinois.

7               THE COURT:  Okay.  I would expect it would be.  I was

8    just curious.  It's not in front of me that I've -- as far as I

9    know.

10              All right.  Does Boeing --

11              MR. BARTLETT:  Your Honor, I'm sorry to interrupt.  I

12   believe that case is before Judge Tharp.

13              THE COURT:  Okay.  All right.  Thank you.

14              Does Boeing object to the request that it either file

15   or abandon its motion to dismiss for *forum non conveniens*?

16              MR. SHULTZ:  Yes, your Honor.

17              THE COURT:  All right.  What's your basis for opposing

18   it?

19              MR. SHULTZ:  Your Honor, it's actually routine

20   practice in aviation accident litigation involving foreign air

21   crashes for a motion limiting discovery to be entered before

22   the *forum non conveniens* motion is filed.

23              In the Malaysia 370 litigation that was in the

24   District of Columbia that involved Mr. Marks' firm and the

25   Wisner firm, Judge Jackson there entered an order limiting

1    discovery to the threshold issues, and then the defendants

2    filed their *forum non conveniens* motion, as well as the airline

3    filed certain jurisdictional motions as well.

4            In the litigation arising out of the Helios

5    accident --

6            THE COURT:  Well, do you need discovery to file your

7    *forum non conveniens* motion?

8            MR. SHULTZ:  We do plan to serve some limited

9    discovery, interrogatories and requests for admission, to

10   determine where the damages evidence and witnesses are located.

11   We believe it is all in Indonesia, but we don't know that for

12   sure, and we don't --

13           THE COURT:  Well, it's almost certainly going to be

14   Indonesia or somewhere other than Northern District of

15   Illinois.  If you go on that assumption, that satisfies what

16   you need to put in for purposes of your *forum non conveniens*.

17   It's not dispositive, but at least that element of your motion

18   is pretty well agreed to, I would think.  And if there's a

19   reason to contest it, we'd hear it in the response.

20           I just want to move the case along.  It -- the --

21   it -- the request by you was filed right after Christmas, and

22   it said you'd be filing it shortly.  "Shortly" means a lot of

23   different things to a lot of different people.  But we're now

24   in late April, and it's time to either -- either move ahead

25   with discovery or move ahead with --

1      And it's all paper discovery at this point.  So even

2  if there's another half of the decedents' families or estates

3  that come into the case, the paper discovery is not going to

4  change.

5      I'd be more concerned about depositions taking place

6  where lawyers coming in late would say, "Well, we didn't get a

7  chance to participate in a dep, so you have to do it over."

8  That's not going to happen for a while.  It's mainly paper

9  discovery, almost completely paper discovery at this point.

10  And I wanted to either get that moving or get your motion

11  filed.

12      And if the reason for -- if anyone needs discovery for

13  a -- to -- for *forum non conveniens*, it's probably the

14  plaintiffs.  Your need for it, about the damages that the

15  plaintiffs may be suffering and the location of the evidence on

16  that, it's -- I would think you'd get almost unanimous

17  statements from the plaintiff that it's all overseas.

18      There was, what, one Italian?  One -- everyone is from

19  Indonesia except for one Italian person?

20      MR. BARTLETT:  And one -- one Italian and one Indian,

21  who was the captain.

22      THE COURT:  Okay.  So it's almost inevitable all of

23  your discovery is out there.  And that is a factor that is

24  considered, obviously, but that factor is pretty much decided,

25  at least that -- the facts on that.  So I don't want to delay

1    things for you to get discovery where we kind of know the

2    answer going forward and you can assume it as part of your

3    motion.  And if it's different, plaintiffs will point it out.

4         I don't see why that would be a delay of the motion.

5    You practically wrote the motion already when you filed your

6    motion back in December.  You put the key cases in there and

7    set forth at least how other courts have dealt with crashes

8    that occur overseas, and even involving Boeing.

