**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JOHAN HARRY SAROINSONG and ZILA VENITA, | Lead Case: 1:18-cv-07686 |
| Plaintiffs, | Hon. Thomas M. Durkin |
| v. | This filing applies to: |
| THE BOEING COMPANY, A CORPORATION, | No. 1:19-cv-05211 |
| Defendant. | |

**DEFENDANT THE BOEING COMPANY'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

Defendant The Boeing Company ("Boeing"), by and through its attorneys of record, Perkins Coie LLP, hereby answers the Complaint at Law ("Complaint") of Plaintiffs Johan Harry Saroinsong and Zila Venita (collectively, "Plaintiffs"), as follows, in paragraphs numbered to correspond to the paragraph numbers in said Complaint. All facts not specifically admitted are denied.

Boeing also states that the Complaint pertains to an accident on October 29, 2018, that currently is the subject of an ongoing investigation by the Indonesia National Transportation Safety Committee ("NTSC-KNKT"), which has not yet been completed. The United States National Transportation Safety Board ("NTSB") is a party to the NTSC-KNKT investigation, and Boeing is providing technical assistance.

Under international law (Section 5.26 of Annex 13 to the Convention on International Civil Aviation) and federal law (49 C.F.R. § 831.13 and 49 U.S.C. § 1114(f)), Boeing is prohibited at this time from releasing information concerning the accident to any person not a party to the investigation without prior consultation and approval of the NTSB. Accordingly, in responding to this Complaint, Boeing has not relied upon information made known to certain Boeing personnel by the NTSB related to the ongoing investigation of the accident.

ANSWER TO COMPLAINT

## THE PARTIES

1.     At all times herein mentioned, the decedent Hizkia Jorry Saroinsong was an individual residing in Jakarta, 10430, Indonesia.

**ANSWER:**

Boeing admits, upon information and belief, that the Decedent was an individual residing

in Indonesia at all times relevant herein.

2.     At all times herein mentioned, Plaintiffs were and are individuals residing in Jakarta, 10430, Indonesia. Plaintiffs are Decedent's father and mother.

**ANSWER:**

Boeing lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 2 and therefore denies them.

3.     At all times herein mentioned, Defendant Boeing was and is a corporation organized under the laws of Delaware with its worldwide headquarters and principal place of business in Chicago, Illinois.

**ANSWER:**

Boeing admits the allegations contained in Paragraph 3.

## JURISDICTION AND VENUE

4.     Plaintiffs are all citizens and residents of Indonesia.

**ANSWER:**

Boeing lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 4 and therefore denies them.

5.     This Court has jurisdiction over the entire action by virtue of the fact that this is a civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of this Court. Additionally, this Court has specific jurisdiction over this action by virtue of the fact that Defendant Boeing maintains worldwide headquarters within the Northern District of Illinois and principal place of business is in Chicago.

**ANSWER:**

Boeing admits that it maintains its headquarters in Chicago, Illinois. The remaining

allegations contained in Paragraph 5 consist of legal conclusions to which no response from

Boeing is required; to the extent a response is required, Boeing responds that this Court has

ANSWER TO COMPLAINT

subject matter jurisdiction over this action. Boeing denies the remaining allegations contained in

Paragraph 5.

6.      Venue is proper in this county pursuant to section 5/2-101 of the Illinois Code of
Civil Procedure because Defendant Boeing resides in this county, is authorized to transact
business in this county and is doing business in this county.

**ANSWER:**

The allegations contained in Paragraph 6 consist of legal conclusions to which no

response from Boeing is required; to the extent a response is required, Boeing responds that it

maintains its headquarters in Chicago, Illinois, is registered to do business in Illinois, and does

business in Illinois.

7.      To the extent applicable, Plaintiffs elect to pursue all maritime claims in this
Court under the Savings-to-Suitors Clause, 28 U.S.C. § 1333(1).

**ANSWER:**

The allegations contained in Paragraph 7 consist of legal conclusions to which no

response from Boeing is required; to the extent a response is required, Boeing responds that this

Court has subject matter jurisdiction over this action.

## GENERAL ALLEGATIONS

8.      The 737 MAX 8 is the newest generation of Boeing's 737 series of aircraft.

**ANSWER:**

Boeing denies the allegations contained in Paragraph 8.

