IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE                          )  Docket No. 18 C 7686
                               )  and related cases
LION AIR FLIGHT JT 610 CRASH   )
                               )  Chicago, Illinois
This Document Relates To:      )  October 31, 2019
Docket No. 19 C 797            )  9:37 a.m.


          TRANSCRIPT OF PROCEEDINGS - Motion Hearing
           BEFORE THE HONORABLE THOMAS M. DURKIN


APPEARANCES:


For Vini            MR. THOMAS G. GARDINER
Wulandari:          MR. JOHN R. WRONA
(Estate of Harvino) Gardiner Koch Weisberg & Wrona
                    53 W. Jackson Boulevard
                    Suite 950
                    Chicago, IL 60604


For Fahrida         MR. JAMES J. LESSMEISTER
Kurniawati:         MR. JIMMY A. SAMAD
(Estate of Harvino) Lessmeister & Samad PLLC
                    105 W. Adams Street
                    Suite 2020
                    Chicago, IL 60603


For the Defendant:  MR. DANIEL T. BURLEY
                    Perkins Coie LLP
                    131 S. Dearborn Street
                    Suite 1700
                    Chicago, IL 60603


Court Reporter:     LAURA R. RENKE, CSR, RDR, CRR
                    Official Court Reporter
                    219 S. Dearborn Street, Room 1432
                    Chicago, IL 60604
                    312.435.6053
                    laura_renke@ilnd.uscourts.gov

1    (In open court.)

2         THE CLERK:  18 C 7686, In re Lion Air Flight.

3         THE COURT:  All right.  Good morning.

4         MR. GARDINER:  Good morning, your Honor.

5         MR. BURLEY:  Good morning, your Honor.  Dan Burley for

6    defendant The Boeing Company.

7         MR. LESSMEISTER:  Good morning, your Honor.  James

8    Lessmeister on behalf of Fahrida Kurniawati, motion to

9    substitute as counsel, along with my co-counsel, Jimmy Samad.

10        THE COURT:  All right.

11        MR. GARDINER:  And Tom Gardiner and John Wrona,

12   current counsel for both Fahrida and Vini Wulandari.

13        THE COURT:  All right.  So this is a motion to

14   substitute on the first Boeing crash, and it's the pilot -- or

15   one of the pilots that is the deceased person in this case,

16   correct?

17        MR. GARDINER:  Yeah.  It's the first officer, Judge.

18        THE COURT:  Okay.  And is he an Indonesian citizen?

19        MR. GARDINER:  He is.

20        THE COURT:  Or Indonesian?

21        MR. GARDINER:  Or was.

22        THE COURT:  Okay.  Yeah, because I thought one of the

23   pilots was Italian or --

24        MR. GARDINER:  No.  The other one is Indian.

25        THE COURT:  Indian.  Okay.  All right.

1        But I believe that's the only person who was not

2   Indonesian who died in the crash.  Is that correct?

3        MR. GARDINER:  I think you're correct, Judge.

4        THE COURT:  All right.  So there was a suggestion in

5   the -- Mr. Lessmeister, there's a suggestion in the response to

6   the motion to substitute that you be allowed to file an

7   additional appearance as counsel for Ms. Kurniawati.  Do you

8   agree to that suggestion?

9        MR. LESSMEISTER:  Your Honor, no.  Here's why.

10  Ms. Kurniawati is the wife of the deceased.  And under Islamic

11  law, since she has three children -- two sons and one

12  daughter -- the co-administrator, Vini Wulandari, has no rights

13  to anything in terms of inheritance.  Under Islamic law, the

14  wife, the sons, and the daughters all take.

15       And there is a schism between Vini and Fahrida.  So if

16  they're objecting to that, since this was an appointment in

17  state court, then I'll go to state court to resolve that issue.

18  That's my position.

19       THE COURT:  And the -- well, the other person is the

20  sister of the pilot.

21       MR. GARDINER:  Yes.

22       THE COURT:  Of the first officer.

23       MR. GARDINER:  Right, and the aunt of the children

24  and --

25       THE COURT:  Well, you know, I read the attachment.

1    There was an appointment in state court.

2            MR. GARDINER:  Yes.

3            THE COURT:  That may be where you have to go if -- all

4    I can decide is -- the people who died in that crash have a

5    right to have counsel represent them, or their families can

6    represent them.  If there's a dispute as to who the proper

7    party is to do that, right now, if -- the co-administrators of

8    the estate are proper parties to represent them.  If there's a

9    fight as to whether they should be co-administrators of the

10   estate, I think that's a matter you have to take up in state

11   court because they appointed the administrators.

