**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| FAHRIDA KURNIAWATI and VINI | ) | |
| WULANDARI, as Co-Special Administrators | ) | |
| In re Lion Air Flight JT 610 Crash | ) | |
| of the Estate of HARVINO, deceased, | ) | |
| | ) | Lead Case:  I:18-cv-07686 |
| Plaintiffs, | ) | |
| v. | ) | This filing applies to |
| | ) | Case No.:  I:19-cv-00797 |
| THE BOEING COMPANY, a corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**RESPONSE OF VINI WULANDARI IN OPPOSITION TO MOTION OF FAHRIDA
KURNIAWATI TO REMOVE WULANDARI AS CO-ADMINISTRATOR**

NOW COMES Vini Wulandari, Co-Special Administrator of the Estate of Harvino, deceased, and for this Response in Opposition to the Motion of Fahrida Kurniawati Motion to Remove Vini Wulandari as Co-Administrator and Terminate Attorney Tom Gardiner's Representation, states as follows:

1.     In Ms. Kurniawati's Motion to Remove Vini Wulandari as Co-Administrator and Terminate Attorney Tom Gardiner's Representation (Doc. 255), the Lessmeister Firm repeatedly attempts to suggest that the fact that Ms. Kurniawati no longer wants Ms. Wulandari in the case is somehow determinative or significant.   But in reality, Ms. Kurniawati has no more power to make decisions in this case than Ms. Wulandari does.

2.     The underlying issue here is that the Lessmeister Firm has not identified a single case or statutory authority that would support their argument that this Court is able to remove Ms. Wulandari as a co-special administrator, given the situation as it currently exists.

3.     Indeed, at the last court hearing, on November 19, 2019, the undersigned counsel made an oral motion to amend the motion previously filed on behalf of Ms. Wulandari (Doc.

253) to reflect Ms. Wulandari's request that both she and Ms. Kurniawati remain as co-special administrators (See transcript, Doc. 260, pg.6-7). Ms. Wulandari is taking the same position that she had when the Lessmeister firm filed its initial motion and Ms. Wulandari suggested to the Court that the Lessmeister firm file an additional appearance in this case. The Court allowed the Lessmeister firm to file an additional appearance.

4. Moreover, this Court expressed at the last status hearing that it was the Court's intent that both the Lessmesister Firm and the undersigned counsel continue to represent Ms. Kurniawati and Ms. Wulandari together. (See transcript, Doc. 260, pg.7).

5. The Lessmesister firm mistakenly relies on 735 ILCS 5/2–1008(b) as the statutory basis for seeking to remove Ms. Wulandari. 735 ILCS 5/2–1008(b) allows a party to proceed with an action against an opponent who dies during litigation by having a special representative appointed to defend the action. That is clearly not the situation here, where a special representative has already been appointed.

6. This Court should also disregard the Indonesian decrees attached to Ms. Kurniawati's motion as Exhibits 3-4, as neither of the documents are translated and thus the Court has no way to verify the accuracy of the statements made about the decrees by the Lessmeister firm. Moreover, as set forth herein, even assuming that the characterization of the attached to the motion, they still do nothing to support the Lessmeister Firm's argument regarding the propriety of removing Ms. Wulandari.

7. Regarding the Lessmeister Firm's arguments about Indonesian law somehow prohibiting Ms. Wulandari from continuing to serve as co-special administrator of the estate of Harvino, they have failed to cite any legal authority on that issue. Additionally, Ms. Kurniawati clearly waived her right to assert that issue when she filed the petition seeking to have Ms.

Wulandari be appointed a co-special administrator. (See Petition attached hereto as <u>Exhibit A</u>). For example, courts have held that a party waives any objection to an alleged attorney conflict of interest if it fails to assert that conflict promptly. *First National Bank v. St. Charles National Bank*, 152 Ill.App.3d 923, 932-33 (2nd Dist. 1987) (holding that a party waived an attorney conflict by delaying sixteen months before asserting it); *Tanner v. Board of Trustees,* 121 Ill.App.3d 139, 146-47 (4th Dist.1984)(holding that a party waived an attorney conflict by delaying nine months before asserting it).

