**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| **In re: Lion Air Flight JT 610 Crash** | ) Lead Case: 18 CV 07686 ) ) Honorable Thomas M. Durkin ) ) This filing applies to: 19CV797 ) ) ) ) ) |

**FAHRIDA KURNIAWATI'S RESPONSE TO WULANDARI'S AMENDED MOTION TO REMAIN AS CO-ADMINISTRATOR OF KURNIAWATI'S HUSBAND'S ESTATE**

FAHRIDA KURNIAWATI, as special administrator of the Estate of Harvino, deceased, through her attorneys Lessmeister & Samad PLLC, and in Response to Vini Wulandari's Amended Motion to remain as Co-Administrator over Kurniawati's Husband's Estate, respectfully states as follows:

**MAY IT PLEASE THE COURT:**
**IT IS IN THE BEST INTEREST OF THE CHILDREN**
**FOR THEIR MOTHER TO LOOK AFTER THEM.**

1. There is no basis to claim Fahrida Kurniawati is being unreasonable. Ms. Kurniawati is asking that she alone make decisions regarding her deceased husband's estate and what is best for herself and her children, as the only heirs to the estate. That is natural for any Mother and Widow. Ms. Kurniawati, under Indonesian Decree has custody of her children and no one contested this Decree. There is no basis to do so. **Exhibit 1** (Indonesian Decree).

2. Wulandari's displeasure with Ms. Kurniawati's decision to terminate Mr. Gardiner and his law firm does not equate to a failure to act in the best interest of Fahrida Kurniawati's self and her children. Ms. Kurniawati has stated in her affidavit that she no longer trusts Mr. Gardiner and prefers to be represented by a firm that has a Muslim Attorney. See **Document 225-1**, Ex. 5, P. 40, Par. 2; P. 41, Par. 8. Rule 1.16(a) (3) of the Illinois Rules of Professional Conduct provided that a lawyer shall withdraw from representation where the lawyer is discharged. The law says, "A client may discharge her attorney at any time with or without cause." *Albert Brooks Friedman Ltd., v. Malevitis*, 304 Ill. App. 3d 979, 980 (1st Dist. 1999).

3. Vini Wulandari now claims that she should remain as Co-Administrator to ensure the best interest of the children are fulfilled. Upon information and belief, Vini Wulandari has been arrested for bribery in Nairobi regarding the Ethiopian Airlines crash. **Exhibits 2**, **3** and **4**. Whether these allegations are true or not, for Ms. Wulandari to remain as Co-Administrator has the appearance of impropriety.

4. No Islamic law, Indonesian law, or other legal authority is provided which would grant Wulandari's decision making authority over Fahrida Kurniawati and her children and require Fahrida to defer to her sister in law.

I. **INHERITANCE UNDER ISLAMIC.**

5. Ms. Kurniawati received the Boeing Financial Assistance Fund and that money has been deposited in an account for the benefit of her children.

6. Ms. Kurniawati and her late Husband, Harvino had three children:

      a. Khansa Davina Zhafirah, daughter, born June 7, 2010;

      b. Rafa Yusuf Aqilah, son, born March 19, 2012;

      c. Kahlifi Ahza Zikri, son, born February 11, 2017.

7. Under Islamic Law, Ms. Kurniawati will take $1/8^{th}$ (12.5%); the two surviving Sons will take each 7/20 (35%) each; and the surviving daughter will take 7/40 (17.5%).

8. Ms. Kurniawati will place any funds for her children into an account where their money will remain, to be available to them once they reach adulthood.

## II. THE NOVEMBER 14, 2019 MEDIATION.

9. The mediation of November 14 was continued with no objection from Boeing. Since the State Court adjudicated that it did not have jurisdiction to determine the removal of Ms. Wulandari, the issue of "co-administrators" was thus outstanding. With Mr. Gardiner admitting to the tension between Ms. Kurniawati and Ms. Wulandari, this issue needs to be resolved. See **Document 255-1**, Exhibit 1, P. 6, Tr. 16, ln. 3-24.

10. It is Ms. Kurniawati who is responsible for her children and herself. To accuse her that she is acting contrary to the interest of her children is offensive. **Exhibit 5**.

