IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| FAHRIDA KURNIAWATI and VINI WULANDARI, as Co-Special Administrators In re Lion Air Flight JT 610 Crash of the Estate of HARVINO, deceased,<br><br>                  Plaintiffs,<br>v.<br><br>THE BOEING COMPANY, a corporation,<br><br>                  Defendant. | Lead Case: I:18-cv-07686<br><br>This filing applies to<br>Case No.: I:19-cv-00797 |

**REPLY IN SUPPORT OF AMENDED MOTION REGARDING
FAHRIDA KURNIAWATI and VINI WULANDARI REMAINING
AS CO-SPECIAL ADMINISTRATORS (DOC. 253)**

NOW COMES Vini Wulandari, co-special administrator of the Estate of Harvino, deceased, and for her reply in support of her amended motion regarding Fahrida Kurniawati and Vini Wulandari remaining as co-special Administrators of the Estate of Harvino, deceased, states as follows:

1. In relation to this reply brief, is first important to note that on November 19, 2019, this Court granted undersigned counsel's oral motion to amend the motion previously filed on behalf of Ms. Wulandari (Doc. 253) to reflect Ms. Wulandari's request that both she and Ms. Kurniawati remain as co-special administrators (See transcript, Doc. 260, pg.6-7). As set forth herein, there is nothing in the Response Brief filed by the Lessmeister Firm that demonstrates that it would appropriate for this Court to remove a properly-appointed co-special administrator given the circumstances as they presently exist.

2. Regarding the arguments made by Ms. Kurniawati and her counsel regarding it being in "the best interest of the children for their mother to look after them," it was their mother, Ms. Kurniawati, who was thought it was appropriate and in the best interest of her children to

have Ms. Wulandari act as a co-administrator of the estate. What has changed since then that makes it now no longer in the children's best interest to have two special administrators? The fabricated claim regarding Ms. Wulandari being arrested for bribery in Nairobi is baseless and false. The exhibits attached to Ms. Kurniawati's motion are unsubstantiated stories from very questionable news sources. Ms. Wulandari has never been arrested or charged with any crime, and she is not an attorney in Indonesia or anywhere. See affidavit signed by Ms. Wulandari attached hereto as Exhibit A. Not one United States news outlet has reported on this issue. The Lessmeister Firm had an obligation to research the reliability and accuracy of information before presenting it to the Court. Said stories, and the claims made relating to said stories, should be disregarded.

3. Unfortunately, this is not the first time that the Lessmeister Firm has presented inaccurate or incomplete information to the Court. For example, the Lessmeister Firm demonstrated their lack of candor on several previous occasions when they made the following statements to this Court and other courts: (a) the Lessmeister Firm, in its initial filing before this Court seeking to have Ms. Wulandari removed (Doc. 237, Motion to Substitute Counsel), completely omitted from its pleading the fact that Ms. Wulandari was appointed a co-special administrator; (b) The Lessmeister Firm, in its motion filed before Judge Flannery in the Circuit Court of Cook County, omitted from its motion the very crucial fact that the case had been previously removed to federal court (copy of motion attached hereto as Exhibit B); and (c) The Lessmeister Firm's state court motion also stated that "Mr. Gardiner represents passengers from that flight." This firm does not represent Lion Air passengers.

4. Regarding the Lessmeister Firm's repeated statements about the Indonesian Decree granting Ms. Kurniawati custody of her children, and no one having contested said

decree (Doc. 265,¶1, 19), a translated copy has not been provided by the Lessmeister Firm, so it would not be possible for anyone other than those fluent in Bahasa Indonesian to even understand the documents. Moreover, even accepting the Lessmeister Firm's representations regarding the document as true, the decree itself still does nothing support the firm's claim that it would be improper for Ms Wulandari to continue on as co-special administrator. That is because per the Wrongful Death Act a special administrator need not be an heir of the decedent, nor a guardian of the heirs of the decedent. See 740 ILCS 180/2.1:

> …upon motion of any person who would be entitled to a recovery under this Act, and after such notice to the party's heirs or legatees as the court directs, and without opening of an estate, may appoint a special administrator for the deceased party for the purpose of prosecuting or defending the action. If there is more than one special administrator appointed and one of the administrators is a corporation qualified to act as a representative of the estate of a decedent and if the compensation of the attorney or attorneys representing the special administrators is solely determined under a contingent fee arrangement, then upon petition and approval by the court, the special administrator which is a corporation shall not participate in or have any duty to review the prosecution of the action, to participate in or review the appropriateness of any settlement of the action, or to participate in or review any determination of the appropriateness of any fees awarded to the attorney or attorneys employed in the prosecution of the action.

