# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **IN RE: LION AIR JT 610 CRASH**<br><br>**RIANDY CHRISTIAN SAPUTRA**, as Personal Representative of the Estate of **FIFI HAJANTO**, individually, and as next friend of his minor child **K.A.**; **ANTHONY WILLIAM**, individually; **PENDY HAJANTO**, individually; and **NG NGIAM SOE**, individually,<br><br>Plaintiffs,<br><br>v.<br><br>**THE BOEING COMPANY**,<br><br>Defendants. | Consolidated Case No.: 1:18-cv-07686<br><br>Original Case No. 1:19-cv-02774<br><br>Honorable Thomas M. Durkin |

## JOINT MOTION FOR DISMISSAL OF PLAINTIFF'S CLAIMS WITH PREJUDICE AND APPROVAL OF MINOR SETTLEMENT

Plaintiffs, RIANDY CHRISTIAN SAPUTRA, as Personal Representative of the Estate of FIFI HAJANTO, individually, and as next friend of his minor child K.A.; ANTHONY WILLIAM, individually; PENDY HAJANTO, individually; and NG NGIAM SOE, individually, by and through their undersigned attorneys, moves this Court for an Order approving the settlement with Defendant, The Boeing Company of claims relating to the death of FIFI HAJANTO ("Decedent"), and in support thereof states as follows:

### FACTS

1. Decedent was a passenger on board a Boeing 737 MAX 8 aircraft, registered as PK-LQP ("Subject Aircraft") and operated by PT Lion Mentari Airlines as Lion Air Flight JT 610 en route from Jakarta, Indonesia to Pangkal Pinang, Indonesia on October 29, 2018.

1

2. Flight JT 610 crashed into the Java Sea off the coast of Jakarta shortly after takeoff, killing all 189 persons aboard the airplane, including Decedent.

3. Plaintiffs have asserted wrongful death and survival actions arising out of the death of Decedent in the crash of Flight JT 610 and on behalf of all heirs of Decedent. Those heirs include RIANDY CHRISTIAN SAPUTRA, ANTHONY WILLIAM, PENDY HAJANTO, NG NGIAM SOE, and a minor heir K.A.

4. The undersigned counsel for Plaintiffs is an independent attorney who represents the interests of Plaintiffs and Decedent's heirs, including the minor heirs, who has investigated, and is familiar with, the facts of this matter, including Plaintiffs' claims, damages, Defendant's defenses and positions, certain legal authorities, and evidence pertaining thereto. Plaintiffs' counsel may adequately investigate and evaluate these aspects of the matter on behalf of K.A. because they are members of the same family who have suffered similar damages and whose claims and interests do not conflict with one another.

## PLAINTIFFS' ALLEGATIONS

5. Plaintiffs filed a complaint based on products liability and negligence against Boeing.

6. Plaintiffs allege that Boeing designed, manufactured, assembled, and sold the Subject Aircraft.

7. Plaintiffs allege that the Subject Aircraft was defective.

8. Plaintiffs allege that as the direct and proximate result of the alleged defective condition of the Subject Aircraft, the Subject Aircraft crashed into the Java Sea off the coast of Jakarta, Indonesia, resulting in the death of Decedent.

9. Plaintiffs allege as a direct and proximate result of the alleged defective condition of the Subject Aircraft, Decedent's heirs and next of kin have suffered loss of support, loss of net accumulations, loss of household services,

loss of care, comfort, companionship, guidance, and society and mental anguish, sorrow and grief as the result of the death of Decedent.

## PLAINTIFF'S DAMAGES

10. Decedent FIFI HAJANTO was 42-years-old. Decedent was a business owner. Decedent earned approximately $25,250.00 USD per year.

11. The Decedent is survived by:

    a. Husband; Riandy Christian Saputra. Married September 12, 1998

    b. Minor Daughter; K.A., 15-years-old

    c. Son; Anthony William, 19-years-old

    d. Dependent Father; Pendy Hajanto, 75-years-old

    e. Dependent Mother; Ng Ngiam Soe, 78-years-old

## DEFENDANT'S POSITION AND DEFENSES

12. Defendant Boeing denies that the accident aircraft was defective and further denies that any act or omission by it proximately caused this crash.

