UNITED STATES DISTRICT COURT
NORTHERN DISTRICT COURT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| IN RE: Lion Air Flight JT 610 Crash<br><br>**WILSON SANDI,** as Personal Representative of the Estate of **DEDE ANGGRAINI**, and as next friend of her minor children **A.A.J.S.,** and **A.A.J.S**.,<br><br>                      Plaintiffs,<br>     v.<br>**THE BOEING COMPANY,**<br>                      Defendant. | **Lead Case: 1:18-cv-07686**<br>Original Case No.: 1:19-cv-02074<br><br>Hon. Thomas M. Durkin |

## DECLARATION OF PLAINTIFF'S COUNSEL IN SUPPORT OF THE JOINT MOTION FOR DISMISSAL OF PLAINTIFF'S CLAIMS WITH PREJUDICE AND APPROVAL OF MINOR SETTLEMENTS

I, BRIAN S. KABATECK, do hereby DECLARE as follows:

### BACKGROUND

1. I am lead counsel of record for the above captioned plaintiffs. I am licensed to practice in the State of California and have been admitted *pro hac vice* in this case.

2. This declaration is made in support of the Joint Motion for Dismissal of Plaintiffs' Claims with Prejudice and Approval of Minor Settlements.

3. I have had extensive experience in representing members of families surviving victims of fatal accidents and catastrophic personal injury, including numerous minors. I believe the settlement amounts listed below are fair and reasonable for all plaintiffs in this family including the minors.

1

4. Decedent DEDE ANGGRAINI was 39 years old when she died in this crash.

5. She is survived by:

    a. Husband: WILSON SANDI, age ▮ years old;

    b. Minor daughter: ▮▮▮▮▮▮▮▮▮▮ (A.A.J.S.), is Decedent's natural daughter. She resides with her father WILSON SANDI. She is presently ▮-years-old;

    c. Minor daughter: ▮▮▮▮▮▮▮▮▮▮ (A.A.J.S.), is Decedent's natural daughter. She resides with her father WILSON SANDI. She is presently ▮-years-old;

    d. Father: ZULKIFLI NUR'IN, age ▮ years old;

    e. Mother: ROHANI, age ▮ years old.

## SETTLEMENT

6. This settlement resolves all claims of all Plaintiffs against all potentially liable parties;

7. Settlement for all Plaintiffs is in the gross amount of $▮▮▮▮▮. The settlement funds are to be disbursed as follows:

    a. WILSON SANDI (husband)      $▮▮▮▮

    b. ▮▮▮▮▮▮▮▮▮▮      $▮▮▮▮
       (minor daughter)

    c. ▮▮▮▮▮▮▮▮▮▮      $▮▮▮▮

    (minor daughter)

    d. ZULKIFLI NUR'IN (dependent father)     $▮

    e. ROHANI (dependent mother)     $▮

8. Attorneys' Fees are ▮% of the total settlement, which is $▮.

### MINOR SETTLEMENT

9. This settlement resolves all claims of all minors against all potentially liable parties;

10. Settlement is NOT for policy limits, which are not at issue;

11. Each of these two minor plaintiffs' settlements are for the same $▮. Each are being charged the same $▮ (▮%).

12. Thus, each of the minors' individual numbers are identical as follows:

    a. TOTAL settlement to each MINOR:     $▮

    b. Attorneys' Fees to each MINOR:     $▮

    c. <u>No costs charged to MINORS:</u>     $▮

    d. Net Proceeds:     $▮

13. The settlement funds for the minor plaintiffs shall be deposited into government guaranteed accounts with Atlantic Union Bank, an FDIC insured financial institution.

14. Attorney MICHAEL INDRAJANA of the U.S. law firm INDRAJANA LAW GROUP, who has been co-counsel with Kabateck LLP since the beginning of the

matter, knows all of the families and has met them personally, and who is fluent in Indonesian, is appointed trustee of the blocked accounts or annuities, opened for the benefit of the minor plaintiffs, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

15. No funds may be withdrawn from said blocked account(s) prior to the minor reaching 18 years of age without further order of the court. Trustee may transfer said funds into different types of deposits or annuities without further order of the court so long as the funds remain in government guaranteed accounts within Atlantic Union Bank, an FDIC insured financial institution, until the minor plaintiff reaches 18 years of age.

16. When a minor reaches 18 years of age, the trustee shall transmit the funds to said minor plaintiff without further order of the court.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge or belief based on reliable information.

DATED this 23rd day of February, 2020, at Los Angeles California.

                                                                /s/ Brian S. Kabateck
                                                     BRIAN S. KABATECK (CA BAR 152054)
                                                     Attorney for Plaintiffs