UNITED STATES DISTRICT COURT
NORTHERN DISTRICT COURT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| IN RE: Lion Air Flight JT 610 Crash<br><br>**WILSON SANDI,** as Personal Representative of the Estate of **DEDE ANGGRAINI**, and as next friend of her minor children **A.A.J.S.,** and **A.A.J.S**.,<br><br>                Plaintiffs,<br>    v.<br>**THE BOEING COMPANY,**<br>                Defendant. | **Lead Case: 1:18-cv-07686**<br>Original Case No.: 1:19-cv-02074<br><br>Hon. Thomas M. Durkin |

## [PROPOSED] ORDER APPROVING JOINT MOTION FOR DISMISSAL OF PLAINTIFF'S CLAIMS WITH PREJUDICE AND APPROVAL OF MINOR SETTLEMENTS

The Court having reviewed the parties' joint motion and declaration of counsel, due notice having been given and the Court being advised in the premises, the Court finds that:

1. BRIAN S. KABATECK is an independent attorney who is competent to represent the interests of minor plaintiffs A.A.J.S., and A.A.J.S, and next of kin that are members of the same family; and,

2. The settlement reached by the parties is fair and reasonable, and in the best interest of all parties including the minor plaintiffs A.A.J.S., and A.A.J.S.

IT IS HEREBY ORDERED as follows:

1. All claims of plaintiffs: WILSON SANDI, as Personal Representative of the Estate of DEDE ANGGRAINI, individually, and as next friend of her minor children A.A.J.S., and A.A.J.S., in Consolidated Case No. 1: 18-cv-07686, which was originally filed under cause number 19-cv-02774; are hereby dismissed in their entirety with prejudice and without

1

costs. This fully resolves these plaintiffs' claims. All of these Plaintiffs' claims are hereby dismissed in their entirety with prejudice and without costs;

2. The claims of other Plaintiffs in these actions are unaffected by this order;

3. The settlement on behalf of all minor plaintiffs A.A.J.S., and A.A.J.S. together with Plaintiffs' attorneys' fees charged to said minor plaintiffs are approved;

4. All minor Plaintiffs' claims are hereby dismissed in their entirety with prejudice and without costs;

5. The settlement funds shall be initially paid to the Kabateck LLP trust account for the benefit of the plaintiffs including the minors. The minor plaintiffs' net proceeds shall then be expeditiously deposited into blocked government guaranteed accounts in Atlantic Union Bank, an FDIC insured financial institution;

6. Attorney MICHAEL INDRAJANA of the U.S. law firm INDRAJANA LAW GROUP, who has been co-counsel with Kabateck LLP since the beginning of the matter, knows all of the families and has met them personally, and who is fluent in Indonesian, is appointed trustee of the blocked accounts or annuities, opened for the benefit of the minor plaintiffs, A.A.J.S., and A.A.J.S.

7. Without further order of the court no funds may be withdrawn from said blocked account(s) prior to the minor reaching 18 years of age;

8. Trustee may transfer said funds into different types of deposits or annuities without further order of the court so long as the funds remain in government guaranteed accounts within Atlantic Union Bank, an FDIC insured financial institution, until the minor plaintiff reaches 18 years of age;

9. When a minor reaches 18 years of age, the trustee shall transmit the funds to said minor plaintiff without further order of the court; and

10. The court retains jurisdiction to effectuate settlement, including enforcement, adjudication of liens, approval where necessary, and any other pendant matters.

DONE and ORDERED in Chambers this ____ day of February, 2020.

_____
Judge Thomas M. Durkin

cc: All Counsel of Record