**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT COURT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| IN RE: Lion Air Flight JT 610 Crash<br><br>**M. SHOLEKHUDIN ZUHRI,** as Personal Representative of the Estate of **HESTI NURAINI**, and as next friend of her minor child **N.E.Q.**,<br><br>                              Plaintiffs,<br>           v.<br>**THE BOEING COMPANY,**<br>                              Defendant. | **Lead Case: 1:18-cv-07686**<br>Original Case No.: 1:19-cv-02764<br><br><br>Hon. Thomas M. Durkin |

## JOINT MOTION FOR DISMISSAL OF PLAINTIFF'S CLAIMS WITH PREJUDICE AND APPROVAL OF MINOR SETTLEMENTS

Plaintiff, M. SHOLEKHUDIN ZUHRI, as Personal Representative of the Estate of HESTI NURAINI, individually, and as next friend of her minor child N.E.Q., by and through his undersigned attorneys, move this Court for an Order approving the settlement with defendant of the claim relating to the death of HESTI NURAINI, and in support thereof states as follows:

### FACTS

Passenger HESTI NURAINI, was a passenger on board a certain Boeing 737-MAX 8 Aircraft, registration PK-LQP ("the accident aircraft") being operated by PT Lion Air Mentari ("Lion Air") as Flight JT610 from Jakarta to Pangkal Pinang, Indonesia, on October 29th, 2018 (the "accident flight").

This matter is a wrongful death and survival action arising from the death of the decedent following the subject aircraft's crash into the Java Sea on October 29, 2018 during the operation of the subject flight.

The undersigned counsel for Plaintiff is an independent attorney who represents the interests of Plaintiff and Decedent's heirs, including the minor heir, who has investigated, and is familiar with, the facts of this matter, including Plaintiff's claims, damages, Defendant's defenses and positions, certain legal authorities, and evidence pertaining thereto. Plaintiff's counsel may adequately investigate and evaluate these aspects of the matter on behalf of N.E.Q., because they are members of the same family who have suffered similar damages and whose claims and interest do not conflict with one another.

## PLAINTIFF'S ALLEGATIONS

Plaintiff filed a complaint based on products liability and negligence against Defendant, The Boeing Company ("Boeing"). Plaintiff alleges that Boeing designed, manufactured, assembled and sold the accident aircraft and prepared and provided an Aircraft Flight Manual (AFM) for the accident aircraft.

Plaintiff alleges that the accident aircraft was defective, in that among other defects, sensors on the accident aircraft were subject to failure and to providing erroneous information to the accident aircraft's flight control system and that, in the event erroneous information was provided as to angle of attack, a flight control system would cause the accident aircraft to go into an uncommanded nose down position. Plaintiff further alleges defendant's AFM did not warn of this danger or provide proper instruction as to responding to such an event.

Plaintiff alleges that as the direct and proximate result of the defective and unreasonably dangerous condition of defendant Boeing's accident aircraft and AFM and defendant Boeing's negligent acts and omissions, the accident aircraft violently crashed into the Java Sea, causing decedent and all others onboard to expire.

Plaintiff alleges as a direct and proximate result of the defective and unreasonably

dangerous condition of defendant Boeing's accident aircraft and AFM and defendant Boeing's negligent acts or omissions, decedent's heirs and next of kin suffered loss of support, loss of net accumulations, loss of household services, loss of care, comfort, companionship, guidance, and society and mental anguish, sorrow and grief as the result of the death of decedent.

## PLAINTIFF'S DAMAGES

The Decedent HESTI NURAINI was 45 years old. Decedent was one of the more than twenty Indonesian Ministry of Finance employees who were on board JT 610. She was among the 5 members of the Indonesian Tax Directorate General staff stationed in Bangka. Decedent also promised her friends a culinary trip around the island of Bangka. She was loved by friends and family.

The Decedent is survived by:

a. Husband; M. SHOLEKHUDIN ZUHRI, age 45 years old.

b. Daughter; SALMA AZZUHRI, 18-years old.

c. Minor Daughter; N.E.Q., 6-years old.

d. Father; JOESENO (Also known as Ahmad Yuseno), 70-years old.

