### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In re: Lion Air Flight JT 610 Crash | Lead Case No. 18-cv-07686 |
| DANI ANDRIAN; N.A.P., a minor by and through her Guardian ad Litem Dani Andrian; D.A.P., a minor by and through his Guardian ad Litem, Dani Andrian, D.A.P., a minor by and through his Guardian ad Litem, Dani Andrian, | This document relates to Case No. 1: 19-cv-5214 |
| | Honorable Thomas M. Durkin |
| *Plaintiffs*, | |
| v. | |
| The Boeing Company, | |
| *Defendant*. | |

### JOINT MOTION FOR DISMISSAL OF PLAINTIFFS' CLAIMS
### WITH PREJUDICE AND APPROVAL OF MINOR SETTLEMENTS

Pursuant to Local Rule 17.1, Plaintiff Dani Andrian, individually, as Legal Representative of the Estate of Zuiva Puspita Ningrum, and as Guardian of minor children Da.A.P., N.A.P., and Dz.A.P., moves this Court for an order approving the Parties' settlement agreement and dismissing Plaintiffs' claims relating to the death of Decedent with prejudice. In support of this motion, Plaintiff Andrian states as follows:

### FACTS

1.      Decedent was a passenger on board a Boeing 737 MAX 8 aircraft, registered as PK-LQP ("Subject Aircraft") and operated by PT Lion Mentari Airlines as Lion Air Flight JT 610 en route from Jakarta, Indonesia to Pangkal Pinang, Indonesia on October 29, 2018.

2.      Flight JT 610 crashed into the Java Sea off the coast of Jakarta shortly after takeoff, killing all 189 persons aboard the airplane, including Decedent.

3.      Plaintiff Andrian, on behalf of himself and three minor heirs, Di.A.P. (11 years old), N.A.P. (9 years old), and Dz.A.P. (5 years old), has asserted wrongful death and survival

claims against Defendant arising out of Decedent's death.

4.      Plaintiff Andrian and the Decedent's minor heirs are represented by attorneys from the law firms of Girardi Keese and Edelson PC. Plaintiffs' counsel have extensively investigated the legal issues and factual bases underlying the causes of action, including Plaintiffs' theory of liability, injuries, and claims for damages, as well as Defendant's legal positions and defenses, including its anticipated *forum non conveniens* motion. Plaintiffs' counsel have investigated and evaluated these aspects of the matter on behalf of Di.A.P., N.A.P., and Dz.A.P., who are the natural children of Plaintiff Andrian and Decedent, and who have suffered similar injuries, incurred similar damages, and whose claims and interests do not conflict with one another.

## PLAINTIFFS' ALLEGATIONS

5.      Plaintiffs filed this lawsuit against Defendant on February 27, 2019, asserting claims for wrongful death based on theories of products liability and negligence.

6.      Plaintiffs alleged that Boeing designed, manufactured, assembled, and sold the Subject Aircraft, and that the Subject Aircraft was defective.

7.      Plaintiffs alleged that as the direct and proximate result of the alleged defective condition of the Subject Aircraft, the Subject Aircraft crashed into the Java Sea off the coast of Jakarta, Indonesia, resulting in the death of Decedent.

8.      Plaintiffs further alleged that as a direct and proximate result of the alleged defective condition of the Subject Aircraft, Decedent's heirs have suffered loss of support, loss of net accumulations, loss of household services, loss of care, comfort, companionship, guidance, and mental anguish, sorrow, and grief.

## PLAINTIFFS' DAMAGES

9.      At the time of her death, Decedent Zuiva Puspita Ningrum was 39 years old and employed by the Indonesian Government Financial Office. Decedent earned approximately $9,586.00 USD per year.

10.     The Decedent is survived by:

    a.  Wife, Dani Andrian;

    b.  Minor Son, Di.A.P. (11 years old);

    c.  Minor Daughter, N.A.P. (9 years old); and

    d.  Minor Son, Dz.A.P. (5 years old).

