**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| IN RE: LION AIR FLIGHT JT 610 CRASH | Lead Case: 1:18-cv-07686 (Consolidated)<br><br>Honorable Thomas M. Durkin |
|---|---|

**THE BOEING COMPANY'S**
**MOTION FOR REASSIGNMENT OF RELATED CASES**

Defendant The Boeing Company ("Boeing"), through its undersigned counsel, respectfully moves this Court to enter an order finding the above-captioned case is related to the seven cases listed on Exhibit A, and reassigning to this Court the cases listed on Exhibit A, pursuant to Local Rule 40.4. In support of this Motion, Boeing states as follows:

1. On October 29, 2018, a Boeing 737-8 aircraft (the "Subject Aircraft"), operated by Lion Air as Lion Air Flight JT 610 ("Lion Air JT 610"), departed from Jakarta, Indonesia en route to Pangkal Pinang, Indonesia. Shortly after takeoff, Lion Air JT 610 crashed into the Java Sea off the coast of Indonesia. All 189 passengers and crew members died in the accident.

2. On November 19, 2018, Plaintiffs filed this lawsuit (the "*Saputra*" action) against Boeing on behalf of three Lion Air JT 610 passengers. The *Saputra* Plaintiffs claim the crash occurred because of alleged defects on the Subject Aircraft. *See* Dkt. 1, Complaint. The *Saputra* complaint alleges wrongful death and survival claims and asserts causes of action sounding in strict products liability and negligence. *See id.*

3. The Court consolidated *Saputra* and all related Lion Air JT 610 actions pending before it and captioned the consolidated proceeding "In re Lion Air Flight JT 610 Crash." *See, e.g.*, Dkt. 37, 73, 138.

4. Seven other recently filed lawsuits that have not been consolidated yet are pending in this District against Boeing on behalf of Lion Air JT 610 passengers (the "Subject

Actions"). A list of the Subject Actions and assigned District Court judges is attached as Exhibit A.[1] The complaints are attached as Exhibits B-H.

5. Plaintiffs in the Subject Actions also claim the accident occurred because of alleged defects on the Subject Aircraft. *See* Exs. B-H. Plaintiffs also allege wrongful death and survival claims, and assert causes of action sounding in strict products liability and negligence. *Id*.

6. Judges in this District have observed that the random case assignment system can often lead to "situations in which two or more cases that are closely related will be pending before different judges." *Garner v. Country Club Hills*, No. 11 C 5164, 2012 WL 1900020, at *1 (N.D. Ill. May 23, 2012). Accordingly, Local Rule 40.4(b) provides for assignment of "related" actions to a single judge where "(1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding." Actions are related if the cases involve some of the same issues of fact or law or the cases grow out of the same transaction or occurrence. *See* L.R. 40.4(a)(2)-(3).

7. Courts routinely reassign related cases under this rule. *See e.g., Popovich v. McDonald's Corp.*, 189 F. Supp. 2d 772, 778 (N.D. Ill. 2002) (finding L.R. 40.4(b)(4) met where two civil cases "[arose], in significant part, from the same transactions and occurrences" and were "susceptible of resolution in a single proceeding," and "because of the overlap in issues, the handling of both cases by one judge [was] likely to result in a substantial savings of time and effort"); *Perry v. Chicago Housing Auth.*, No. 13-cv-5819, 2013 WL 5408860, at *2-3 (N.D. Ill. Sept. 26, 2013) (same). Indeed, more than 50 Lion Air JT 610 cases have been reassigned under this Rule to this Court.

---

[1] One of the Subject Actions, *Hartati v. The Boeing Company*, 20-cv-03247, was assigned to this Court. Boeing requests that this Court designate the case as related to the other Subject Actions and the consolidated Lion Air Flight JT 610 proceeding.

8. Given the similarity of the factual allegations at issue, the Subject Actions plainly involve "common question[s] of law or fact" with and are "related" to the consolidated proceeding under Local Rule 40.4(a). The Subject Actions and consolidated proceeding involve wrongful death and survival claims brought on behalf of Lion Air JT 610 passengers or crew members against Boeing. Plaintiffs in the Subject Actions and consolidated proceeding assert causes of action involving strict products liability and negligence. The claims arise out of the same incident on October 29, 2018.

9. The remaining conditions for reassignment under Local Rule 40.4(b) also are met. First, due to the random assignment system, the Subject Actions and consolidated proceeding are pending in this District before seven different judges. Second, reassigning the Subject Actions to this Court will conserve judicial resources because the cases involve the same allegations and issues and, therefore, it will be far more efficient to have one judge preside over them. Third, reassignment would not cause delay. Fourth, because the cases are almost identical and involve the same core of law and facts, they are susceptible to disposition in a single proceeding.

WHEREFORE, for the reasons stated above, Boeing respectfully requests that this Court issue an order, in accordance with Local Rule 40.4, finding that the consolidated proceeding is related to the Subject Actions, and reassigning the Subject Actions to this Court as part of the consolidated proceeding "In re Lion Air Flight JT 610 Crash."

DATED: June 11, 2020

**THE BOEING COMPANY**

By: /s/ Bates McIntyre Larson
*One of their Attorneys*

Bates McIntyre Larson
BLarson@perkinscoie.com
Daniel T. Burley
DBurley@perkinscoie.com
**Perkins Coie LLP**
131 S. Dearborn, Suite 1700
Chicago, Illinois 60603-5559
Phone: (312) 324-8400
Fax: (312) 324-9400

Mack H. Shultz
MShultz@perkinscoie.com
Gretchen M. Paine
GPaine@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

Dan K. Webb
dwebb@winston.com
Christopher B. Essig
cessig@winston.com
Julia M. Johnson
jmano@winston.com
**Winston & Strawn LLP**
35 West Wacker Drive
Chicago, Illinois 60601-9703
Phone: (312) 558-5600

## CERTIFICATE OF SERVICE

I, Bates McIntyre Larson, certify that on June 11, 2020, I electronically filed the foregoing ***MOTION FOR REASSIGNMENT OF RELATED CASE*** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record, and by email to the following attorneys.

Mayzar M. Hedayat
**M. Hedayat & Associates, P.C.**
1211 W. Lakeview Court
Romeoville, Illinois 60446
Phone: 630-378-2200
mhedayat@mha-law.com

Steven C. Marks
Kristina M. Infante
**PODHURST ORSECK, P.A.**
SunTrust International Center, Suite 2300
One S.E. Third Avenue
Miami, Florida 33131
Phone: (305) 358-2800

Andrew T. Hays
Sarah Buck
**HAYS FIRM LLC**
200 N. LaSalle St., Ste. 2150
Chicago, IL 60602
Phone: (312) 626-2537
ahays@haysfirm.com

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 11th day of June, 2020.

/s/ Bates McIntyre Larson
PERKINS COIE LLP
131 South Dearborn Street, Suite No. 1700
Chicago, Illinois 60603-5559
Tel: (312) 324-8400