**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LIYANAH; GIBRAN ALI RAHARDIAN; ANINDITA RAHMIANA SEKARINI., | ) ) ) | 19-cv-05220 Consolidated with |
| Plaintiffs, | ) ) | **18-cv-07686** |
| v. | ) ) | Judge Thomas M. Durkin |
| THE BOEING COMPANY, | ) ) ) | |
| Defendant. | ) ) | |
| And | ) ) | |
| EPI SAMSUL KOMAR AND DIAN ANDRIANI, | ) ) ) | 19-cv-05217 Consolidated with |
| Plaintiffs, | ) ) | **18-cv-07686** |
| v. | ) ) | Judge Thomas M. Durkin |
| THE BOEING COMPANY, | ) ) ) | |
| Defendant. | ) | |

**LIYANAH AND KOMAR PLAINTIFFS' OPPOSED MOTION TO ORDER THEIR
FORMER COUNSEL TO PRODUCE CLIENT FILES AND EVIDENCE
<u>OF EXPRESS AUTHORITY TO SETTLE</u>**

Plaintiffs, Liyanah, Gibran Ali Rahardian, and Anindita Rahmiana Sekarini ("Liyanah") and Epi Samsul Komar and Dian Andriani ("Komar"), by their undersigned counsel ("New Counsel"), move for entry of an order compelling Thomas Girardi, Girardi Keese, David Lira, and Keith Griffin to produce to New Counsel: the client files in the above captioned Lion Air Crash cases, including any written communications with the clients or other documents showing they provided Girardi Keese or its co-counsel with express authority to settle these two cases. In support of this motion, Liyanah and Komar state:

1.      Respondents to this motion represented Liyanah and Komar along with the Edelson firm before current counsel for Liyanah and Komar entered their substitute appearances.

2.      Girardi Keese, through David Lira, purported to settle the Liyanah and Komar cases after a mediation session with Judge Donald O'Connell. On information and belief, the Edelson firm did not attend that mediation session. On information and belief, Mr. Lira represented to Boeing that he had express authority from the clients to settle these two cases.

3.      Through New Counsel, Liyanah and Komar have provided sworn declarations to the Respondents that Liyanah and Komar never provided Girardi Keese or its representatives with authority to settle their cases and, in fact, terminated Girardi Keese because they believed the settlement amounts were not sufficient.

4.      Liyanah and Komar would have terminated Girardi Keese even sooner if they had known about the firm and its lawyers' finances and the conflicts of interest their lawyers' finances created. Liyanah and Komar would not have authorized Lira or Girardi Keese to engage in settlement mediation on their behalf if they had known the facts regarding their then counsel's finances and business practices with regard thereto, as outlined in the Rule to Show Cause filed by the Edelson firm.

5.      New Counsel for Liyanah and Komar have requested that Respondents produce the client files and any proof that Liyanah or Komar provided Lira and/or Girardi Keese or its Indonesian representatives with express authority to settle their claims.

6.      Lawyers have a duty to provide replacement counsel with the client files and the Respondents herein have not done so. *Chicago Imp., Inc. v. Am. States Ins. Co.*, 608 Fed. Appx. 418, 420 (7th Cir. 2015).

7. New Counsel for Liyanah and Komar received an email from counsel for Mr. Lira which states in relevant part:

> It was Mr. Lira's understanding from his investigator/translator that both families agreed to the February 2020 settlements for the Komar and Adrian families. Liyanah stated she agreed with what she was going to get $[REDACTED] in a Feb. 23, 2020 "whatsapp" sent to the translator. Two days later Liyanah denied that she had ever hired Girardi Keese although she had signed the Girardi Keese retainer agreement. Mr. Lira is not aware of any written communication from the Komar family stating that they agreed with the settlement amount. To Mr. Lira's knowledge, the Boeing releases were not signed by either family. This again confirms that Mr. Lira is not asserting a lien of any kind on these cases. As you know Mr. Lira is no longer with Girardi Keese and cannot speak for that firm.

8. However, none of the Respondents have produced the client files or the "whatsapp" message referred to above though requested to do so by New Counsel. Mr. Lira and Mr. Griffin have also declined to clarify if they still have a fee sharing agreement with Girardi Keese as to the Liyanah and Komar cases or have agreed not to accept any fees or claim to the same from those cases (including transferring any such monies if recovered to their creditors or creditors of Girardi Keese or Thomas Girardi).

9. Unlike the Respondents, the Edelson firm has been fully responsive New Counsel's inquiries and has acted in a completely transparent and ethical fashion. This is consistent with the high ethical standards of Jay Edelson and his entire firm. They have completely ethically in all dealings with New Counsel. In New Counsel's experience, this is consistent with how Jay Edelson and his firm handles all cases having dealt with the firm in many matters for many years.

10. The Edelson firm doesn't have access to the client files or the claimed "whats app" message and, on information and belief, made unsuccessful efforts to obtain those documents for Liyanah and Komar from Mr. Lira and/or Girardi Keese. Edelson lawyers, in communications with New Counsel for Liyanah and Komar, contradicted the email communication about the "whats app" message quoted above. After conferring with Lira, they informed New Counsel for Liyanah

and Komar that to their knowledge there was no written proof of express authority to settle as to either the Liyanah or Komar cases.

11. The Edelson firm also stated that it had not and would not assert a lien on the files and was giving up any claim to fees in the Liyanah and Komar cases. The firm made clear it wanted the client's best interests to come first and that under the circumstances it would not be claiming any fees from these cases.

12. Accordingly, a court order is required to direct the Respondents to produce the full and complete client files, including but not limited to: the claimed "whats app" message, and any other documents relating to the claim that Liyanah and Komar provided express authority to settle at the amounts Boeing claims were accepted by Lira on their behalf.

WHEREFORE Plaintiffs Liyanah, Gibran Ali Rahardian, Anindita Rahmiana Sekarini, Epi Samsul Komar, and Dian Andriani request that this Court order Thomas Girardi, Girardi Keese, David Lira, and Keith Griffin to produce the client files, the claimed "whats app" message and any other documents relating to the claim that Liyanah and Komar provided express authority to settle.

                                                   LINYANAH, GIBRAN ALI
RAHARDIAN; ANINDITA RAHMIANA
SEKARINI and
EPI SAMSUL KOMAR, AND DIAN
ANDRIANI

By: /s/ Peter S. Lubin
       One of their attorneys

| | |
|---|---|
| Peter S. Lubin | Monica Ribbeck Kelly Wood-Prince |
| Patrick Austermuehle | Ribbeck Law Chartered |
| LUBIN AUSTERMUEHLE, P.C. | 505 North Lake Shore Drive Suite 102 |
| 360 West Butterfield Road, Suite 325 | Chicago, IL 60611 |
| Elmhurst, IL 60126 | (833) 883-4373 |
| (630) 333-0000 | monicakelly@ribbecklaw.com |
| peter@l-a.law | mail@ribbecklaw.com |
| patrick@l-a.law | |

4

## **CERTIFICATE OF SERVICE**

      I, Peter S. Lubin, the undersigned attorney, hereby certify that on December 16, 2020, I served a true and correct copy of the foregoing Liyanah and Komar Plaintiffs' Opposed Motion to Order Their Former Counsel to Produce Client Files and Evidence of Express Authority to Settle upon all counsel of record via the Court's CM/ECF System.

                                                   /s/ Peter S. Lubin