IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: Lion Air Flight JT 610 Crash | Lead Case No. 18-cv-07686 |
| This document relates to<br>Case Nos. 19-cv-2982, 19-cv-2979, 19-cv-2987, 19-cv-2980, 19-cv-5214, 19-cv-5215 | Hon. Thomas M. Durkin |

**MOTION OF EDELSON PC TO ENFORCE CONTEMPT ORDER
AS TO ERIKA GIRARDI**

On December 14, 2020, in response to Edelson PC's motion for a rule to show cause, the Court froze all of Tom Girardi's assets. However, Tom Girardi's wife, Erika Girardi, continues to offer tens of thousands of dollars' worth of her designer clothing for sale on the secondhand market, and has recently promoted that offering on her Twitter account (at a 10% discount). Although the couple has filed for divorce, Tom Girardi maintains an interest in the clothing. Because Erika Girardi is closely associated with Tom Girardi and has notice of the Court's injunction freezing Tom Girardi's assets, she is bound by it. Edelson PC requests that the Court order Erika Girardi to stop dissipating community assets and states as follows:

1.  Tom Girardi and his wife, Erika Girardi a/k/a Erika Jayne are and have been domiciled in California since their marriage on January 7, 2000.

2.  California has a community property regime under which "[e]xcept as otherwise provided by statute, all property, real or personal, wherever situated, acquired by a married person during the marriage while domiciled in [California] is community property." Cal. Fam. Code § 760. This system gives "both spouses equal interests and control over community property," and applies to "define third-party rights, such as creditor rights, against one or both spouses." *In re Brace*, 9 Cal. 5th 903, 928 (2020). Property acquired during marriage is presumed community property. *Id.* at 927-28.

1

3. Several hours after the Court entered the freeze order, Edelson PC provided notice and a copy of that order to Erika Girardi via email to her divorce attorney, Larry Ginsberg, at the email address provided on the divorce petition.

4. On December 16, 2020 at 2:27 pm CST, Erika Girardi posted the following tweet:



The tweet also includes a video showing racks of designer clothes and shoes that appear to be in Erika Girardi's closet.[1]

5. The link in the tweet goes to the app page for Vestiaire Collective, a French company that allows individuals to sell their used designer clothes. *See* Legal Information, Vestiaire Collective, https://us.vestiairecollective.com/legal-information.shtml. On that site, Erika Girardi is offering to sell tens of thousands of dollars' worth of designer clothing from Chanel, Versace, Gucci, Armani, and others.[2]

6. On information and belief, some and likely all of the property offered for sale is community property in which Tom Girardi has an interest, and is therefore among his assets. For example, one of the items offered for sale is a $1,000 dress from Australian label Ellery.[3] Ellery

---

[1] https://twitter.com/erikajayne/status/1339306256079626241
[2] https://us.vestiairecollective.com/members/profile-10032013.shtml
[3] https://us.vestiairecollective.com/women-clothing/dresses/ellery/black-wool-ellery-dress-12238317.shtml

was founded during the Girardis' marriage and the dress therefore could not have been acquired prior to the marriage.[4]

7. Further, while Edelson is unaware of the exact relationship between Vestiaire Collective and Erika Girardi, Erika Girardi may be attempting to move Tom Girardi's assets outside the United States by selling them through a French company.

8. Although Erika Girardi is not herself a party to the asset freeze order, she is bound by it. "[A]n injunction is binding on the parties to the proceeding; their officers, agents, and employees (acting in that capacity); and nonparties with notice who are either 'legally identified' with a party or who aid and abet a party's violation of the injunction." *Nat'l Spiritual Assembly of Baha'is of U.S. Under Hereditary Guardianship, Inc. v. Nat'l Spiritual Assembly of Baha'is of U.S., Inc.*, 628 F.3d 837, 840 (7th Cir. 2010). "[T]he 'legal identity' justification for binding nonparties is limited to those who have notice of the injunction and are so closely identified in interest with the enjoined party that it is reasonable to conclude that their rights and interests were adjudicated in the original proceeding." *Id.*

9. Here, Erika Girardi has notice of the injunction, because a copy of it was sent to her attorney. And even though divorce proceedings have been initiated, Erika Girardi could not be more closely associated with Tom Girardi. The property she is attempting to sell likely belongs, in part, to Tom Girardi, and she is only permitted to manage or sell it as a fiduciary to Tom Girardi. *In re Marriage of Prentis-Margulis & Margulis*, 198 Cal. App. 4th 1252, 1269 (2011).

10. In addition, Edelson PC suspects that Tom Girardi and Erika Girardi have acted and continue to act in concert to divert money from Girardi Keese for their personal use. One of

---

[4] Natalie Rigg, *5 Reasons That Cool, Under-the-Radar Australian Label Ellery Is Poised for a Major Breakout*, Vogue (April 13, 2015), https://www.vogue.com/article/ellery-fall-2015-australian-fashion-week.

3

Tom Girardi's creditors attested to $20 million in "loans" advanced to Erika Girardi's company by Girardi Keese. Declaration of Alan L. Zimmerman, ¶ 13, *Law Fin. Grp. v. Girardi Keese*, No. 19STCV01455 (Sup. Ct. Los Angeles Cty. August 5, 2019) (attached hereto as Exhibit 1). Given the opacity of Tom Girardi and Girardi Keese's finances, there is every reason to believe that Erika Girardi has client money.

11. Simply put: the Court froze all of Tom Girardi's assets, and that means all community property is frozen too. Erika Girardi must stop selling her clothes.

**WHEREFORE**, Edelson PC respectfully requests that the Court 1) direct Erika Girardi to immediately cease selling any clothing she acquired during her marriage to Tom Girardi; 2) direct Erika Girardi to deposit any money she received from the sale of the clothing after entry of the freeze order with the Clerk of this Court within 24 hours; 3) grant any such further relief as it deems reasonable and just.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **EDELSON PC** |
| Dated: December 18, 2020 | /s/ Jay Edelson |
|  | Jay Edelson |
|  | jedelson@edelson.com |
|  | Benjamin H. Richman |
|  | brichman@edelson.com |
|  | Ari Scharg |
|  | ascharg@edelson.com |
|  | EDELSON PC |
|  | 350 North LaSalle St., 14th Floor |
|  | Chicago, Illinois 60654 |
|  | Tel: 312.589.6370 |
|  | Fax: 312.589.6378 |
|  | Rafey S. Balabanian |
|  | rbalabanian@edelson.com |
|  | EDELSON PC |
|  | 123 Townsend Street, Suite 100 |

San Francisco, CA 94107
Tel: 415.212.9300
Fax: 415.373.9435

5

## CERTIFICATE OF SERVICE

I hereby certify that I caused the above and foregoing to be served on all counsel of record via CM/ECF and caused the same to be served upon Larry Ginsberg, divorce counsel for Erika Girardi, via electronic mail at lginsberg@harris-ginsberg.com.

Dated: December 18, 2020 /s/ Jay Edelson