# Exhibit 1

Electronically FILED by Superior Court of California, County of Los Angeles on 08/05/2019 07:24 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Sanchez,Deputy Clerk

1 EISNER, LLP
CHRISTOPHER FROST (SBN 200336)
2 cfrost@eisnerlaw.com
KATHERINE R. PIERUCCI (SBN 301051)
3 kpierucci@eisnerlaw.com
9601 Wilshire Boulevard, 7th Floor
4 Beverly Hills, California 90210
Telephone: (310) 855-3200
5 Facsimile: (310) 855-3201

6 LESLIE D. CORWIN (*pro hac vice*)
lcorwin@eisnerlaw.com
7 152 West 57th Street, 48th Floor
New York, New York 10019
8 Telephone: (646) 876-2600
Facsimile: (646) 876-2599
9
Attorneys for Plaintiff
10 LAW FINANCE GROUP, LLC

11          SUPERIOR COURT FOR THE STATE OF CALIFORNIA

12          COUNTY OF LOS ANGELES – CENTRAL DISTRICT

13

14 LAW FINANCE GROUP, LLC, a California          Case No. 19STCV01455
limited liability company,
15                                               [Hon. Gregory W. Alarcon, Dept. 36]
                              Plaintiff,
16                                               **DECLARATION OF ALAN L.**
          vs.                                    **ZIMMERMAN IN SUPPORT OF**
17                                               **PLAINTIFF LAW FINANCE GROUP, LLC'S**
GIRARDI KEESE, a California law firm;            **RESPONSE TO REQUEST OF JUDGMENT**
18 THOMAS V. GIRARDI, an individual; and         **DEBTORS TO THE COURT TO ACCEPT**
DOES 1 through 10, inclusive,                    **THE DECLARATION OF THOMAS V.**
19                                               **GIRARDI AND REQUEST TO HAVE A**
                              Defendants.        **HEARING TO REMOVE THE ENTRY OF**
20                                               **JUDGMENT**

21                                               *[Plaintiff's Response filed concurrently]*

22                                               Action Filed: January 17, 2019

23

24

25

26                                        1
     DECLARATION OF ALAN L. ZIMMERMAN IN SUPPORT OF PLAINTIFF LAW FINANCE
27   GROUP, LLC'S RESPONSE TO REQUEST OF JUDGMENT DEBTORS TO THE COURT TO
     ACCEPT THE DECLARATION OF THOMAS V. GIRARDI AND REQUEST TO HAVE A
28                  HEARING TO REMOVE THE ENTRY OF JUDGMENT

EISNER
9601 WILSHIRE BOULEVARD, 7TH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

**E I S N E R**

9601 WILSHIRE BOULEVARD, 7TH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

## <u>DECLARATION OF ALAN L. ZIMMERMAN</u>

I, Alan L. Zimmerman, do hereby declare and state as follows:

1. I am the Chief Executive Officer of the Plaintiff, Law Finance Group, LLC ("LFG") in the above-captioned action, and am authorized to make this Declaration on its behalf. I am over 18 years of age and have been licensed to practice law in the State of California since 1971. Except where otherwise stated, I have personal knowledge as to the facts set forth herein, and I could and would testify competently as to same.

2. This lawsuit arose out of substantial loans LFG made to Girardi Keese, guaranteed by Thomas Girardi, that we ultimately settled, but for which Girardi Keese and Mr. Girardi still owe LFG $6 Million. Pursuant to the parties' Stipulation for Entry of Judgment, the Court entered judgment—a judgment that, for the reasons set forth herein and in the Response of LFG's counsel, there is no reason to upset now.

### <u>The Underlying Relationship</u>

3. In order to understand context, in or around May 2018, the parties ultimately decided to end the financing relationship between LFG and Judgment Debtors. At that time, the Judgment Debtors had an outstanding balance of $13,225,885 on the Loan. I reached out to Mr. Girardi several times in May 2018 requesting an update on the payoff status, offered to work with him and his law firm if they were having trouble making payments, and even agreed to coordinate with another lender that Mr. Girardi had chosen. However, Mr. Girardi ignored my communications. True and correct copies of my May 2018 correspondence to Mr. Girardi is attached hereto as **Exhibit A**.

4. On May 29, 2018, Mr. Girardi admitted that he had "totally, negligently violated the agreement." A true and correct copy of Mr. Girardi's May 29, 2018 correspondence is attached hereto as **Exhibit B.**

5. By July 2018, Judgment Debtors were in default on the Loan Agreement and I had still not heard anything from them or received any further payments. A true and correct copy of my

2

**E I S N E R**

9601 WILSHIRE BOULEVARD, 7TH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

July 11, 2018 correspondence to Mr. Girardi is attached hereto as **Exhibit C**.

6.   When it became clear that Judgment Debtors were unable to pay the outstanding debt on the Loan, LFG agreed to forbear from exercising its remedies.  LFG and Judgment Debtors entered into a written forbearance agreement as of August 1, 2018 (the "Forbearance Agreement"). Pursuant to the Forbearance Agreement, Judgment Debtors expressly admitted they were in default on the Loan based on, among other things, their failure to timely repay the Loan from the proceeds Girardi Keese had received from certain cases, in direct violation of the terms of the Loan Agreement with LFG.

7.   Judgment Debtors immediately defaulted on the Forbearance Agreement.  I reached out to Mr. Girardi on September 11, 2018, after receiving a letter from him that stated he was borrowing money from another lender to "take care of Law Finance."  However, LFG never received any payment.  A true and correct copy of my September 11, 2018 correspondence to Mr. Girardi is attached hereto as **Exhibit D**.

8.   On October 8, 2018, I again reached out to Mr. Girardi regarding his failure to comply with the Forbearance Agreement.  A true and correct copy of my October 8, 2018 correspondence to Mr. Girardi is attached hereto as **Exhibit E**.  Mr. Girardi ignored this letter, which is why LFG had no choice but to retain counsel. However, even after retaining counsel, LFG still hoped to resolve this dispute without resorting to formal measures.

9.   My correspondence with Mr. Girardi only partially reflects the efforts made by LFG to work with Mr. Girardi in any way possible to resolve this dispute informally before resorting to formal litigation. Counsel for LFG also continued these efforts on LFG's behalf after their engagement. However, our efforts were simply ignored by Mr. Girardi, who instead chose to pay off other junior lenders and further encumber Judgment Debtors' assets at LFG's expense.

10.   In the meantime, LFG learned that Judgment Debtors had been actively seeking more than $30 Million in additional funding from other lenders, thereby further leveraging Girardi Keese,

3

DECLARATION OF ALAN L. ZIMMERMAN IN SUPPORT OF PLAINTIFF LAW FINANCE GROUP, LLC'S RESPONSE TO REQUEST OF JUDGMENT DEBTORS TO THE COURT TO ACCEPT THE DECLARATION OF THOMAS V. GIRARDI AND REQUEST TO HAVE A HEARING TO REMOVE THE ENTRY OF JUDGMENT

1   in direct contravention of our written agreement, which expressly prohibits Judgment Debtors from

2   further encumbering the collateral.  In other words, Judgment Debtors have repeatedly displayed

3   their willingness to simply ignore their contractual obligations.

4                    **The Filing Of This Lawsuit And Girardi's Response**

5          11.    Finally, based on continued nonpayment, LFG had no choice but to file this lawsuit.

6   Although the underlying contractual documents have an arbitration provision, LFG filed in Superior

7   Court because that is the procedurally-proper mechanism for seeking attachment relief.

8          12.    Almost immediately upon receiving the lawsuit, Mr. Girardi began threatening my

9   counsel.  Among other correspondence, Mr. Girardi wrote letters to the Eisner law firm threatening

10  to sue the firm for more than $100 Million for having filed this lawsuit.  And threatened that he had

11  spoken to several LA Superior Court judges, whom he said told him that the law firm better not

12  appear in front of them again.  A true and correct copy of this letter is attached as **Exhibit F**.

13         13.    Although Judgment Debtors claim that the lawsuit contains inflammatory and untrue

14  allegations that Mr. Girardi was using LFG loaned money to fund his lavish personal lifestyle, that

15  allegation is supported by documentary evidence obtained by LFG reflecting that very substantial

16  sums, denominated as "loans," had been advanced by the law firm of Girardi Keese to Girardi's wife

17  Erika Jayne's company, EJ Global LLC, and that that number increased to over $20 million after

18  Defendants obtained financing from LFG.

19         14.    In connection with the filing of this lawsuit, and as I allude to above, LFG also sought

20  writs of attachment against Judgment Debtors.  On the morning of the attachment hearing before the

21  Honorable Mitchell Beckloff of this Court, and before the hearing occurred, Judgment Debtors

22  agreed to go to Mediation (which LFG had been requesting for months), and on that basis, LFG

23  agreed to continue the attachment hearing.

24

25

26                                        4

27  DECLARATION OF ALAN L. ZIMMERMAN IN SUPPORT OF PLAINTIFF LAW FINANCE
    GROUP, LLC'S RESPONSE TO REQUEST OF JUDGMENT DEBTORS TO THE COURT TO
28  ACCEPT THE DECLARATION OF THOMAS V. GIRARDI AND REQUEST TO HAVE A
    HEARING TO REMOVE THE ENTRY OF JUDGMENT

**EISNER**
9601 WILSHIRE BOULEVARD, 7TH FLOOR
BEVERLY HILLS, CALIFORNIA  90210

**E I S N E R**
9601 WILSHIRE BOULEVARD, 7TH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

### The Settlement Agreement

15.     At the Mediation, which I attended before the Honorable Howard Wiener, the parties agreed on a Settlement Agreement—a true and correct copy of which is attached as **Exhibit G**— whereby Judgment Debtors would pay $16 Million by June 7, 2019.  The Settlement Agreement contains a general release from Judgment Debtors to LFG, and, once all payments are received, a general release from LFG to Judgment Debtors.   The Settlement Agreement also contains confidentiality and CCP section 664.6 enforcement provisions.

16.     Judgment Debtors timely paid $10 Million, but were not able to pay the additional $6 Million.  At Judgment Debtors' request and as a further courtesy, LFG agreed to provide Judgment Debtors an additional 30 days to pay the $6 million, until July 7, 2019, so long as Judgment Debtors signed a Stipulation for Entry of Judgment.  Judgment Debtors signed the Stipulation for Entry of Judgment in the same form as was submitted to the Court, and which the Court ultimately signed.

17.     As of July 7, 2019, Judgment Debtors still had not paid the $6 Million.  That amount remains unpaid.

18.     On or about July 8, 2019, LFG submitted the Stipulation for Entry of Judgment to the Court for signature and personally served the same.  This Court signed the judgment on or about July 30, 2019.

### Judgment Debtors Belatedly Attempt To Attack The Judgment

19.     Although Judgment Debtors now attempt to convince the Court to revisit the judgment, there is no reason to do so.  Mr. Girardi admits in his Declaration that the $6 Million that was due on June 7, 2019, and extended to July 7, 2019, is still due and owing.  Additionally, I am not aware of anyone disputing the validity of the Settlement Agreement or Stipulation for Entry of Judgment, any of their terms, or the fact that Judgment Debtors negotiated and agreed to those terms with advice of independent counsel.

