IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LIYANAH; GIBRAN ALI RAHARDIAN; ANINDITA RAHMIANA SEKARINI., | ) ) ) | 19-cv-05220 Consolidated with |
| Plaintiffs, | ) ) | **18-cv-07686** |
| v. | ) ) | Judge Thomas M. Durkin |
| THE BOEING COMPANY, | ) ) ) | |
| Defendant. | ) ) | |
| And | ) ) | |
| EPI SAMSUL KOMAR AND DIAN ANDRIANI, | ) ) ) | 19-cv-05217 Consolidated with |
| Plaintiffs, | ) ) | **18-cv-07686** |
| v. | ) ) | Judge Thomas M. Durkin |
| THE BOEING COMPANY, | ) ) ) | |
| Defendant. | ) | |

**LIYANAH AND KOMAR PLAINTIFFS' REPLY IN SUPPORT OF THEIR OPPOSED MOTION TO ORDER THEIR FORMER COUNSEL TO PRODUCE CLIENT FILE AND EVIDENCE OF EXPRESS AUTHORITY TO SETTLE**

The bankruptcy proceeding involving Girardi Keese and Thomas Girardi has nothing to do with their obligation as Liyanah and Komar's former lawyers to provide the client files and all WhatsApp message or other communications relating to whether Girardi Keese or David Lira had express authority to settle.

Any litigation regarding settlement enforcement or a declaratory action seeking to show that Girardi Keese did not have express authority to settle and would proceed before this Court. *Sims-Madison v. Inland Paperboard & Packaging, Inc.*, 379 F.3d 445, 449 (7th Cir. 2004) ("Although a district court has the inherent authority to summarily enforce a settlement

agreement, when the existence or terms of a settlement agreement are in dispute, the district court should hold an evidentiary hearing to resolve the disputes or ambiguities.") (citations omitted); *Leibowitz v. Trebels*, 2012 WL 5559554, at *3 (N.D. Ill. Nov. 14, 2012) (noting that court should conduct evidentiary hearing to determine whether parties entered into a settlement agreement when material facts concerning existence of settlement agreement are in dispute).

Liyanah and Komar's need to see the alleged evidence of express authority, including the WhatsApp message, to determine how to best proceed with their cases pending here and to deal with Boeing's claim that their cases were settled.

A bankruptcy stay does not preclude the Respondents to the pending motion from turning over the client files and documents at issue and providing information backing up their claim that they had express authority to settle (which claim is contradicted by the sworn declarations provided to them by Liyanah and Komar's).

            LINYANAH, GIBRAN ALI
            RAHARDIAN; ANINDITA RAHMIANA
            SEKARINI and
            EPI SAMSUL KOMAR, AND DIAN
            ANDRIANI

            By: /s/ Peter S. Lubin
              One of their attorneys

| | |
|---|---|
| Peter S. Lubin | Monica Ribbeck Kelly Wood-Prince |
| Patrick Austermuehle | Ribbeck Law Chartered |
| LUBIN AUSTERMUEHLE, P.C. | 505 North Lake Shore Drive Suite 102 |
| 360 West Butterfield Road, Suite 325 | Chicago, IL 60611 |
| Elmhurst, IL 60126 | (833) 883-4373 |
| (630) 333-0000 | monicakelly@ribbecklaw.com |
| peter@l-a.law | mail@ribbecklaw.com |
| patrick@l-a.law | |

**CERTIFICATE OF SERVICE**

  I, Peter S. Lubin, the undersigned attorney, hereby certify that on December 21, 2020, I served a true and correct copy of the foregoing Liyanah and Komar Plaintiffs' Reply in Support of Their Opposed Motion to Order Their Former Counsel to Produce Client File and Evidence of Express Authority to Settle upon all counsel of record via the Court's CM/ECF System.

                   /s/ Peter S. Lubin