# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| LIYANAH; GIBRAN ALI RAHARDIAN; ANINDITA RAHMIANA SEKARINI., | ) ) | 19-cv-05220 Consolidated with |
| Plaintiffs, | ) ) | **18-cv-07686** |
| v. | ) ) | Judge Thomas M. Durkin |
| THE BOEING COMPANY, | ) ) ) | |
| Defendant. | ) ) | |
| And | ) ) | |
| EPI SAMSUL KOMAR AND DIAN ANDRIANI, | ) ) ) | 19-cv-05217 Consolidated with |
| Plaintiffs, | ) ) | **18-cv-07686** |
| v. | ) ) | Judge Thomas M. Durkin |
| THE BOEING COMPANY, | ) ) ) | |
| Defendant. | ) | |

**MR. DAVID LIRA'S OPPOSITION TO LIYANAH AND KOMAR PLAINTIFF'S OPPOSED MOTION TO ORDER THEIR FORMER COUNSEL TO PRODUCE CLIENT FILES AND EVIDENCE OF EXPRESS AUTHORITY TO SETTLE [Docket #870] and COURT ORDER RE SAME [Docket #873]**

1.  David Lira, by his undersigned counsel, responds pursuant to the Court's December 17, 2020 Minute Order [Docket #873], to Plaintiffs', Liyanah, Gibran Ali Rahardian, and Anandite Rahmiana Sekarini ("Liyanah") and Epi Samsul Komar and Dian Andriani ("Komar") request for entry of an order compelling their former counsel to Produce Client Files and Evidence of Express Authority to Settle [Docket #870]. In support of this motion, Mr. Lira states:

2. **MR. LIRA WILL PRODUCE THE DOCUMENTS IN HIS POSSESSION RELATED TO PLAINTIFFS LIYANAH AND KOMAR.** Mr. Lira agrees that Plaintiffs Komar and Liyanah are entitled to copies of the documents in Mr. Lira's possession related to those two plaintiffs. Counsel is in the process of reviewing documents in order to produce anything in Mr. Lira's possession related to these clients. Review is necessary to ensure that documents and information related to other clients is not produced. (Matthai Declaration filed concurrently under seal ¶2)

3. Mr. Lira has no control over, or access to, the Girardi | Keese hard copy files, electronic files, or emails. When Mr. Lira left Girardi | Keese in June 2020, he did not take complete files on the Lion Air matters with him. Mr. Lira cannot produce complete client files. However, Mr. Lira maintained a few records which will be produced as they relate to these two plaintiffs. (Lira Declaration filed concurrently under seal ¶2)

4. Counsel for Mr. Lira has reviewed the hardcopy file materials in Mr. Lira's possession. Responsive documents related to the Liyanah and Komar plaintiffs are being bates-stamped, copied and scanned and will be produced no later than December 23, 2020. (Matthai Declaration filed concurrently under seal ¶3)

5. Counsel for Mr. Lira has worked with counsel for Johnston Hutchinson & Lira, LLP to pull any potentially responsive emails from their system for review. Potentially responsive emails were pulled at the end of last week and were uploaded to a database for review on December 21, 2020. Counsel for Lira is in the process of reviewing those emails for production. Responsive emails will be produced by Lira by December 30, 2020. (Matthai Declaration filed concurrently under seal ¶4)

6. Copies of electronic documents related to these clients in Mr. Lira's possession will be produced with the hard copy documents. (Matthai Declaration filed concurrently under seal ¶5)

7. **MR. LIRA HAS REPEATEDLY TOLD PLAINTIFFS' COUNSEL AND THE EDELSON FIRM THAT NEITHER HE NOR JOHNSTON HUTCHISON & LIRA, LLP IS ASSERTING A LIEN ON THESE CASES AND THEY ARE NOT CLAIMING FEES IN THESE CASES.** Paragraph eight of Plaintiffs' motion states that Mr. Lira has declined to certify if [he] still has a fee sharing agreement with Girardi | Keese as to the Liyanah and Komar cases. [Docket #870, at ¶8] That is false. No such agreement ever existed.

