UNITED STATES DISTRICT COURT
NORTHERN DISTRICT
EASTERN DIVISION

_____ )
                                     )
**WELLY CHANDRA, et al.**            )
                                     )
       **Plaintiff,**                )    Lead Case 18-cv-7686
                                     )    Honorable Thomas M. Durkin
**v.**                               )
                                     )
**BOEING INTERNATIONAL SALES**       )
**CORPORATION, a Washington State**  )
**Profit Corporation, et al.**       )
                                     )
       **Defendant.**               )
                                     )
_____ )

## STATEMENT BY KEITH GRIFFIN IN ADVANCE OF JANURY 8, 2021 STATUS CONFERENCE

Keith Griffin, through his attorney, Ryan D. Saba of Rosen Saba, LLP, submits this statement in advance of the January 8, 2021 status conference.

1. **EDELSON DOES NOT REPRESENT THE MINOR PLAINTIFFS.** Jay Edelson, Ari Scharg and Rafey Balabanian of Edelson, P.C. were former counsel for the Plaintiffs and identified in underlying Court orders which serve as the basis for the civil contempt order against Tom Girardi and Girardi Keese. [See, Docket #s 384, 419, 424, and 427] ("Minor Plaintiffs"). The Edelson firm has been substituted out as counsel and no longer represents the Minor Plaintiffs. [Docket #860 and 895.] The Minor Plaintiffs are currently represented by the Wisner Law Firm, P.C. and/or Husain Law + Associates, P.C.

1

2. **EDELSON FIRM NO LONGER HAS STANDING:** The Verified Motion for Rule to Show Cause [Docket #842] (the "Motion") filed by the Edelson firm on December 2, 2020, requested an order requiring the law firm of Girardi Keese to show cause why it should not be held in contempt for violating six orders of this Court. [See, Docket #s 384, 419, 424, 427, 576, 588.] The Motion was not brought against Mr. Griffin individually. This Court *sua sponte* has directed inquiries about Mr. Griffin during two hearings: December 14, 2020 and December 22, 2020. Since the Edelson firm no longer represents any of the Minor Plaintiffs, they should no longer be permitted to file briefs or evidence or participate in this contempt proceeding, except to act as witnesses.

3. **THE DECEMBER 22, 2020 HEARING:** During the December 22, 2020 hearing, this Court stated:

"Couple thoughts: My order required a transfer of monies paid by Boeing to clients as soon as practicable, after the Boeing money was transferred. It didn't call for installment payments, which is ridiculous. The money should've gone to the clients immediately. So I think an issue that needs to be addressed, whether it's in reply or addressed at the hearing by attorneys for Mr. Griffin and Mr. Lira, that their knowing of nonpayment give them an obligation to do something more than what they did. I realize there's a fair amount of -- I don't want to say finger-pointing – but a fair amount of pointing to Mr. Girardi as someone who controlled the accounts. But does – do Mr. Griffin and Mr. Lira as attorneys – one of whom – Mr. Griffin I believe had an appearance in this case[1] – have an obligation to make sure the court order is carried out, because undoubtedly the court order was not carried out. That's why I found Mr. Girardi in contempt and why I found his law firm in contempt. So that's something to address both in the reply and it's something to give a preview to attorneys for

---

[1]/ Based upon the review of the 930 docket entries in Case No. 18-cv-7686, counsel for Mr. Griffin was unable to locate any document identifying that Mr. Griffin filed a Notice of Appearance or appeared in this Court for any hearing or filed any pleadings or documents associated with this matter. However, counsel is aware that Mr. Griffin did participate in the settlement conference.

Mr. Lira and Mr. Griffin to be able address at the time we have the hearing." [Docket #927 at pages 8:4-9:1 (emphasis added).]

4. **EDELSON'S REPLY BRIEF IS MISLEADING AND INCOMPLETE:** Mr. Griffin will present substantial evidence whenever the time is appropriate, but there are some very misleading statements in the Edelson Reply brief that need to be identified immediately to this Court. [Docket #929.]

    (a)    The text messages that were attached to the Reply brief are incomplete. First, Edelson misleads this Court by arguing, "on February 28, 2020, Scharg sent Griffin a series of texts messages to understand the status of settlements." Mr. Griffin replies that Boeing would not "release any of the money until all of the settlement agreements are signed." However, Edelson's Reply brief is misleading because the February 28, 2020, communications were not about the settlements for the Minor Plaintiffs, but rather about the Lira/Girardi settlements. Mr. Scharg also does not include all the texts that were exchanged on February 28, 2020 to provide this Court with complete context. [Text messages are attached as Exhibit "A."] Next, Edelson argues that in response to a text message on June 16, 2020 by Mr. Scharg asking, "did the Boeing money come in", Mr. Griffin responded that he "actually [didn't] know" but would "find out." This is completely misleading for two reasons: (1) this text chain which took place on June 16, 2020, concerned the Lira/Girardi settlements, not the settlements involving the Minor Plaintiffs which are the subject of the contempt order by this Court; and (2) Edelson intentionally left off the next text message in the chain which was contemporaneously delivered stating: "David Lira just brought be up to speed on his situation. Yikes. Anyways, he said those cases have been funded, so please let me know. Thank you." [Attached as Exhibit

"B."] The Edelson firm concealed these additional text message from the Court so that they could falsely argue that Mr. Griffin was deceiving them.

