IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WELLY CHANDRA, et al., ) | |
| ) | Lead Case No.: |
| Plaintiffs, ) | 18-cv-07686 |
| ) | |
| v. ) | Honorable Thomas M. Durkin |
| ) | |
| THE BOEING INTERNATIONAL SALES ) | |
| CORPORATION, A Washington State Profit ) | |
| Corporation, et al., ) | |
| ) | |
| Defendants. ) | |

## STATUS CONFERENCE STATEMENT OF DAVID LIRA

On behalf of David Lira, we submit this statement regarding the status conference set for January 8, 2020.

**The Court Should Confirm That This Is A Civil Contempt Proceeding Initiated By The Court Sua Sponte**

On December 2, 2020, the Edelson firm, which was then counsel for several of the Lion Air plaintiffs filed a Motion for Rule to Show Cause against the law firm of Girardi Keese. [Docket #843.] The Motion alleged that six orders of this court were violated by Girardi Keese. [Docket #'s 384, 419, 424, 427, 576, 588.] Girardi was ordered to respond. [Docket # 843.] When Girardi did not file a timely response, the court ordered Mr. Lira and Mr. Griffin to appear on December 14, 2020. [Docket #845.]

By the time of that hearing Girardi had filed a response admitting the orders had been violated [Docket #847] and both Girardi and Girardi Keese were held in contempt by this court. [Docket #848.]

During the hearing, the Court expanded the inquiry from the Motion's original request for contempt only against Girardi to the question of whether Mr. Lira and Mr. Griffin should also be held in contempt. [Docket #852 Pages 38:10-39:13.]

**The Court Should Restrict The Role Of The Edelson Firm In These Proceedings**

The Edelson firm no longer represents any client in the Lion Air Litigation. The pleadings and declarations filed by the Edelson firm conclusively establish that lawyers in the Edelson firm are central witnesses in these proceedings.

The reply papers filed by the Edelson firm are quite misleading; some of the assertions made are simply wrong; other assertions are misleading since they use communications regarding the second set of settlements to claim that misrepresentations were made concerning the first set of settlements. [Docket #929.] Sorting out these factual issues will require the testimony of the Edelson lawyers in addition to the testimony of Mr. Lira and Mr. Griffin.

At the December 14th hearing, this Court questioned not only the post settlement conduct of Mr. Lira and Mr. Griffin but also that of the Edelson firm. [Docket #852 at Page 30-32.]

In light of the foregoing, the only role the Edelson lawyers should have in these proceedings is as witnesses. They should not be acting as the proponents of the contempt order and should not be questioning each other as witnesses.

We would ask the Court to determine whether the Edelson lawyers will be ordered to appear, whether they will appear voluntarily or whether there is a need for service of subpoenas on Jay Edelson, Rafey Balabanian and Ari Schrag.

We also ask that the court advise whether it will undertake the questioning at further proceedings or ask non conflicted counsel to undertake that role.

**The Court Should Set Dates For Mr. Lira And Mr. Griffin To Provide The Following:**

- Witness lists
- Exhibit lists
- Post Hearing Briefing

**Initial Comments On The Authorities Cited In The Edelson Reply**

A contempt proceeding against a non-party is governed by Rules 70 and 71 of the Federal Rules of Civil Procedure. In contrast an injunction is governed by Rule 65, which specifically provides that an injunction binds "the parties' officers agents servants, employees, and attorneys; and "other persons who are in active concert or participation with anyone described" in the applicable portions of the rule.

The cases cited by the Edelson firm in their Reply [Docket #929] for the proposition that Mr. Lira should be held in contempt in addition to Girardi are cases involving a violation of an injunction, the direct commission of a crime or the violation of an explicit order. Moreover, in each case the party to be held in contempt has personally engaged in affirmative conduct in direct violation of the prohibition. [*Nat'l Spiritual Assembly of Baha 'is of U.S. Under Hereditary Guardianship, Inc. v. Nat 'l Spiritual Assembly of Baha'is of U.S., Inc.,* 628 F.3d 837 (7th Cir.

