# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT COURT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| *In re: Lion Air Flight JT 610 Crash* <br><br> RINI EKA A. SOEGIYONO, Administrator of the Estate of NIAR RURI SUNARNIATI SOEGIYONO, deceased, et al.; <br><br>     Plaintiff, <br><br> vs. <br><br> THE BOEING COMPANY, a corporation, <br><br>     Defendants. | **Lead Case: 1:18-cv-07686** <br> Case Nos.: 1:19-cv-02764 and 1:19-cv-05311 (Soegiyono Actions) <br><br> Related to Case No.: 1:19-cv-05311 (Nurdin Action) <br><br> *Assigned for all purposes to the Hon. Thomas M. Durkin* <br><br> DECLARATION OF MICHAEL B. INDRAJANA IN SUPPORT OF PLAINTIFF SOEGIYONO'S COUNSEL'S OPPOSITION TO MOTION TO COMPEL BINDING ARBITRATION <br><br> **<u>Hearing Information</u>** <br> Date:  March 22, 2021 <br> Time:  10:00 AM |
| RINI EKA A. SOEGIYONO, Administrator of the Estate of ANDRI WIRANOFA, deceased, et al. <br><br>     Plaintiff, <br><br> vs. <br><br> THE BOEING COMPANY, a corporation, <br><br>     Defendants. | |
| Related to: <br><br> NURDIN RAKHMAN SEMENDAWAI, Administrator of the Estate of ANDRI WIRANOFA, deceased, et al. <br><br>     Plaintiff, <br><br> vs. <br><br> THE BOEING COMPANY, a corporation, <br><br>     Defendants. | |

# DECLARATION OF MICHAEL B. INDRAJANA

I, MICHAEL B. INDRAJANA, do hereby DECLARE as follows:

1. I am licensed to practice in the State of California and have been counsel engaged by Plaintiffs in this matter. I am the principal and owner of the firm Indrajana Law Group, a Professional Law Corporation ("ILG"). I have personal knowledge of the matters stated below, and if called as a witness, could and would testify thereto.

2. My practice, along with Sanjiv N. Singh, a PLC ("SNS") and Kabateck LLP ("KBK") was engaged by Plaintiff Rini Eka A. Soegiyono in February 2019. ILG is an independent firm from SNS and KBK, and as such, neither SNS or KBK may speak or act as an agent for ILG. As such, neither Mr. Singh nor Mr. Kabateck can speak on behalf of my firm because they are separate firms, and they are independent from me and my practice.

3. On June 17, 2020, I was present in our office's conference room along with Mr. Singh when he appeared before this Court's hearing on Plaintiff Soegiyono's Motion to Appoint Guardian Ad Litem. I was listening in the background as co-counsel and to provide critical backup in the event Mr. Singh needed additional information during the hearing. I did not speak at hearing because that hearing was focused on the issues to do with the minors, and lead co-counsel at the time (Mr. Kabateck and Mr. Singh) were authorized to speak only about the underlying settlement for the family and minor claimants. Because I did not officially appear at the hearing, I did not speak at the time and therefore I did not agree to anything to do with fee arbitration on the record at the hearing.

4. Between June 2020 to September 2020, I was copied on the email exchange between Mr. Singh and Mr. Charles Herrmann from Herrmann Law Group regarding the potential choice of dispute resolution of the attorneys' fee dispute before Judge O'Connell. I specifically and expressly stated that I disagreed and would not agree to a binding arbitration. Attached hereto as Exhibit 1 is a true and correct copy of my email

correspondence dated September 26, 2020 in which I expressly stated my disagreement to a binding arbitration on the attorneys' fee dispute.

5. It has been an ongoing theme for other litigation firms in the Boeing cases to incorrectly assume that I am not a practicing U.S. Attorney and merely an agent for either SNS or KBK. This is not the case. I am admitted to practice in California since 2008, and I have been actively practicing law in the United States for 13 years. To the best of my knowledge, I am the only natively fluent Indonesian speaking U.S. Attorney in the Lion Air Boeing litigation matter. Attached hereto as Exhibit 2 is a transcript of a hearing before this Court in the case titled *Nurwulan v. Boeing*, Case No. 20-cv-04000, ECF No. 20, in which the Court recognized me as an independent free-standing attorney and expressly required my consent to terms regarding fee disputes.

I declare under penalty of perjury under the laws of the State of California and Illinois that the foregoing is true and correct to the best of my knowledge or belief based on reliable information.

