## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **In re: Lion Air Flight JT 610 Crash** | )<br>)<br>)<br>)<br>) |
| KIKI MERDEKAWATI, individually and on behalf of her minor child, Z.I.A., as Limited Special Administrator of the Estate of FILZALADI, Deceased, | )<br>)<br>)<br>)<br>)<br>) Lead Case No.:<br>) 1:18-cv-07686<br>)<br>) Original Case No.:<br>) 1:19-cv-02919 |
| *Plaintiffs,* | )<br>)<br>) |
| v. | )<br>)<br>) |
| THE BOEING COMPANY, a corporation, | ) Honorable Thomas M. Durkin<br>)<br>)<br>) |
| *Defendant.* | )<br>) |

## PLAINTIFF'S MOTION FOR DISMISSAL OF PLAINTIFF'S CLAIMS WITH PREJUDICE AND APPROVAL OF MINOR SETTLEMENT

Plaintiff, Kiki Merdekawati, individually and on behalf of her minor child, Z.I.A., as Limited Special Administrator of the Estate of Filzaladi, Deceased, by her undersigned attorneys, moves this Court for an order approving the settlement with Defendant, The Boeing Company, of claims relating to the death of Filzaladi ("Decedent"), and in support thereof states as follows:

### FACTS

1.      Decedent was a passenger on board a Boeing 737 MAX 8 aircraft, registered as PK-LQP ("Subject Aircraft") and operated by PT Lion Mentari Airlines as Lion Air Flight JT 610 en route from Jakarta, Indonesia to Pangkal Pinang, Indonesia on October 29, 2018.

1

2.     Flight JT 610 crashed into the Java Sea off the coast of Jakarta shortly after takeoff, killing all 189 persons aboard the airplane, including Decedent.

3.     In her Complaint (original Case No. 19-cv-2919), Plaintiff has asserted wrongful death and survival actions arising out of the death of the Decedent in the crash of Flight JT 610 on behalf of her and the Decedent's minor son and heir, Z.I.A., aged 9.

4.     Plaintiff Kiki Merdekawati is the Decedent's ex-wife and the biological mother, custodial parent, and court appointed legal guardian of the Decedent's only child, Z.I.A.

5.     A separate Complaint (original Case No. 19-cv-2764) was filed by Plaintiff, Serly Oktaviani, Decedent's current spouse, on behalf of herself and other adult heirs, all of whom are currently represented by Sanjiv N. Singh, a Professional Law Corporation ("SNS") and Indrajana Law Group, a Professional Law Corporation ("ILG). Mr. Singh and Mr. Indrajana will be filing a stipulation to dismiss their lawsuit on behalf of adult heirs pursuant to a confidential settlement reached by the parties.

6.     Austin Bartlett, one of the undersigned counsel for Plaintiff, is an independent attorney who represents the interests of Plaintiff and Decedent's minor heir, Z.I.A., who has investigated, and is familiar with, the facts of this matter, including Plaintiff's claims, damages, Defendant's defenses and positions, certain legal authorities, and evidence pertaining thereto. Plaintiff's counsel may adequately investigate and evaluate these aspects of the matter on behalf of Plaintiff and Decedent's son and minor heir, Z.I.A., because they are members of the same family who have suffered similar damages and whose claims and interests do not conflict with one another.

## PLAINTIFF'S ALLEGATIONS

7.     Plaintiff filed a complaint based on products liability and negligence against Boeing.

2

8.  Plaintiff alleges that Boeing designed, manufactured, assembled, and sold the Subject Aircraft.

9.  Plaintiff alleges that the Subject Aircraft was defective.

10.  Plaintiff alleges that as the direct and proximate result of the alleged defective condition, the Subject Aircraft crashed into the Java Sea off the coast of Jakarta, Indonesia, resulting in the death of Decedent.

11.   Plaintiff alleges as a direct and proximate result of the alleged defective condition of the Subject Aircraft, Decedent's heirs and next of kin have suffered loss of support, loss of net accumulations, loss of household services, loss of care, comfort, companionship, guidance, and society and mental anguish, sorrow and grief as the result of the death of Decedent.

