COPY



**SPECIAL CLASS IA SURABAYA DISTRICT COURT**

Jalan Raya Arjuno No. 16-18 Surabaya
Tel. 031-531-1523 Fax 031-534-3907 Email [illegible]
Website [illegible]

COPY OF SURABAYA
DISTRICT COURT RULING
No. 679/Pdt.P/2021/PN.Sby
FOR JUSTICE BASED ON ALMIGHTY GOD

**Handed down by the SURABAYA DISTRICT COURT**
On day    date
**on the petition of**

A.R.N

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

**as the PETITIONER**

Note :   Copy of Surabaya District Court Ruling No. 679/Pdt.P/2021/PN.Sby given to and/or at the oral request of the PETITIONER as the petitioner in accordance with the letter dated _____

* Delete as applicable

Scanned with CamScanner

COPY

# RULING
Number 679/Pdt.P/2021/PN.Sby
**FOR JUSTICE BASED ON ALMIGHTY GOD**

The Surabaya District Court, which hears and adjudicates civil matters in the court of first instance, has handed down a ruling on the petition from

| | | |
|---|---|---|
| Name | : ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ | A.R.N. |
| Place of Birth | : Surabaya; | |
| Date of Birth | : ▇▇▇-2003; | |
| Sex | : Male; | |
| Religion | : Islam; | |
| Citizen of | : Indonesia; | |
| Occupation | : Student/Pupil; | |
| Address | : ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Sub-district of Gundih, District of Bubutan, City of Surabaya | |
| Status | : Married | |

In this matter granting power of attorney to : Achmad Budiarto, S.H. and Indra Irawan, S.H., joint Advocates/Legal Counsel at the law office of *IRDIAN SAPUTRA, S.H., M. Hum & Partners* with their address at Jalan Jambangan Baru Kav. 1A, City of Surabaya, on the basis of a Special Power of Attorney dated April 17, 2021, attached to the case file, hereinafter called the Petitioner;

**The said District Court**;

Having read the documents in this matter;

Having taken note of the exhibits submitted at the hearing;

Having heard the testimony from the witnesses at the hearing.

COPY

Considered that the Petitioner by his petition registered with the Office of the Clerk of the Surabaya District Court on April 17, 2021 an registered under Register Number 679/Pdt P/2021/PN.Sby, which sets forth the following:

1. that the Petitioner resides in and is domiciled in the Jurisdiction of the Surabaya District Court and so the PETITIONER legally filed this petition with the Surabaya District Court;

2. that the Petitioner has **Identity Card Number 6**▇▇▇▇▇, which was issued on January 15, 2021 by the City of Surabaya Population and Civil Registration Service Office (Exhibit P1);

3. that the Petitioner has an Excerpt from the **Birth Certificate Number 2**▇▇▇▇▇, which was issued on December 31, 2003 by the City of Surabaya Population and Civil Registration Service Office (Exhibit P2);

4. that the Petitioner has **Family Card Number 2**▇▇▇▇▇ which was issued on January 14, 2021 by the City of Surabaya Population and Civil Registration Service Office (Exhibit P3);

5. that the Petitioner is an adult and is capable of taking legal action, and married a woman named ALVINA ROSE TALITHA, on the basis of Surabaya Religious Court Ruling on February 19, 2021 No. 265/Pdt.P/2021/PA.Sby;

6. that the Petitioner has Excerpt from **Marriage License Number 0**▇▇▇▇▇ which was issued on February 24, 2021 by the Marriage Registration Officer, Office of Religious Affairs District of Bubutan, City of Surabaya (Exhibit P-4);

7. that therefore the Petitioner is legally capable and can take actions for himself, either in or out of Court to manage the Petitioner's needs in matters relating to his parents' movable and immovable estate and/or other legal actions;

