UNITED STATES DISTRICT COURT
NORTHERN DISTRICT
EASTERN DIVISION

_____
                               )
**WELLY CHANDRA, et al.**      )
                               )
      **Plaintiff,**       )   **Lead Case 18-cv-7686**
                               )   **Honorable Thomas M. Durkin**
**v.**                             )
                               )
**BOEING INTERNATIONAL SALES** )
**CORPORATION, a Washington State** )
**Profit Corporation, et al.**      )
                               )
      **Defendant.**       )
                               )
_____)

## MOTION TO EXCLUDE WITNESS FROM CONTEMPT HEARING, OR IN THE ALTERNATIVE, MOTION TO COMPEL THE WITNESS TO APPEAR FOR A DEPOSITION PRIOR TO THE CONTEMPT HEARING

**TO THIS HONORABLE COURT:**

Keith Griffin, by and through his counsel, seeks an order to preclude a miscellaneous witness from testifying at the September 13-14, 2021, contempt hearing because the witness has no knowledge of the factual inquiry as described by this Court during the July 8, 2021 hearing; has no knowledge of the Lion Air litigation; and has no information regarding the Court's orders which are the subject matter of the contempt hearing.

1

Alternatively, Mr. Griffin seeks an order compelling this witness to appear for a deposition because the witness refuses to cooperate and will not voluntarily communicate with counsel for Mr. Griffin and will only voluntarily cooperate with the Edelson firm.

## FACTS SUPPORTING THE MOTION

1. During the hearing on July 8, 2021, Alexander Tievsky of the Edelson firm advised this Court that the firm was in touch with an unnamed witness who might testify at the contempt hearing. Counsel for Keith Griffin asked this Court for an order requesting the Edelson firm to provide the name and contact information for this witness and asked for permission to depose this witness. In response, Judge Durkin ordered the Edelson firm to provide the name and contact information for the witness and then stated, "If that person voluntarily agrees to talk to you, you may not need a deposition. If the person refuses to talk to you, bring it back to me and I'll consider whether or not I'll allow you to take a deposition." [July 8, 2021 transcript, Docket #1186 at 23:5-20.]

2. On July 26, 2021, the Edelson firm provided the name, telephone number and email address for the witness. The Edelson firm did not provide a physical home or work address for the witness. The name of the witness is not included in this publicly filed motion for privacy purposes.

3. The next day, on July 27, 2021, Ryan Saba, counsel for Mr. Griffin called the witness. Mr. Saba first introduced himself as an attorney from California. Before he could say anything else, the witness stated, "Are you for the defense? Chris Dore of the Edelson firm told me you were going to call me. Since I am not represented, I do not

want to talk to you. If the judge orders me to testify, I will do so." Mr. Saba responded, "I have not asked you any questions yet." She stated, "I do not have to voluntarily talk to you, so I choose not to." Mr. Saba then asked, "who was it that you spoke to at the Edelson firm?" She responded, "Chris Dore." Mr. Saba then asked, "can you at least tell me the subject matter in which you may testify about?" She responded, "I prefer not to answer that question." Mr. Saba then asked, "Do you know Keith Griffin?" She responded, "I prefer not to answer that question." The conversation then ended.

4. On July 29, 2021, Mr. Saba delivered an email to Emily Wall of this Court requesting the Court's assistance on this issue. In response, Ms. Wall responded, "this matter should be the subject of a motion if it cannot be resolved between the parties first."

5. On July 30, 2021, Alex Tievsky and Mr. Saba communicated about the testimony of the witness. Mr. Tievsky provided a declaration to Mr. Saba signed by this witness. Based upon the declaration secured by the Edelson firm, this witness has absolutely nothing to do with the Lion Air matter and has no information regarding the Court orders which give rise to this contempt proceeding.

6. The declaration states in pertinent part: (1) that this witness contacted Girardi Keese in 2017 regarding representation of a potential medical malpractice matter and spoke with Mr. Griffin; (2) Girardi Keese declined to accept the representation of this witness; and (3) Mr. Griffin made an alleged comment which seemed "unusual," but "only recently, in reading various news reports about Girardi Keese," have the "comments to me gained new meaning." The witness then offers her own lay opinion

3

stating, "I believe Mr. Griffin was telling me that clients of Girardi Keese were not being paid money they were owed, and that I should 'feel lucky' that I would not end up in that same position." The witness does not state Mr. Griffin made these statements, but instead, claims this is her interpretation of a conversation. The seven-paragraph declaration is not attached to this Motion because, as the trier of fact, this Court should not review the declaration. The sum and substance have been set forth above.

7. The witness read about this contempt hearing in the "various news reports" and felt compelled to voluntarily reach out to the Edelson firm. The declaration was signed on June 24, 2021 in Cassopolis, Michigan.

8. In the email transmitting the declaration to Mr. Saba, Mr. Tievsky stated: "we have not yet determined whether we will call her at the contempt hearing."

9. In a responsive email, Mr. Saba asked Mr. Tievsky "whether your firm can affirmatively commit that Ms. Lindsay will not testify as a witness at the trial. If you are unable to do so, then we intend to move to compel her deposition per the instruction by Ms. Wall." Mr. Saba continued, "Alternatively, we can skip the process of moving to compel her deposition if you are able to arrange for her to voluntarily appear for a deposition without the need for a Court order."

