IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **In re: Lion Air Flight JT 610 Crash** <br><br> TERRENCE BUEHLER, Personal Representative and Supervised Administrator of the Estate of PERMADI ANGGRIMULJA, Deceased, and on behalf of all heirs of PERMADI ANGGRIMULJA, Deceased. <br><br> *Plaintiff*, <br><br> v. <br><br> THE BOEING COMPANY, a corporation, *et al.* <br><br> *Defendants.* | Lead Case No.: <br> 1:18-cv-07686 <br><br> Original Case No.: <br> 19-cv-1552 <br><br><br> Honorable Thomas M. Durkin |

**TANDINA SUKARNO PUTRI'S MOTION TO STRIKE DECLARATIONS AND BRIEF BASED ON EX PARTE COMMUNICATIONS WITH A REPRESENTED PARTY**

Tandina Sukarno Putri, the surviving widow of Permadi Anggrimulja, Deceased, by her undersigned attorneys, respectfully moves this Court for an order striking the declarations of Michael Indrajana (Dkt. 1298-1) and Susanti Agustina (Dkt. 1298-2) and all arguments in their motion (Dkt. 1298) based on their declarations. In support of this Motion, Ms. Putri states the following:

1. Contrary to ABA Model Rule 4.2, which prohibits opposing counsel from contacting a represented party, Mr. Singh and Mr. Indrajana have admitted their Indonesian attorney, Susanti Agustina, questioned Tandina Sukarno Putri, while she was represented by Mr. Bartlett and his co-counsel, outside their presence and

1

without their knowledge. *See* N.D. Ill. L.R. 83.50 (adopting ABA Model Rules); *Moore v. Club Exploria, LLC,* No. 19-cv-2504, 2021 U.S. Dist. LEXIS 13741 (N.D. Ill. Jan. 26, 2021); *Mullen v. GLV, Inc.*, 334 F.R.D. 656, 664-65 (N.D. Ill. 2020). Now they seek to use their *ex parte* interview of Mr. Bartlett's client and her alleged statements to support their position.

  2. According to the declaration submitted by Ms. Agustina, a licensed attorney, she waited until Ms. Putri was alone and then, without the benefit of having her counsel present, proceeded to question her one-on-one regarding division of the Boeing settlement proceeds. (Declaration of Susanti Agustina, Dkt. 1298-2, at 3, ¶3.d., Page ID 12278).

  3. Before and during the meeting, Ms. Agustina updated Mr. Indrajana in "real time" who, in turn, updated Mr. Singh. (Declaration of Susanti Agustina, Dkt. 1298-2, at 3, ¶3.c., at 5, ¶3.f., Page ID 12278, 12280); (Declaration of Michael Indrajana, Dkt. 1298-1, at 3, ¶¶10-11, Page ID 12246, 12247). It is therefore clear that Mr. Bartlett's client was questioned with the knowledge and approval of Mr. Singh and Mr. Indrajana.

  4. Mr. Singh and Mr. Indrajana have filed a Motion to Adjudicate Apportionment of Settlement Proceeds before this Court (Dkt. 1298, *et seq*.), and base their arguments regarding their proposed settlement distribution on alleged statements made by Mr. Bartlett's client which were procured in violation of ethical rules. According to them, Mr. Bartlett's client agreed to allocate 1/3 of the settlement funds to the decedent's parents, 1/3 to her, and 1/3 to A.R.N. (Motion to Adjudicate Apportionment of Settlement Proceeds, Dkt. 1298, at 6-7, Page ID 12234, 12235). Mr. Singh and Mr. Indrajana try to create the impression that the family agrees to this distribution, and that Mr. Bartlett and his co-counsel are thwarting the family's wishes. (Motion to Adjudicate Apportionment of Settlement Proceeds, Dkt. 1298, at 14-15, Page ID 12242, 12243). This is false.

5. Mr. Bartlett has spoken directly with Ms. Putri who is fluent in English regarding the declarations submitted to this Court. Ms. Putri has confirmed she was questioned by Ms. Agustina outside the presence of her counsel. In addition to meeting with Mr. Bartlett's client on an ex parte basis, Mr. Singh and Mr. Indrajana's Indonesian counsel called Mr. Bartlett's client and repeatedly sent messages to his client on WhatsApp.

6. But contrary to what Mr. Singh and Mr. Indrajana have represented to the Court, Ms. Putri *never* agreed to allocate 1/3 of the Boeing settlement proceeds to the decedent's parents.[1] Ms. Putri's discussion with Mr. Singh and Mr. Indrajana's Indonesian counsel was unrelated to any Boeing settlement but rather concerned the Department of Justice (DOJ) fund, which is a private fund that is required to be distributed based on Indonesian inheritance law under the fund rules. And even as to the DOJ fund, Ms. Putri ultimately said she would follow whatever Kenneth Feinberg, Esq., the fund administrator, decided. She never entered into an agreement regarding the distribution of the Boeing settlement funds. Furthermore, it is inappropriate for Mr. Singh and Mr. Indrajana to attempt to negotiate with Mr. Bartlett's client outside his presence through their local counsel. Indeed, one of the reasons that ABA Model Rule 4.2 prohibits lawyers from communicating with represented parties is to prevent attorneys from exploiting the disparity in legal skills between an attorney and lay person. *Moore v. Club Exploria, LLC,* No. 19-cv-2504, 2021 U.S. Dist. LEXIS 13741, at *7 (N.D. Ill. Jan. 26, 2021).

7. As Mr. Singh and Mr. Indrajana know, the law that applies to a private fund established by Boeing and the law that applies in a court proceeding are distinct. The former is determined by whatever rules the creator of the fund establishes. The latter is determined by the court or the agreement of the parties. For example, in the ET302 MAX litigation pending before Judge Alonso, the Court is applying Illinois law

---

[1] A declaration by Tandina Sukarno Putri will be filed under separate cover shortly as Exhibit A to this Motion.

3

to all passengers (foreign and domestic) with the agreement of Boeing and the Plaintiffs, but other rules apply to the DOJ fund. (ET 302 Litigation, Agreed Order, Case No. 19-cv-2170, Dkt. 1220).

8. For the reasons stated above, the declarations submitted by Mr. Indrajana and Ms. Agustina should therefore be stricken as should all sections of their brief predicated on *ex parte* communications with Mr. Bartlett's client for violating Rule 4.2.

WHEREFORE, Tandina Sukarno Putri, the surviving widow of Permadi Anggrimulja, Deceased, by her undersigned attorneys, respectfully requests that this Court enter an Order:

- Striking the declarations of Michael Indrajana (Dkt. 1298-1) and Susanti Agustina (Dkt. 1298-2) and all arguments in their motion (Dkt. 1298) based on their declarations.

Dated: December 14, 2021          Respectfully submitted.

By: /s/ *Austin Bartlett*
BartlettChen LLC
77 W. Wacker Drive, Suite 4500
Chicago, Illinois 60601
(312) 624-7711
austin@bartlettchenlaw.com

-And-

Manuel von Ribbeck
Monica Ribbeck Kelly
Ribbeck Law Chartered
505 N. Lake Shore Drive, Suite 102
Chicago, Illinois 60611
(833) 883-4373
(312) 973-0146

4

mail@ribbecklaw.com
monicakelly@ribbecklaw.com

*Attorneys for Plaintiffs*

5