**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

IN RE: Lion Air Flight JT 610 Crash

Lead Case No. 18-cv-07686

Hon. Thomas M. Durkin

**EDELSON PC'S STATEMENT REGARDING BANK CHARTS**

As the Court requested, Edelson PC has prepared several charts that display the Girardi Keese bank data. Edelson has submitted these charts in PDF format via CM/ECF but is also able to provide Excel files to the Court if that will be of assistance.

The three bank accounts detailed in these charts were selected because of their relation to the *Lion Air* money. The Torrey Pines Client Trust Account is where Perkins Coie wired Plaintiffs' settlement funds. The Torrey Pines Operating Account is where a portion of the *Lion Air* funds was transferred in March 2020. Finally, the Nano Banc Operating Account is where most of the checks from Girardi Keese's Client Trust Account to Girardi Keese were deposited, and it appears to have been the firm's main operating account during 2020.[1]

## I.    Torrey Pines Client Trust

This account is one of several client trust accounts operated by the Girardi Keese firm, and it is the one where Perkins Coie wired the funds for the four minor plaintiffs and Mr. Multi. Edelson has provided two charts for this account.

First, the Daily Balances chart shows four figures for each day from March 2020 to the end of November 2020:

**Total Account Balance**: The total balance in the account at the end of the day, according to the bank statement.

**Non-Lion Air Balance**: The balance in the account that is attributable to sources other than the *Lion Air* settlement

**Minor Plaintiffs' Balance**: The balance in the account that is attributable to the minor plaintiffs' settlements.

**Multi Balance**: The balance in the account that is attributable to Mr. Multi's settlement.

---

[1]    Edelson notes that these charts are the result of entering thousands of lines of data by hand. They have performed several rounds of validation (including after they provided an earlier draft to Mr. Lira's counsel) and believe that if there are remaining errors, they are minor.

To arrive at these figures, Edelson determined whether each credit or debit from the account should be attributable the minor plaintiffs' settlements, Mr. Multi's settlement, or neither. Edelson attempted to base these determinations only on non-controversial evidence. Specifically, Edelson considered the following credits or debits to be attributable to *Lion Air*: the documented wires from Perkins Coie, the documented wires to the minor plaintiffs, any check marked with the *Lion Air* case number (2018251), and the September 2020 deposit of $1,597,500 that Mr. Griffin testified was used to make further partial payments to the *Lion Air* minor plaintiffs. Dec. 8, 2021 Hr'g Tr. at 154-58. Because Mr. Griffin testified that the money was transferred into that account for the express purpose of paying the minor plaintiffs, Edelson attributed it to their balance. *See* Restatement (2d) of Trusts § 202(m).

Edelson then calculated the daily balances in the most conservative manner possible. For credits and debits attributable to *Lion Air*, it adjusted the *Lion Air* balances appropriately. For credits not attributable to *Lion Air*, Edelson added them to the non-*Lion Air* balance. For debits not clearly attributable to *Lion Air*, Edelson assumed that Girardi Keese drew on any available non-*Lion Air* funds in the account on the day of the debit (including stealing from its other clients) before drawing on *Lion Air* funds. Edelson assumed that because the minor plaintiffs' money went into the account first, their money was drawn on before Mr. Multi's.[2]

Although Mr. Lira suggested that it might be possible to aggregate these credits and debits by month, doing so will paint an inaccurate picture of events. For example, at the beginning of May 2020, the only money in the trust account was attributable to *Lion Air*, but

---

[2]     A less conservative way to calculate these balances would be to assume that when Girardi Keese distributed money from the client trust improperly, it drew down the *Lion Air* balances at the same rate as money belonging to other clients. That calculation would be more fair to the other clients whose money was likely stolen, but it is more complicated and likely not possible to do with the information available.

Girardi Keese kept writing checks to other people. On May 14, 2020, a large deposit came into the account from a different case. Aggregating the deposits and withdrawals by month will make it appear as though debits on May 4 or 5 were covered by a May 14 deposit, which is impossible. The same situation happens in June and September.[3]

Mr. Lira also raised concerns that this chart does not account for the amount of attorneys' fees and costs that may properly have been owed to Girardi Keese (if Girardi Keese can be said to have "earned" any amount of fees in this case). True, this chart cannot be used to determine the net amounts owed to each *Lion Air* plaintiff. But this chart isn't designed to provide that information, which is available elsewhere. Rather, this chart is designed to help the Court figure out if there was money available to pay the *Lion Air* plaintiffs on certain dates. The important point, therefore, is that the funds in the *Lion Air* columns weren't owed to some other client and were therefore available to pay the *Lion Air* plaintiffs on the date listed.

Second, the Check and Deposit Detail chart shows each credit and debit from the account, ordered by date, with the recipient or source of the money, the memo line of the check if available, and the amount. The chart also shows the effect that each transaction had on the various balances presented in the Daily Balances table. Transactions related to *Lion Air* are highlighted in yellow.

## II.     Operating Accounts

Edelson has also provided charts for two accounts that appear to be operating accounts, one at Torrey Pines Bank and one at Nano Banc. For each account, Edelson has provided two charts: the daily balance as reported by the bank and a detailed list of transactions. Deposits from

---

[3]     At last week's hearing, counsel for Mr. Lira also pointed out some discrepancies regarding certain daily balances. Edelson identified the source of the confusion and fixed it.

Girardi Keese Client Trust accounts are so identified in the transaction-level data. Again, transactions related to *Lion Air* are highlighted in yellow.

### III.     Other Accounts Not Charted

Finally, Girardi Keese does have many other bank accounts, some of which Edelson has received information about. However, Edelson has not prepared charts for these accounts. First, most of those accounts did not contain a significant amount of money during the relevant period. For the accounts that did contain an amount of money that may be worth considering, it is not possible to discern the source of those funds. This is of significant concern because of the evidence that Girardi Keese regularly dipped into client money. For example, the bank records disclose a "business savings" account at Nano Banc that, until December 3, 2020, contained about $1 million. But the source of that $1 million appears to be just a wire transfer from another set of Girardi Keese bank accounts, with the ultimate source remaining unclear. Another account at Citizens Business Bank is titled a "pledged account" for a specific loan and contained about $4 million until July 2020. Again, the source of the funds in that account is not documented in the records available to Edelson, raising the concern that it may merely be money stolen from other Girardi Keese clients. Nor is it clear that Girardi Keese had access to the funds in that account, which ultimately appear to have been used to pay off a loan.

Simply put, there is not enough information to determine whether these other accounts actually contain funds that could lawfully have been used to pay the Plaintiffs. If those accounts did include such funds, it is doubtful that the Court could have tapped into them for Plaintiffs' benefit without alarming Girardi Keese's many secured creditors, at least one of whom went so far as to appear during this proceeding to tell the Court that a bankruptcy filing was coming. If

4

more information on these accounts will be helpful to the Court, Edelson can attempt to prepare it, but doing so in a complete manner will likely require additional subpoenas to the banks.

Respectfully submitted,

**EDELSON PC**

Dated: February 3, 2022

/s/ Alexander G. Tievsky

Jay Edelson
jedelson@edelson.com
Alexander G. Tievsky
atievsky@edelson.com
J. Eli Wade-Scott
ewadescott@edelson.com
Amy B. Hausmann
abhausmann@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378