IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: Lion Air Flight JT 610 Crash | Lead Case No. 18-cv-07686 <br><br> Hon. Thomas M. Durkin |

### EDELSON PC'S MOTION FOR CONDITIONAL APPROVAL OF AGREEMENT WITH MINOR PLAINTIFFS

Pursuant to Local Rule 17.1, Edelson PC ("Edelson") respectfully requests that the Court conditionally approve the attached assignment agreement, which affects the rights of several of the minor plaintiffs in this action. In support of its motion, it states as follows:

1. This matter is before the Court as a result of the Girardi Keese law firm's theft of settlement funds from Anice Kasim, Bias Ramadhan, Septiana Damayanti, Dian Daniaty, Multi Rizki, and their respective families (the "Client Families").

2. Edelson and the Client Families have reached an agreement by which Edelson and its insurer will reimburse the plaintiffs for the total amount lost, and then Edelson will pursue those funds from those responsible. (*See* Dec. 14, 2021 Hearing Transcript at 624:11-16.)

3. The assignment agreement ("Agreement"), attached as Exhibit 1, was reached with the assistance of Hon. Wayne R. Andersen (ret) of JAMS, who conducted two video mediation sessions with the parties, in addition to numerous private caucuses between the two sessions.

4. The agreement has been consented to by all parties and has been formally executed by Edelson, Edelson's insurer, and counsel for the Client Families. It is currently being translated into Indonesian, after which it will be sent to the Client Families for notarized signatures.

5. However, pursuant both to Local Rule 17.1 and the terms of the agreement itself, the agreement will only become effective if the Court approves it. (Agreement ¶ 6.) Because the process of obtaining notarized signatures that are self-authenticating in U.S. courts involves some inconvenience for the Client Families, (*see id.* ¶ 21), Edelson seeks the Court's approval of the agreement now, conditional on the Client Families' formal ratification of the agreement.

6. The agreement provides that the Client Families will receive the total outstanding amount that they should have been paid by Girardi Keese. (*Id.* ¶ 2.) The money will be wired directly to the Client Families by Edelson's insurer within 14 days of the effective date of the agreement, with no deductions for attorneys' fees or anything else. (*Id.*)

7. In exchange for this payment, the Client Families will assign all of their claims relating to this case to Edelson, including any amounts that the Court may order as compensation in this contempt proceeding. (*Id.* ¶ 3.) Edelson will then step into the shoes of the Client Families and pursue those responsible.

8. Money recovered from these actions will first be used to pay ▓▓▓▓▓▓ in attorneys' fees to the Wisner Law Firm and to reimburse Edelson and its insurer for the amounts they paid to the Client Families. (*Id.* ¶ 4(a-c).)

9. If Edelson obtains recovery above the amount necessary to pay the Wisner Law Firm and fully reimburse both Edelson and its insurer, then that recovery will be split evenly between Edelson and the Client Families. (*Id.* ¶ 4(d).) Such additional recovery is possible if, for example, Edelson is able to recover treble or punitive damages, or if it is able to recover amounts paid to Girardi Keese's litigation funder that had been attributed to Girardi Keese's fee.

10. To assist the Court in evaluating the fairness of the agreement, a draft of the complaint Edelson intends to file against David Lira, Keith Griffin, Christopher Kamon, Erika

Girardi, EJ Global LLC, George Hatcher, Wrongful Death Consultants, Joseph DiNardo, and California Attorney Lending II upon receiving the assignment is attached as Exhibit 2. The draft is subject to change but is a fair representation of the claims Edelson intends to bring.

11. To be clear, the agreement before the Court is an assignment agreement by which Edelson is purchasing the Client Families' claims, not a settlement agreement. The Client Families are not granting any release or other covenant not to sue. If there are any further disputes between Edelson and the Client Families, they will be mediated and, if necessary, submitted for binding arbitration before Judge Andersen. (*Id.* ¶ 9.)

12. The Court has already approved settlements with Boeing as to each of the minors affected by this assignment agreement. (*See* dkts. 384, 419, 424.) Each of the minors is represented by Floyd Wisner of the Wisner Law Firm, an independent attorney competent to represent their interests. The same family member who approved the Boeing settlements on behalf of each minor has approved and will sign this agreement also, except as to Zahara Amanda Sutanto and Hana Kamila Chairunnisa Binti Misyadi, who have reached the age of majority and will each sign on their own behalf.

**WHEREFORE**, Edelson PC respectfully requests that the Court enter an order 1) approving the assignment agreement and the payment of attorneys' fees to the Wisner Law Firm described therein, conditional on the receipt of final, notarized signatures of the non-U.S. parties; and 2) granting any such further relief as it deems reasonable and just.

Respectfully submitted,

**EDELSON PC**

Dated: April 5, 2022        /s/J. Eli Wade-Scott

Jay Edelson

3

                                                              jedelson@edelson.com  
                                                              Alexander G. Tievsky  
                                                              atievsky@edelson.com  
                                                              J. Eli Wade-Scott  
                                                              ewadescott@edelson.com  
                                                              Amy B. Hausmann  
                                                              abhausmann@edelson.com  
                                                              EDELSON PC  
                                                              350 North LaSalle Street, 14th Floor  
                                                              Chicago, Illinois 60654  
                                                              Tel: 312.589.6370  
                                                              Fax: 312.589.6378