IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: Lion Air Flight JT 610 crash | **Lead Case:** 18-cv-7686<br><br>This filing applies to case:<br><br>1:19-cv-07091<br><br>Honorable Thomas M. Durkin |
| The Estate of ANDREA MANFREDI, deceased; and LINDA, MANFREDI, MAURIZIO MANFREDI and SONIA LORENZONI, by and through LAURA SMITH, as duly appointed Representative and Independent Administrator,<br><br>                Plaintiffs.<br><br>v.<br><br>THE BOEING COMPANY, a Delaware Corporation; BOEING INTERNATIONAL SALES CORPORATION, a Washington State Profit Corporation; BOEING DOMESTIC SALES CORPORATION, a Washington State Profit Corporation; BOEING FINANCIAL CORPORATION, a Washington State Profit Corporation; BOEING SALES CORPORATION, a Washington State Profit Corporation; ROSEMOUNT AEROSPACE INC., a Delaware Corporation; ROCKWELL COLLINS, INC., a Delaware Corporation; and XTRA AEROSPACE, LLC, a Delaware Limited Liability Company,<br><br>                Defendants. | **PLAINTIFFS THE ESTATE OF ANDREA MANFREDI, DECEASED, LINDA MANFREDI, MAURIZIO MANFREDI, AND SONIA LORENZONI'S JOINDER OF DEFENDANT BOEING'S REQUEST FOR STATUS CONFERENCE IN THE BOEING COMPANY'S FOURTEENTH STATUS REPORT ON REMAINING INDIVIDUAL ACTIONS** |

Plaintiffs the Estate of Andrea Manfredi, Deceased, Linda Manfredi, Maurizio Manfredi, and Sonia Lorenzoni (collectively, "Plaintiffs" in the Smith action) join Defendant Boeing's Request in The Boeing Company's Fourteenth Status Report on Remaining Individual Actions [ECF 1365 at 2] that the Court set a status conference at which the parties can discuss a schedule for the case moving forward.

As they relate to the sole non-Indonesian on Lion Air JT610 with no ties to Indonesia, the claims of Andrea Manfredi's family members have always been differently situated than those arising out of the other passengers and crew who were killed on that flight. Further, Plaintiffs have pursued different claims and theories of liability than the other plaintiffs in this case, and their forthcoming Second Amended Complaint will further emphasize these differences. Ultimately, this means that this case cannot be presently resolved through mediation and the approach that has been used with the other plaintiffs is unsuitable for resolving Plaintiffs' claims.

Plaintiffs understand that Boeing would like the Court to determine the choice of law and availability of a jury trial issues first. [ECF 1365 at 4.] However, contrary to Boeing's portrayal, it is simply not possible to resolve these issues any time soon. Specifically, the application of the Death on the High Seas Act ("DOHSA") often turns on an underlying factual dispute as to where certain events even occurred, making it impossible to even resolve the issue on summary judgment. See Bernard v. World Learning Inc., No. 09-20309-CIV, 2010 WL 11505188, at *8 (S.D. Fla. June 4, 2010) (denying summary judgment as to the application of DOHSA when there was a factual dispute as to whether a land-based accident or injury precipitated the vitim's death on the high seas). Thus, before the Court could even *hear*, let alone rule on, a motion regarding the applicability of DOHSA (or whether the Plaintiffs here have a right to a jury trial), Plaintiffs need

to be permitted to conduct discovery (something that has been denied to them for more than three years).

Plaintiffs also understand that Boeing still believes and maintains that its long threatened, yet never filed, forum non conveniens motion is viable. [ECF 1365 at 4.] That Boeing still wishes to delay filing such a motion shows otherwise. It makes little sense for Boeing to ask the Court to determine the choice of law and jury trial issues first (and in practice require the parties to engage in extensive discovery), only for Boeing to reserve the right to file a forum non conveniens motion were it to not be pleased with the outcome of the two first motions. That would be a waste of the Court's resources and reeks of utter gamesmanship. *If* Boeing eventually does file a forum non conveniens motion, Plaintiffs will need to conduct extensive appropriate discovery to oppose such a motion.

In short, Plaintiffs believe that the Court should permit the parties to commence with the full panoply of discovery, as is their right under the Federal Rules of Civil Procedure. Discovery is required for Plaintiffs to oppose both of the motions Boeing is contemplating filing (on the applicability of DOHSA and forum non conveniens). Additionally, while Boeing may offer to stipulate to liability, that will have no meaningful impact on the discovery that Plaintiffs would require. Plaintiffs will need extensive factual discovery to determine where the various events that resulted in Manfredi's death occurred, in order to oppose both of Boeing's contemplated motions. Further, given the reality that a DOHSA applicability dispute may not even be susceptible to resolution on summary judgment, Plaintiffs would still need complete liability discovery to support their request for punitive damages at trial.

Dated: April 19, 2022                    Respectfully Submitted,


   /s/ FILIPPO MARCHINO, Esq.

Filippo Marchino, Esq. (CA SBN – 256011)
FM@xlawx.com
Thomas E. Gray, Esq. (CA SBN - 299898)
TG@xlawx.com
Carlos X. Colorado, Esq. (CA SBN - 231031)
CC@xlawx.com

**THE X-LAW GROUP, P.C.**
625 Fair Oaks Ave., Suite 390
South Pasadena, CA 91030
Tel: (213) 599-3380
Fax: (213) 599-3370