9         So I -- I'm happy to hear what the parties want to do,

10   but I'd like to get the -- either discovery started or you

11   filing your motion and dates for it to take place so the case

12   can move along because really nothing's happened since this

13   case has been filed.

14        I have two other matters.  I've got a short criminal

15   matter I want to take up and then the -- if the people from

16   Alpha Tech come back, I want to get them back in here.  And

17   then hopefully you can talk about this outside among yourselves

18   a little bit and come back with a plan.  But that's what I'm

19   thinking.

20        So we'll recall the case in a few minutes.  But if you

21   don't -- unless someone has to be in another courtroom, you can

22   go out and have a discussion.  If it's going to be loud, do it

23   down the hall.  I'll have two other matters I'll hear, and then

24   we'll recall the case.

25        MULTIPLE COUNSEL:  Thank you, your Honor.

1        THE COURT:  Thank you.

2     (The Court attends to other matters.)

3        THE CLERK:  Okay.  18 C 7686, In re Lion Aircraft.

4        THE COURT:  All right.  No need for everyone to state

5   their names for the record again.

6        Again, because we're only dealing with one defendant

7   and multiple plaintiffs, I'll ask first the defendants.  Have

8   you had any discussions that result in any agreements or a path

9   going forward before I tell you what I'm going to do?

10        MR. SHULTZ:  I think so, your Honor.

11        I believe the parties agreed -- and I would propose

12   this as a tentative schedule depending upon the things we

13   talked about -- that Boeing would file its motion for *forum non*

14   *conveniens* 45 days from now.

15        In the meantime, the parties will hold conferences to

16   try and work out discovery issues and other scheduling issues,

17   including the scope of any initial disclosures and any

18   discovery that needs to be conducted contemporaneously with the

19   *forum non conveniens* motion.

20        As I expressed to plaintiffs' counsel, it is possible

21   we will need to ask for more time than that primarily due to

22   the necessities of getting information from Indonesia on

23   foreign law aspects of the motion.  They've indicated that we

24   can discuss it at the time if that becomes necessary.

25        THE COURT:  All right.  And let's --

1    MR. SHULTZ:  Have I -- first, have I fairly --

2    MR. MARKS:  When we were --

3    THE COURT:  Well, let's --

4    MR. SHULTZ:  And certainly they haven't committed to

5    agree to that.

6    THE COURT:  All right.  But that's a proposal.  Can

7    any one person speak on behalf of everyone else for purposes of

8    this?

9    MR. MARKS:  I think so, your Honor.

10   THE COURT:  All right.  And for the record, again?

11   MR. MARKS:  My name is Steve Marks with Podhurst

12   Orseck.

13   THE COURT:  All right.  I'm going to assume you're

14   speaking on behalf of everyone.  But if anyone has a different

15   view of something that you're going to disagree with Mr. Marks

16   on, when he's done talking, you can do your "me too" or your --

17   rather than "me too," but "I have something different to say."

18   But go ahead, Mr. Marks.

19   MR. MARKS:  Your Honor, we didn't agree to any

20   extensions.  What we did agree to is to have a Rule 16

21   conference within ten days; to suspend the briefing on the

22   sequencing of discovery because that will come in the context

23   of the scheduling order, which will address the scope of

24   discovery and the nature of the discovery disputes; that we

25   would serve our initial requests and which would tee up the

1    issue so that the Court will be advised specifically as to the

2    areas of dispute in a concrete manner, and specific requests

3    will help the Court deal with that issue; and 45 days for their

4    motion for *forum non conveniens* dismissal, with the

5    understanding we weren't going to have any further extensions.

6           When we were talking, Mack and us, we were talking

7    15 or 30, and then we compromised at 45.  But I don't think any

8    of the plaintiffs contemplated additional time before -- beyond

9    the 45.

10          THE COURT:  Well, I'll give them 45 days to file it.

11   If they have a motion they make to extend it and there's good

12   cause to extend it, I will.