9.      At all relevant times herein, Boeing manufactured the 737 MAX 8 model aircraft
in the United States.

**ANSWER:**

Boeing admits that final assembly of 737-8 model aircraft occurred in the United States,

during the time up to and including the date of the accident at issue in this litigation.  Boeing

denies the remaining allegations contained in Paragraph 9 as written because some components,

parts, and systems of the 737-8 model aircraft were manufactured either by Boeing outside the

United States or by others.

ANSWER TO COMPLAINT

10.     In or around August 2018, Boeing delivered a newly manufactured 737 MAX 8 aircraft with tail number "PK-LQP" (the "subject aircraft") to Lion Air in Indonesia.

**ANSWER:**

Boeing admits that it delivered the Boeing 737-8 aircraft bearing Registration No. PK-LQP (the "Subject Aircraft") in August 2018, which bears Registration No. PK-LQP, in August 2018, and that Lion Air was its first operator.  Boeing denies the remaining allegations contained in Paragraph 10.

11.     Prior to October 29, 2018, Defendant Boeing designed, manufactured, assembled and sold the subject aircraft and prepared, published, and provided to Lion Air information including, but not limited to, a 737 MAX 8 flight operations manual ("FOM") regarding the operation of the subject aircraft.

**ANSWER:**

Boeing admits that, prior to October 29, 2018, it designed, manufactured, assembled, and sold the Subject Aircraft, except for those components, parts, and systems of the Subject Aircraft that were designed, manufactured, assembled, and sold by others, and the components, parts, and systems that were subsequently removed, installed, exchanged, altered, modified, retrofitted, overhauled, or manufactured by others.  Boeing also admits that it provided Lion Air a copy of a Flight Crew Operations Manual ("FCOM") for the Subject Aircraft.  Boeing denies the remaining allegations contained in this paragraph as written.

12.     At the time the subject aircraft and its FOM left the custody and control of Defendant Boeing, they were defective and unreasonably dangerous in one or more of the following respects, among other defects:

   a.     The subject aircraft's defective anti-stall system, the maneuvering characteristics augmentation system (MCAS), caused the aircraft's nose to suddenly, without warning, drop and dive steeply, and said event could occur even while under manual control when a pilot would not reasonably expect a flight computer to override one's actions;

   b.     The scenario described in (a) above was not covered in the defective FOM, and Defendant Boeing did not disclose the foregoing or how to recover the plane from the foregoing to Lion Air pilots when Lion Air purchased the subject aircraft;

   c.     The subject aircraft received "erroneous input" from one of its defective angle of attack ("AOA") sensors;

ANSWER TO COMPLAINT

d.     The scenario described in (c) above was not covered in the defective FOM, and Defendant Boeing did not disclose how to recover the plane from the foregoing to Lion Air pilots when Lion Air purchased the subject aircraft;

e.     The subject aircraft and FOM lacked proper and adequate instructions and warnings regarding the design and functions of its MCAS system; and

f.     The subject aircraft and FOM lacked proper and adequate instructions and warnings regarding how to correct a malfunctioning MCAS system.

**ANSWER:**

Boeing denies the allegations contained in Paragraph 12, including all sub-parts of

Paragraph 12.

13.     On or about October 29, 2018, Hizkia Jorry Saroinsong was a passenger on board the subject aircraft operated by Lion Air as Flight JT 610. The flight was scheduled to depart from Jakarta to Pangkal Pinang, a provincial capital of a small island in the Java Sea.

**ANSWER:**

Boeing admits that, on October 29, 2018, the Subject Aircraft, operated by Lion Air as

Lion Air Flight JT 610, was scheduled to depart from Jakarta and arrive in Pangkal Pinang.

Boeing lacks knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in Paragraph 13 and therefore denies them.

14.     On the morning of Monday, October 29, 2018, the subject aircraft departed from Jakarta's Soekarno – Hatta International Airport at or around 6:21 a.m. Shortly after takeoff, the crew contacted air traffic controller and requested a return to Jakarta.

**ANSWER:**

Boeing admits that, on October 29, 2018, the Subject Aircraft departed from Jakarta's

Soekarno – Hatta International Airport at or around 6:21 a.m.  Boeing lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 14 and therefore denies them.