12           MR. LESSMEISTER:  Very good, your Honor.

13           THE COURT:  I -- correct me -- I will be candid.  I

14   don't know the answer to this.  But am I wrong on this?

15           MR. GARDINER:  No, I think you're right, Judge.  I

16   think, though, that there's a distinction here when we talk

17   about the situation, and that is that we're a couple weeks away

18   from the mediation.  And we've been involved in this case for

19   many months, since December, I think, of last year.

20           So I think, actually, the clients are better served if

21   we remain in the case; he files his additional appearance.  I

22   think the -- the goal of everyone will be to get the best

23   settlement possible independent of whether the -- the widow and

24   the aunt are not getting along a hundred percent.

25           THE COURT:  Well, the --

1      MR. GARDINER:  So --

2      THE COURT:  Your mediation in front of Judge -- former

3  Judge O'Connell is November 14th?

4      MR. GARDINER:  Yes.

5      THE COURT:  And that's the third one you've had?

6      MR. GARDINER:  Yes.

7      MR. WRONA:  Yes.

8      THE COURT:  Do you expect that to be the final one?

9      MR. GARDINER:  Yes.

10      THE COURT:  Okay.

11      MR. GARDINER:  Given the last time we were before you,

12  Judge --

13      THE COURT:  Well, I --

14      MR. GARDINER:  -- I think it will be the last.

15      THE COURT:  -- made clear what is unclear, I thought,

16  just as to what the next steps in this case were going to be --

17      MR. GARDINER:  Yes.

18      THE COURT:  -- if you don't settle.

19      MR. GARDINER:  I think it will be a very substantive

20  mediation.

21      THE COURT:  Okay.  Ultimately the question's going to

22  be whether or not the widow of the first officer is -- I don't

23  know whether this is a -- a dispute over the sharing of

24  proceeds of a settlement or a dispute as to whether to settle.

25  And that's where I'm unclear.

1          MR. GARDINER:  Judge, I don't think that there -- to

2     me, my understanding is the dispute is more of a family nature

3     rather than a dispute over the desire to settle.  I think

4     that -- that both clients will seriously consider settlement.

5     It's not a situation where I think there's going to be a real

6     dispute about that.

7          THE COURT:  Because I'm trying to distinguish between

8     going and getting the case settled and then how the proceeds

9     are distributed once there is a settlement.

10          MR. LESSMEISTER:  Yes, your Honor.

11          THE COURT:  I'll allow you to file an additional

12     appearance in this case.  Certainly if there's -- if -- if the

13     widow has a different view as to the -- how the case should be

14     settled, you ought to have a seat at the table and be able to

15     express the views of your client -- your joint client,

16     essentially -- to make sure that there's not a settlement that

17     takes place -- I know Mr. Gardiner and his partner are in

18     communications and wouldn't settle the case without the consent

19     of their clients.  But if -- if the widow wants you to come in

20     as additional counsel, I'll allow you to come in in this case.

21          Knocking the other firm off, though, is not something

22     I'm going to do at this point.  That's something if it's -- if

23     it happens is going to have to happen based on a state court

24     deciding that you're not the administrator -- or that -- I'm

25     sorry -- that the aunt -- the sister of the first officer is

1    not someone who should be involved in the case. That's a

2    decision I'm not going to unwind because it was already made by

3    a state court judge.

4            It certainly seems -- and I don't know how up to speed

5    you are on the case. But -- and I told -- I'm not speaking out

6    of school. I told this to the lawyers last time. If you don't

7    settle the case, Boeing's going to file a motion for *forum non*

8    *conveniens*, and I'm going to decide it. The case is either

9    going to go back to Indonesia, or it's going to stay here.

10   Either decision is not going to stay here. It will go to the

11   Seventh Circuit.

12           But that is something to keep in mind on whether you

13   want -- whether or not you want to delay the settlement

14   conferences when going to state court may cause further delay

15   or -- or make it impossible to complete settlement discussions

16   before Judge O'Connell.

17           So I want you to have a seat at the table so that your

18   client's interests are being properly served if she has a

19   different view of how things should go forward than her current

20   counsel.