8.     Moreover, Ms. Kurniawati also executed Consent forms on behalf of herself and each of her children consenting to having Ms. Wulandari appointed as a Co-Special Administrator. (Signed consent forms attached hereto as <u>Exhibit B</u>).

9.     Much of the motion filed by the Lessmeister firm also focuses on the fact that Ms. Wulandari will not inherit any of the proceeds from a settlement or verdict in this case, but that argument is immaterial to the issue at hand.   A person does not need to be an heir in order to be appointed a special administrator. The statute relating to the appointment of a special administrator is clear. Courts have explained that the Wrongful Death Act is the sole source for determining who may sue and under what conditions. *Mio v. Alberto–Culver Co.*, 306 Ill.App.3d 822, 826 (1999). The special administrator, as personal representative, possesses the sole right to prosecute the action. *Id.*  See also  *Cushing v. Greyhound Lines, Inc., 2012 IL App (1st) 100768, ¶ 92* (It is the administrator of the decedent's estate who must bring a wrongful death action, and it is the administrator and not the heir who has both the right to institute and the right to settle a wrongful death action.) There is no requirement that a guardian of a minor child intervene in such action. *Harnetiaux' Estate v. Hartzell*, 91 Ill.App.2d 222, 227 (1968). The right to institute a wrongful death action and to settle the same is with the personal representative of the deceased

and not with an heir. *Id.* Wrongful death actions do "not create an individual right in a beneficiary to bring suit." *Rodgers v. Consolidated R.R. Corp.,* 136 Ill.App.3d 191, 193 (1985).

10.     Moreover, the Lessmeister Firm has not even attempted to allege a substantive basis for disqualification of Ms. Wulandari, or any conflict of interest sufficient to disqualify Ms. Wulandari. For example, there have been no allegations that Ms. Wulandari has ever acted improperly or not in the best interests of the Estate.  The motion brought by the Lessmeister Firm, and the entirety of their actions so far in this case (including very significantly refusal to participate in the most recent mediation session with Judge O'Connell), have been centered in gamesmanship.

11.     The parties here agreed to act as co-administrators at the inception of the case; one of the Co-Special Administrators cannot be removed just because the other has a change of heart during the pendency of the case.

WHEREFORE, Vini Wulandari, co-Special Administrator of the Estate of Harvino, deceased, requests that this Court deny the instant Motion to Remove Vini Wulandari as Co-Administrator and Terminate Attorney Tom Gardiner's Representation, and grant such further relief that this Court deems just and equitable.

Dated: December 6, 2019

Respectfully submitted,
VINI WULANDARI, Co-Special
Administrator of the Estate of Harvino, deceased

/s/ *Thomas G. Gardiner*
Thomas G. Gardiner (ARDC No. 6180243)
John R. Wrona (ARDC No. 6244155)
Shannon V. Condon (ARDC No. 6308781)
GARDINER KOCH WEISBERG & WRONA
53 West Jackson Blvd., Suite 950
Chicago, IL 60604
Ph: (312) 362-0000
Fax: (312) 362-0440
tgardiner@gkwwlaw.com
jwrona@gkwwlaw.com
scondon@gkwwlaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on **December 6, 2019**, I electronically filed this **Response in Opposition to the Motion of Fahrdia Kurniawati Motion to Remove Vini Wulandari as Co-Administrator and Terminate Attorney Tom Gardiner's Representation** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing upon all counsel of record via CM/ECF.


                      /s/ Thomas G. Gardiner
                      GARDINER KOCH WEISBERG & WRONA
                      53 West Jackson Blvd., Suite 950
                      Chicago, IL 60604
                      Ph: (312) 362-0000