11. The sole contention from Vini Wulandari is that the mediation should have occurred on November 14. That contention is for Ms. Wulandari's own selfish reasons to remain involved in the matter. Nothing more. There can

be no claim that there is a pending offer from Boeing that should be accepted. The argument is simply that that Ms. Wulandari desires to remain involved.

12. Given the discord between Fahrida Kurniawati and Wulandari, Ms. Kurniawati's was justified in her request. There is no basis for Ms. Wulandari or Mr. Gardiner to be the *de facto* attorney when Mr. Gardiner was discharged.

13. Attorney James Lessmeister broke from the mediation and consulted with his own counsel Adrian Vuckovich of Collins Bargione Vuckovich regarding the potential conflict. Mr. Lessmeister was advised that by continuing with the mediation, Mr. Lessmeister may be violating his own ethical obligations to Fahrida Kurniawati. Ms. Kurniawati was advised of such conflicts and ethical concerns, and Mr. Lessmeister advised Judge O'Connell of what he had been instructed.

14. Therefore, Fahrida Kurniawati was justified in asking that the mediation be continued to seek resolution of this issue from this Honorable Court.

### III. WULANDARI IS TRYING TO CIRCUMVENT THE INDONESIAN GUARDIANSHIP DECREE.

15. To allow Ms. Wulandari to remain as Co-Administrator will be an improper modification of the Indonesian Custody Decree.

16. Under Indonesian law and Islamic Law, guardians have responsibility over a ward's welfare and inheritance. Art 50(2) UU 1/1974, Art 107(2) KHI, Art 33 Indonesian Law No. 23/2002 on Child Protection; Holy Quran Chapter 9:71.

17. Adjudication of interstate and international custody issues before courts within the State of Illinois is governed by the Uniform Child Custody Jurisdiction Act (UCCJA or Act) (Ill. Rev. Stat. 1987, ch. 40, pars. 2101 through 2126). The UCCJA provides that " (a) A court of this State shall treat a foreign country as if it were a state of the United States for the purpose of applying Articles 1 and 2. (b) Except as otherwise provided in subsection (c), a child-custody determination made in a foreign country under factual circumstances in substantial conformity with the jurisdictional standards of this Act must be recognized and enforced under Article 3." 750 ILCS 36/105. Section 2 of the Act specifically provides that one of the purposes of the Act is "to avoid jurisdictional competition."[1]

18. The law says "t[]he UCCJA compels Illinois courts not only to recognize proper custody decrees from foreign nations, but also that they must decline to accept jurisdiction to modify custody decrees in the absence of the showing of conditions in the custodial household that are physically or emotionally harmful to the child." *In re Marriage of Silvestri-Gagliardoni*, 186 Ill. App. 3d 46, 50 (1st Dist. 1989)(Where the Court declined jurisdiction over an Italian custody decree holding that Italy qualified as the proper forum to assume jurisdiction because it was "in the best interest of the child" since both of the

---

[1] In 2010 the United States and Indonesia initiated a Comprehensive Partnership to foster consistent high-level engagement on democracy and civil society, education, security, climate, maritime, energy, and trade issues, among others. In 2015 the two countries upgraded the relationship to the U.S.-Indonesia Strategic Partnership, extending cooperation to issues of regional and global significance signed by President Barak Obama and Indonesian President Joko Widodo.

child's parents had a significant connection with Italy and there was available in Italy substantial evidence concerning the child's housing, support, education, medical and dental care and personal relationships).

19. Wulandari did not contest Fahrida Kurniawati's appointment before the Indonesian religious courts, nor cross-petitioned to have herself appointed as the children's custodian and guardian. The Indonesian Decree must govern and there is no jurisdiction for Wulandari to ask this Honorable Court to allow her to act upon the interest of Kurniawati's children.

20. Wulandari does not cite any Indonesian law, Islamic law, or other authority which would allow this Honorable Court to set aside the Indonesian decree, and to grant her authority over the children's paternal mother. See *In re Estate of Wadman*, 110 Ill. App. 3d 302, 308 (4th Dist. 1982)(Where a Court removed a court appointed guardianship, in favor of the child's parental mother, noting the strong interest in preserving the parental relationship).