5. The Wrongful Death Act thus clearly only states that a heir, or person entitled to recovery under the Wrongful Death Act, has to be the one to file the initial motion to have a person appointed special administrator. And as noted, that was done here, as Ms. Kurniawati filed the original motion seeking to have both herself and Ms. Wulandari appointed as co-special administrators. The statute does not state that it has to be an heir who is appointed as special administrator. Indeed, the statute even makes reference to a corporation being appointed as a co-special administrator. 740 ILCS 180/2.1.

6. Likewise, the Lessmeister Firm's claim that allowing Ms. Wulandari to remain as co-special administrator would be "an improper modification of the Indonesian Custody Decree"

3

(Doc. 265,¶15), is similarly baseless. There is nothing in the Wrongful Death Act section regarding appointment of a special administrator that has anything to do with the custody of minor beneficiaries under the Act. The Lessmeister Firm is essentially asking this Court to read into the Wrongful Death Act a requirement that when minor children are involved, the sole individuals who may be appointed special administrators are those who have custody of the minors. There is absolutely no basis for this Court to interpret the statute in the way that the Lessmeister Firm suggests.

7. The Lessmeister Firm's analysis regarding the UCCJA and international custody laws (Doc. 265,¶17-18) similarly has absolutely nothing to do with the motions at hand. Again, the custody of Harvino's children is not at issue. It is not at issue because it plays no role in the determination of who can act as a special administrator under the Wrongful Death Act.

8. The Lessmeister Firm claims that Ms. Wulandari has not cited any law that would allow the Court to set aside the Indonesian decree. (Doc. 265,¶20). But Ms. Wulandari is not attempting to set aside the Indonesian decree. She is not attempting to do so because the Indonesian Decree plays no role in the Court determining this narrow issue of the appointment of a special administrator under the Wrongful Death Act.

9. The Lessmeister Firm also again repeats its inaccurate claim that 735 ILCS 5/2–1008(b) provides a statutory basis for seeking to remove Ms. Wulandari. (Doc. 265,¶26). As noted previously, 735 ILCS 5/2–1008(b) allows a party to proceed with an action against an opponent who dies during litigation by having a special *representative* appointed to defend the action. That is clearly not the situation here, where a special *administrator*, as referenced in the Wrongful Death Act (740 ILCS 180/2.1), was already properly appointed by the Law Division.

Once again, the Lessmeister Firm exhibits a reckless indifference to its duties as officers of this Court.

10. The cases cited by the Lessmeister Firm in their response brief similarly do not support their claim that it would be proper for this Court to remove Ms. Wulandari as a co-special administrator. The *Mohica v. Cvejin* case, for example, was a breach of contract case and the opinion addressed a dispute over whether it was proper for a court to have appointed a paralegal at the Plaintiff's law firm as the plaintiff special representative pursuant to 735 ILCS 5/2-1008 when no notice was provided to the decedent's heirs. 2013 IL App (1st) 11695. Here, notice was clearly provided, and this is a wrongful death case, not a breach of contract case. Thus, the Wrongful Death Act applies.

11. In *Baez v. Rosenberg,* 409 Ill.App.3d 525(1st Dist. 2011)*,* another case cited by the Lessmeister Firm, the court determined that the mother of the decedent was no longer entitled to the appointment of special administrator because it came to light that the decedent had a daughter who was the sole beneficiary under the Wrongful Death Act. As noted, the Wrongful Death Act does require that the petition to appoint a special administrator be brought by one "entitled to recover under t[he] Act." Because the grandmother was not entitled to recover under the Act anymore, the court had to look to the petition filed on behalf of the daughter who was eventually determined to be the sole beneficiary under the Act. Unlike in *Baez,* however, here there is no dispute that Ms. Kurniawati is an individual "entitled to recovery under the Act," and that she was the one who brought the original petition seeking to have both her and Ms. Wulandari appointed as co-special administrators.