## SETTLEMENT AGREEMENT

13. Counsel for Plaintiffs and counsel for Boeing engaged in a mediation before retired Cook County Circuit Court Chief Judge O'Connell and have reached an agreement to settle the claims of these Plaintiff against Boeing.

14. As a condition of the settlement, Plaintiffs have agreed to keep the amount of the settlement confidential. A sealed declaration providing the terms of the settlement has been provided to the Court separately.

15. In negotiating this settlement, Plaintiffs' counsel considered the strength of Plaintiffs' action against Boeing and Boeing's asserted defenses, including the potential merit of its position in an anticipated *forum non conveniens* motion to dismiss Plaintiffs' claims.

16. Plaintiffs' counsel is experienced in the representation of families of victims of international airplane accidents. Plaintiffs' counsel believes the settlement amount is fair and reasonable under all the above-stated

considerations, including Plaintiffs' damages as a result of Plaintiffs' minor status, and Plaintiffs' incapacity in general.

17. The mediator Judge O'Connell has a great deal of experience as a judge in aviation matters and this mediator also believes this is a reasonable settlement.

18. Plaintiffs' counsel has fully explained all the above facts to Plaintiffs, and they agree that the settlement amount is fair and reasonable, and Plaintiffs seeks the Court's approval of this settlement.

WHEREFORE, the Parties pray that this Court enter an Order:

a. Finding the undersigned Charles Herrmann, Esq. is an independent attorney representing the interests of the minor plaintiff K.A., and who is competent to represent the interests of minor plaintiff and next of kin that are members of the same family;

b. Approving on behalf of the minor plaintiff K.A. the settlement of the claims of plaintiffs against defendant;

c. Dismissing this action with prejudice and without costs against defendant and retaining jurisdiction to effectuate settlement; and

d. Providing plaintiffs with other relief as this Court may deem just.

Respectfully submitted,

| /s/ Charles Herrmann | /s/ Bates McIntyre Larson |
|---|---|
| Charles Herrmann | Bates McIntyre Larson |
| charles@hlg.lawyer | BLarson@PerkinsCoie.com |
| Mark Lindquist | Daniel T. Burley |
| mark@hlg.lawyer | DBurley@PerkinsCoie.com |
| HERRMANN LAW GROUP | PERKINS COIE LLP |
| 505 Fifth Ave South, Ste. 330 | 131 S. Dearborn, Suite 1700 |
| Seattle, WA 98104 | Chicago, IL 60603 |
| T: (206) 625-9104 | T: (312) 324-8400 |
| F: (206) 682-6710 | F: (312) 324-9400 |

| | |
|---|---|
| Crystal Lloyd<br>crystal@hlg.lawyer<br>HERRMANN LAW GROUP<br>1535 Tacoma Ave. S.<br>Tacoma, WA 98403<br>T: (253) 627-8142<br>F: (253) 627-1835 | Mack H. Shultz<br>MShultz@PerkinsCoie.com<br>Gretchen M. Paine<br>GPaine@PerkinsCoie.com<br>PERKINS COIE LLP<br>1201 Third Ave., Suite 4900<br>Seattle, WA 98101<br>T: (206) 359-8000<br>F: (206) 359-9000 |
| Carmen D. Caruso<br>77 W. Washington St., Suite 1900<br>Chicago, IL 60602<br>CARMEN D. CARUSO LAW FIRM<br>T: (312) 626-1160<br>F: (312) 276-8646 | Dan K. Webb<br>dwebb@winston.com<br>Christopher B. Essig<br>cessig@winston.com<br>Julia M. Johnson<br>jmjohnson@winston.com<br>WINSTON & STRAWN LLP<br>35 West Wacker Drive<br>Chicago, Illinois 60601-9703<br>Phone: (312) 558-5600 |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant The Boeing Company* |