## DEFENDANT'S DEFENSES

Defendant Boeing denies that the accident aircraft was defective and further denies that any act or omission by it proximately caused this crash.

## SETTLEMENT AGREEMENT

Counsel for this Plaintiff and counsel for Defendant engaged in a mediation before retired Cook County Circuit Court Chief Judge Donald P. O'Connell and have reached an agreement to settle the claims of this plaintiff against defendant.

As a condition of the settlement, plaintiff has agreed to keep the amount of the settlement confidential.

In negotiating this settlement, plaintiffs' counsel considered the strength of plaintiff's action against this defendant and the defendant's defenses.

Plaintiff's counsel believes the settlement amount is fair and reasonable under all the above-stated considerations.

The mediator Judge O'Connell has a great deal of experience as a judge in aviation matters and this mediator also believes this is a reasonable settlement.

Plaintiff's counsel has fully explained all the above facts to Plaintiff and Plaintiff agrees that the settlement amount is fair and reasonable, and Plaintiff seeks the Court's approval of this settlement.

WHEREFORE, plaintiff prays that this Court enter an Order:

a. Finding the undersigned Brian S. Kabateck, Esq., is an independent attorney representing the interests of the minor plaintiff N.E.Q., and who is competent to represent the interest of minor plaintiffs and next of kin that are members of the same family;

b. Approving on behalf of the minor plaintiffs N.E.Q. the settlement of the claims of plaintiffs against defendant;

c. Dismissing this action with prejudice and without costs against defendant and retaining jurisdiction to effectuate settlement; and

d. Providing plaintiffs with other relief as this Court may deem just.

/ / /

/ / /

Respectfully submitted,

/s/ Brian S. Kabateck
Brian S. Kabateck
CA Bar No. 152054
Kabateck LLP
633 W 5th Street Suite 3200
Los Angeles, CA 90071
(213) 217-5000
bsk@kbklawyers.com
*Admitted Pro Hac Vice*

/s/ Bates McIntyre Larson
Bates McIntyre Larson
BLarson@PerkinsCoie.com
Daniel T. Burley
DBurley@PerkinsCoie.com
Perkins Coie LLP
131 S. Dearborn, Suite 1700
Chicago, IL 60603


Mack H. Shultz
MShultz@PerkinsCoie.com
Gretchen M. Paine
GPaine@PerkinsCoie.com
Perkins Coie LLP
1201 Third Ave., Suite 4900
Seattle, WA 98101
T: (206) 359-8000
F: (206) 359-8000

Dan K. Webb
dwebb@winston.com
Christopher B. Essig
cessig@winston.com
Julie M. Johnson
jmjohnson@winston.com
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703
T: (312) 558-5600

*Attorney for Plaintiffs*

*Attorney for Defendant The Boeing Company*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned, counsel of record, certifies that s/he served the JOINT MOTION FOR DISMISSAL OF PLAINTIFF'S CLAIMS WITH PREJUDICE AND APPROVAL OF MINOR SETTLEMENTS, and related DECLARATION OF PLAINTIFF'S COUNSEL IN SUPPORT OF THE JOINT MOTION FOR DISMISSAL OF PLAINTIFF'S CLAIMS WITH PREJUDICE AND APPROVAL OF MINOR SETTLEMENTS [redacted]; and [PROPOSED] ORDER APPROVING JOINT MOTION FOR DISMISSAL OF PLAINTIFF'S CLAIMS WITH PREJUDICE AND APPROVAL OF MINOR SETTLEMENTS, upon all counsel of record via CM/ECF, on February 26, 2020.

The undersigned, counsel of record, further certifies that s/he served the unredacted and sealed DECLARATION OF PLAINTIFF'S COUNSEL IN SUPPORT OF THE JOINT MOTION FOR DISMISSAL OF PLAINTIFF'S CLAIMS WITH PREJUDICE AND APPROVAL OF MINOR SETTLEMENTS, upon counsel of record for Defendant, on February 26, 2020.

Dated: February 26, 2020

/s/ Brian S. Kabateck
Brian S. Kabateck
Attorney for Plaintiffs