## DEFENDANT'S POSITION AND DEFENSES

11.     Defendant denies that the accident aircraft was defective and further denies that any act or omission by it proximately caused this crash.

## SETTLEMENT AGREEMENT

12.     The Parties reached an agreement to settle the claims in this case only after participating in three separate in-person mediation sessions with retired Cook County Circuit Court Chief Judge Donald P. O'Connell.

13.     As a condition of the settlement, Plaintiffs have agreed to keep the terms of the settlement confidential, including the settlement amount. A sealed declaration identifying the settlement amount has been provided to the Court separately.

14.     In negotiating this settlement, Plaintiffs' counsel considered a number of issues, including the strength of Plaintiffs' claims against Defendant, as well as Defendant's defenses (both asserted and anticipated), including the viability of its anticipated *forum non conveniens* motion.

15.     Plaintiffs' counsel is experienced in the representation of families of victims of international airplane accidents. Plaintiffs' counsel believes the settlement amount, as well as the allocation of that amount to each of the minor plaintiffs, is fair and reasonable.

16.     Likewise, Judge Donald O'Connell, who has presided over aviation matters as both a judge and mediator, believes that this settlement is fair and reasonable.

17.     Plaintiffs' counsel has fully explained the above facts to Plaintiff Andrian, as legal representative of Decedent's estate and guardian of Decedent's minor heirs, and Plaintiff Andrian agrees that the settlement amount is fair and reasonable.

18.     Accordingly, Plaintiffs respectfully request that the Court grant approval of the settlement and dismiss the action with prejudice.

WHEREFORE, the Parties respectfully request that this Court enter an Order:

a.     Finding Plaintiffs' counsel are independent attorneys representing the interests of the minor plaintiffs, Di.A.P., N.A.P., and Dz.A.P., and are competent to represent the interests of minor plaintiffs and the adult beneficiaries that are members of the same family;

b.     Approving the Parties' settlementof the claims of the minor plaintiffs, Di.A.P., N.A.P., and Dz.A.P.;

c.     Dismissing this action with prejudice and without costs against Defendant and retaining jurisdiction to effectuate settlement; and

d.     Granting any other relief as this Court may deem just.

Respectfully submitted,

Dated: May 19, 2020                         /s/ Ari J. Scharg

Jay Edelson
jedelson@edelson.com

4

5

Benjamin H. Richman
brichman@edeslson.com
Ari J. Scharg
ascharg@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
312.589.6370 (firm)
312.589.6378 (fax)

Rafey S. Balabanian
rbalabanian@edeslson.com
EDELSON PC
123 Townsend, Suite 100
San Francisco, California 94107
415.212.9300 (firm)
415.373.9435 (fax)

Keith D. Griffin
kgriffin@girardikeese.com
David R. Lira
dlira@girardikeese.com
GIRARDI | KEESE
1126 Wilshire Boulevard
Los Angeles, California  90017
213.977.0211 (firm)
213.481.1554 (fax)

*Attorneys for Plaintiffs*

Dated: May 19, 2020                     /s/ Bates McIntyre Larson

Bates McIntyre Larson
blarson@perkinscoie.com
Daniel T. Burley
dburley@perkinscoie.com
PERKINS COIE LLP
131 S. Dearborn, Suite 1700
Chicago, Illinois 60603
T: (312) 324-8400
F: (312) 324-9400

Mack H. Shultz
mshultz@perkinscoie.com
Gretchen M. Paine

gpaine@perkinscoie.com
PERKINS COIE LLP
1201 Third Ave., Suite 4900
Seattle, Washington 98101
T: (206) 359-8000
F: (206) 359-9000

Dan K. Webb
dwebb@winston.com
Christopher B. Essig
cessig@winston.com
Julia M. Johnson
jmjohnson@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601-9703
Phone: (312) 558-5600

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2020, I electronically filed the foregoing document with the Clerk of Court, using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.


/s/ Ari J. Scharg