5

DECLARATION OF ALAN L. ZIMMERMAN IN SUPPORT OF PLAINTIFF LAW FINANCE GROUP, LLC'S RESPONSE TO REQUEST OF JUDGMENT DEBTORS TO THE COURT TO ACCEPT THE DECLARATION OF THOMAS V. GIRARDI AND REQUEST TO HAVE A HEARING TO REMOVE THE ENTRY OF JUDGMENT

20.     Although Judgment Debtors claim that the parties should be sent to arbitrate this matter, this litigation is over, per the Settlement Agreement.  There is no arbitration provision in the Settlement Agreement; rather, the Settlement Agreement is clear at Paragraph 4, and the Stipulation for Entry of Judgment is equally clear, that this Court has jurisdiction to enforce the parties' settlement.  And although Judgment Debtors continue to take issue with the fact that this lawsuit was originally filed in Court instead of Arbitration, that is no longer an issue, given the Mediation, which resulted in the Settlement Agreement.  In any event, as LFG has repeatedly explained, LFG was required to file papers in this Court in order to seek attachment relief—requested relief LFG took off calendar after the parties proceeded to mediation and settled, and before Judgment Debtors launched this purported attack on the judgment.

21.     I also do not give any credence to Judgment Debtors' attack that the complaint contains purportedly inflammatory information to be a basis to set aside the judgment.  Judgment Debtors claim LFG included an unwarranted attack in their complaint by claiming that Mr. Girardi was using LFG's money to support his lavish lifestyle, but even if that were somehow relevant here, LFG's allegations are true.  As explained above, LFG has obtained financial records that demonstrate that Girardi has been using Girardi Keese funds to "loan" over $20 Million dollars to his wife's company, EJ Global.  LFG even tried previously to redact the name of the recipient of these funds from the prior filings, in order to save Mr. Girardi the embarrassment; but Judgment Debtors keep putting this issue front and center in their filings.

22.     Also contrary to what Judgment Debtors claim, LFG has not acted in bad faith, and any claims for this or malicious prosecution or fraud were previously released in the Settlement Agreement.  In any event, LFG has always acted with the utmost good faith.  LFG loaned Judgment Debtors the money at issue in this litigation and gave them extension after extension of time to pay.  During that time, Judgment Debtors put money in their own pockets that was secured by LFG, and continue to do so and paid other junior creditors ahead of LFG.  This continues to happen and to

6

DECLARATION OF ALAN L. ZIMMERMAN IN SUPPORT OF PLAINTIFF LAW FINANCE GROUP, LLC'S RESPONSE TO REQUEST OF JUDGMENT DEBTORS TO THE COURT TO ACCEPT THE DECLARATION OF THOMAS V. GIRARDI AND REQUEST TO HAVE A HEARING TO REMOVE THE ENTRY OF JUDGMENT

**EISNER**

9601 WILSHIRE BOULEVARD, 7TH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

prejudice LFG. For instance, LFG just learned that Judgment Debtors were awarded $2.5 Million in fees and $1 Million in costs in the recent *Saldana* litigation, LASC Case No. BC605449. This amount is secured by LFG, but Judgment Debtors refuse to allow that money to be turned over to LFG, despite written demands to Judgment Debtors, their counsel, and their opposing counsel in that litigation, copies of which are attached hereto as **Exhibit H**.

23.    To be clear, it is Judgment Debtors who are not being honest. Just as one example, in the Forbearance Agreement that Girardi Keese entered into with LFG, Mr. Girardi agreed to provide LFG a deed of trust on his house to secure payments promised in the Forbearance Agreement. Mr. Girardi now falsely and with no documentary support claims that LFG was not allowed to record it. Based upon Girardi Keese many defaults and false promises, LFG now has the right, similar to that of a mortgage, to foreclose on Mr. Girardi's house under the terms of the Forbearance Agreement that Girardi Keese and Thomas Girardi made with LFG and the signed and acknowledged deed of trust delivered to LFG expressly for recording. As a courtesy to Girardi, LFG has not yet exercised its foreclosure rights against Mr. Girardi's house. Attached hereto as **Exhibit I** is a letter I sent to Mr. Girardi on November 8, 2018 referring to the fact, inter alia, that LFG had the recorded deed of trust on his house.

24.    LFG is being prejudiced by Judgment Debtors' delay tactics. The longer it takes for LFG to begin collection efforts, the more prejudice is being caused. LFG is aware that Judgment Debtors continue to meet with other potential funders about additional loans. LFG knows that Judgment Debtors have also paid other junior lenders ahead of LFG. At least one other lawsuit by another funder is now pending against Judgment Debtors in Arizona, which includes allegations of fraud based on the same misconduct for which LFG sued Judgment Debtors. LFG is also aware that Judgment Debtors continue to take in money secured to LFG and refuses to pay that money to LFG, including for instance, the fee award from the *Saldana* litigation, LASC Case No. BC605449

**E I S N E R**

9601 WILSHIRE BOULEVARD, 7TH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

7

referenced above.  The only way to prevent further prejudice and harm to LFG is to not revisit the judgment, and to allow collection efforts to continue.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 5th day of August, 2019 in Austin, Texas.

_____

Alan L. Zimmerman

EISNER

9601 WILSHIRE BOULEVARD, 7TH FLOOR
BEVERLY HILLS, CALIFORNIA  90210

8

DECLARATION OF ALAN L. ZIMMERMAN IN SUPPORT OF PLAINTIFF LAW FINANCE GROUP, LLC'S RESPONSE TO REQUEST OF JUDGMENT DEBTORS TO THE COURT TO ACCEPT THE DECLARATION OF THOMAS V. GIRARDI AND REQUEST TO HAVE A HEARING TO REMOVE THE ENTRY OF JUDGMENT

# EXHIBIT A



**From:** "Alan L. Zimmerman"
**Date:** Wednesday, May 9, 2018 at 1:55 PM
**To:** Tom Girardi
**Cc:** "Alan L. Zimmerman"
**Subject:** Loan Payoff

Tom,

I am happy that we had a chance to catch up with you this morning. As I said, I am very sorry that we are not a good match to meet your firm's financial needs.

We would be happy to support your efforts in paying off the current balance by May 31, 2018, as agreed, by working with another lender that you have chosen.

If there are any complications in your accomplishing the payoff be the end of the month, please let me know as soon as possible.

Best regards,

Alan



**A Funding Provider with Legal DNA**

**Alan Zimmerman**

CEO/Legal Counsel

12600 Hill Country Boulevard, Suite R-275

Austin, TX 78736

Ten Rockefeller Plaza, Suite 1001

New York, NY 10020

T: (415) 446-2302 F: (415) 446-2301 C: (415) 203-5234

Email: azimmerman@lawfinance.com

www.lawfinance.com

**Funding for Civil Justice Since 1994**

This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you have received this email in error, please immediately notify me by telephone and permanently delete the original and any copy of any email and any printout thereof.



**From:** "Alan L. Zimmerman"
**Date:** Wednesday, May 23, 2018 at 5:36 PM
**To:** Tom Girardi
**Cc:** "Alan L. Zimmerman"
**Subject:** Loan Payoff Status

To,

Just checking in regarding your payoff of our loan by May31st?

If you have any questions or are working on it and need a little more time, please let me know.

Hope all is well.

Best regards,

Alan



**A Funding Provider with Legal DNA**

**Alan Zimmerman**
CEO/Legal Counsel
12600 Hill Country Boulevard, Suite R-275
Austin, TX 78736
Ten Rockefeller Plaza, Suite 1001
New York, NY 10020
T: (415) 446-2302 F: (415) 446-2301 C: (415) 203-5234
Email: azimmerman@lawfinance.com
www.lawfinance.com

**Funding for Civil Justice Since 1994**

This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you have received this email in error, please immediately notify me by telephone and permanently delete the original and any copy of any email and any printout thereof.



**From:** "Alan L. Zimmerman"
**Date:** Tuesday, May 29, 2018 at 12:46 PM
**To:** Tom Girardi
**Cc:** "Alan L. Zimmerman" , Kevin McCaffrey
**Subject:** Re: Loan Payoff Status

Tom,

I have not received a response to my May 23, 2018 email, below. You had advised me that you would be paying your loan off by the end of May and we are only a few days from that date. The amount due as of May 31, 2018 is $13,224,885.

Would you kindly update me on the payoff status?

If you have any questions, you can reach me today on my cell: 415-203-5234.

Thank you for addressing this.

Best regards,

Alan



**A Funding Provider with Legal DNA**

**Alan Zimmerman**
CEO/Legal Counsel
12600 Hill Country Boulevard, Suite R-275
Austin, TX 78736
Ten Rockefeller Plaza, Suite 1001
New York, NY 10020
T: (415) 446-2302 F: (415) 446-2301 C: (415) 203-5234
Email: azimmerman@lawfinance.com
www.lawfinance.com
**Funding for Civil Justice Since 1994**
This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you have received this email in error, please immediately notify me by telephone and permanently delete the original and any copy of any email and any printout thereof.

**From:** "Alan L. Zimmerman"
**Date:** Wednesday, May 23, 2018 at 5:36 PM
**To:** Tom Girardi
**Cc:** "Alan L. Zimmerman"
**Subject:** Loan Payoff Status

To,

Just checking in regarding your payoff of our loan by May 31st?

If you have any questions or are working on it and need a little more time, please let me know.

Hope all is well.

Best regards,

Alan



**A Funding Provider with Legal DNA**

**Alan Zimmerman**
CEO/Legal Counsel
12600 Hill Country Boulevard, Suite R-275
Austin, TX 78736
Ten Rockefeller Plaza, Suite 1001
New York, NY 10020
T: (415) 446-2302 F: (415) 446-2301 C: (415) 203-5234
Email: azimmerman@lawfinance.com
www.lawfinance.com
**Funding for Civil Justice Since 1994**
This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged

and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you have received this email in error, please immediately notify me by telephone and permanently delete the original and any copy of any email and any printout thereof.

# EXHIBIT B



GIRARDI | KEESE
LAWYERS

May 29, 2018

Alan L. Zimmerman                          *Via Email:*
CEO/Legal Counsel                          *azimmerman@lawfinance.com*
LAW FINANCE GROUP
591 Redwood Highway, Suite 1200
Mill Valley, CA  94941

Dear Alan:

First of all, let me say that I totally, negligently violated the agreement to repay out of the Carson/Shell fees. Quite honestly, I thought this was simply a loan to our law firm. I truly did not appreciate the fact that I should have been distributing money to pay it off out of one case. From the bottom of my heart, this was innocent.

The firm's massive success in the past years has brought us hundreds of cases from all over the country. As you know, it takes a great deal of time and money to properly evaluate those matters. In Porter Ranch, we have 8,200 clients. We have already put out more than $4 million in costs. This number would probably go to 10 or 12. The return, however, will be terrific.