8. Mr. Lira has confirmed to both Mr. Lubin and the Edelson Firm that neither Mr. Lira nor his firm has any claim to fees from the Liyanah and Komar cases. Mr. Lira told the Edelson firm on July 13, 2020 "I have not, nor will I, receive any compensation on the Lion Air cases. Rather Girardi | Keese is responsible for your fees on all eleven (11) cases. On the six (6) referred to me by the Koushan firm, the Koushan firm will owe 10% of fees to your firm and Girardi | Keese will owe another 10 %." (Lira Declaration filed concurrently under seal ¶3)

9. Counsel for Johnston, Hutchison, & Lira, LLP informed Mr. Lubin on December 7, 2020, 9 days before the instant motion for production was filed: "Regarding the issue if any lien claims, I am writing to confirm that neither Johnston Hutchinson & Lira, LLP nor David Lira, individually, have any lien claims at all, implied or express." (Matthai Declaration filed concurrently under seal ¶7)

10. Likewise, on December 10, 2020, 6 days before the instant motion for production was filed, counsel for Mr. Lira wrote Mr. Lubin and stated: "This again confirms that Mr. Lira is not asserting a lien of any kind on these cases. As you know Mr. Lira is no longer with Girardi Keese and cannot speak for that firm." (Matthai Declaration filed concurrently under seal ¶6)

11. Mr. Lira cannot speak to whether Girardi | Keese makes any claim for fees. Mr. Lira has never received nor made a claim that he was entitled to receive any monies from any of the Lion Air cases he was referred by F. Anthony Koushan. (Lira Declaration filed concurrently under seal ¶4)

12. **THE "WHATSAPP" COMMUNICATION WAS PROVIDED TO THE EDELSON FIRM ON NOVEMBER 2, 2020.** Paragraph 10 of Plaintiffs' motion asserts that the Edelson firm does not have access to the "whats app" message regarding Plaintiff Liyanah. [Docket #870, at ¶10] That is false. The "whatsapp" message was sent by Mr. Lira to Rafey Balabanian and Ari Scharg of the Edelson firm via email on November 2, 2020 at 10:01 am. (Lira Declaration filed concurrently under seal ¶5) A further translation of the Liyanah "whats app" conversation was done on December 13, 2020. That document will be produced with the hard copy documents.

13. Any communications regarding the Liyanah and Komar plaintiffs in Mr. Lira's possession will be produced.

14. **THE EDELSON FIRM HAS ACCESS TO ALL EMAILS BETWEEN IT AND GIRARDI | KEESE.** The Edelson firm should have access to all emails between it and Girardi | Keese regarding these plaintiffs. Likewise, it should have access to communications with other plaintiffs and defendants on which it was copied regarding these plaintiffs. Since Mr. Lira cannot access his Girardi | Keese email, Mr. Lira does not have access to these items other than what was printed in hard copy.

15. **CONCLUSION.** Copies of the records in Mr. Lira's possession related to these two plaintiffs will be produced as requested.

                                                  DAVID LIRA

                                                  By: /s/Edith R. Matthai
                                                          His Attorney

Christopher T. Sheean                     Edith R. Matthai
Swanson, Martin & Bell LLP             Robie & Matthai
330 N. Wabash Ave., Suite 3300       350 South Grand Avenue, Suite 3950
Chicago, Illinois 60611                    Los Angeles, CA 90071
(312) 222-8559                              (213) 706-8000
csheean@smbtrials.com                  ematthai@romalaw.com

**CERTIFICATE OF SERVICE**

    I, Edith R. Matthai, the undersigned attorney, hereby certify that on December 21, 2020, I served a true and correct copy of the foregoing Mr. David Lira's Opposition To Liyanah And Komar Plaintiff's Opposed Motion To Order Their Former Counsel To Produce Client Files And Evidence Of Express Authority To Settle [Docket #870] and Court Order RE Same [Docket #873] upon all counsel of record via the Court's CM/ECF System.

                                               /s/Edith R. Matthai