(b) The case law cited by the Edelson firm is inapplicable because it concerns violations of an injunction, not civil contempt. There is a material difference between an injunction which is governed by FRCP 65 and civil contempt which is governed by FRCP 70(e).

(c) Edelson argues that Mr. Griffin's actions were "egregious" because Mr. Girardi had been accused of wrongfully withholding client funds in the past. However, the two Los Angeles County Superior Court cases cited in the brief held the opposite to be true. In the *Gutierrez v. Girardi* case (case number BC40056), the Girardi firm obtained a dismissal of the case on a motion for judgment on the pleadings. The California Court of Appeals upheld the dismissal. *Gutierrez v. Girardi*, 2017 WL 3765338 (August 31, 2017). Mr. Griffin was not a named party nor did he participate in that proceeding. The other Los Angeles County Superior Court case cited is *Britton v. Girardi* (case number BC492978). The *Britton* matter was dismissed on a demurrer. The dismissal was upheld by the California Court of Appeal. *Britton v. Girardi*, 235 Cal.App.4th 721 (2015). Mr. Griffin was not a named party nor did he participate in that proceeding.

5. **THE LAW ON CIVIL CONTEMPT.** The purpose of a civil contempt proceeding is remedial to either enforce a prior court order or compensate for losses resulting from non-compliance. *United States v. United Mine Workers of America*, 330 U.S. 258, 303-304 (1947); *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949). "A court's civil contempt power rests in its inherent limited authority to enforce compliance with court orders and ensure judicial proceedings are conducted in an orderly manner." *United States v. Dowell*, 257

4

F.3d 694, 699 (7th Cir. 2001) (quoting *Jones v. Lincoln Elec. Co.,* 188 F.3d 709, 737 (7th Cir. 1999)). To be found in civil contempt, a party "must have violated an order that sets forth in specific detail an unequivocal command from the court." *Dowell*, 257 F.3d at 699. <u>It is undisputed that Mr. Griffin did not have the authority to issue the wire payments to the Minor Plaintiffs</u>. Nonetheless, for the first time in the Reply Brief, the Edelson firm argues that Mr. Griffin should be held in contempt because he did not "prevent or at least mitigated" Mr. Girardi from violating the Court's orders. This is not the law. The Supreme Court has instructed that "[w]here compliance is impossible, neither the moving party law nor the court has any reason to proceed with the civil contempt action." *U.S. v Rylander*, 460 U.S. 752, 757 (1983). Since it was impossible for Mr. Griffin to issue the wire transfer, then he should not be held in civil contempt.

6. **<u>MR. GRIFFIN REQUESTS CLARITY ON THE SPECIFIC LAW APPLICABLE TO HIM</u>**. A federal civil contempt proceeding is a civil proceeding governed by the rules of civil procedure. *Shakman v. Democratic Organization of Cook County*, 533 F.2d 344, 352 (7th Cir.1976). Those rules entitle a party to an evidentiary hearing only if there are genuine issues of material fact. FRCP 56. Accordingly, if this Court holds that Mr. Griffin's inability to issue a wire payment to the Minor Plaintiffs does not provide him with a complete defense, and an evidentiary hearing is still necessary, then Mr. Griffin respectfully requests that this Court identify what law is going to apply to the facts and circumstances at issue herein before any factual evidentiary hearing takes place. Once there is a determination of the law that applies to Mr. Griffin, then this will allow Mr. Griffin to marshal the necessary evidence during an evidentiary hearing.

5

7. **EVIDENTIARY HEARING:** If and when an evidentiary hearing takes place, Mr. Griffin requests to appear in person so that this Court may appropriately judge his credibility and the credibility of the other witnesses. Additionally, Mr. Griffin would like to call certain witnesses to testify at the hearing and would like to present documentary evidence. Mr. Griffin desires to have a discussion with this Court on the mechanics of how to compel witnesses and obtain certain documents which are not in his possession, custody, or control, but may be determinative of the issues presented. Also, once the evidentiary hearing begins, Mr. Griffin would appreciate some clarity as to who is going to ask him questions other than his own counsel. Finally, Mr. Griffin would appreciate the opportunity to file a closing brief after the evidence has been presented to this Court.

Respectively submitted,

/s Ryan D. Saba
Ryan D. Saba
rsaba@rosensaba.com
Rosen Saba, LLP
9350 Wilshire Blvd., Suite 250
Beverly Hills, California 90212
(310) 285-1727

## **CERTIFICATE OF SERVICE**

I, Ryan Saba, hereby certify that on January 7, 2021, I served a true and correct copy of the foregoing document upon all counsel of record via the Court's CM/ECF System.

/s Ryan D. Saba