2010) (violation of injunction against using corporation's name); *Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y,* 774 F.3d 935 (9th Cir. 2014) (deliberate circumvention of injunction preventing interference with whaling vessels); *United States v. Bd. of Educ. of City of Chicago,* 11 F.3d 668 (7th Cir. 1993) (violation of consent decree re discrimination and school funding issues); *Roe v. Operation Rescue,* 919 F.2d 857 (3d Cir. 1990) (violations of TRO prohibiting blocking entry to abortion clinics) ; *United States v. Beck,* 615 F.2d 441 (7th Cir. 1980) (a criminal case involving direct participation in illegal gun sales); *Rosemond v. United States,* 572 U.S. 65 (2014) (a criminal case involving the use of a firearm in drug trafficking).

The other cases also involve direct actions taken in clear violation of an order: *SEC v. Hyatt,* 621 F.3d 687 (7th Cir. 2010) (refusal to comply with a subpoena); *U.S. v. Bd. of Educ.*, 11 F.3d 668 (violation of a consent decree); *SEC v. Homa,* No. 99 C 6895, 2004 WL 1093492 (N.D. Ill. May 13, 2004) (violation of discovery orders); *Taggart v. Lorenzen,* 139 S. Ct. 1795 (2019) (violation of the automatic stay in bankruptcy).

The Reply does not cite any case in which someone who did not have the ability to comply with an order did not take remedial action after someone else violated an order. We can only presume that their research, like ours, did not uncover any authority for the imposition of contempt under those circumstances.

**A Comment Regarding The Applicable Rules Of Professional Conduct**

This proceeding is a civil contempt proceeding and the controlling authority resides in Federal Rules 70 and 71 and the case law on contempt proceedings. This is not an ethics inquiry nor is it an action for a breach of the standard of care or any other theory of civil litigation.

This Court has stated that an issue that needs to be addressed is whether Mr. Lira, knowing of the non-payment, had an obligation to do more than he did. [Docket #927 Page 8:9-13.]

As to David Lira, a California attorney with his office in Los Angeles, the court should not consider that question with a perspective shaped by the Illinois Rules of Professional Conduct or any ABA Model Rule that is inconsistent with the California Rules of Professional Conduct.

LR83_50, Rules of Professional Conduct, for the Northern District of Illinois provides that a lawyer like Mr. Lira, who is not admitted to practice in Illinois, is bound by the Rules of Professional Conduct for the state in which the lawyer's principal office is located. The Local

Rule also provides that if an ABA Rule does not address a matter or is inconsistent with the state's Rules, the lawyer is bound by the Rules applicable in the lawyer's state.

There are significant differences between the California Rules of Professional Conduct and the Illinois Rules. Rule 8.3 in Illinois provides a mandatory duty to report, to the appropriate professional authority, knowledge, not protected by the attorney client privilege, that another lawyer has committed serious misconduct. There is *no rule in California that requires reporting of misconduct* to the bar.

ABA Model Rule 3.3 (b) provides that a lawyer representing a client in an adjudicative proceeding and who knows that a person has engaged in criminal or fraudulent conduct related to the proceeding shall take reasonable remedial measures, including if necessary, disclosure to the tribunal. California Rule of Professional Conduct 3.3(b) only requires reasonable remedial measures to the extent permitted under the Rules and Statute governing client confidentiality. There is no reference in the California Rule to a report to the tribunal.

We reiterate that this is not a disciplinary proceeding or a civil action; however, we wanted to avoid the potential that this court would apply expectations created by Rules that are not applicable to Mr. Lira.

**Conclusion**

Mr. Lira assures this court that he is just as appalled and sickened by the criminal conduct of Mr. Girardi as this Court, the lawyers from the Edelson firm and Mr. Griffin. We hope to work with the court to structure the appropriate procedures for the evidentiary hearing in these civil contempt proceedings.

                                                DAVID LIRA

                                  By:   /s/Edith R. Matthai
                                          His Attorney

Christopher T. Sheean (ARDC #6210018)    Edith R. Matthai
Swanson, Martin & Bell LLP    Robie & Matthai
330 N. Wabash Ave., Suite 3300    350 South Grand Avenue, Suite 3950
Chicago, Illinois 60611    Los Angeles, CA 90071
(312) 222-8559    (213) 706-8000
csheean@smbtrials.com    ematthai@romalaw.com

## **CERTIFICATE OF SERVICE**

  I, Christopher T. Sheean, the undersigned attorney, hereby certify that on January 7, 2021, I served a true and correct copy of the foregoing Status Conference Statement Of David Lira upon all counsel of record via the Court's CM/ECF System.

                 /s/Christopher T. Sheean