DATED this 5th day of March 2021, at San Mateo, California.

_____
MICHAEL B. INDRAJANA

EXHIBIT 1



**Michael Indrajana <michael@indrajana.com>**

## Notice Re Your Proposal for Motion to Compel a Binding Fee Arbitration

**Michael Indrajana** <michael@indrajana.com>  Sat, Sep 26, 2020 at 7:01 PM
To: Sanjiv Singh <ssingh@sanjivnsingh.com>
Cc: Charles Herrmann <charles@hlg.lawyer>, Brian Kabateck <bsk@kbklawyers.com>, Mark Lindquist <mark@hlg.lawyer>, John Herrmann <john@hlg.lawyer>, "Christopher B. Noyes" <CN@kbklawyers.com>, Lara Herrmann <lara@hlg.lawyer>

I did not agree to anything before, and nor would I have ever agreed to a binding arbitration on this matter. The most I would agree to now is a mediation or non binding fee arbitration or so called neutral evaluation.

Michael Indrajana | Indrajana Law Group, a Professional Law Corporation
(650) 597-0928 | michael@indrajana.com | www.indrajana.com

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

> On Sat, Sep 26, 2020 at 6:52 PM Sanjiv Singh <ssingh@sanjivnsingh.com> wrote:
>
>> Dear Mr. Herrmann:
>>
>> I am putting you on notice that I believe your motion to compel a binding fee arbitration would be frivolous for the following reasons, and also defective from a procedural standpoint because it could not bind all parties:
>>
>> 1. You have stated that we agreed to a binding arbitration. I have told you repeatedly we had not, and urged you to look at the emails and transcript. You stated to me that there was an agreement on the record with Judge Durkin that we did--there is not. Please see for example Transcript at 11:2-5. And when the Judge asks us for further agreement, he did not mention arbitration on the call. You also said we agreed to it before the call--we did not. The Transcript speaks to that.
>>
>> 2. Second please look at the emails after the Durkin proceedings--we only agreed to mediation or arbitration, and not a binding arbitration. The word binding (which is extremely important to specify and has very significant meaning in most jurisdiction) appears nowhere and for good reason. In California, we often will do non binding arbitrations for fee disputes--indeed, in California, between client and counsel, it is a default which a client can invoke and often does in fee disputes. But it is non binding. As such, when we used the terms, I contemplated a non binding arbitration with Judge O'Connell--i.e. similar to a neutral eval form of ADR commonly used and which I have used with good results--run like a mini trial, wakes people up to potential infirmities of positions but does not bind anyone.
>>
>> 3. If binding had been suggested or contemplated, I would not have agreed to it and actually could not have agreed to it--I would have needed Michael's consent to do so since he has a separate fee interest. As you will see in your emails below, Michael is not copied. If we had any inkling that you were trying to enforce some kind of binding arbitration agreement, we would have needed Michael on the call and on emails--he has a separate fee entitlement and would have needed to agree.
>>
>> For the reasons stated above, I urge you to consider very carefully whether your motion to compel arbitration would be frivolous. You have literally NO RECORD AT ALL OF A AN AGREEMENT TO A **BINDING** ARBITRATION and also have no agreement for any kind of ADR at all with Michael (where ILG is one of the firms with fee claims) and no order from Judge Durkin requiring ADR on the fees--ALL YOU HAVE IS EVIDENCE OF AN AGREEMENT TO MEDIATE OR HAVE A NON BINDING ARBITRATION (I.E. SIMILAR TO A NEUTRAL EVAL--WE CAN MAKE ARGUMENTS, PRESENT EVIDENCE, ETC--BUT NEITHER PARTY IS BOUND, AND SHOULD BE ABLE TO GO TO JUDGE DURKIN, OR GO ELSEWHERE TO LITIGATE IT IN COURT WITH RIGHTS OF APPEAL, ETC.)
>>
>> If you choose to file a motion to compel a binding arbitration, I believe it is sanctionable and I urge you to not waste our time, the Court's time, etc with such a motion. Even putting aside the first two points, you have zero agreement on anything (mediation, arbitration, or ADR of any kind) with Michael.
>>
>> As stated repeatedly, and as stated below, I am fine with a mediation or a fee arbitration that is non binding--i.e. it would permit us to proceed with proceedings in a court of competent jurisdiction of the arbitration. I do not believe you have a

good faith basis under the law to file a motion to compel as such.