## PLAINTIFF'S DAMAGES

12.  Decedent Filzaladi was 30 years old at the time of his death and was a passenger on the subject flight.

13.  The Decedent is survived by his minor son and heir Z.I.A.., aged 9, through his mother and legal guardian, Kiki Merdekawati. The Decedent is also survived by various adult heirs who filed a separate lawsuit and are represented by Mr. Singh and Mr. Indrajana.

## MR. SINGH'S OBJECTION

14.  As an officer of the Court and pursuant to the Court's case management procedures, Mr. Bartlett is required to inform the Court that he has received an objection from Mr. Singh. Mr. Singh and his co-counsel, Mr. Indrajana, agree with this settlement being approved and the settlement funds being transferred to my firm's trust account, but they object to the minor's settlement funds being transferred to Indonesia under the care of the minor's biological mother and legal guardian.

15.  More than two years ago, on February 18, 2019, the Indonesian court issued an order appointing plaintiff, Kiki Merdekawati as the legal guardian of her

minor son, Z.I.A. Attached is a certified translation of the Indonesian court's 15-page legal decision. (Exhibit A, Sealed Copy of Indonesian Guardianship Order).

16.     Because it is undisputed that we represent the minor and his biological mother, custodial parent, and court appointed legal guardian, Mr. Bartlett's position is that Mr. Singh's objection should be rejected by the Court. Mr. Singh and his clients lack legal standing to interfere with the wishes of the minor's biological mother and legal guardian.

17.     The Court can also take judicial notice that it has regularly approved minor's settlement funds being sent to Indonesia under the care of their parent and legal guardian throughout the course of this litigation. It should do the same here.

## DEFENDANT'S POSITION AND DEFENSES

18.     Defendant Boeing denies that the accident aircraft was defective and further denies that any act or omission by it proximately caused this crash. Defendant Boeing has informed plaintiff that it takes no position with respect to Mr. Singh's objection. Boeing has also informed plaintiff that it agrees that the settlement should be approved.

## SETTLEMENT AGREEMENT

19.     Counsel for Plaintiff and counsel for Boeing engaged in a mediation before retired Cook County Circuit Court Chief Judge O'Connell and have reached an agreement to settle the claims of this Plaintiff (and Decedent's other heirs) against Boeing.

20.     As a condition of the settlement, Plaintiff and Decedent's heirs have agreed to keep the amount of the settlement confidential. A sealed declaration providing the terms of the settlement has been provided to the Court separately.

21.     In negotiating this settlement, Plaintiff's counsel considered the strength of Plaintiff's action against Boeing and Boeing's asserted defenses, including the potential merit of its position in an anticipated *forum non conveniens* motion to dismiss Plaintiff's claims.

22. Plaintiff's counsel is experienced in the representation of families of victims of international airplane accidents. Plaintiff's counsel believes the settlement amount is fair and reasonable under all the above-stated considerations, including the minor heir's damages as a result of their minor status, and their incapacity in general.

23. The mediator Judge O'Connell has a great deal of experience as a judge in aviation matters and this mediator also believes this is a reasonable settlement.

24. Plaintiff's counsel has fully explained all the above facts to Plaintiff and Decedent's heirs, and they agree that the settlement amount is fair and reasonable, and Plaintiff seeks the Court's approval of this settlement.

WHEREFORE, the Plaintiff prays that this Court enter an Order:

a. Finding the undersigned Austin Bartlett is an independent attorney representing the interests of the minor heir Z.I.A.., and who is competent to represent the interests of minor heir Z.I.A. and next of kin that are members of the same family;

b. Approving on behalf of the minor heir Z.I.A. the settlement of the claims of Plaintiff against defendant;

c. Dismissing this action with prejudice and without costs against all defendants and retaining jurisdiction to effectuate settlement; and,

d. Providing Plaintiff with other relief as this Court may deem just.

Dated: June 4, 2021                              Respectfully submitted,


By: /s/ *Austin Bartlett*
Austin Bartlett
BartlettChen LLC
150 North Michigan Avenue, Suite 2800
Chicago, Illinois 60601
(312) 624-7711
austin@bartlettchenlaw.com

-And-

Manuel von Ribbeck
Monica Ribbeck Kelly
Ribbeck Law Chartered
505 N. Lake Shore Drive, Suite 102
Chicago, Illinois 60611
(833) 883-4373
(312) 973-0146
mail@ribbecklaw.com
monicakelly@ribbecklaw.com

*Attorneys for Plaintiff*