Scanned with CamScanner

COPY

8. that the Petitioner has the status of an Orphan who does have his biological father named PERMADI ANGGRIMULJA, who died on October 29, 2018, as evidenced by Excerpt of Death Certificate Number 3674-KM-13122018-0001 dated December 13, 2018, which was issued by the City Tanggerang Selatan Population and Civil Registry Service, and his biological mother named EVA CHRISTIANTI RAHMAYANI who died on October 26, 2015, as evidenced by Excerpt of Death Certificate Number 3578-KM-02112015-2017 dated November 2, 2015, which was issued by the City of Surabaya Population and Civil Registry Service (Exhibits P-5 and P-6);

9. that the Petitioner, who is an adult and is legally married, can be qualified as someone who is capable of taking legal action and can act legally to take those necessary actions came across difficulties and obstructions when he wished to make arrangements for his parents' estate documents or valuable documents relating to the Notary or Land Deed Conveyancer Officer, civil and military Government Agencies, private companies, State-Owned Businesses, Private/State (BUMN) Owned Banks, without exception throughout the territory of the Republic of Indonesia;

10. that in order to take legal action, the Petitioner filed with the Court for the status of an adult who is capable of acting legally in all the actions set forth in point 9 above, so as to make it easier for the Petitioner to deal with or act legally at the present time and in the future, the Petitioner petitioned the Surabaya District Court to grant it;

COPY

11.     that the Petitioner is able to pay the expenses arising from this petition.

Based on the reasons referred to above, the Petitioner petitions the Chief Justice of the Surabaya District Court to agree to accept the evidence which the Petitioner has submitted and also agree to hand down a ruling whose disposition reads as follows:

1.     to grant the PETITIONER'S petition.

2.     to declare that the PETITIONER (Abitama Ramadhan Nandiva) is legally capable and can act legally for and on behalf of himself in all matters, either before or out of Court, and to manage his parents' estate documents, or valuable documents relating to a Notary or Land Deed Conveyancer Officer, civil and military Government Agencies, private companies, State-Owned Businesses, Private/State (BUMN) Owned Banks, without exception throughout the territory of the Republic of Indonesia.

3.     to charge the expenses arising from this petition to the PETITIONER:

Or if the Surabaya District Court thinks otherwise, we petition for the fairest possible decision (*Ex aequo et bono*);

    Considered that on the day set for the hearing, the Petitioner appeared represented by his Counsel as referred to above and after the Petition was read out, the Petitioner declared that he affirmed his petition;

    Considered that to confirm his petition, the Petitioner's counsel has submitted the following exhibits, to which a sufficient amount of stamp duty was affixed:

1.     A photocopy of Identity Card (NIK): ▮▮▮▮▮▮▮▮ in the name of ▮▮▮▮▮▮▮▮ dated January 15, 2021, exhibit P-1;

2.     A photocopy of Family Card No. ▮▮▮▮▮▮▮▮ in the name of the head of family M. Hillaludin dated January 14, 2021, exhibit P-2;

A.R.N.

3. A photocopy of an Excerpt from Birth Certificate No. 23350/2003 in the name of A███████ ██████ dated December 31, 2003, Exhibit P-3;

4. A photocopy of Marriage License Number 0080/0038/I/2021 dated February 24, 2021, exhibit P-4;

5. A photocopy of Identity Card (NIK): ████████████ in the name of Alvina Rose Talitha Hermawan dated January 15, 2021, exhibit P-1;

6. A photocopy of Family Card No. 3████████████ in the name of head of family Endy Hermawan dated January 15, 2021, exhibit P-6;

7. A photocopy of an Excerpt from Birth Certificate No. ██████████ in the name of Alvina Rose Talitha Hermawan dated December 31, 2003, exhibit P-7;

8. A photocopy of Death Certificate Number 3████████████ in the name of Permadi Anggrimulja, exhibit P-8;

9. A photocopy of Death Certificate Number ██████████████ in the name of Eva Christianti Rahmayani, exhibit P-9;

Considered that after all the exhibits referred to were examined and checked and matched against the originals and it turned out that they matched and were in conformity so that they were admissible as valid exhibits in this petition;

Considered that at the hearing the Petitioner also presented 2 (two) witnesses who under oath gave the following testimony:

**Witness I. M. Hillaludin:**

That the witness knows the Petitioner because he is the Petitioner's brother.