10. Mr. Tievsky responded, "As I said before, we have not yet determined whether we will call Ms. Lindsay." He also continued, "As far as whether [the witness] will sit voluntarily for a deposition, I can't help you. She's not our client, and we have no control over her."

11. On August 1, 2021, Mr. Saba asked for the home or work address for the witness. In response, Mr. Tievsky stated: "we don't have [the witness'] home or work address."

12. Counsel for Mr. Griffin has searched numerous Court websites in Southern California (Los Angeles, Orange, Riverside, San Bernardino, Riverside and San Diego counties) and the Federal PACER website, and there is no lawsuit by this witness for medical malpractice. A lawsuit was located for an automobile accident in Orange County, California, but it is not a medical malpractice action.

## ARGUMENT

13. At the most recent hearing in this matter on July 8, 2021, Judge Durkin made the following statements:

> 12   Secondly, I think there was a question about what the
> 13   legal standard is relating to having someone held in civil
> 14   contempt. I don't have to decide that before a hearing. And
> 15   I'm not sure the witnesses change because of that. **The**
> 16   **hearing's a factual hearing to determine what certain people**
> 17   **knew about the payment of monies by Boeing, to Girardi Keese,**
> 18   **what they knew about what happened to that money, when they**
> 19   **knew something was happening with the money that was**
> 20   **inconsistent with the order of the Court that the money end up**
> 21   in the hands of the parties who settled.
> 22      And that's simply the – a factual inquiry that
> 23   whether or not there is a finding of civil contempt or not
> 24   based on whatever legal standard's involved, I don't think
> 25   that's going to change the – the parameters of any hearing we
> 1    have.

[July 8, 2021 transcript, Docket #1186, at pages 15:12-16:1 (emphasis added).]

5

14. This witness should be excluded from the contempt proceeding because this witness has no knowledge of the factual inquiry as described by this Court during the July 8, 2021 hearing; has no knowledge of the Lion Air litigation; and has no information regarding the Court's orders which are the subject matter of the contempt hearing. The testimony of this witness is irrelevant and a waste of time and, as such, should be excluded pursuant to Federal Rules of Evidence, Rule 401 and 403.

15. If this witness is allowed to testify, Mr. Griffin will be compelled to call witnesses and/or provide additional testimony why the information asserted by this witness is demonstratively false.

16. Furthermore, this testimony is not admissible pursuant to Federal Rules of Evidence, Rule 404 because "evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait."

17. It should also be noted to this Court that without further information, Mr. Griffin does not have recollection of this person, but documents may refresh his recollection. It should also be noted that during the time in which this witness alleges she spoke to Mr. Griffin (in 2017) about becoming a potential client of Girardi Keese, it was not Mr. Griffin's job duty to screen potential medical malpractice clients. Girardi Keese had a dedicated team of persons who screened potential medical malpractice clients. Mr. Griffin was not the decision-maker on whether the firm would accept medical malpractice cases in 2017. Furthermore, it was Mr. Griffin's custom and habit that whenever he would screen a potential client, and that potential client was declined, he

6

would send a declination letter. Finally, if this person did speak with Mr. Griffin, then there would undoubtedly be emails transmitting the medical records and other documents with Mr. Griffin so that he could make an informed decision about whether the firm would accept the potential case.

18. This witness' refusal to speak voluntarily with Mr. Griffin's counsel, and because it was not part of Mr. Griffin's job responsibilities to screen medical malpractice potential clients in 2017, this witnesses' credibility is highly suspect and it is very likely that this witness may be trying to capitalize on the publicity of this matter.

## **REQUESTED RELIEF**

19. Mr. Griffin seeks an order precluding the testimony of this witness at the contempt hearing. The addition of this extraneous witness will cause additional responsive testimony to rebut anything this witness has to state. This will cause an unnecessary waste of time because additional evidence will have to be produced.

20. Alternatively, Mr. Griffin requests leave of Court to conduct the deposition of this witness, and an order that the Edelson firm not interfere in this witness' appearance for such a deposition. This request is necessary considering the witness is cooperating with the Edelson firm, but not with Mr. Griffin's counsel. Further, as part of the deposition, Mr. Griffin also seeks an order compelling this witness to produce (1) all communications to and from Mr. Griffin; (2) all communications to and from Girardi Keese; (3) a copy of any lawsuit that was filed, if any, for the allegations that the witness

sought Girardi Keese to represent her; and (4) her telephone bills which identify the dates and times she either called or received a call from Girardi Keese law firm.

21. On August 3, 2021, Counsel for Mr. Griffin provided a draft of this Motion to Mr. Tievsky asking whether the Edelson firm will oppose the motion. In response, Mr. Tievsky responded that the Edelson firm will oppose the Motion to Exclude the witness and will not take a position regarding the alternative relief for a Motion for Deposition.

Respectively submitted,

/s Ryan D. Saba
Ryan D. Saba
rsaba@rosensaba.com
ROSEN SABA, LLP
9350 Wilshire Blvd., Suite 250
Beverly Hills, California 90212
(310) 285-1727