13          MR. MARKS:  Okay.

14          THE COURT:  I recognize -- you should understand that

15   it's a long time coming, and I'm not likely to grant a motion

16   for extension absent a very particularized reason that is

17   essential to the preparation of your motion.

18          You've filed these before in other cases.  Every case

19   is different, I understand, but the law is the same.  And as I

20   said, in your original motion in December, you set forth the

21   key cases that deal with this issue anyway.

22          So 45 days is when, Sandy?

23          THE CLERK:  June 14th.

24          THE COURT:  Okay.  So file it by June 14th.

25          Without knowing what it looks like, I'm not going to

1    set a response date at this time because we're going to have a

2    lot of -- I assume -- many more plaintiffs' attorneys in.  And

3    I don't want to get 30 responses.  I want to get one or, at

4    most, two if there's some other view that people have.  Let's

5    talk -- we'll talk about that in a minute.

6            You agree on having a Rule 16 conference in ten days?

7            MR. SHULTZ:  Yes, your Honor.

8            THE COURT:  Okay.

9            That's when, Sandy?

10           THE CLERK:  May 10th.

11           THE COURT:  Okay.

12           And you should prepare a scheduling order based on

13   that conference.  It may be all by agreement.  There may be

14   areas of disagreement.  I get them both.  And if you disagree,

15   just set forth the dates that each side proposes for certain

16   discovery.

17           I agree with the idea that typically the discovery at

18   this point relates to *forum non conveniens* issues.  But I'm

19   puzzled on -- the paper discovery that Boeing's going to have

20   to provide is going to be the same whether the case proceeds

21   here or proceeds in Indonesia.  I don't know the Indonesian

22   discovery rules, but I expect any judicial system that you're

23   going to rely upon and say is a fulsome one where plaintiffs

24   will get their day in court is also going to be one that allows

25   for a full disclosure of relevant documents by the defendant.

1    So I'm -- keep that in mind when you have your discussions.

2            I'm not prejudging it, and I'm sure there will be

3    disagreements.  And I'll let you know what I think once I see

4    your scheduling order, proposed scheduling order.

5            When do you expect to submit a proposed scheduling

6    order?

7            MR. SHULTZ:  Seven days after the conference.

8            MR. MARKS:  Seven days is fine, your Honor.

9            THE COURT:  All right.  So ten days for the conference

10   and then, Sandy, seven days after that is what?

11           THE CLERK:  That's the 17th.

12           THE COURT:  Okay.  So a scheduling order by that date,

13   which either is agreed or has your areas of disagreement set

14   forth.

15           All right.  We should -- what is the practice on a

16   multi-plaintiff case where you have -- such as this on how you

17   organize yourselves on the plaintiffs' side?

18           MR. MARKS:  Typically in air crash disasters, unlike

19   class actions, we have successfully had cooperation with

20   counsel where we don't have a structure.  We have agreed as a

21   group to speak with one voice.  You made that clear in your

22   March 5th hearing.  And we've done so, and I think we will

23   continue to do so.

24           We have communicated on a regular basis.  We know one

25   another, respect one another.  And so unless we get to the

1    point where your Honor's feeling like we're not doing that in

2    an efficient way, we would like to keep it as an informal

3    structure where one of us or two of us will speak at different

4    times about different issues the Court may have.

5          THE COURT:  Yeah, I'm fine with that.  I just don't

6    want to -- I don't want to get multiple briefs when many of

7    them may just repeat what the other has said.  It's not good

8    for you --

9          MR. MARKS:  No.

10         THE COURT:  -- because it doesn't focus on the key

11   issues.  It's not good for the defendants because they're

12   responding to multiple briefs in their reply.  And it's -- I

13   don't want a lot of wasted paper.

14         MR. HART:  As the Court notes, we were able to file a

15   joint motion with respect to requesting that Boeing file its

16   FNC.  We would expect to be able to do the same.  And there was

17   great cooperation for that motion.