15.     The subject aircraft received authorization to return, but it did not manage a turnaround. Witnesses saw the subject aircraft banking left, making significant altitude shifts, and then dropping sharply. According to data from flight radars, the plane was at an altitude of about 5,000 feet when its final descent began. The subject aircraft plummeted into the sea and disintegrated upon impact. The crew and passengers would have suffered unspeakable horror, pain, terror and injury as they plummeted to their deaths.

ANSWER TO COMPLAINT

**ANSWER:**

Boeing admits that the Subject Aircraft crashed in the Java Sea off of the coast of

Indonesia on October 29, 2018.  Boeing lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in Paragraph 15 and therefore denies

them.

16.     Since the crash, on November 7, 2018, the Federal Aviation Authority (FAA) sent
an emergency directive to all MAX 8 operators which detailed that pilots can stop a
malfunctioning MCAS on those planes by merely pressing two buttons. The bulletin further
details: "This condition, if not addressed, could cause the flight crew to have difficulty
controlling the airplane, and lead to excessive nose-down attitude, significant altitude loss, and
possible impact with terrain."[1]

**ANSWER:**

Boeing admits that Federal Aviation Authority Emergency Airworthiness Directive 2018-

23-51, which was issued on November 7, 2018.  The contents of that document speak for

themselves.  Boeing denies the remaining allegations contained in Paragraph 16 as written.

17.     As a direct and proximate result of one or more of the above-described defective
and dangerous conditions in the subject aircraft which caused it to crash into the sea as described
above, Plaintiffs have suffered injuries in the form of unspeakable pain, suffering, loss of
companionship, and loss of earnings and support, among other damages.

**ANSWER:**

Boeing denies the allegations contained in Paragraph 17.

**COUNT I**
**STRICT PRODUCTS LIABILITY**
**(Pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1, et seq.)**

18.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as though
fully set forth herein.

**ANSWER:**

Boeing incorporates herein by reference its responses to Paragraphs 1–17, *supra*, as if set

forth fully herein.

19.     At all times herein mentioned, Defendant Boeing did design, manufacture,
assemble, inspect, repair, endorse, draft, test, franchise, market, promote, advertise, supply,
lease, distribute, and place into the stream of commerce the subject aircraft and FOM.

---

[1] https:/ /www.cnn.com/2018/11/ 8/americas/lion-air-boeing-safety-intl/index.html
ANSWER TO COMPLAINT

**ANSWER:**

Boeing admits that it designed, manufactured, assembled, inspected, tested, marketed, sold, and delivered the Subject Aircraft, except for those components, parts, and systems of the Subject Aircraft that were designed, manufactured, assembled, inspected, tested, marketed, sold, and delivered by others, and the components, parts, and systems that were subsequently removed, installed, exchanged, altered, modified, retrofitted, overhauled, or manufactured by others. Boeing also admits that it provided Lion Air a copy of a Flight Crew Operations Manual ("FCOM") for the Subject Aircraft. Boeing denies the remaining allegations contained in this paragraph as written.

20. At the time the subject aircraft and FOM left the hands of Defendant Boeing, the subject aircraft, FOM, and the components alleged above, were defective and unsafe in manufacture, design and warnings.

**ANSWER:**

Boeing denies the allegations contained in Paragraph 20.

21. On or about October 29, 2018, Lion Air and its officers, directors, employees, and/or agents and Decedent Hizkia Jorry Saroinsong were using the subject aircraft and FOM in a reasonable and foreseeable manner. Lion Air and its officers, directors, employees, and/or agents and Decedent Hizkia Jorry Saroinsong were unaware that said products caused the subject aircraft to plummet into an uncontrollable nosedive and crash into the sea. The Decedent Hizkia Jorry Saroinsong was killed as a direct and legal result of the defective and unsafe conditions of said products and the component parts thereof.

**ANSWER:**

Boeing denies the allegations contained in Paragraph 21.

22. Defendant Boeing knew or should have known of the defects in the design and manufacture of the aforesaid products, which constitutes a hazard for those coming into contact with the aforesaid products and the component parts, and Defendant Boeing failed to notify, warn, and protect those coming into contact with the aforesaid products of the MCAS system, and such failure to warn was one of the legal causes of the incident and death of Hizkia Jorry Saroinsong.