21           But I -- you weren't here for the last status, but you

22   should be aware that the next step in this entire tragedy is

23   for me to decide a motion for -- what Boeing has promised to

24   be -- I don't know if they're going to file it, but they have

25   said they will -- a motion for *forum non conveniens* to have the

1  whole matter transferred to Indonesia.

2          And what I said last time in court is for your

3  benefit.  You can't read the case law -- Seventh Circuit case

4  law, the Supreme Court law, and the district court opinions

5  here -- in fact, one involving a crash in Indonesia -- without

6  understanding that their motion is at least a serious motion.

7  Not saying how I'll rule, but it's -- it's not a flier.  It's a

8  serious, serious motion.

9          MR. LESSMEISTER:  Very good, your Honor.

10          I just have a question for clarification.

11          THE COURT:  Yeah.

12          MR. LESSMEISTER:  Is -- since Ms. Kurniawati did

13  terminate Mr. Gardiner, would Mr. Gardiner be representing

14  Vini, and then I would be representing Fahrida Kurniawati?

15          THE COURT:  Did she terminate him?

16          MR. LESSMEISTER:  Yes.

17          MR. GARDINER:  She did send a letter to me terminating

18  me, Judge.

19          THE COURT:  All right.  Well, I don't know the answer

20  to that.

21          MR. GARDINER:  Well, I can tell you, as a practical

22  matter, how we would do this, though.

23          THE COURT:  Yeah.

24          MR. GARDINER:  I would anticipate we would go to the

25  mediation.  Counsel would be there with us.  He would be the

1    person communicating with Fahrida Kurniawati.  We would

2    communicate with Vini.  And we'd work together to get a

3    resolution.

4              THE COURT:  I -- I think that is fine, absent a

5    resolution in state court that terminates your --

6              MR. GARDINER:  Mm-hmm.

7              THE COURT:  -- your position and terminates the aunt

8    as having any role in this case.

9              But that's something the state court would have to

10   decide.  I doubt they'd decide it before your next scheduled

11   mediation.  And I just gave you reasons why a delay in this

12   case may not be in the best interests of the plaintiffs --

13   plaintiff or plaintiffs, whatever it ends up being.  So I would

14   hope you both could go to this and work in the best interests

15   of your clients.

16             If you delay it, other forces may take -- may enter

17   the picture that may change the settlement landscape.  I don't

18   know.  They haven't filed anything yet, and I -- but I made

19   clear that one way or the other, we have to -- there's some

20   plaintiffs that want to move forward with discovery.  And I

21   think if that occurs, then I'm sure we'll have motion practice

22   on whether the case stays in the Northern District or goes to

23   Indonesia.

24             MR. GARDINER:  Judge, I'm confident we can work

25   together for the benefit of the clients.

1      THE COURT:  All right.  Well, you have -- your

2  appearance is -- your motion to appear is granted.  The motion

3  to substitute is entered and continued.  And I'm not going to

4  rule on that.  I've told you where to -- what to do in state

5  court if that's the way you want to go.

6      MR. LESSMEISTER:  Very good.

7      Your Honor, can I have leave to have my partner, Jimmy

8  Samad, enter his appearance as well --

9      THE COURT:  Sure.

10      MR. LESSMEISTER:  -- instanter.  He's with my firm.

11      THE COURT:  All right.

12      MR. LESSMEISTER:  And he is my partner.

13      THE COURT:  No problem at all.

14      MR. LESSMEISTER:  Thank you, your Honor.

15      THE COURT:  All right.  I think we have a date set in

16  the overall case.

17      MR. GARDINER:  I think it's the 21st, Judge.

18      THE COURT:  So feel free to appear then either by

19  phone or in person, and you can all report on what's going

20  forward.

21      MR. GARDINER:  Thank you, your Honor.

22      MR. LESSMEISTER:  Thank you, Judge.

23      THE COURT:  Okay.  Thank you.

24      MR. BURLEY:  Thank you, your Honor.

25      (Concluded at 9:48 a.m.)

1                    C E R T I F I C A T E

2          I certify that the foregoing is a correct transcript of the

3     record of proceedings in the above-entitled matter.

4

5     /s/ LAURA R. RENKE                        November 1, 2019
      LAURA R. RENKE, CSR, RDR, CRR
6     Official Court Reporter

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25