21. Wulandari equates Fahrida Kurniawati's role as a homemaker to a lack of intelligence. Ms. Kurniawati stayed home and cared for her three (3) children while Harvino, deceased, acted as the primary provider for their family. The Holy Quran in Section 33:33 provides that the best examples of women, are those who get married and stay in their houses to take care of their families. Ms. Kurniawati's adherence to her dogma does not make her of a lesser intelligence. **Exhibit 5**.

22. Wulandari further alleges that Fahrida Kurniawati asked her to take Kurniawati's children. This baseless allegation is refuted by Fahrida Kurniawati

actions and conduct that she has custody of her children and is rearing them on her own.

### IV. WULANDARI SHOULD BE REMOVED AS ADMINISTRATOR.

23. The Illinois Wrongful Death Act, 740 ILCS 180/2.1, allows for the appointment of special administrators to bring claims on behalf of the decedent for the exclusive benefit of the surviving spouse and next of kin. See also *Burris v. Cullinan*, 2009 U.S. Dist. LEXIS 988751 (C.D. Ill. Oct. 23, 2009) interpreting the Act. The appointment may be made where "the only asset of the ceased estate is a cause of action arising under this Act…" 740 ILCS 180/2.1

24. The law says, "The purpose of the appointment is limited" because "No power is vested in a special administrator to administer the assets of a decedent's estate." *Lindsey v. Special Administrator of Estate of Phillips*, 219 Ill. App. 3d 372, 373-74 (4th Dist. 1991)

25. Fahrida Kurniawati is Harvino's surviving spouse and next of kin. Ms. Kurniawati is the mother of Harvino's children, and together Ms. Kurniawati and her three children are the only heirs to Harvino's estate under Islamic Law and Indonesian Law. This action is brought pursuant to 740 ILCS 180/2 exclusively for their collective benefit. Wulandari is not an heir under Islamic Law nor Indonesian law and admits in her motion that she takes nothing from Harvino's estate.

26. Pursuant to 735 ILCS 5/2-1008 this Honorable Court has jurisdiction to remove Wulandari as co-administrator. 735 ILCS 5/2-1008 provides that upon Motion, "an order may be entered that the proper parties be

substituted or added, and that the cause of proceeding be carried on with the remaining parties and new parties, with or without a change in the title of the cause." Courts interpreting this statue have held that "a party moving, by verified motion, for the appointment of a special representative must be one involved in the underlying transaction or lawsuit at issue, or an heir, legatee, or executor of a will." *Mohica v. Cvejin*, 2013 IL App (1st) 111695, ¶ 1, (1st Dist. 2013)(Where the Court opined that the legislative intent behind this requirement is to ensure substitution is made by an interested party as a fail-safe. Defining interested parties as heirs, legatee, or executors).

27.  In *Baez v. Rosenberg*, 409 Ill. App. 3d 525, (1st Dist. 2011) a mother was appointed as special administrator of the estate of her deceased son. Later it was discovered that the deceased left a daughter who was adjudicated as his next of kin and sole beneficiary under the Wrongful Death Act. The Appellate Court reversed the denial of a Motion to Substitute the grandmother as Special Administrator, holding that the grandmother's interest in the estate conflicted with that of the deceased's daughter, because the grandmother could not take under intestate rules. Because of the conflict, the Court held the grandmother was "no longer entitled to the appointment of special administrator for Rafael for the purpose of prosecuting the wrongful death action." *Id* at 538.

28.  *See also Mio v. Alberto-Culver Co.,* 306 Ill.App.3d 822 (2nd Dist., 1999) in which the Appellate Court held that the surviving spouse of the deceased is the best person to maintain a wrongful death action and that the mother of the deceased could not maintain a separate cause of action. There

were no children involved in the *Mio* case yet the case is instructive that the surviving spouse is best to be the Administrator in a wrongful death case.

29. The articles attached as **Exhibits 2**, **3** and **4** note that Vini Wulandari, upon information and belief, was arrested on November 27, 2019 in Nairobi over allegations of bribery in connection with Ethiopian Airlines Flight 302 Crash. The crash is pending before the Honorable Judge Alonso as consolidated case no. 2019 CV 02170.