12. Likewise, the *Mio v. Alberto-Culver Co.* case cited by the Lessmeister Firm in its brief is again entirely distinguishable from the situation here. 306 Ill.App.3d 822 (2nd Dist.

1999). In that case, a mother of a decedent who was not entitled to recovery under the Wrongful Death Act represented herself to be an heir entitled to recovery. The mother then was appointed special administrator and filed her own lawsuit, separate from a lawsuit previously filed by the decedent's husband, who had been previously been appointed special administrator. Here, there was no back door scheme or false representations made. Ms. Kurniawati herself sought the very appointment that she is now trying to claim is invalid.

13. Ms. Kurniawati's other claim that she "no longer trusts Mr. Gardiner and prefers to be represented by a firm that has a Muslim Attorney" (Doc. 265,¶2) also bears no relevance to the motions at issue now, because Ms. Wulandari and the undersigned counsel has made it clear that they have no objection to allowing the Lessmeister Firm to continue representing Ms. Kurniawati. (See Doc. 264,¶3; Doc. 260, pg 6-7). And regarding the issue of a Muslim attorney, that claim also cannot be given any significant amount of weight because Gardiner Koch Weisberg & Wrona, the undersigned counsel, does indeed have a Muslim attorney on its staff.

14. The fact that Ms. Kurniawati received funds through the Boeing Financial Assistance Fund is also wholly irrelevant to the instant motions, but the Lessmeister Firm continues to bring it up in its filings. The Boeing Financial Assistance Fund had nothing to do with any formal litigation. Moreover, Ms. Wulandari has repeatedly stated in filings to this Court that she is not seeking any financial recovery from any settlement or verdict that may be obtained here, and that the distribution percentage of seven-eighths to the children and one-eighth to Ms. Kurniawati are not contested.

15. The Lessmeister Firm's failure to set forth any sufficient legal basis for removing Ms. Wulandari, necessitates that his Honorable Court order that both Ms. Wulandari and Ms. Kurniawati remain as a co-special administrators.

16. The Lessmeister Firm failed to address Ms. Wulandari's main contention, that Ms. Kurniawati, in refusing to communicate with Ms. Wulandari, and refusing to negotiate with Boeing at the November 14, 2019 mediation, clearly was not acting in the best interests of the children. As on that date, and as has been true for the past year, our firm has been prepared to continue to work for the best interests of the children. The *Will v. Northwestern University* case, also referenced by the Lessmeister Firm, stands for the proposition that the interests of the children are paramount. In that case, the court explained that the decision to settle a case can be removed from a parent that is not acting in the best interests of minors. 378 Ill. App. 3d 280, 294 (1st Dist. 2007)("when a minor is involved, 'the …court has a duty to prevent the rejection of settlement offers which in the minor's best interests should be accepted' and, should this impede upon the minor's guardian or parents' ability to control the direction of the case, then so be it.")(internal citations omitted).

WHEREFORE, Vini Wulandari, co-special administrator of the Estate of Harvino, deceased, requests this Court order that both Fahrida Kurniawati and Vini Wulandari remain as co-special Administrators of the Estate of Harvino, deceased, , and with each being obligated to participate in this case, and all settlement efforts, in good faith.

Dated: December 17, 2019                    Respectfully submitted,
VINI WULANDARI, Co-Special
Administrator of the Estate of Harvino, deceased

/s/ *Thomas G. Gardiner*

                    Thomas G. Gardiner (ARDC No. 6180243)
                    John R. Wrona (ARDC No. 6244155)
                    Shannon V. Condon (ARDC No. 6308781)
                    GARDINER KOCH WEISBERG & WRONA
                    53 West Jackson Blvd., Suite 950
                    Chicago, IL 60604
                    Ph: (312) 362-0000
                    Fax: (312) 362-0440
                    tgardiner@gkwwlaw.com
                    jwrona@gkwwlaw.com
                    scondon@gkwwlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on **November 17, 2019**, I electronically filed this **REPLY IN SUPPORT OF AMENDED MOTION REGARDING FAHRIDA KURNIAWATI and VINI WULANDARI REMAINING AS CO-SPECIAL ADMINISTRATORS** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing upon all counsel of record via CM/ECF.

/s/ Thomas G. Gardiner

GARDINER KOCH WEISBERG & WRONA
53 West Jackson Blvd., Suite 950
Chicago, IL 60604
Ph: (312) 362-0000

9