As we were retained in more than 2,000 cases outside of Porter Ranch, a great deal of money had to be put in.

We have more than $90 million outstanding in costs advanced on our cases.

The recent honors given to us: "Lawyer of the Decade"; Super Lawyers listing me as the No. 1 lawyer in Southern California for the past five years in a row; plus numerous other acknowledgements of our firm's ability has been mixed blessings. On the other hand, we now have more cases to sustain our law firm for the next seven years if we do not get another case.

Once again, however, I should have realized that this was not a loan, but a loan to be repaid out of a certain case. I truly apologize. I am making good progress on obtaining fees. Some from Carson and some from a combination of bank loans and loans from companies like yours. I do not quite have everything in order, but I'm making very good progress.

Alan Zimmerman
CEO/Legal Counsel
LAW FINANCE GROUP
May 29, 2018
Page 2

I told one lending company about your idea of loaning money on costs and they thought it was terrific. I am setting up a special account so that as soon as the settlement is received, the costs repaid will go directly in that account. Our cost account is 98% recoverable. We have also received an offer on one of the cases which will pay our firm $25 million plus the costs advanced. Given the complexities of the case, I'm sure money will not change hands for at least three months. As you know, I have a $250 million financial statement. As you know, I'm the sole equity owner of the firm. I believe I have personally guaranteed the loan, but if I haven't, this letter confirms my personal guarantee. One of my stock agreements is worth $50 million, but I am not able to sell the stock for another 60 days. This is not included on my personal financial statement.

In short, I would like for you to give me a little more time. I believe I can give you some positive dates and hopefully, partial payment in two-to-three weeks.

With kind regards,

THOMAS V. GIRARDI

TVG:sf

# EXHIBIT C

# Law Finance Group

www.LawFinance.com

OFFICE WEST  591 Redwood Hwy | Suite 1200 | Mill Valley CA  94941

OFFICE CENTRAL  12600 Hill Country Blvd | Suite R-275 | Austin TX  78738                PHONE  415-446-2300

OFFICE EAST  Ten Rockefeller Plaza | Suite 1001 | New York  NY  10020

July 3, 2018

Reply to:
Austin, Texas Address

<u>VIA EMAIL AND UPS</u>

Thomas V. Girardi, Esq.
Girardi Keese
1126 Wilshire Blvd.
Los Angeles, CA 90017

Re: Status of Loan to Girardi Keese

Tom,

I have been unsuccessful since last week in my efforts to reach you.  I am awaiting receipt of the complete details for commitment that you made to me at our June 14, 2018 meeting. Given that you are very busy, I thought it best to write this letter in order to get your attention.

At our meeting (which I felt was very constructive), I ask you for and you agreed to provide by June 30 a list of specific cases and timetable that would fully pay off your current loan over the next few months. As you are admittedly very busy representing many clients and overseeing the firm's rapidly growing inventory of clients and cases, you agreed to designate someone, other than yourself, to oversee the repayment process and to be the day-to-day liaison with LFG on logistics and the status for the loan repayment.

Tom, I have not been able to reach you since our brief call on Monday of last week, June 25, 2018. I tried you both at the office and on your cell several times.  Would you please take time, now, to get back to me with the plan or status for repayment that you promised and the name of the person that you have designated to liaise with LFG?

A Funding Provider with Legal DNA                                A California Licensed Lender

21

Thomas Girardi, Esq.
July 3, 2018
Page2

The last thing either of us want to happen is to have this slip into a distressed loan situation- particularly, for lack of communication.

I look forward to hearing back from you, as soon as possible. You can reach me any time on my cell: 415-203-5234.

Thank you, Tom.

Best regards,

Alan L. Zimmerman
CEO



On 7/11/18, 11:18 PM, "Alan Zimmerman" <azimmerman@lawfinance.com> wrote:

Tom,
I don't know why you are not returning my calls or letter. I am disappointed. Can you call and explain?

Alan Zimmerman
From cell: 415-203-5234

# EXHIBIT D



**From:** "Alan L. Zimmerman"
**Date:** Tuesday, September 11, 2018 at 4:52 PM
**To:** Tom Girardi
**Cc:** "Alan L. Zimmerman" , Skip Keesal
**Subject:** Please call me

Toms,

I have tried to reach you on the phone this afternoon and left a message with Shirleen for a call back.

Your September 7, 2018 letter indicates that you are borrowing money to be used to "take care of Law Finance". If you will be specific about what you will do to pay off the loan, it may facilitate our providing a response that will be constructive for both Girardi Keese and Law Finance.

Please call me at your convenience. We are in a position where we will need to take some action and want to avoid any unnecessary difficulties or misunderstandings. You can reach me on my cell: 415-203-5234.

Thank you, Tom.

Best regards,

Alan



**A Funding Provider with Legal DNA**

**Alan Zimmerman**
CEO/Legal Counsel
12600 Hill Country Boulevard, Suite R-275
Austin, TX 78736
Ten Rockefeller Plaza, Suite 1001
New York, NY 10020
T: (415) 446-2302 F: (415) 446-2301 C: (415) 203-5234
Email: azimmerman@lawfinance.com
www.lawfinance.com

**Funding for Civil Justice Since 1994**

This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you have received this email in error, please immediately notify me by telephone and permanently delete the original and any copy of any email and any printout thereof.

# EXHIBIT E



**From:** "Alan L. Zimmerman"
**Date:** Monday, October 8, 2018 at 11:34 AM
**To:** Tom Girardi
**Cc:** "Alan L. Zimmerman" , Skip Keesal , "Robert H. Bunzel"
**Subject:** Compliance with Forbearance Agreement

Tom,

Last month we entered into a Forbearance Agreement with Girardi Keese and with you, as Guarantor. One of the deliverables is a deed of trust on your residence, which has not been not timely received. There are other deliverables due on October 15, 2018.

You called me on Friday, September 28, 2018, and told me that you had been traveling and that you were aware that you needed to attend to the Forbearance Agreement deliverables. During the call, I reminded you of our agreement and that the deed of trust was due shortly. You assured me that you would attend to the agreement's obligations.

Tom, you must give our Forbearance Agreement your immediate attention in order

to avoid our necessity to declare a default and to pursue our legal remedies to obtain your performance, as agreed.

In addition, please advise us on the status of the new financing that you anticipated obtaining when you requested us to subordinate our claim to the first $10 Million in fees from the Porter Ranch cases. We anticipated receiving a document to fully implement that subordination from the lender by now. Please let me know that status and the terms of the new financing that you are obtaining.

Tom, your prompt attention to this is needed.

Best regards,


Alan



**A Funding Provider with Legal DNA**

**Alan Zimmerman**
CEO/Legal Counsel
12600 Hill Country Boulevard, Suite R-275
Austin, TX 78736
Ten Rockefeller Plaza, Suite 1001
New York, NY 10020
T: (415) 446-2302 F: (415) 446-2301 C: (415) 203-5234
Email: azimmerman@lawfinance.com
www.lawfinance.com
**Funding for Civil Justice Since 1994**

This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you have received this email in error, please immediately notify me by telephone and permanently delete the original and any copy of any email and any printout thereof.

# EXHIBIT F



GIRARDI | KEESE
LAWYERS

January 28, 2019


Christopher Frost, Esq.
Emily Luna, Esq.
EISNER, APC
9601 Wilshire Boulevard, 7th Floor
Beverly Hills, CA   90210

**Re:   Law Finance Group, LLC**

Dear Mr. Frost and Ms. Luna:

The purpose of this letter is for you to advise your malpractice insurance carrier and your
client that there's a very large claim being asserted for your misrepresentations of fraud
and deceit in the complaint filed against me.  Your claim that I used one penny of the
funds for my "lifestyle" is total fraud.  I, however, have been massively damaged.  The
last fraudulent encounter was my discussions with your client that I had a commitment to
buy out the loan.  That was validated by your client in his conversations with the
representative of the new lending company.  The largest case the law firm is currently
handling is the Porter Ranch case.  We believe a reasonable value of settlement will be in
excess of $1 billion for our clients.  We have a 25% contingent fee interest in the case.
We have already invested $5 million in costs and immediately need another $4 million to
properly present the case.  A law funding company was willing to advance us the funds.
With your fraudulent complaint, they have now declined.  There's another lawyer
involved in the litigation that we have a fee agreement with on a few of the cases.  We
agreed to change the fee agreement in his favor if he put up the $4 million.  He has
agreed to do so.  This agreement will cost our firm between $25 million to $50 million at
the end of the case.

On another issue, I have a loan with Comerica Bank in the amount of $4 million.  It is
secured by $4 million worth of stocks in the Boyd Corporation.  Comerica wanted us to
close out the loan in light of your comments.  Banks generally do not loan 100% of value
of the stock.  The normal is about 60% of value.  Torrey Pines had agreed to loan 100%
of value until your lying document hit the press.  They now have reneged forcing me to
sell the stock.  This will cause a large tax problem since the stock was given to me as a
gift from Boyd for my 20 years of service on the Board.  This will be an additional

Christopher Frost, Eq.
Emily Luna, Esq.
EISNER, APC
January 28, 2019
Page 2

damage of $1,250,000. I will also mention that a very large case was rendered to me by a referring attorney. When the client read the false and despicable language of your complaint, he told the lawyer that he could not come to me. They went to another firm who I know very well. I told that lawyer the truth and that I would be filing a claim. He indicated to me that he will keep me advised and that the true value of the case would warrant between $1.5 and $2.0 million in legal fees. There are other damages I know that I will hear about. Four judges called me after they saw the lying materials. I told the judges the truth and that we would be filing a claim. Every one of them stated they better not come in his courtroom

We will accept $113 million to settle the case. It is not negotiable. We believe the punitive damages will make it even a larger verdict.

With kind regards,

THOMAS V. GIRARDI

TVG:sf

p.s. The offer is not negotiable. At the end of the trial, we will find if I'm a better lawyer or you a better liar.

# EXHIBIT G

## SETTLEMENT AGREEMENT

This Settlement Agreement ("**Settlement Agreement**") is entered into in Los Angeles County, California, this 6th day of May 2019 (the "**Effective Date**"), by and between Law Finance Group, Inc. and Law Finance Group, LLC (collectively, "**LFG**"), on the one hand, and Thomas V. Girardi, individually ("**Girardi**"), and Girardi Keese, ("**Girardi Keese**," and together with Girardi, the "**Defendants**"), on the other hand. LFG, Girardi, and Girardi Keese are hereinafter collectively referred to as the "**Parties**," and each individual, as a "**Party**."

## RECITALS

**WHEREAS,** pursuant to various financing agreements, LFG agreed to loan Girardi Keese the sum of Twelve Million Two Hundred Forty Thousand Dollars ($12,240,000) (the "**Loan**"), plus interest, in order to fund the law firm's operations;

**WHEREAS,** on or about March 28, 2016, to memorialize the Defendants' outstanding obligations, the parties entered into a "Term Loan and Security Agreement," which was amended and restated as of December 16, 2016 (the "**Loan Agreement**").