Michael, please advise whether you will agree to a mediation, fee arb (non binding) or ADR of some kind, and also whether you had any past agreement as such.

Thank you.

Sanjiv
Sanjiv N. Singh, JD, MD
**SNS PLC |**1650 SOUTH AMPHLETT BLVD. SUITE 220 **|** SAN MATEO, CA 94402
TEL: 650-389-2255 **|** MOBILE: 415-816-5548 **|** FAX: 415-358-4006
WEB: WWW.SANJIVNSINGH.COM **|** E-MAIL: SSINGH@SANJIVNSINGH.COM

Confidentiality Notice: This message (including attachments) is a private communication solely for use of the intended recipient(s) and may contain privileged communications, confidential or proprietary information and/or attorney work product. If you are not the intended recipient(s) or believe you received this message in error, notify the sender immediately and then delete this message. Any other use, retention, dissemination or copying is prohibited and may be a violation of law, including the Electronic Communication Privacy Act of 1986.

---------- Forwarded message ---------
From: **Sanjiv Singh** <ssingh@sanjivnsingh.com>
Date: Wed, Jun 17, 2020 at 5:00 PM
Subject: Re: The Orphan Cases
To: Charles Herrmann <charles@hlg.lawyer>
Cc: Brian Kabateck <bsk@kbklawyers.com>, Donald O'Connell <DPO@oconnellmediationservices.com>, kathleen@oconnellmediationservices.com kathleen@oconnellmediationservices.com <kathleen@oconnellmediationservices.com>, Mark Lindquist <mark@hlg.lawyer>, Amalia Najarro <an@kbklawyers.com>, John Herrmann <john@hlg.lawyer>

No problem Charles. Yes, arbitration is fine before the Judge on fees. I was actually being cautious in my wording as I knew Brian and I had no problem with it, but wanted to be sure you were--my point was that if something was disputed as such, we could return to Judge Durkin as a final option. But if you agree on fee arbitration with Judge O Connell, then no issue.

Sanjiv N. Singh, JD, MD
**SNS PLC |**1650 SOUTH AMPHLETT BLVD. SUITE 220 **|** SAN MATEO, CA 94402
TEL: 650-389-2255 **|** MOBILE: 415-816-5548 **|** FAX: 415-358-4006
WEB: WWW.SANJIVNSINGH.COM **|** E-MAIL: SSINGH@SANJIVNSINGH.COM

Confidentiality Notice: This message (including attachments) is a private communication solely for use of the intended recipient(s) and may contain privileged communications, confidential or proprietary information and/or attorney work product. If you are not the intended recipient(s) or believe you received this message in error, notify the sender immediately and then delete this message. Any other use, retention, dissemination or copying is prohibited and may be a violation of law, including the Electronic Communication Privacy Act of 1986.

On Wed, Jun 17, 2020 at 4:55 PM Charles Herrmann <charles@hlg.lawyer> wrote:

> Dear All:
>
> Sorry to start by having to correct you attorney Singh. But the agreement on the record is that after settlement with Boeing, if we later fail to agree on a division of the fees, it will ultimately be decided

by Judge O'Connell through arbitration. That's what arbitration means. There will be no going back to Judge Durkin.

We go back to Judge Durkin on the motion only if we fail to settle with Boeing.

I am available for the conference call any time on Saturday—whatever works for everyone else.

Respectfully,

**HERRMANN LAW GROUP**

*Charles J. Herrmann*

Attorney at Law

charles@hlg.lawyer

Direct: 206.488.5911

Website: https://hlg.lawyer

*Confidential legal communication;*

*all rights reserved.*

**From:** Sanjiv Singh <ssingh@sanjivnsingh.com>
**Sent:** Wednesday, June 17, 2020 3:59 PM
**To:** Brian Kabateck <bsk@kbklawyers.com>
**Cc:** Donald O'Connell <DPO@oconnellmediationservices.com>; kathleen@oconnellmediationservices.com kathleen@oconnellmediationservices.com <kathleen@oconnellmediationservices.com>; Mark Lindquist <mark@hlg.lawyer>; Charles Herrmann <charles@hlg.lawyer>; Amalia Najarro <an@kbklawyers.com>
**Subject:** Re: The Orphan Cases

Judge O'Connell:

As I know your day is packed, to help jump start things, the short summary is that Judge Durkin and the parties agreed on the record to the following today:

1. The Plaintiffs would put down their swords and focus on settling the case with Boeing. Boeing was agreeable with that. The parties also agree that the allocation in each of the two cases is 1/3rd to adult claimants, 2/3rd to the orphan girls.