That the petitioner is the child of husband and wife Permadi Anggrimulja and Eva Christianti Rahmayani;

That the Petitioner is the only child of Permadi Anggrimulja and Eva Christianti Rahmayani and has no biological siblings;
That both of the Petitioner's parents are deceased:

COPY

1. The Petitioner's father named Permadi Anggrimulja died on October 29, 2018;

2. The Petitioner's mother named Eva Christianti Rahmayani died on October 26, 2015.

That the Petitioner was born on October 27, 2003;

That the Petitioner married a woman named Alvina Rose Talitha Hermawan on February 24, 2021;

That at this time the Petitioner is living with the witness;

**Witness II. Yahman:**

That the witness knows the Petitioner because he is the Petitioner's neighbor.

That the petitioner is the child of husband and wife Permadi Anggrimulja and Eva Christianti Rahmayani;

That the Petitioner is the only child of Permadi Anggrimulja and Eva Christianti Rahmayani and has no biological siblings;
That both of the Petitioner's parents are deceased:

1. The Petitioner's father named Permadi Anggrimulja died on October 29, 2018;

2. The Petitioner's mother named Eva Christianti Rahmayani died on October 26, 2015.

That the Petitioner was born on October 27, 2003;

That the Petitioner married a woman named Alvina Rose Talitha Hermawan on February 24, 2021;

That at this time the Petitioner is living with the witness M. Hillaludin;

Considered that since the exhibits and the witnesses presented at the hearing were sufficient, and the Petitioner did not present anything else at the hearing, the Petitioner is petitioning for a Ruling:

COPY

Considered that to shorten the analysis of the ruling, everything set forth in the official report of the hearing are contained in this ruling;

### Concerning the Legal Considerations

Considered that the intention and purpose of the Petitioner's Petition is as set forth above,

Considered that in his petition the Petitioner basically asked that he be permitted to be legally capable and could take legal action for and on behalf of himself in all matters, both in and out of Court;

Considered that to support the arguments in his petition the Petitioner submitted exhibits P-1 through P-9 and 2 (two) witnesses;

Considered that on the basis of the Petitioner's testimony and in combination with the exhibits submitted at the hearing, it is the view of the Court that the following legal facts were obtained:

that it is true that the Petitioner is the child of husband and wife Permadi Anggrimulja and Eva Christianti Rahmayani,

that it is true that both of the Petitioner's parents are deceased:

1. The Petitioner's father named Permadi Anggrimulja died on October 29, 2018 in Karawang;

2. The Petitioner's mother named Eva Christianti Rahmayani died on October 26, 2015 in Surabaya.

that it is true that the Petitioner was born in Surabaya on October 27, 2003;

that it is true that the Petitioner does not have any biological siblings;

that it is true that the Petitioner married a woman named Alvina Rose Talitha Hermawan on February 24, 2021 in Surabaya:

Considered that from the legal facts referred to above, the Judge reasoned as follows:

COPY

      Considered that based on exhibit marked P-3, the Excerpt of the Birth Certificate proves that it is true that the Petitioner was born on October 27, 2003 from the husband and wife named Permadi Anggrimulja, SH, SE and Eva Christanti Rahmayani;

      Considered that the Petitioner's father died on October 29, 2018 and the Petitioner's mother died on October 26, 2015 (See exhibits P-8 and P-9);

      Considered that the exhibits filed and the testimony of the witnesses presented at the hearing proved that it is true that the Petitioner is the biological child of husband and wife Permadi Anggrimulja, SH, SE and Eva Christanti Rahmayani and he has no biological siblings so that the Petitioner is the sole heir of Permadi Anggrimulja, SH, SE and Eva Christanti Rahmayani because during his parents' marriage no child other than the Petitioner was born;