18         THE COURT:  Good.  Okay.  Well, I appreciate that.

19         And I'm not saying it has to be.  If someone has a

20   response to any aspect of this case that is peculiarly

21   different than that of other plaintiffs, you're free to do so.

22   I just appreciate your cooperating and doing it as you have up

23   to now and continuing that.

24         All right.  Well, I think what's going to happen

25   between now and the time you file your motion is more

1    plaintiffs coming into the case.  I think there's a -- what

2    might make sense is to have a status a short time after you

3    file your motion.

4          At that time you'll have had a chance at least to read

5    it over and tell me when you expect to be able to file a

6    response.  And we'll set a reply date too.

7          MR. SHULTZ:  Your Honor, I believe we had a status set

8    for late June already in connection --

9          MR. BARTLETT:  That's correct.

10         MR. SHULTZ:  -- with the motion to sequence discovery.

11   Perhaps we would keep that date for that purpose.

12         THE COURT:  Sure.  When is this brief due?

13         THE CLERK:  June 14th.

14         MR. MARKS:  The brief is due June 14th.

15         THE COURT:  All right.  And what's our status?

16         MR. BARTLETT:  I believe it was June 27th.

17         MR. MARKS:  Twenty --

18         MS. KELLY:  24th.

19         MR. BARTLETT:  27th.

20         THE CLERK:  I can --

21         THE COURT:  Well, we'll look here.

22         THE CLERK:  I can double-check.  Hold on.  Let me

23   double-check.

24         MR. SHULTZ:  I believe it was set for June 27th, your

25   Honor.

1          THE CLERK:  I see June 27th, 9:00 a.m.

2          THE COURT:  All right.  We'll keep that date.  That

3     will be enough time for me to have reviewed the motion for

4     *forum non conveniens* and also for all of you to -- more

5     importantly, for you to have read it over and come back with a

6     date where you think you ought to be in a position to file a

7     response to it.  We'll set a reply date at that time.  We can

8     update -- you can update me on any issues.

9          You may be in before that if there's disagreements on

10    discovery.

11         I'd like to -- you all have to represent your clients,

12    but I would like to all advise you that coming into court on

13    many of these matters en masse is not necessary.  You can

14    participate by phone.  You can participate through other

15    counsel.  I don't think your client will be -- clients will be

16    prejudiced.

17         And you will in no way be prejudiced in front of me.

18    It's not a matter of lack of interest in the case.  It's just a

19    matter of being economical with clients' money and with anyone

20    else who is paying the bills.

21         So having one or two people come in to speak on behalf

22    of everyone else for scheduling purposes is just fine by me.

23    And if you feel you want to participate and don't want to come

24    in, you can do it by phone.  Contact my courtroom deputy and --

25    or just read the transcript.  Easy enough to do that.

1          So I'd prefer that.  But you're all welcome, of

2    course.  I know many of you come from out of town, and it's not

3    necessary to come back in for what will often be routine

4    statuses.

5          All right.  So absent my having to weigh in on the

6    scheduling order -- which I expect I will.  But absent that,

7    you'll come back in late June.  If I do have to weigh in on the

8    scheduling order, I'll set it for a status to address that.

9    And we'll give you some notice on that.  And, again,

10   representatives are fine rather than everybody.

11         What else do we need to discuss today?

12         MR. MARKS:  There's only one other issue, and that is

13   the sequencing motion of discovery should be -- in light of

14   what your Honor is ruling and what we've agreed -- is now

15   suspended, or there's no longer need for briefing, at least.

16         THE COURT:  Yeah, it's just entered and continued.

17         MR. MARKS:  Okay.

18         THE COURT:  I won't rule on it until -- it may be moot

19   once you come up with your scheduling order.  But we'll keep it

20   pending, just enter and continue it.