**ANSWER:**

Boeing denies the allegations contained in Paragraph 22.

23. The aforesaid products failed to perform as safely as an ordinary consumer would have expected when the subject aircraft plummeted into an uncontrollable nose dive and crashed into the sea.
ANSWER TO COMPLAINT

**ANSWER:**

Boeing denies the allegations contained in Paragraph 23.

24.     As a direct and legal result of the acts and omissions of Defendant Boeing, Plaintiffs have been deprived of the love, care, society, comfort, assistance, protection, affection, companionship, guidance, solace, services and support of said Decedent, and have thereby sustained, and will continue to sustain, pecuniary loss in a sum as yet unascertained.

**ANSWER:**

Boeing denies that any action or inaction of Boeing caused the death of Plaintiffs'

Decedent. Boeing denies that Plaintiffs are entitled to any relief from Boeing. Boeing lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

contained in Paragraph 24 and therefore denies them.

### COUNT II
### NEGLIGENT PRODUCTS LIABILITY
### (Pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1, et seq.)

25.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

**ANSWER:**

Boeing incorporates herein by reference its responses to Paragraphs 1–24, *supra*, as if set

forth fully herein.

26.     At all times herein mentioned, Defendant Boeing so negligently, carelessly, recklessly, and with gross negligence, designed, manufactured, assembled, inspected, repaired, maintained, endorsed, drafted, tested, franchised, supplied, sold, leased, distributed, and placed into stream of commerce the subject aircraft and FOM, and negligently failed to warn relative to the said products and the components alleged above, and otherwise so negligently conducted itself, so as to directly and legally cause the injuries and damages described herein to Plaintiffs.

**ANSWER:**

Boeing denies the allegations contained in Paragraph 26.

27.     At all times herein mentioned, Defendant Boeing knew, or in the exercise of reasonable care should have known, that the subject aircraft, the FOM and the components alleged above, were defectively and negligently manufactured, designed, assembled, tested, inspected, fabricated, constructed, distributed, marketed and sold. Defendant Boeing failed to take reasonable steps to avoid exposing consumers, including Plaintiffs' Decedent, Hizkia Jorry Saroinsong, to the dangerous condition of such products, failed to disclose the products' known defects, failed to warn, failed to recall, failed to provide or send subsequent warnings after distribution to consumers, failed to warn Lion Air of the MCAS system, and otherwise so

ANSWER TO COMPLAINT

negligently conducted itself, so as to directly and legally cause the injuries and damages described herein to Plaintiffs.

**ANSWER:**

Boeing denies the allegations contained in Paragraph 27.

28.     On or about October 29, 2018, Lion Air and its officers, directors, employees, and/or agents and Decedent Hizkia Jorry Saroinsong were using the subject aircraft and FOM in a reasonable and foreseeable manner. Lion Air and its officers, directors, employees, and/or agents and Decedent Hizkia Jorry Saroinsong were unaware that said products were unsafe for their intended use. The defective and unsafe conditions of the foregoing products caused the subject aircraft to fall into an uncontrollable nosedive and crash into the sea. The Decedent Hizkia Jorry Saroinsong was killed as a result of the defective nature of the subject aircraft and FOM.

**ANSWER:**

Boeing denies the allegations contained in Paragraph 28.

29.     Defendant Boeing had a duty, as a designer and manufacturer of goods, to manufacture, design, inspect and test the subject aircraft and FOM to ensure they were safe for use by ordinary consumers.

**ANSWER:**

The allegations contained in Paragraph 29 consist of legal conclusions to which no

response from Boeing is required; to the extent a response is required, Boeing admits that it owes

the duties imposed by applicable law.

30.     From the time the subject aircraft and FOM were delivered to Lion Air to the time of the crash, the aforesaid products were only used for their intended purpose and were not modified, upgraded, altered, damaged, or substantially changed in any way.

**ANSWER:**

Boeing lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 30 and therefore denies them.