30. The conduct alleged is unbefitting of a special administrator in light of this case also involving a Boeing 737 Airplane crash. The articles allege that Vini Wulandari is an Indonesian Attorney, and for Wulandari to negotiate with Boeing on behalf of Fahrida Kurniawati and her children would result in an appearance of impropriety. See *Holden v. Police Board of Chicago*, 324 Ill. App. 3d 862 (1st Dist. 2001). In *Holden* a police officer who was also an attorney, began representing a client who was being investigated for possible bribery charges. The Police department specially prohibited officers from engaging in secondary employment which "would result at any time in a conflict of interest between the duties and responsibilities owed to the department and the responsibilities owed to the second employer." *Id* at 870. The officer refused to answer questions regarding information pertinent to the investigation, citing the attorney client privilege. The Police Board found the officer had engaged in misconduct, and the officer was suspended without pay. The Board's decision was affirmed by the Trial Court and Appellate Court.

31. Therefore, Fahrida Kurniawati alone should act as administrator of her deceased husband's estate for purposes of negotiating with Boeing.

32. The case of *Will v. Northwestern Univ.* 378 Ill. App. 3d 280 (1st Dist. 2007) is distinguishable from this case. In *Will* two parents of the deceased who were both heirs were appointed as co-administrators. After four (4) years of discovery, the parties reached an understanding that if a demand for $16million was made, Northwestern would accept the demand and pay the amount. The father wanted to make the demand, the mother did not. *Therein lies the difference with the case at bar. There is a pending offer for which anyone could claim that Ms. Kurniawati is being unreasonable for failing to accept it.*

33. Furthermore, *Will* is distinguishable. For in that case the Co-Administrators were Mother and Father who had an interest in the matter. Whereas, in this case, Ms. Wulandari *is not a parent,* nor does she inherit under Islamic or Indonesian law.

34. The parties continue to amicably negotiate. Boeing had no objection to continuing the mediation, and the parties are set for mediation on January 6, 2020.

35. Wulandari, has allowed her sense of self to overshadow the heirs of Harvino's estate, who remain Fahrida Kurniawati and her children. Had Wulandari withdrawn as administrator when either the initial motion for substitution of counsel **Document # 237** was brought, or when the Motion to Terminate was brought before Judge Flannery in the Cook County Circuit Court on November 12, 2019, this matter may have already been resolved.

## CONCLUSION

36. No mother should have to defer to a third party to decide what is in her interest and in the best interest of her children.

WHEREFORE, Fahrida Kurniawati prays this Honorable Court deny Wulandari's Amended Motion to remain as Co-Administrator of her Deceased Brother's Estate, and for any such further relief that is just and proper

                                  Respectfully submitted,
                                  s/James J. Lessmeister
                                  James J. Lessmeister
                                  Jimmy A. Samad
                                  Lessmeister & Samad PLLC
                                  105 W. Adams, Suite 2020
                                  Chicago, IL 60603
                                  Office: 312-929-2630
                                  Cell: 312-351-4620

## CERTIFICATE OF SERVICE

      I hereby certify that the following counsel of record who are deemed to have consented to electronic service are being served with a copy of Fahrida Kurniawati's Response to Wulandari's Motion to Terminate her as Co-Administrator, to the person(s) listed below on, December 6, 2019 at the address listed below.


Bates McIntyre Larson
Daniel T. Burley
Perkins Coie LLP
131 S. Dearborn, Ste 1700
Chicago, IL 60603
Blarson@perkinscoie.com
Dburley@perkindscoie.com

Thomas G. Gardiner
John R. Wrona
Shannon V. Condon
Gardiner Koch Weisberg & Wrona
53 W. Jackson Blvd. STE 950
Chicago, IL 60604
tgardiner@gkwwlaw.com
jwrona@gkwwlaw.com
scondon@gkwwlaw.com

                                        Respectfully submitted,
                                        s/James J. Lessmeister
                                        James J. Lessmeister
                                        Jimmy A. Samad
                                        Lessmeister & Samad PLLC
                                        105 W. Adams, Suite 2020
                                        Chicago, IL 60603
                                        Office: 312-929-2630
                                        Cell: 312-351-4620