**WHEREAS,** to secure the debt owed under the Loan Agreement, Girardi Keese granted LFG a security interest in all assets of the firm, including all monies, legal fees, costs and other amounts that are or will become due to Girardi Keese from certain pending cases. LFG's security interest was perfected on or about November 15, 2015;

**WHEREAS,** pursuant to the Loan Agreement, Girardi Keese agreed to repay to LFG the principal sum of Twelve Million Two Hundred Forty Thousand Dollars ($12,240,000), plus all accumulated interest on the Loan immediately upon receipt of certain proceeds, including legal fees, received by Girardi Keese from certain pending litigation cases;

**WHEREAS,** pursuant to Section 5 of the Loan Agreement, Mr. Girardi expressly agreed in writing to personally guarantee all obligations owed by Girardi Keese under the Loan Agreement;

**WHEREAS,** on or about August 1, 2018, following default by Defendants, the Parties executed that certain Forbearance Agreement (the "**Forbearance Agreement**"), which was incorporated as an amendment to the Loan Agreement, whereby Defendants expressly admitted and acknowledged that they were in default under the Loan Agreement and that they had waived any and all defenses to their breaches.

**WHEREAS,** Defendants are currently in default under the Forbearance Agreement;

**WHEREAS,** on or about January 17, 2019, LFG filed a Complaint (the "**Complaint**") in Los Angeles Superior Court entitled *Law Finance Group, LLC v. Girardi Keese et al.,* Case No. 19STCV01455 (the "**Lawsuit**") asserting causes of action for breach of written contract and breach of written guaranty;

1

**WHEREAS,** the parties agreed to mediate, and participated in mediation on May 6, 2019, the Honorable Howard Weiner, retired, presiding. Pursuant to this mediation, upon the terms and conditions stated in this Settlement Agreement, the Parties agreed to resolve this matter without incurring additional legal fees and costs litigating over undisputed matters.

## TERMS OF SETTLEMENT AGREEMENT

IN CONSIDERATION OF the mutual releases, promises, covenants, representations, and warranties contained in this Settlement Agreement, including the recitals set forth above (which are incorporated herein by reference and made part of this Settlement Agreement), the Parties hereby agree as follows:

1. Defendants' Payment to LFG. Defendants, jointly and severally, agree to pay LFG the sum of $16 Million Dollars on or before June 7, 2019 (the "**Settlement Amount**"). Should Defendants fail to pay the full Settlement Amount by June 7, 2019, LFG reserves the right to either enforce the terms and conditions of this Settlement Agreement or void this Settlement Agreement and continue with the litigation.

2. Payment of the Settlement Amount by Third Party: Because the parties currently anticipate that the Settlement Amount will be paid from funds Defendants borrow from third party funder Virage Capital Management LP ("**Virage**") or other third party funder, the Parties will instruct Virage or the other third party funder: (i) to keep LFG updated on the status of the funding negotiations and discussions, and (ii) to pay the Settlement Amount directly to LFG at the first closing of any funding or other financing. Nothing in this provision relieves Defendants of the obligation to pay the Settlement Amount directly if Virage does not fund the anticipated loan. To the extent that Defendants can show that, in good faith they have been working to obtain the Settlement Amount, but have been unable to do so within the 30 days due to no fault of their own, LFG will, on written request from Defendants, and on production of a commitment letter from Virage or another third party funder, agree to extend the payment due date one time for an additional 30 days, to July 5, 2019. This extension, if provided, will not be deemed to be a default under the Settlement Agreement, or a waiver of any rights by LFG. In no event will the deadline for payment of the Settlement Amount be extended beyond July 5, 2019.

3. Deferral Of Attachment Proceedings. The Parties will cooperate in good faith to continue the pending attachment hearing until June 7, 2019, or the earliest convenient date for the Court thereafter.

4. Breach/664.6. With the exception of Paragraph 14 below, the Parties agree that the Superior Court of the State of California shall retain jurisdiction to enforce the terms of this Settlement Agreement pursuant to *Code of Civil Procedure* Section 664.6. The Parties agree that this Settlement Agreement may be introduced into evidence in any subsequent proceeding to enforce the terms of the Settlement Agreement. The remedy provided in this Paragraph 4 is not intended to be a sole remedy or to in any way limit LFG's right to seek any type of redress, claim or damages available under the law or at equity.

5. Release by Defendants. In return for the consideration provided in this Settlement Agreement, Defendants, along with their respective representatives, heirs, assignees, members, affiliates, successors, attorneys, insurers and agents hereby fully release and forever discharge

2

LFG and their respective representatives, trustees, heirs, assignees, affiliated companies, successors, attorneys, insurers and agents, and each of them, of and from any and all civil claims, demands, injuries and causes of action whatsoever from the beginning of time through the Effective Date of this Agreement relating to the Loan, Loan Agreement, Forbearance Agreement, the Lawsuit, or the claims that were or could have been brought in the Lawsuit. This Paragraph 5 of the Settlement Agreement does not release or discharge any obligation created by this Settlement Agreement.

6. <u>Release by LFG</u>. Except for such obligations, rights or claims as may be created by, contingent upon, or arise from the terms and conditions of this Settlement Agreement, LFG, and its respective representatives, trustees, heirs, assignees, affiliated companies, successors, attorneys, insurers and agents, upon final payment of the full Settlement Amount by Defendants, agree that they will fully release and forever discharge Defendants, and their respective representatives, trustees, heirs, assignees, affiliated companies, successors, attorneys, insurers and agents of and from any and all civil claims, demands, injuries and causes of action whatsoever from the beginning of time through the Effective Date of this Settlement Agreement relating to the Loan, Loan Agreement, Forbearance Agreement, the Lawsuit, or the claims that were or could have been brought in the Lawsuit. This Paragraph 6 of the Settlement Agreement does not release or discharge any obligation created by this Settlement Agreement. So that there is no doubt, the Release by LFG of Defendants is not and will not be deemed effective until such time as the Settlement Amount plus all accrued interest is paid in full.

7. The Parties acknowledge that they are familiar with Section 1542 of the California Civil Code and have consulted their own counsel regarding that section, which states:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER, MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Except as otherwise specifically set forth in this Settlement Agreement and expressly conditional upon timely payment of the Settlement Amount, the Parties waive any and all rights they have or may have under California Civil Code Section 1542. In connection with this waiver, the Parties agree and acknowledge that they may hereafter discover claims presently unknown or unsuspected with respect to the subject matter of this Settlement Agreement.

8. <u>Dismissal of the Civil Action</u>. Within 10 days of receipt of the full Settlement Amount, Plaintiff shall sign and file a Request for Dismissal of this action in its entirety.

9. <u>Confidentiality</u>. The terms of this Settlement Agreement are to be considered confidential by the Parties, and the Parties agree to take reasonable steps required to maintain the confidentiality of the terms of this Settlement Agreement, except in any legal proceeding to enforce performance of this Settlement Agreement or where disclosure is required by law or otherwise necessary to enforce LFG's rights.

3

10. <u>Binding on Successors</u>. The provisions of this Settlement Agreement shall be binding upon and shall inure to the benefit of the successors, assigns, heirs, beneficiaries, executors, representatives, administrators, and fiduciaries of the Parties.

11. <u>No Third Party Rights</u>. The Parties do not intend the benefits of this Settlement Agreement to inure to any third person not a signatory hereto, and no third party beneficiaries exist to it.

12. <u>Independent Advice of Counsel</u>. Each of the Parties represents and declares that in executing this Settlement Agreement he/it has relied solely upon its own judgment, belief and knowledge, and the advice and recommendations of its own independently selected counsel, concerning the nature, extent and duration of its rights and claims. The Parties acknowledge that they have executed this Settlement Agreement without fraud, duress or undue influence.

13. <u>No Prior Assignments</u>. Each of the Parties represents that they have not heretofore assigned to any other person or entity any of the rights or claims, or any portion thereof, which they may have against one another, and that they are aware of no fact, circumstance or reason that would limit in any manner the releases that they provide by this Settlement Agreement.

14. <u>Non-Disparagement</u>. The Parties agree that neither they nor any of their associates, affiliates, spouses, agents, or representatives will make any statements about the other that could reasonably be considered to be disparaging (whether true or otherwise) or defamatory about any other Party. To the extent either party intends to assert a claim for breach of this Paragraph 14, the Parties agree to submit that claim to mediation and, if unsuccessful or any demand for mediation is not accepted within 14 days, the Parties agree to submit a claim for violation of this Paragraph 14 to binding arbitration before JAMS in Los Angeles, California.

15. <u>Notice</u>. All notices required herein or any other correspondence pertaining to this Settlement Agreement shall be sent by electronic mail as follows:

| For Defendants: | Thomas Girardi, Esq. |
| | tgirardi@girardikeese.com |
| | Girardi Keese |
| | 1126 Wilshire Blvd. |
| | Los Angeles, CA 90017-1904 |
| For LFG: | Leslie Corwin, Esq. |
| | lcorwin@eisnerlaw.com |
| | Eisner, LLP |
| | 9601 Wilshire Boulevard, 7th Floor |
| | Beverly Hills, California 90210 |

16. <u>Waiver and Amendment</u>. No breach of any provision hereof can be waived unless in writing. Waiver of any one breach shall not be deemed to be a waiver of any other breach of the same or any other provision hereof. This Settlement Agreement may be amended only by a written Agreement executed by the Parties in interest at the time of the modification.

4

17. Counterparts and Electronic Execution. This Settlement Agreement may be executed in counterparts and each counterpart shall be deemed an original and shall become effective and binding on the Date of this Agreement. A photocopy or facsimile transmission of the signatures to this Agreement shall have the same force and effect as an original signature.

18. Severability. If any term, provision or condition contained in this Settlement Agreement shall, to any extent, be ruled invalid or unenforceable by a court of competent jurisdiction, the remainder of this Settlement Agreement (or the application of such term, provision or condition to persons or circumstances other than those in respect of which it is invalid or unenforceable), shall not be affected thereby, and each and every other term, provision and condition of this Settlement Agreement shall be enforceable to the fullest extent permitted by law.

19. Entire Fully Integrated Agreement. This Settlement Agreement constitutes the entire agreement among the Parties and it fully supersedes any and all prior understandings, representations, warranties and agreements, whether consistent or inconsistent with the terms hereof.

20. Signature Authority. By signing this Settlement Agreement below, each signatory represents and warrants that he has the requisite authority to sign for, and bind, the Party to the terms of this Settlement Agreement.

21. Governing Law/Jurisdiction/Venue. This Settlement Agreement shall be governed by, construed, and enforced in accordance with the laws of the State of California, without regard to conflict of law provisions. The Parties agree that any proceeding related to the enforcement of this Settlement Agreement shall take place in the Superior Court of California, Los Angeles County, Central Division.

IN WITNESS WHEREOF, the Parties hereto intend this Settlement Agreement to be effective as of the Effective Date of this Settlement Agreement.