2. Parties agreed that any dispute on fees could be handled by mediation or arbitration before you afterwards. (Of course, if that breaks down, we can go back to Judge Durkin with a motion but hopefully not needed.)

We are all very pleased to focus at long last on the settlement for the girls. I told Chuck and Brian my personal views--which is that so much work has been done so far and we were already at 5.3, I query whether a streamlined way to get it resolved would be a demand letter from Plaintiffs followed by a zoom conference or frankly (and this is **just my view** given how efficient we have been with you in resolving our matters) followed by emails, texts, or phone calls with further trading of numbers.

Anyhow, we look forward to talking with you as a group. Chuck and Mark, if I have not characterized anything correctly, please chime in.

S

Sanjiv N. Singh, JD, MD

**SNS PLC |** 1650 S&#x1D0F;&#x1D1C;&#x1D1B;&#x029F; A&#x1D0D;&#x1D18;&#x029C;&#x029F;&#x1D07;&#x1D1B;&#x1D1B; B&#x029F;&#x1D20;&#x1D05;. S&#x1D1C;&#x026A;&#x1D1B;&#x1D07; 220 **|** S&#x1D00;&#x0274; M&#x1D00;&#x1D1B;&#x1D07;&#x1D0F;, CA 94402

T&#x1D07;&#x029F;: 650-389-2255 **|** M&#x1D0F;&#x1D07;&#x026A;&#x029F;&#x1D07;: 415-816-5548 **|** F&#x1D00;&#x1D21;: 415-358-4006

W&#x1D07;&#x1D07;: WWW.SANJIVNSINGH.COM **|** E-&#x1D0D;&#x1D00;&#x026A;&#x029F;: SSINGH@SANJIVNSINGH.COM

Confidentiality Notice: This message (including attachments) is a private communication solely for use of the intended recipient(s) and may contain privileged communications, confidential or proprietary information and/or attorney work product. If you are not the intended recipient(s) or believe you received this message in error, notify the sender immediately and then delete this message. Any other use, retention, dissemination or copying is prohibited and may be a violation of law, including the Electronic Communication Privacy Act of 1986.

On Wed, Jun 17, 2020 at 12:59 PM Brian Kabateck <bsk@kbklawyers.com> wrote:

> Judge O'Connell:
>
> Following the status conference on our motion for appointment of a GAL, Mr. Herrmann, Mr. Lindquist, Mr. Singh and I would like to schedule a conference call to explain where things stand. I have copied my assistant to help coordinate.
>
> Thank you.
>
> Brian S. Kabateck | Managing Partner
> 633 West Fifth Street, Suite 3200
> Los Angeles, CA 90071
> T: 213.217.5001
> F: 213.217.5010
> KBK Kabateck LLP    www.kbklawyers.com

# EXHIBIT 2

|   |   |   |
|---|---|---|
| 1 | IN THE UNITED STATES DISTRICT COURT | |
|   | FOR THE NORTHERN DISTRICT OF ILLINOIS | |
| 2 | EASTERN DIVISION | |
| 3 | RINDI SEPTI CORIAH NURWULAN,     ) | Docket No. 20 C 4000 |
|   | Personal Representative of      ) | |
| 4 | the Heirs of JUNIOR PRIADI,     ) | Chicago, Illinois |
|   | deceased,                       ) | December 14, 2020 |
| 5 |                                 ) | 9:16 a.m. |
|   |         Plaintiff,              ) | |
| 6 |                                 ) | |
|   |    vs.                          ) | |
| 7 |                                 ) | |
|   | THE BOEING COMPANY,             ) | |
| 8 |                                 ) | |
|   |         Defendant.              ) | |
| 9 | | |
|   | TRANSCRIPT OF TELEPHONIC PROCEEDINGS | |
| 10 | BEFORE THE HONORABLE THOMAS M. DURKIN | |
| 11 | APPEARANCES: | |
| 12 | For the Plaintiff: | MR. NOMAAN K. HUSAIN |
|   |                    | Husain Law + Associates P.C. |
| 13 |                    | 5858 Westheimer Road, Suite 400, |
|   |                    | Houston, Texas   77057 |
| 14 | | |
|   | (Former Attorneys  | MR. SANJIV N. SINGH |
| 15 | for the Plaintiff) | Sanjiv N. Singh, PLC |
|   |                    | 1650 South Amphlett Boulevard, Suite 220, |
| 16 |                    | San Mateo, California   94402 |
| 17 |                    | MR. MICHAEL INDRAJANA |
|   |                    | Indrajana Law Group, PLC |
| 18 |                    | 1650 South Amphlett Boulevard, Suite 220, |
|   |                    | San Mateo, California   94402 |
| 19 | | |
|   | For Boeing Company: | MR. MACK H. SHULTZ, JR. |
| 20 |                     | Perkins Coie LLP |
|   |                     | 1201 Third Avenue, Suite 4900 |
| 21 |                     | Seattle, Washington   98101-3099 |
| 22 | ELIA E. CARRIÓN | |
|   | Official Court Reporter | |
| 23 | United States District Court | |
|   | 219 South Dearborn Street, Room 1432, | |
| 24 | Chicago, Illinois 60604 | |
|   | (312) 408-7782 | |
| 25 | Elia_Carrion@ilnd.uscourts.gov | |