      Considered that the Petitioner is the sole heir of his two parents who can make arrangements for the parents' estate or valuable documents relating to a Notary or a Land Conveyance Officer, civilian and military Government agencies, Private or State-Owned Businesses, Privately/State-owned banks (BUMN), without exception throughout the territory of the Republic of Indonesia, and based on the Provisions in Article 330 of the Code of Civil Law which reads: *"A person is considered an adult if he/she is 21 years of age or is/has ever been married before the age of 21"*. So exhibit P-3 shows that the Petitioner is 17 (seventeen) years old and cannot be declared legally capable of taking legal action. However, that Article also reads that *"to be declared capable of taking legal action must be 21 years of age or has married before reaching the age of 21 years"*, and according to exhibit P-4 the Petitioner married on February 24, 2021. Therefore on the basis of Article 330

COPY

of the Code of Civil Law it can be declared that the Petitioner is legally capable and can take legal actions for and on behalf of himself;

Considered that on the basis of the considerations referred to above, the Surabaya District Court believes that the Petitioner's petition has sufficient grounds and does not conflict with the applicable legal regulations so that it must be granted;

Considered that in regard to the court costs arising from this matter since these court costs are a matter of the petition, the expenses arising from this petition are charged to the Petitioner;

Noting and in light of the relevant regulations and legal provisions;

**RULES**

1. To grant the said Petitioner's Petition;

2. To declare that the Petitioner (A.R.N.) is legally capable and can take legal action for and on behalf of himself in all matters, both in and out of Court, and to manage his parents' estate documents, or valuable documents relating to a Notary or Land Deed Conveyancer Officer, civilian and military Government agencies, private companies or State-Owned Enterprises, Privately/State (BUMN) Owned Banks, without exception throughout the territory of the Republic of Indonesia;

3. To order the Petitioner to pay court costs of Rp. 120,000 (one hundred twenty thousand rupiah);

Ruled on **Tuesday**, **May 11, 2021,** by me Suparna, S.H., M.H, Judge in the Surabaya District Court, which ruling was pronounced on that same day in open court,

assisted by Siswanto, S.H., Substitute Clerk at the said District Court in the presence of the Petitioner's Counsel.

| Substitute Clerk | Judge |
|---|---|
| SIGNED | SIGNED |
| **Siswanto, S.H.** | **Supamo, S.H.  M.H.** |

**Costs:**
| | | | | |
|---|---|---|---|---|
| 1. | Registration Fee | Rp. | 30,000 | |
| 2. | Processing Fee (ATK) | Rp. | 60,000 | |
| 3. | PNBP Summons Fee | Rp. | 10,000 | |
| 4. | Ruling Materials | Rp. | 10,000 | |
| 5. | Ruling Editing | Rp. | 10,000 | |
| | Total | Rp. | 120,000 (**one hundred twenty thousand rupiah**); |

Scanned with CamScanner

**NOTE**:

It is noted here that the Petitioner received the contents of the Ruling in the civil matter petition **Number** 679/Pdt.P/2021/PN.Sby on Tuesday, May 11, 2021.

      **for the Clerk**
      **Civil Junior Clerk**

      Signed

      **Sofia Diana Christina, S.H.**
      **Civil Service ID No. 19630415 198803 2001**

It is noted that an official copy of the **Ruling in the civil matter petition Number** 679/Pdt.P/2021/PN.Sby dated May 11, 2021 was provided at the request of the Petitioner on Monday, May 17, 2021

      **for the Clerk**
      **Civil Junior Clerk**
      **[stamp duty]**
      **Sofia Diana Christina, S.H.**
      **Civil Service ID No. 19630415 198803 2001**

527/T/8/2021
Number [illegible]
1. Fee
2. [illegible] decision     Rp. 5,500
3. Legalization     Rp. 10,000     5/12/21
[illegible]     Rp. 10,000
    Rp. –
    TOTAL     Rp. 25,5000