21         I had a couple questions in just looking over.  I

22   reread the motion to sequence discovery.  And maybe you're not

23   in a position to answer this, but I'm going to ask the

24   questions, and you can tell me.

25         Is Boeing going to contest liability?

1          MR. SHULTZ:  Your Honor, at this point Boeing is not

2     admitting liability.

3          THE COURT:  All right.  Well, that's a very lawyerly

4     answer, at which -- and that's a big question.  And I -- I'm

5     not -- I don't want to put you on the spot, but it's a question

6     I have in light of public statements that anybody who reads a

7     paper has read from the company.  And if you're going to

8     contest liability, so be it.  If you're going to -- if this is

9     more of a damage case, that's important too.

10          That's a huge decision and one you don't have to make

11     now and one that I'm raising not for you to answer today, but

12     just it seems like an obvious question.

13          MR. SHULTZ:  Certainly, your Honor.  There will be a

14     clear answer by the time we file our *forum non conveniens*

15     motion.

16          THE COURT:  Okay.

17          Experts in this case.  And I'm basing this based on

18     some of the representations you made in the motion to sequence

19     discovery.

20          Does anyone expect experts to be anything other than

21     U.S.-based or possibly European-based as opposed to Indonesian

22     experts?

23          MR. SHULTZ:  Your Honor, we would expect to present an

24     affidavit from an expert on Indonesian law and procedure in

25     connection with the *forum non conveniens* motion.  If the case

1　embraces issues other than that, I don't know that we know for

2　sure --

3　　　　　THE COURT:  All right.

4　　　　　MR. SHULTZ:  -- which experts would be required.

5　　　　　THE COURT:  I'm thinking of technical experts more

6　than legal experts and whether -- typically -- I haven't -- I

7　think I've only had one other air crash case, but I think

8　logically most experts on the liability portion are going to

9　come from the United States or possibly Europe -- I'd be

10　surprised if they come from elsewhere -- and wondering if

11　people know at this point there's Indonesian technical experts.

12　　　　　MR. BARTLETT:  Your Honor, at least for my group of

13　plaintiffs, I can tell the Court that everyone will be from the

14　United States.

15　　　　　THE COURT:  All right.  I -- and I -- no one has to

16　answer that now.  But I -- I wouldn't be surprised if that were

17　the case, although you note in your motion that there are

18　Indonesian authorities investigating this.  What's the status

19　of that investigation?

20　　　　　MR. SHULTZ:  They issued their preliminary report

21　30 days after the accident.  I believe they are continuing to

22　investigate.  And I don't have any other information.

23　Certainly -- I don't have any other reliable information about

24　when they expect to complete their investigation.

25　　　　　THE COURT:  Is that knowable?

1        MR. BARTLETT:  They're actually -- they have said

2   publicly that they plan to release their final report.

3   ICAO's -- that's a one-year goal for a final report, and they

4   have publicly stated that they intend to meet that one-year

5   deadline is my understanding.

6        THE COURT:  All right.  So that would be next

7   November.

8        MR. BARTLETT:  Yeah.

9        THE COURT:  All right.

10       MR. SHULTZ:  Your Honor, it also occasionally happens

11   that what happens on the one-year anniversary is a substantial

12   factual report is issued --

13       MR. BARTLETT:  Right.

14       MR. SHULTZ:  -- if the investigation hasn't completed

15   its analysis.  So that -- I would expect potentially a report

16   like that on the one-year anniversary.

17       THE COURT:  Okay.  You mentioned third parties

18   potentially at fault.  Have you identified any third parties at

19   this stage that might be potentially at fault?

20       MR. SHULTZ:  Your Honor, the investigation is

21   continuing at this time.  We believe there are potentially

22   additional at-fault entities, but we're not in a position to

23   identify them for the Court at this point.

24       THE COURT:  All right.  How about Boeing doing its own

25   investigation?  What's the status of that?