31.     As a direct and legal result of the acts and omissions of Defendant Boeing, Plaintiffs have been deprived of the love, care, society, comfort, assistance, protection, affection, companionship, guidance, solace, services and support of said Decedent, and have thereby sustained, and will continue to sustain, pecuniary loss in a sum as yet unascertained.

**ANSWER:**

Boeing denies that any action or inaction of Boeing caused the death of Plaintiffs'

Decedent. Boeing denies that Plaintiffs are entitled to any relief from Boeing. Boeing lacks

ANSWER TO COMPLAINT

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

contained in Paragraph 31 and therefore denies them.

## COUNT III

## PRE-DEATH FRIGHT & TERROR

32.     All paragraphs above are incorporated herein by reference.

**ANSWER:**

Boeing incorporates herein by reference its responses to Paragraphs 1–31, *supra*, as if set

forth fully herein.

33.     The strict liability and negligence alleged in the previous causes of action were
additionally proximate causes of personal injuries to all Decedents in the form of horrific Pre-
Death Fright and Terror they experienced prior to impact with the sea.

**ANSWER:**

Boeing denies the allegations contained in Paragraph 33.

34.     Boeing is liable for said Pre-Death Fright and Terror each Decedent suffered
because of the Defendants' wrongful conduct.

**ANSWER:**

Boeing denies the allegations contained in Paragraph 34.

## COUNT IV

## LOSS OF CONSORTIUM

35.     All paragraphs above are incorporated herein by reference.

**ANSWER:**

Boeing incorporates herein by reference its responses to Paragraphs 1–34, *supra*, as if set

forth fully herein.

36.     The strict liability and negligence alleged in the previous causes of action were
additionally proximate causes of Loss of Consortium experienced by all spouses of their
respective Decedents.

**ANSWER:**

Boeing denies the allegations contained in Paragraph 36.

ANSWER TO COMPLAINT

37.     Boeing is liable for said Loss of Consortium each of these Plaintiffs have suffered as a result of the Defendants' wrongful conduct.

**ANSWER:**

Boeing denies the allegations contained in Paragraph 37.

## COUNT V

## WILLFUL AND WANTON MISCONDUCT

38.     All paragraphs above are incorporated herein by reference.

**ANSWER:**

Boeing incorporates herein by reference its responses to Paragraphs 1–37, *supra*, as if set forth fully herein.

39.     The evidence is clear and convincing that well before this accident Boeing was on actual notice that the subject airplane had a defectively designed flight control system. It is equally obvious that Boeing was aware of the dangers involved prior to this accident.

**ANSWER:**

Boeing denies the allegations contained in Paragraph 39.

40.     Despite their awareness of the potentially dangerous consequences, Boeing's officers and/or managing agents deliberately failed to either cure the defect in design or to provide sufficient warnings and/or instruction and training. Said conduct was despicable and amounted to malice in the form of willful, wanton, and/or knowing disregard for safety of others.

**ANSWER:**

Boeing denies the allegations contained in Paragraph 40.

41.     Plaintiffs are entitled to recover not only compensatory damages, but also pursuant to applicable law, they are entitled to exemplary damages against Boeing.

**ANSWER:**

Boeing denies that Plaintiffs are entitled to any relief from Boeing.

## COUNT VI

## DAMAGES

42.     As a proximate result of defendant Boeing's wrongful conduct, Plaintiffs have suffered all manner of both general and special damages.

**ANSWER:**

Boeing denies the allegations contained in Paragraph 42.

ANSWER TO COMPLAINT

43. Plaintiffs have suffered loss of love, comfort, care, companionship, guidance, society and all other forms of consortium. They have experienced grief, sorrow, and mental anguish to the extreme.

**ANSWER:**

Boeing lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 43 and therefore denies them.

44. Just prior to the Decedent's death, Decedent experienced horrific fright and terror as the plane rocketed down to impact with the sea.

**ANSWER:**

Boeing lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 44 and therefore denies them.

45. Plaintiffs have suffered loss of net accumulations in the Decedent's estate, loss of support, and loss of services.

**ANSWER:**

Boeing lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 45 and therefore denies them.

46. Said damages have been sustained in the past and will continue in the future.

**ANSWER:**

Boeing lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 46 and therefore denies them.

47. The exact nature and the full extent of Plaintiffs' damages will be proven at trial.

**ANSWER:**

Boeing lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 47 and therefore denies them.