**[SIGNATURES ON NEXT PAGE]**

5

Dated: May ___, 2019

LAW FINANCE GROUP, INC.
And
LAW FINANCE GROUP, LLC

By: _____
Alan Zimmerman

Dated: May ___, 2019

By: _____
Thomas Girardi, individually

Dated: May ___, 2019

GIRARDI KEESE

By: _____
Thomas Girardi, on behalf of Girardi Keese

6

# EXHIBIT H



# EISNER, LLP

July 16, 2019

**Via Email**
cgood@thegoodlaw.com
Christopher B. Good, Esq.
GOOD LAW
2934-1/2 N. Beverly Glen Circle
Suite 104
Los Angeles, CA 90077

   *Re:*   *Law Finance Group, LLC v. Girardi Keese, L.A.S.C. Case No. 19STCV01455*

Dear Chris:

   Please give us an update regarding the $6 million that remains unpaid.

   We understand that in accordance with the attached filed Order of May 28, 2019, Mr. Girardi and Girardi Keese were recently awarded $2.5 million in fees, and an additional $1 million in costs, in the matter of *Saldana, et al v. Garcia*, L.A.S.C., Case No. BC605449 (the "*Saldana* Matter"). As you are aware, pursuant to Paragraph 5 of the Loan and Security Agreement between Law Finance Group and Girardi Keese, Law Finance Group holds a security interest in, among other things, the legal fees, costs, and other amounts generated from all pending cases, including the *Saldana* Matter.

   Given this security interest, Law Finance Group hereby demands that the $3.5 million in fees and costs awarded Girardi Keese be paid directly to our client. Alternatively, Law Finance Group requests the $3.5 million be deposited with the Court, pending its anticipated *ex parte* application to have the proceeds paid directly to Law Finance Group.

   Quite naturally, should you wish to discuss the matter further, feel free to contact me. Your anticipated cooperation is appreciated and all rights and remedies are hereby expressly reserved.

                              Sincerely

                              Leslie D. Corwin

LDC/kw
Attachment

cc:     Christopher Frost (cfrost@eisnerlaw.com)

MC–351

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| THOMAS V. GIRARDI, ESQ. (SBN: 36603)<br>**GIRARDI | KEESE**<br>1126 Wilshire Boulevard<br>Los Angeles, CA 90017<br>TELEPHONE NO.: (213) 977-0211    FAX NO. *(Optional):* (213) 481-1554<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiffs | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>**MAY 28 2019**<br><br>SHERRI R. CARTER, EXECUTIVE OFFICER/CLERK<br>BY _____ Deputy<br>BENIGNO DEL BARRIO |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME: ERIKA SALDANA, et al, v. RALPH REFUGIO GARCIA, et al..

| ORDER APPROVING: | CASE NUMBER: |
|---|---|
| [ ] **COMPROMISE OF DISPUTED CLAIM**<br>[x] **COMPROMISE OF PENDING ACTION**<br>[ ] **DISPOSITION OF PROCEEDS OF JUDGMENT** | BC605449 |
| [x] **Minor**   [x] **Person With a Disability** | HEARING DATE, IF ANY: 11/04/2019   DEPT.: 39 |

1. Petitioner *(name):* ERIKA SALDANA _____ has petitioned for court approval of a proposed compromise of a disputed claim of a minor or a pending action involving a minor or a person with a disability or a proposed disposition of the proceeds of a judgment for a minor or a person with a disability.

2. **Hearing**
   a. [x] No hearing was held. The petition is an expedited petition under rule 7.950.5 of the California Rules of Court.
   b. [ ] Date:        Time:        Dept.:
   c. Judicial officer: Hon. Elizabeth R. Feffer

3. **Relationship to claimant**
   Petitioner has the following relationship or relationships to claimant *(check all applicable boxes):*
   a. [x] Parent
   b. [x] Guardian ad litem
   c. [ ] Guardian
   d. [ ] Conservator
   e. [ ] Claimant, an adult person with a disability, is the petitioner.
   f. [ ] Other *(specify):*

4. **Claimant** *(name):* ALBERT MARTINEZ
   a. [x] is a minor.
   b. [x] is a "person with a disability" within the meaning of Probate Code section 3603 who is:
      (1) [ ] An adult. Claimant's date of birth is *(specify):*
         (a) [ ] Without a conservator. Claimant has capacity to consent to this order, within the meaning of Probate Code section 812, and has consented to this order.
         (b) [ ] A conservatee; a person for whom a conservator may be appointed; or without capacity to consent to this order, within the meaning of Probate Code section 812.
      (2) [x] A minor described in Probate Code section 3603(b)(3).

5. **Defendant**
   The claim or action to be compromised is asserted, or the judgment is entered, against *(name of settling or judgment defendant or defendants (the "payer")):* Defendants, RECARO CHILD SAFETY, LLC and TOYS "R" US-DELAWARE, INC.

Page 1 of 4

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>MC-351 [Rev. January 1, 2010] | **ORDER APPROVING COMPROMISE OF DISPUTED CLAIM OR PENDING<br>ACTION OR DISPOSITION OF PROCEEDS OF JUDGMENT FOR<br>MINOR OR PERSON WITH A DISABILITY**<br>(Miscellaneous) | Code of Civil Procedure, § 372;<br>Probate Code, § 3500 et seq.;<br>Cal. Rules of Court, rules 3.1384, 7.953<br>Legal<br>Solutions<br>Plus |

|  | MC–351 |
|---|---|
| CASE NAME: ERIKA SALDANA, et al, v. RALPH REFUGIO GARCIA, et al.. | CASE NUMBER: BC605449 |

6. **THE COURT FINDS** that all notices required by law have been given.

7. **THE COURT ORDERS**

  a  The petition is granted and the proposed compromise of claim or action or the proposed disposition of the proceeds of the judgment is approved. The gross amount or value of the settlement or judgment in favor of claimant is $ `10,000,000`

  b  ☐  Until further order of the court, jurisdiction is reserved to determine a claim for a reduction of a Medi-Cal lien under Welfare and Institutions Code section 14124.76. The amount shown payable to the Department of Health Care Services in Item 7c(1)(d) of this order is the full amount of the lien claimed by the department but is subject to reduction on further order of the court upon determination of the claim for reduction.

  c  The payer shall disburse the proceeds of the settlement or judgment approved by this order in the following manner:

    (1)  **Payment of fees and expenses**
Fees and expenses shall be paid by one or more checks or drafts, drawn payable to the order of the petitioner and the petitioner's attorney, if any, or directly to third parties entitled to receive payment identified in this order for the following items of expense or damage, which are hereby authorized to be paid out of the proceeds of the settlement or judgment:

      (a)  ☒  Attorney's fees in the total amount of: $ `2,500,000`  payable to (specify):
          GIRARDI | KEESE and First Legal Solution, APC

      (b)  ☒  Reimbursement for medical and all other expenses paid by the petitioner or the petitioner's attorney in the total amount of:  $ `500,000`

      (c)  ☒  Medical, hospital, ambulance, nursing, and other like expenses payable directly to providers as follows, in the total amount of:  $ `500,000`

          (i)  Payee (name): Department of Health Care Services
             (A) Address:  Personal Injury Program, MS 4720, P.O. Box 997421
                     Sacramento, CA 95899-7421

             (B) Amount: $ 500,000

          (ii)  Payee (name):
             (A) Address:

             (B) Amount: $ 0

          ☐  Continued on Attachment 7c(1)(c). (Provide information about additional payees in the above format.)

      (d)  ☐  Other authorized disbursements payable directly to third parties in the total amount of: $ 0
          (Describe and state the amount of each item and provide the name and address of each payee):

          ☐  Continued on Attachment 7c(1)(d).
      (e)  ☒  Total allowance for fees and expenses from the settlement or judgment:  $ `3,500,000`

---

MC-351 [Rev. January 1, 2010]    **ORDER APPROVING COMPROMISE OF DISPUTED CLAIM OR PENDING ACTION OR DISPOSITION OF PROCEEDS OF JUDGMENT FOR MINOR OR PERSON WITH A DISABILITY**
**(Miscellaneous)**    Page 2 of 4

MC-351

| CASE NAME: ERIKA SALDANA, et al, v. RALPH REFUGIO GARCIA, et al.. | CASE NUMBER: |
|---|---|
| | BC605449 |

7. **THE COURT ORDERS** (cont.)

   c. The payer shall disburse the proceeds of the settlement or judgment approved by this order in the following manner:

     (2) **Balance**

       The balance of the settlement or judgment available for claimant after payment of all allowed
fees and expenses is:                                                   $ | 6,500,000 |

       The balance shall be disbursed as follows:

       (a) [x] By one or more checks or drafts in the total amount of *(specify):* $         6,800,550
drawn payable to the order of the petitioner as trustee for the claimant. Each such check or draft must bear an
endorsement on the face or reverse that it is for deposit in one or more interest-bearing, federally insured
accounts in the name of the petitioner as trustee for the claimant, and no withdrawals may be made from the
accounts except as provided in the *Order to Deposit Money into Blocked Account* (form MC-355), which is
signed contemporaneously with this order ("blocked account").

       (b) [x] By the following method(s) *(describe each method, including the amount to be disbursed ):*
Defendants will issue a check for $6,000,000.00 made out to BHG Structured Settlements, Inc.,
which will be used to purchase an Annuity.

           Girardi | Kesse will issue a check for $880,550.39 to be deposited into a blocked account.
($500,000.00 from the remainder of the Minor CLAIMANT'S net recovery and $380,550.39 from
the proceeds of Plaintiff, ERIKA SALDANA and ALBERTO MARTINEZ (See decl. of TVG))

           [ ] Continued on Attachment 7c(2)(b).

       (c) [ ] If money is to be paid to a special needs trust under Probate Code section 3604, all statutory liens in favor
of the state Department of Health Care Services, the state Department of Mental Health, the state
Department of Developmental Services, and any city and county in California must first be satisfied by the
following method *(specify):*

           [ ] Continued on Attachment 7c(2)(c).

8. [x] **Further orders of the court concerning blocked accounts**
The court makes the following additional orders concerning any part of the balance ordered to be deposited in a blocked
account under item 7c(2)(a):

   a. Within 48 hours of receipt of a check or draft described in item 7c(2)(a), the petitioner and the petitioner's attorney, if
any, must deposit the check or draft in the petitioner's name as trustee for the claimant in one or more blocked accounts
at *(specify name, branch, and address of each depository, and the amount of each account):*

     $880,550.39 will be deposited into a blocked account as follows:

     Nano Banc
     7700 Irvine Center Dr. #700
     Irvine, CA 92618
     (844) 626-0262

     [ ] Continued on Attachment 8a.