1  think one of the problems was just the inability to see our
2  three firms separately -- you should know yesterday -- you'll
3  recall that I appeared last week at your previous hearing and
4  explained to you and your clerk as to why that happened.  And
5  the reason that happened was because notice was given only to
6  the Kabateck firm; it was not given to my firm; it was not
7  given to Mr. Indrajana; and it was an incorrect hearing date
8  that was then provided to us through Kabateck.
9  　　　　　　And I think that's very symptomatic of what the
10 pervasive facts are in this case.
11 　　　　　　So thank you for hearing me this morning.
12 　　　　　　MR. HUSAIN:  Your Honor --
13 　　　　　　THE COURT:  Who is this?  Who is this?
14 　　　　　　MR. HUSAIN:  This is Nomaan Husain, but I forgot that
15 Mr. Indrajana needs to speak.
16 　　　　　　THE COURT:  No, no, sir --
17 　　　　　　MR. HUSAIN:  Yes.
18 　　　　　　THE COURT:  Mr. Husain, you need to wait.  I'm going
19 to do this in order.
20 　　　　　　MR. HUSAIN:  Yes, sir.  Yes, of course.
21 　　　　　　THE COURT:  Mr. Indrajana, you go next.
22 　　　　　　MR. INDRAJANA:  Yes, Your Honor, I don't have any
23 comments beyond what Mr. Singh said.  I agree with everything
24 that Mr. Singh said, and I stand by that.
25 　　　　　　If a hearing is a must, then we should go ahead and

1  do so.  But, you know, for -- I really appreciate your
2  comments regarding the dignity of the client and we would try
3  and avoid that if possible.  Thank you.
4         THE COURT:  All right.  Mr. Husain, I'll give you a
5  chance to speak in a moment, though.
6         But I was going to suggest -- and I know, Mr. Husain,
7  you need to talk to Rindi -- that you have a settlement
8  discussion in this case.
9         It's -- it's a lot of money.  $36,000 is a lot of
10 money to anyone.  And I'm not trivializing the amount.  But
11 the -- I really think it's a disservice for either side to
12 compel a hearing where Rindi has to testify, and I see no way
13 around it if you continue to argue about the -- about the
14 merits of your -- of each of your positions.
15        I don't, frankly, think -- and I know you're all
16 involved in these types of cases, I -- I think lowering the
17 temperature so that no one feels professionally impugned by
18 the disagreements you have in reaching amicable settlement is
19 always a good thing.
20        But I am very, very concerned about putting this
21 individual plaintiff, a widow, through a fight over $36,000 in
22 attorneys' fees before her either two present sets of
23 attorneys or one present and one former.
24        And this is made for a settlement, in my mind.  There
25 is an argument, even if the technical requirements for an

1            MR. SINGH:  Thank you.  Thank you for your time.
2            THE COURT:  Bye-bye.
3         (Time noted:  9:32 a.m.)
4         (Which were all the proceedings heard.)
5                         CERTIFICATE
6      I certify that the foregoing is a correct transcript from
7  the record of proceedings in the above-entitled matter.
8  */s/ Elia E. Carrión*              *18th day of December, 2020*
   ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾          ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
9  *Elia E. Carrión*                        *Date*
   *Official Court Reporter*
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25