1          MR. SHULTZ:  Boeing is participating in the

2    investigation being led by the Indonesians.  Boeing is a

3    technical adviser to the NTSB, who is a party to that

4    investigation.  And Boeing is providing support as requested by

5    the investigating authorities.

6          THE COURT:  Does the NTSB in the United States

7    investigate this independently, or is it all as a partner of

8    the Indonesian authorities?

9          MR. SHULTZ:  The NTSB acts as a party to the

10   Indonesian-led investigation.

11         THE COURT:  Okay.  As to Boeing itself, though --

12   again, I just read the newspapers, but I think they've

13   indicated they're doing their own internal investigation.  The

14   planes are grounded, so they're looking at how to get them back

15   in the air.

16         Is that something that is going to be something you're

17   either going to turn over, or is that going to be part of

18   discovery?  I'm sure the plaintiffs are going to want to see

19   it.

20         MR. SHULTZ:  At this point, your Honor, I don't have

21   an update as to the status of whatever internal investigation

22   Boeing may be conducting.  Certainly they are making efforts to

23   enhance the safety of the aircraft and to return the aircraft

24   to the air.

25         THE COURT:  All right.  Because one of the

1    representations you made in your motion was that if this case

2    were, in fact, transferred to Indonesia, you would stipulate to

3    turn over all information that documents -- make witnesses

4    available that -- in Indonesia so that there's no problem

5    obtaining discovery if there is an Indonesian proceeding or

6    proceedings that took place.

7         I don't know whether the -- there's some type of

8    privilege that would attach to Boeing's review, internal

9    review.  And I don't know whether Indonesian law would treat

10   that differently than American law.  And I raise this not to

11   get an answer but at least alert you to something I'm thinking

12   about that you ought to address in your motion.

13        MR. SHULTZ:  Understood and appreciated, your Honor.

14        THE COURT:  Okay.  You should also address something I

15   raised at the very beginning on whether or not there are

16   documents or information that would address liability that

17   would be available through U.S. court processes but wouldn't be

18   available through Indonesian processes, in other words, if I

19   transfer the case.  Your legal experts should talk about how

20   expansive discovery is in Indonesia and how it equates with

21   discovery under the Federal Rules of Civil Procedure.

22        MR. SHULTZ:  Certainly we would be -- we'll be

23   prepared to address that.

24        I would note for your Honor, though, that appellate

25   courts considering *forum non conveniens* cases have generally

1    not held that a failure of a foreign jurisdiction to have full

2    U.S.-style discovery renders that forum either inadequate or

3    unavailable to the plaintiffs.

4            THE COURT:  It's not dispositive, but it's a factor.

5    It's still discretionary with me, and it's a factor I'd view

6    as -- per appellate law, I wouldn't view it as a dispositive

7    issue, but it's a factor you ought to address because, absent

8    clear direction that it's something I can't consider, I'm going

9    to -- logically, it makes sense to consider it.

10           If the appellate courts have said it is absolutely not

11   to even be considered, so be it.  Make that part of your

12   motion.

13           MR. SHULTZ:  We'll certainly address that in our --

14           THE COURT:  Okay.

15           MR. SHULTZ:  -- motion, your Honor.  Thank you.

16           THE COURT:  All right.

17           All right.  I think those are all the questions I had.

18   Are there anything else -- I'll start first, again, with the

19   defendants.  Anything else you want to raise?

20           MR. SHULTZ:  No, your Honor.

21           THE COURT:  Anything from plaintiffs?

22           MR. MARKS:  No, your Honor.

23           THE COURT:  Okay.  Well, thank you all.

24           MULTIPLE COUNSEL:  Thank you.

25        (Concluded at 10:05 a.m.)

1                    C E R T I F I C A T E

2         I certify that the foregoing is a correct transcript of the

3    record of proceedings in the above-entitled matter.

4

5    /s/ LAURA R. RENKE                          May 6, 2019
     LAURA R. RENKE, CSR, RDR, CRR
6    Official Court Reporter

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25