WHEREFORE, Plaintiffs request that this Court grant judgment in its favor and against Defendant and award Plaintiffs the following relief:

(1) Award Plaintiffs all damages available under the law, including exemplary damages, in an amount to be determined at trial;

(2) Award Plaintiffs interest in an amount to be determined by the Court;

ANSWER TO COMPLAINT

(3) Award Plaintiffs attorneys' fees and court costs in an amount to be determined by the Court; and

(4) Grant such other relief as this Court deems appropriate and just.

**ANSWER:**

Boeing denies that Plaintiffs are entitled to any relief from Boeing.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

### FIRST DEFENSE

1.        The Complaint and all claims for relief therein should be dismissed on the ground of *forum non conveniens*.

### SECOND DEFENSE

2.        Plaintiffs' damages, if any, were proximately caused by the acts or omissions of others over whom Boeing had no control or right of control, which may include but are not limited to the flight crew and the operator, and/or said acts or omissions were a superseding and sole, direct, and proximate cause of Plaintiffs' damages, if any.

### THIRD DEFENSE

3.        If Plaintiffs were damaged by products originally designed, manufactured, assembled, inspected, tested, or sold by Boeing, those products were subsequently installed, removed, exchanged, altered, modified, retrofitted, repaired, overhauled, remanufactured, improperly maintained, or misused by persons and/or entities other than Boeing, and over whom Boeing had no control or right of control, and such installation, removal, change, alteration, repair, modification, retrofitting, overhauling, remanufacturing, improper maintenance, or misuse proximately caused or contributed to the events alleged in the Complaint and the resulting damages complained of, if any.

### FOURTH DEFENSE

4.        Third parties over whom Boeing had no control, which may include but are not limited to the flight crew and the operator, altered and/or misused the Subject Aircraft, which was the sole, direct, and proximate cause of the damages, if any, of Plaintiffs.

ANSWER TO COMPLAINT

-13-

## FIFTH DEFENSE

5.     Boeing places in issue the negligence, fault, and responsibility of all persons and entities, which may include but are not limited to the flight crew and the operator, that have contributed in any degree to the injuries and damages alleged to have been sustained by Plaintiffs. Judgment against Boeing, if any, should be diminished to an amount that represents Boeing's degree of negligence, fault, or responsibility, if any.

## SIXTH DEFENSE

6.     Plaintiffs' claims may be barred by virtue of failing to properly identify the plaintiff personal representative.

## SEVENTH DEFENSE

7.     The Subject Aircraft was intended for and sold to a knowledgeable and sophisticated user over whom Boeing had no control.

## EIGHTH DEFENSE

8.     The Subject Aircraft was certified as airworthy by the Federal Aviation Administration, and the Subject Aircraft and its manuals, instructions, warnings, and other related documents complied with all applicable codes, standards, and regulations of the United States and agencies thereof at the time it was delivered by Boeing.

## NINTH DEFENSE

9.     Boeing complied with all applicable federal, state, and foreign statutes, codes, and administrative regulations existing at the time the Subject Aircraft was manufactured and all applicable standards for design, inspection, testing, warning and manufacture.

## TENTH DEFENSE

10.     The design of the Subject Aircraft and each component thereof that was installed at the time of delivery by Boeing was consistent with or exceeded the "state of the art" at the time of its design and manufacture.

ANSWER TO COMPLAINT

## ELEVENTH DEFENSE

11.     The benefits of the design of the Subject Aircraft and each component thereof outweigh the risks associated therewith, if any.

## TWELFTH DEFENSE

12.     The Complaint and all claims for relief therein should be dismissed on the ground that Plaintiffs have failed to join necessary and indispensable parties.

## THIRTEENTH DEFENSE

13.     Plaintiffs lack standing to bring this action.

## FOURTEENTH DEFENSE

14.     An award or judgment rendered in favor of Plaintiffs must be reduced by the amount of benefits Plaintiffs received, or are entitled to receive, from any source as a result of this accident.