MC-351 [Rev. January 1, 2010]   **ORDER APPROVING COMPROMISE OF DISPUTED CLAIM OR PENDING**    Page 3 of 4
**ACTION OR DISPOSITION OF PROCEEDS OF JUDGMENT FOR**
**MINOR OR PERSON WITH A DISABILITY**
**(Miscellaneous)**



# EISNER, LLP

Email: lcorwin@eisnerlaw.com
Direct Dial: 646-876-2593

July 31, 2019

**VIA ELECTRONIC MAIL & U.S. MAIL**
rbaker@bknlawyers.com

Robert C. Baker, Esq.
Baker, Keener & Nahra LLP
633 West Fifth Street, Suite 5500
Los Angeles, California 90071-2005

Re:  *Law Finance Group, LLC v. Girardi Keese*
     **Los Angeles Superior Court Case No. *19STCV01455***

Dear Mr. Baker:

I am in receipt of your letter dated July 15, 2019 to my partner Christopher Frost which was sent in response to his letter dated July 11, 2019.

Please be advised that Judgment was entered in the above-referenced matter on July 30, 2019 in favor of our client Law Finance Group, LLC and against Thomas Girardi and his law firm, in the amount of $6,000,000, plus interest as detailed in the Judgment which I have attached for your reference.

A Writ of Execution is being issued immediately without delay as the Judgment was entered pursuant to Stipulation. Accordingly, by receipt of this letter we once again demand on behalf of Law Finance Group that you forthwith turn over to Law Finance Group the $3.5 million in fees and costs awarded to Mr. Girardi and Girardi Keese in the *Saldana* matter (the "Funds") to which Law Finance Group is legally entitled which it is our understanding are about to be received by your firm. Your failure to do so will leave us with no other alternative but to seek *ex parte* relief from the Court this week ordering the turnover of the Funds and precluding any alternative disbursement or distribution of the Funds.

Quite naturally, should you have any questions please do not hesitate to contact me.

Very truly yours,

EISNER, LLP

By: _____
         Leslie D. Corwin

LDC/ng
cc:     Christopher Prekdo, Esq.
        Ronald Zurek, Esq.
        Christopher Good, Esq.
        Christopher L. Frost, Esq.

9601 Wilshire Blvd. | 7th Floor | Beverly Hills, CA 90210
T 310.855.3200 | F 310.855.3201

www.eisnerlaw.com

152 West 57th Street | 48th Floor | New York, NY 10019
T 646.876.2600 | F 646.876.2599



Robert C. Baker, Esq.
July 31, 2019
Page 2 of 2

Bcc:    Alan Zimmerman, Esq.
        Daniel Bush, Esq.

Electronically Received 07/10/2019 09:21 AM

EISNER, LLP
CHRISTOPHER FROST (SBN 200336)
cfrost@eisnerlaw.com
EMILY LUNA (SBN 305046)
eluna@eisnerlaw.com
9601 Wilshire Boulevard, 7th Floor
Beverly Hills, California 90210
Telephone: (310) 855-3200
Facsimile: (310) 855-3201

Attorneys for Plaintiff
LAW FINANCE GROUP, LLC

**FILED**
Superior Court of California
County of Los Angeles

**07/30/2019**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ C. Mason _____ Deputy

# SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| LAW FINANCE GROUP, LLC, a California limited liability company, | Case No. 19STCV01455 |
| Plaintiff, | [PROPOSED] JUDGMENT |
| vs. | Hon. Gregory W. Alarcon Dept. 36 |
| GIRARDI KEESE, a California law firm; THOMAS V. GIRARDI, an individual; and DOES 1 through 100, inclusive, | Complaint Filed: January 17, 2019 |
| Defendants. | |

EISNER, LLP
9601 WILSHIRE BOULEVARD, 7TH FL
BEVERLY HILLS, CALIFORNIA 90210
TEL (310) 855-3200 – FAX (310) 855-3201

Electronically Received 07/10/2019 09:21 AM

**[PROPOSED] JUDGMENT**

The Court is in receipt of the June 10, 2019 Stipulation for Entry of Judgment (the "Stipulation"), by and between plaintiff Law Finance Group, LLC ("Plaintiff"), on the one hand, and defendants Thomas V. Girardi ("Girardi"), an individual, and Girardi Keese, a California law firm ("Girardi Keese," and together with Girardi, the "Defendants"), on the other hand. Based on the Settlement Agreement and Stipulation submitted by the parties, the admissions made by Defendants therein, and competent evidence presented by Plaintiff that Defendants Thomas V. Girardi and Girardi Keese are in breach of the Settlement Agreement:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Judgment hereby enters in favor of Plaintiff Law Finance Group, LLC, and against Defendants Thomas V. Girardi, an individual, and Girardi Keese, a California law firm, jointly and severally, on Plaintiff's claims for (1) breach of written contract, and (2) breach of written guaranty. The total amount of the judgment in favor of Plaintiff Law Finance Group, LLC, and against Defendants Thomas V. Girardi, an individual, and Girardi Keese, a California law firm, is Six Million Dollars ($6,000,000.00) (the "Judgment Amount"). Interest shall accrue on the Judgment Amount at the rate of ten percent per annum from the date of the entry of this judgment until the Judgment Amount plus accrued interest is paid in full.

**IT IS SO ORDERED.**

Dated: 07/30/2019 2019

**Gregory W. Alarcon**

By: _____ Gregory W. Alarcon / Judge
Hon. Gregory W. Alarcon
California Superior Court Judge

**PROOF OF SERVICE**

*Law Finance Group, LLC v. Girardi Keese, et al.*
Los Angeles Superior Court Case No. 19STCV01455

STATE OF CALIFORNIA,

COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Eisner, LLP, 9601 Wilshire Boulevard, 7th Floor, Beverly Hills, California 90210.

    On **July 9, 2019** I served a copy of the foregoing document described as: **[PROPOSED] JUDGMENT** on the interested parties in this action addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐    **BY MAIL** (CCP §1013(a) and (b)): I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the U.S. Postal Service. Under that practice such envelope(s) is deposited with the U.S. Postal Service on the same day this declaration was executed, with postage thereon fully prepaid at 9601 Wilshire Boulevard, 7th Floor, Beverly Hills, California 90210, in the ordinary course of business.

☒    **BY PERSONAL SERVICE** (CCP §1011): I caused the foregoing document(s) to be served by hand to the addressee(s) as stated above.

☐    **BY OVERNIGHT DELIVERY** (CCP §1013 (c) and (d)): I am readily familiar with the firm's practice of collection and processing items for delivery with Overnight Delivery. Under that practice such envelope(s) is deposited at a facility regularly maintained by Overnight Delivery or delivered to an authorized courier or driver authorized by Overnight Delivery to receive such envelope(s), on the same day this declaration was executed, with delivery fees fully provided for at 9601 Wilshire Boulevard, 7th Floor, Beverly Hills, California 90210, in the ordinary course of business.

☐    **BY ELECTRONIC TRANSMISSION.** Pursuant to Cal. R. Ct. 3.1206, I caused the document to be sent to the persons at the e-mail addresses listed herein. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 9, 2019, at Beverly Hills, California.

_____
Corwyn Brasch

## SERVICE LIST

*Law Finance Group, LLC v. Girardi Keese, et al.*
Los Angeles Superior Court Case No. 19STCV01455

Christopher B. Good
GOOD LAW
2934-112 N. Beverly Glen Circle
Los Angeles, CA 90077
Telephone: 310/274-4663
Email: cgood@thegoodlaw.com

Attorneys for Defendants
GIRARDI KEESE and
THOMAS V. GIRARDI

Thomas V. Girardi, Esq.
GIRARDI KEESE
1126 Wilshire Boulevard
Los Angeles, CA 90017
Telephone: 213/977-0211
Email: Tgirardi@girardikeese.com

EISNER, LLP
9601 WILSHIRE BOULEVARD, 7TH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

4

[PROPOSED] JUDGMENT



# BK&N

### BAKER, KEENER & NAHRA LLP
ATTORNEYS

July 15, 2019

### VIA ELECTRONIC & U.S. MAIL
cfrost@eisnerlaw.com

Christopher L. Frost, Esq.
EISNER, LLP
9601 Wilshire Boulevard
Suite 700
Beverly Hills, CA 90210

      Re:    *Law Finance Group, LLC v. Girardi | Keese*
              LASC Case No. 19STCV01455

Dear Mr. Frost:

      We are in receipt of your letter dated July 11, 2019. We are not a party to the contract nor are our clients, in the dispute between the above-referenced parties.

      In our clients' action entitled: Saldana/Martinez v. Garcia, et al., LASC Case No. BC605449, a Minor's Compromise was approved by the Court and we intend to comply with the provisions of both the Settlement Agreement, which is confidential, and the Court's Order approving the Minor's Compromise. We are not aware of any court order or authority which would require our clients to violate the Settlement Agreement or the Order approving the Minor's Compromise.

      I remain,

                Very truly yours,

                *Robert C Baker*

                ROBERT C. BAKER

RCB/klm
cc:   Ronald Zurek, Esq.
       Christopher Predko, Esq.



**EISNER**, LLP

July 11, 2019

<u>*Via FedEx*</u>

Robert C. Baker, Esq.
Mitchell F. Mulbarger, Esq.
Kenneth Spences, Esq.
BAKER, KEENER & NAHRA
633 W. Fifth Street, Suite 5500
Los Angeles, CA 90071

Christopher Prekdo, Esq.
WARNER, NORCORSS & JUDD, LLP
900 Fifht Shird Center
111 Lyon Street, N.W.
Grand Rapids, MI 49503

Ronald Zurek, Esq.
WESIERSKI & ZUREK, LP
100 Corson Street, Suite 300
Pasadena, CA 91103
Ronald Zurek, Esq.

**Re:** *Law Finance Group, LLC v. Girardi Keese,* **L.A.S.C. Case No. 19STCV01455**

Dear Counsel:

We represent Law Finance Group, LLC and write to you regarding the above-referenced matter. Pursuant to various contractual agreements, including a recent settlement agreement, Thomas Girardi and Girardi Keese currently owe Law Finance Group at least $6 Million. The $6 Million remains unpaid, and a Stipulation for Entry of Judgment in that amount with respect to the above matter has been filed in the Los Angeles Superior Court, the Hon. Greg Alarcon presiding.

We understand that in accordance with the attached filed Order of May 28, 2019, Mr. Girardi and Girardi Keese were recently awarded $2.5 Million in fees, and an additional $1 Million in costs, in the matter of *Saldana et al v. Garcia,* LASC Case No. BC605449 (the *Saldana* Matter), in which we understand each of you is defense counsel. Pursuant to Paragraph 5 of the Loan and Security Agreement between our client and Girardi Keese, Law Finance Group holds a security interest in, among other things, the legal fees, costs, and other amounts generated from all pending cases, including the *Saldana* Matter.

Given this security interest, Law Finance Group hereby demands that the $3.5 Million in fees and costs awarded Girardi Keese be paid directly to our client. Alternatively, Law Finance Group requests the $3.5 Million be deposited with the Court pending my client's anticipated *ex parte* application to have the proceeds paid directly to Law Finance Group.

9601 Wilshire Blvd. | 7ᵗʰ Floor | Beverly Hills, CA 90210     152 West 57ᵗʰ Street | 48ᵗʰ Floor | New York, NY 10019
T 310.855.3200 | F 310.855.3201          www.eisnerlaw.com          T 646.876.2600 | F 646.876.2599

52



July 11, 2019
Page 2 of 3

Quite naturally, should you wish to discuss our client's lien further, please feel free to contact the undersigned. Your anticipated cooperation is appreciated and all rights and remedies are hereby expressly reserved.