## FIFTEENTH DEFENSE

15.     Some or all of Plaintiffs' claims and available damages may be barred by virtue of prior settlements.

## SIXTEENTH DEFENSE

16.     Plaintiffs' claims may be barred in whole or in part and/or preempted by federal law.

## SEVENTEENTH DEFENSE

17.     Evidence of subsequent remedial measures is not admissible to prove liability. *See* Federal Rule of Evidence 407.

## EIGHTEENTH DEFENSE

18.     Plaintiffs' Complaint fails to state a claim upon which relief can be granted against Boeing and further fails to state facts sufficient to entitle Plaintiffs to the relief sought, or to any relief whatsoever, from Boeing.

## NINETEENTH DEFENSE

ANSWER TO COMPLAINT

19.     To the extent that Plaintiffs seek punitive damages, those damages are barred or limited by provisions of the United States Constitution, state constitutions, or other applicable law including, without limitation, proscriptions against double jeopardy and excessive fines and provisions assuring due process of law and equal protections of laws.

## TWENTIETH DEFENSE

20.     Plaintiffs' Complaint is premature in that it was filed and served before the completion of the investigations arising from the October 29, 2018 accident at issue, including the ongoing investigation of the Indonesia National Transportation Safety Committee.  Boeing reserves the right to add those affirmative defenses that it deems necessary to its defense during or upon the conclusion of investigation and discovery.  Boeing further reserves the right to assert any additional affirmative defenses asserted by another defendant and/or allowed by the law of the jurisdiction found to apply in this case.

## NOTICE OF THE APPLICABILITY OF THE LAW OF ANOTHER JURISDICTION

Pursuant to Federal Rule of Civil Procedure 44.1, Boeing gives notice that it may raise issues concerning the applicability of the law of another jurisdiction, including but not limited to the laws of other states and/or a foreign country or countries, and reserves the right to assert and plead such other claims and defenses available to it arising out of the application of the substantive laws of another jurisdiction.

## PRAYER FOR RELIEF & DEMAND FOR JUDGMENT

WHEREFORE, Defendant The Boeing Company prays as follows:

That Plaintiffs take nothing by the Complaint, that the Complaint be dismissed, and that judgment on the Complaint be entered for Boeing;

That Boeing be awarded its costs of suit and attorneys' fees;

That the Court grant such further relief as the Court may deem just and proper.

ANSWER TO COMPLAINT

## <u>DEMAND FOR JURY TRIAL</u>

Defendant The Boeing Company hereby demands trial by jury on all claims and defenses

before the Court in this litigation.

DATED:  October 1, 2019 **THE BOEING COMPANY**


By: /s/ Bates McIntyre Larson
*One of its Attorneys*


Bates McIntyre Larson
BLarson@perkinscoie.com
Daniel T. Burley
DBurley@perkinscoie.com
**Perkins Coie LLP**
131 S. Dearborn, Suite 1700
Chicago, Illinois 60603-5559
Phone: (312) 324-8400
Fax: (312) 324-9400

Mack H. Shultz
MShultz@perkinscoie.com
Gretchen M. Paine
GPaine@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

ANSWER TO COMPLAINT

**CERTIFICATE OF SERVICE**

I, Bates McIntyre Larson, certify that on October 1, 2019, I electronically filed the foregoing *ANSWER TO COMPLAINT* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to attorneys of record.

Jay Edelson
jedelson@edelson.com
Ari J. Scharg
ascharg@edelson.com
Benjamin H. Richman
brichman@edelson.com
EDELSON PC
350 N. LaSalle St., 14th Floor
Chicago, IL 60654
T: (312) 589-6370
F: (312) 589-6378

Thomas V. Girardi
tgirardi@girardikeese.com
Keith D. Griffin
kgriffin@girardikeese.com
GIRARDI | KEESE
1126 Wilshire Blvd.
Los Angeles, CA 90017
T: (213) 977-0211
F: (213) 481-1554

Rafey S. Balabanian
rbalabanian@edelson.com
123 Townsend, Suite 100
San Francisco, CA 94107
T: (415) 212-9300
F: (415) 373-9435

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 1st day of October, 2019.

 /s/     Bates McIntyre Larson
PERKINS COIE LLP
131 South Dearborn Street, Suite No. 1700
Chicago, Illinois 60603-5559
Tel: (312) 324-8400
Fax: (312) 324-9400

ANSWER TO COMPLAINT