Yours truly,

Eisner, LLP

By: CHRISTOPHER FROST

CLF/kw
cc:    Christopher Good, Esq.
       Leslie D. Corwin, Esq.

9601 Wilshire Blvd. | 7th Floor | Beverly Hills, CA 90210         152 West 57th Street | 48th Floor | New York, NY 10019
T 310.855.3200 | F 310.855.3201       www.eisnerlaw.com       T 646.876.2600 | F 646.876.2599

53



Bcc:     Alan Zimmerman, Esq.
         Daniel Bush, Esq.

MC-351

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

THOMAS V. GIRARDI, ESQ. (SBN: 36603)
**GIRARDI | KEESE**
1126 Wilshire Boulevard
Los Angeles, CA 90017
TELEPHONE NO.: (213) 977-0211    FAX NO. (Optional): (213) 481-1554
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiffs

**FILED**
Superior Court of California
County of Los Angeles

**MAY 28 2019**

SHERRI R. CARTER, EXECUTIVE OFFICER/CLERK
BY _____ Deputy
BENIGNO DEL BARRIO

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME: ERIKA SALDANA, et al, v. RALPH REFUGIO GARCIA, et al.,

| ORDER APPROVING: | CASE NUMBER: |
|---|---|
| ☐ COMPROMISE OF DISPUTED CLAIM | BC605449 |
| ☒ COMPROMISE OF PENDING ACTION | |
| ☐ DISPOSITION OF PROCEEDS OF JUDGMENT | HEARING DATE, IF ANY: 11/04/2019    DEPT.: 39 |
| ☒ Minor    ☒ Person With a Disability | |

1. **Petitioner** *(name):* ERIKA SALDANA                                has petitioned for court approval of a
proposed compromise of a disputed claim of a minor or a pending action involving a minor or a person with a disability or a
proposed disposition of the proceeds of a judgment for a minor or a person with a disability.

2. **Hearing**
   a. ☒ No hearing was held. The petition is an expedited petition under rule 7.950.5 of the California Rules of Court.
   b. ☐ Date:                    Time:             Dept.:
   c. Judicial officer: Hon. Elizabeth R. Feffer

3. **Relationship to claimant**
   Petitioner has the following relationship or relationships to claimant *(check all applicable boxes):*
   a. ☒ Parent
   b. ☒ Guardian ad litem
   c. ☐ Guardian
   d. ☐ Conservator
   e. ☐ Claimant, an adult person with a disability, is the petitioner.
   f. ☐ Other *(specify):*

4. **Claimant** *(name):* ALBERT MARTINEZ
   a. ☒ Is a minor.
   b. ☒ Is a "person with a disability" within the meaning of Probate Code section 3603 who is:
      (1) ☐ An adult. Claimant's date of birth is *(specify):*
          (a) ☐ Without a conservator. Claimant has capacity to consent to this order, within the meaning of
               Probate Code section 812, and has consented to this order.
          (b) ☐ A conservatee; a person for whom a conservator may be appointed; or without capacity to
               consent to this order, within the meaning of Probate Code section 812.
      (2) ☒ A minor described in Probate Code section 3603(b)(3).

5. **Defendant**
   The claim or action to be compromised is asserted, or the judgment is entered, against *(name of settling or judgment defendant or
   defendants (the "payer")):* Defendants, RECARO CHILD SAFETY, LLC and TOYS "R" US-DELAWARE, INC.

Page 1 of 4

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>MC-351 [Rev. January 1, 2010] | **ORDER APPROVING COMPROMISE OF DISPUTED CLAIM OR PENDING<br>ACTION OR DISPOSITION OF PROCEEDS OF JUDGMENT FOR<br>MINOR OR PERSON WITH A DISABILITY**<br>(Miscellaneous) | Code of Civil Procedure, § 372;<br>Probate Code, § 3500 et seq.;<br>Cal. Rules of Court, rules 3.1384, 7.953 |
|---|---|---|

Legal
Solutions
Plus

MC-351

| CASE NAME: ERIKA SALDANA, et al, v. RALPH REFUGIO GARCIA, et al., | CASE NUMBER: BC605449 |
|---|---|

6. **THE COURT FINDS** that all notices required by law have been given.

7. **THE COURT ORDERS**

a  The petition is granted and the proposed compromise of claim or action or the proposed disposition of the proceeds of the judgment is approved. The gross amount or value of the settlement or judgment in favor of claimant is $ | 10,000,000 |

b  ☐  Until further order of the court, jurisdiction is reserved to determine a claim for a reduction of a Medi-Cal lien under Welfare and Institutions Code section 14124.76. The amount shown payable to the Department of Health Care Services in item 7c(1)(d) of this order is the full amount of the lien claimed by the department but is subject to reduction on further order of the court upon determination of the claim for reduction.

c  The payer shall disburse the proceeds of the settlement or judgment approved by this order in the following manner:

(1)  **Payment of fees and expenses**
Fees and expenses shall be paid by one or more checks or drafts, drawn payable to the order of the petitioner and the petitioner's attorney, if any, or directly to third parties entitled to receive payment identified in this order for the following items of expense or damage, which are hereby authorized to be paid out of the proceeds of the settlement or judgment:

(a)  ☒  Attorney's fees in the total amount of: $ | 2,500,000 | payable to (specify):
GIRARDI | KEESE and First Legal Solution, APC

(b)  ☒  Reimbursement for medical and all other expenses paid by the petitioner or the petitioner's attorney in the total amount of:   $ | 500,000 |

(c)  ☒  Medical, hospital, ambulance, nursing, and other like expenses payable directly to providers as follows, in the total amount of:   $ | 500,000 |

(i)  Payee (name): Department of Health Care Services
(A) Address:  Personal Injury Program, MS 4720, P.O. Box 997421
Sacramento, CA 95899-7421

(B) Amount: $ 500,000

(ii)  Payee (name):
(A) Address:

(B) Amount: $ 0

☐  Continued on Attachment 7c(1)(c). (Provide information about additional payees in the above format.)

(d)  ☐  Other authorized disbursements payable directly to third parties in the total amount of: $ 0
(Describe and state the amount of each item and provide the name and address of each payee):

☐  Continued on Attachment 7c(1)(d).

(e)  ☒  Total allowance for fees and expenses from the settlement or judgment:   $ | 3,500,000 |

MC-351 [Rev. January 1, 2010]     **ORDER APPROVING COMPROMISE OF DISPUTED CLAIM OR PENDING**     Page 2 of 4
**ACTION OR DISPOSITION OF PROCEEDS OF JUDGMENT FOR**
**MINOR OR PERSON WITH A DISABILITY**
**(Miscellaneous)**

MC–351

| CASE NAME: ERIKA SALDANA, et al, v. RALPH REFUGIO GARCIA, et al.. | CASE NUMBER: |
| | BC605449 |

7. **THE COURT ORDERS** (cont.)

  c. The payer shall disburse the proceeds of the settlement or judgment approved by this order in the following manner:

    (2) **Balance**

      The balance of the settlement or judgment available for claimant after payment of all allowed
fees and expenses is:                              $ | 6,500,000 |

      The balance shall be disbursed as follows:

      (a) [ x ] By one or more checks or drafts in the total amount of *(specify):* $      6,800,550
drawn payable to the order of the petitioner as trustee for the claimant. Each such check or draft must bear an
endorsement on the face or reverse that it is for deposit in one or more interest-bearing, federally insured
accounts in the name of the petitioner as trustee for the claimant, and no withdrawals may be made from the
accounts except as provided in the *Order to Deposit Money Into Blocked Account* (form MC-355), which is
signed contemporaneously with this order ("blocked account").

      (b) [ x ] By the following method(s) *(describe each method, including the amount to be disbursed ):*
Defendants will issue a check for $6,000,000.00 made out to BHG Structured Settlements, Inc.,
which will be used to purchase an Annuity.

          Girardi | Kesse will issue a check for $880,550.39 to be deposited into a blocked account.
($500,000.00 from the remainder of the Minor CLAIMANT'S net recovery and $380,550.39 from
the proceeds of Plaintiff, ERIKA SALDANA and ALBERTO MARTINEZ (See decl. of TVG))

          [ ] Continued on Attachment 7c(2)(b).

      (c) [ ] If money is to be paid to a special needs trust under Probate Code section 3604, all statutory liens in favor
of the state Department of Health Care Services, the state Department of Mental Health, the state
Department of Developmental Services, and any city and county in California must first be satisfied by the
following method *(specify):*

          [ ] Continued on Attachment 7c(2)(c).

8. [ x ] **Further orders of the court concerning blocked accounts**

  The court makes the following additional orders concerning any part of the balance ordered to be deposited in a blocked
account under item 7c(2)(a):

  a. Within 48 hours of receipt of a check or draft described in item 7c(2)(a), the petitioner and the petitioner's attorney, if
any, must deposit the check or draft in the petitioner's name as trustee for the claimant in one or more blocked accounts
at *(specify name, branch, and address of each depository, and the amount of each account):*

    $880,550.39 will be deposited into a blocked account as follows:

    Nano Banc

    7700 Irvine Center Dr. #700

    Irvine, CA 92618

    (844) 626-0262

    [ ] Continued on Attachment 8a.

| MC-351 [Rev. January 1, 2010] | **ORDER APPROVING COMPROMISE OF DISPUTED CLAIM OR PENDING** | Page 3 of 4 |
| | **ACTION OR DISPOSITION OF PROCEEDS OF JUDGMENT FOR** | |
| | **MINOR OR PERSON WITH A DISABILITY** | |
| | **(Miscellaneous)** | |

| | MC–351 |
|---|---|
| CASE NAME: ERIKA SALDANA, et al, v. RALPH REFUGIO GARCIA, et al.. | CASE NUMBER: BC605449 |

8. **Further orders of the court concerning blocked accounts**

The court makes the following additional orders concerning any part of the balance ordered to be deposited in a blocked account under item 7c(2)(a):

b. The petitioner and the petitioner's attorney, if any, must deliver to each depository at the time of deposit three copies of the *Order to Deposit Money Into Blocked Account* (form MC-355), which is signed contemporaneously with this order, and three copies of the *Receipt and Acknowledgment of Order for the Deposit of Money Into Blocked Account* (form MC-356). The petitioner or the petitioner's attorney must file a copy of the receipt with this court within 15 days of the deposit. The sole responsibilities of the petitioner and the petitioner's attorney, if any, are to place the balance in a blocked account or accounts and to timely file a copy of the receipt.

c. The balance of the proceeds of the settlement or judgment deposited in a blocked account or accounts under item 7c(2)(a) may be withdrawn only as follows *(check (1) or (2))*:

    (1) ☐ No withdrawals of principal or interest may be made from the blocked account or accounts without a further written order under this case name and number, signed by a judge, and bearing the seal of this court. The money on deposit is not subject to escheat.

    (2) ☒ The blocked account or accounts belong to a minor. The minor was born on *(date):* 11/18/2014
No withdrawals of principal or interest may be made from the blocked account or accounts without a further written order under this case name and number, signed by a judicial officer, and bearing the seal of this court, until the minor attains the age of 18 years. When the minor attains the age of 18 years, the depository, without further order of this court, is authorized and directed to pay by check or draft directly to the former minor, upon proper demand, all moneys including interest deposited under this order. The money on deposit is not subject to escheat.

9. ☒ **Authorization to execute settlement documents**

The petitioner is authorized to execute settlement documents as follows *(check only one):*

a. ☐ Upon receipt of the full amount of the settlement sum approved by this order and the deposit of funds, the petitioner is authorized and directed to execute and deliver to the payer a full, complete, and final release and discharge of any and all claims and demands of the claimant by reason of the accident or incident described in the petition and the resultant injuries to the claimant and a properly executed dismissal with prejudice.

b. ☒ The petitioner is authorized and directed to execute any and all documents reasonably necessary to carry out the terms of the settlement.

c. ☐ The petitioner is authorized and directed *(specify):*

    ☐ Continued on Attachment 9c.

10. Bond is ☐ ordered and fixed in the amount of: $      ☒ not required.

11. A copy of this order shall be served on the payer forthwith.

12. ☐ **Additional orders**
The court makes the following additional orders *(specify):*

☐ Continued on Attachment 12.

Date: May 28, 2019

Hon. Elizabeth Feffer      JUDICIAL OFFICER

☐ SIGNATURE FOLLOWS LAST ATTACHMENT

MC-351 [Rev. January 1, 2010]    **ORDER APPROVING COMPROMISE OF DISPUTED CLAIM OR PENDING ACTION OR DISPOSITION OF PROCEEDS OF JUDGMENT FOR MINOR OR PERSON WITH A DISABILITY**    Page 4 of 4
(Miscellaneous)

1                              **PROOF OF SERVICE**

2 **STATE OF CALIFORNIA**          )

                                   )

3 **COUNTY OF LOS ANGELES**    ) **ss.**

4         I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1126 Wilshire Boulevard, Los

5 Angeles, California 90017.

6         On May 24, 2019, I served foregoing document described as **ORDER APPROVING COMPROMISE OF PENDING ACTION** on the interested parties in this action by placing a

7 true and correct copy thereof, enclosed in a sealed envelope addressed as follows:

8

9                        **SEE ATTACHED SERVICE LIST**

10 ☐    **BY MAIL:** I am familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal

11        service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party, service is

12        presumed invalid if postal cancellation date or postage meter date is more than one day

13        after date of deposit for mailing in affidavit.

14 ☐    **BY FACSIMILE:** In addition to service by mail as set forth above, a copy of said document(s) was also delivered by facsimile transmission to the addressee(s) pursuant to

15        Code of Civil Procedure §1013(e).

16 ☐    **BY OVERNIGHT MAIL:** I caused said document(s) to be picked up by an overnight

17        delivery service company for delivery to the addressee(s) on the next business day.

18 ☒    **BY E-MAIL TRANSMISSION:** In addition to service by mail as set forth above, a copy

19        of said document(s) was also delivered by e-mail transmission to: kspencer@bknlawyers.com, mmulbarger@bknlawyers.com; rbaker@bknlawyers.com;

20        rzurek@wzllp.com

21 ☑    (STATE) I declare under penalty of perjury under the laws of the State of California that

22 the above is true and correct.

23        Executed on May 24, 2019, at Los Angeles, California.

24

25                                 _Renae Salas_

26                                  RENAE SALAS

27

28

1

**SERVICE LIST**
Saldana, et al. v. Garcia, et al.,

2

3

4

5   Robert C. Baker, Esq.
Mitchell F. Mulbarger, Esq.

6   Kenneth Spences, Esq.
BAKER, KEENER & NAHRA

7   633 W. 5th Street, Suite 5500
Los Angeles, CA 90071

8   Tele: (213) 241-0900
Fax: (213) 241-0990

9   **Attorneys for Defendants RECARO CHILD SAFETY, LLC and TOYS "R" US-DELAWARE, INC**

10

11

12   Christopher Prekdo, Esq
WARNER, NORCROSS & JUDD, LLP

13   900 Fifth Shird Center
111 Lyon Street, N.W.
Grand Rapids, MI 49503

14   **Co-Counsel for Defendants RECARO CHILD SAFETY, LLC and**

15   **TOYS "R" US-DELAWARE, INC**

16

17   Ronald Zurek, Esq.
WESIERSKI & ZUREK LLP

18   100 Corson Street, Suite 300
Pasadena, CA 91103

19   Tele: 213-627-2300
Fax: 213-629-2725

20   **Attorneys for Defendant RALPH REFUGIO GARCIA**

21

22

23

24

25

26

27

28

# EXHIBIT I

 Law Finance Group

www.LawFinance.com

OFFICE WEST  591 Redwood Hwy | Suite 1200 | Mill Valley CA  94941                                                   PHONE  415-446-2300
OFFICE CENTRAL  12600 Hill Country Blvd | Suite R-275 | Austin TX  78738
OFFICE EAST  Ten Rockefeller Plaza | Suite 1001 | NewYork  NY  10020

November 8, 2018

**VIA EMAIL & FEDEX**

Girardi Keese
ATTENTION: Thomas V. Girardi
1126 Wilshire Boulevard
Los Angeles, CA 90017
213-262-6777

Dear Tom,

I am in receipt of your letter of November 6, 2018.

Tom, I have tried my best to work with you and to seek ways for you to successfully manage your obligations
to Law Finance Group.  You have made repeated commitments, most recently when we met at your office on
October 24, 2018. At that meeting you promised to FedEx a $491,893 check to Law Finance on Friday, October
26, 2018 for the interest payment that had been due on October 15, 2018 under our Forbearance Agreement.
You never sent the check. You also promised to work with a financial analyst who might help you work
through the financial and other problems you are clearly confronted with. I wonder why you made promises
to me that you did not intend to keep.

To date, there are now two payments called for under our Forbearance Agreement that Girardi Keese has
failed to make. The first was the payment of interest due on October 15, 2018, referred to above. The second
was a payment of $1 million that you promised to pay on or before October 31, 2018.  We sent you a default
notice on Thursday, November 1, 2018, on the basis of these failures to pay per the terms of the Forbearance
Agreement, and as a result your loan is currently accruing default interest.  Bear in mind that there is an
additional interest payment for October interest that is due on November 15, 2018. The additional amount of
that payment coming due under the Forbearance Agreement is $256,684.

When we met on October 24, 2018, you told me that the only debts the firm had were a $5 million loan from
Counsel Financial and the Law Finance Group loan.  Tom, there are UCC-1 Financing Statement forms that
were filed after the Law Finance Group Financing Statement identifying Girardi Keese as having granted a
security interest in the same collateral as was granted to Law Finance. The public filings do not identify the
other lenders.  Whoever these other creditors are they are junior to Law Finance in priority. In our loan

A Funding Provider with Legal DNA                                                               A California Licensed Lender

agreement, you covenanted not to encumber any of the Law Finance Group collateral. Your doing so has created a further event of default to occur. Girardi Keese paying off the Law Finance Group loan now is really the only course of action that will solve the problem and eliminate the adverse consequences to Girardi Keese and to you that result from the defaults.

You have spent decades building a law practice and developing a very enviable reputation as a great lawyer and an important public citizen. Your actions and failures to keep your promises to Law Finance Group have put all that you have built in jeopardy. I am, frankly, shocked and extremely disappointed in the way that you have treated Law Finance and me, personally, after extending you not only substantial credit but also extending you many courtesies on the strength of your word and your stated intentions.

We have a deed of trust on your home. We have a security interest on all of your firm's assets. We have your personal guaranty. We are currently charging default interest on your obligations. Based upon your admitted defaults and your continuing failure and apparent lack of willingness to keep any promises, you leave us with little headroom.

If you are interested in Law Finance Group continuing to forbear from exercising remedies under the deed of trust on your residence and under Article 9 of the Uniform Commercial Code, you must inform us and continue to keep us informed regarding:

1. The identity of each of Girardi Keese's other secured creditors; the amounts currently owed to each of them; and whether Girardi Keese is in default on each obligation.

2. The steps that you are taking to refinance the Girardi Keese debts and to repay the Law Finance Group loan and all developments in that process.

We reserve all rights in the event that we feel that you are not cooperating in keeping us informed and not working diligently towards a businesslike and prompt payoff of the Law Finance Group loan.

Sincerely,

Alan Zimmerman
Chief Executive Officer / Legal Counsel

2

**PROOF OF SERVICE**
*Law Finance Group, LLC v. Girardi Keese, et al.*
Los Angeles Superior Court Case No. 19STCV01455

STATE OF CALIFORNIA,

COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action;  my business address is Eisner, LLP, 9601 Wilshire Boulevard, 7th Floor, Beverly Hills, California 90210.

     On **August 5, 2019** I served a copy of the foregoing document described as: **DECLARATION OF ALAN L. ZIMMERMAN IN SUPPORT OF PLAINTIFF LAW FINANCE GROUP, LLC'S RESPONSE TO REQUEST OF JUDGMENT DEBTORS TO THE COURT TO ACCEPT THE DECLARATION OF THOMAS V. GIRARDI AND REQUEST TO HAVE A HEARING TO REMOVE THE ENTRY OF JUDGMENT** on the interested parties in this action addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒   **BY MAIL** (CCP §1013(a) and (b)):  I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the U.S. Postal Service.  Under that practice such envelope(s) is deposited with the U.S. Postal Service on the same day this declaration was executed, with postage thereon fully prepaid at 9601 Wilshire Boulevard, 7th Floor, Beverly Hills, California 90210, in the ordinary course of business.

☒   **BY PERSONAL SERVICE** (CCP §1011):  I will caused the foregoing document(s) to be served by hand to the addressee(s) as stated above on August 6, 2019.

☐   **BY ELECTRONIC TRANSMISSION.**  Pursuant to Cal. R. Ct. 3.1206, I caused the document to be sent to the persons at the e-mail addresses listed herein.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒   **(STATE)**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     Executed on August 5, 2019, at Beverly Hills, California.

_____
Czarbelle Koscinski

EISNER
9601 WILSHIRE BOULEVARD, 7TH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

**<u>SERVICE LIST</u>**
*Law Finance Group, LLC v. Girardi Keese, et al.*
Los Angeles Superior Court Case No. 19STCV01455

Christopher B. Good
GOOD LAW
2934-1/2 N. Beverly Glen Circle
Suite 104
Los Angeles, CA 90077
Telephone: 310/274-4663
Email:  cgood@thegoodlaw.com

Attorneys for Defendants
GIRARDI KEESE and
THOMAS V. GIRARDI

Thomas V. Girardi, Esq.
GIRARDI KEESE
1126 Wilshire Boulevard
Los Angeles, CA 90017
Telephone: 213/977-0211
Email: Tgirardi@girardikeese.com