IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WELLY CHANDRA, et al., ) | | |
| ) | | |
| Plaintiffs, ) | Lead Case No.: | |
| ) | 18-cv-07686 | |
| v. ) | | |
| ) | | |
| THE BOEING ) | Honorable Thomas M. Durkin | |
| INTERNATIONAL SALES ) | | |
| CORPORATION, A Washington ) | | |
| State Profit Corporation, et al., ) | | |
| ) | | |
| Defendants. ) | | |
| ) | | |

**OBJECTION BY LIRA AND GRIFFIN TO EDELSON'S MOTION FOR MODIFICATION OF CONFIDENTIALITY ORDER [Dkt. No. 1408]**

  Counsel for David Lira and Keith Griffin have been meeting and conferring with Edelson regarding the Supplemental Confidentiality for Disclosure of Protected Materials Used in the Contempt Proceedings to State Bar Associations and the Amended Confidentiality Order for Use Only in the Contempt Proceedings. Despite the ongoing meet and confer efforts, Edelson filed these documents without incorporating any of the changes requested by Griffin and Lira. Likewise, Edelson did not acknowledge the privilege concerns raised by Griffin and Lira.

  Lira and Griffin have the following objections to the Supplemental Confidentiality Order for Disclosure of Protected Materials Used in the Contempt Proceedings to the State Bar Associations filed by Edelson. [Dkt. No. 1408-2]:

  1. Under paragraph 2 the following subsection "c" should be added:

"Documents related to the Andrian, Saroinsong, Sulistiowati, and Lestari, plaintiffs."

These plaintiffs have never waived the attorney client privilege. Documents related to their representation should not be turned over.

2. "State Bar of Illinois" should be added to the list of entities that are entitled to the limited disclosure. They should be added to paragraph 2.

3. The following language should be added as paragraph 9:

> "Before documents produced in the Lion Air action as confidential by the Trustee for Girardi Keese are produced to any State Bar Association, the Trustee for Girardi Keese should have the opportunity to review the documents for attorney client privilege, meet and confer regarding the same, and if necessary, formally object to the turnover of such documents."

The Girardi Keese Trustee produced documents in this action, which were designated as confidential. Some of those documents contain references to other Girardi Keese clients who have not waived the attorney-client privilege. Before such documents are turned over, the Girardi Keese Trustee should determine whether they are intending on preserving that privilege. This is consistent with the provisions of the prior confidentiality order in this matter.

4. Additionally, Griffin and Lira believe the following language should be added as paragraph 10:

> "Challenges to Right to Documents. If any attorney becomes aware that the documents produced to the Receiving State Bar contain attorney-work product, such attorney retains all rights and remedies to demand a return of such document. This Supplemental Order does

not affect any such rights of the attorneys."

A Supplemental Confidentiality Order for Disclosure of Protected Materials Used in the Contempt Proceedings to the State Bar Associations incorporating these changes is attached as Exhibit 1.

Lira and Griffin have the following objections to Amended Confidentiality Order For Use Only in the Contempt Proceedings filed by Edelson. [Dkt. No. 1408-1]:

1. The State Bar of Illinois should be included in paragraph 8.

An Amended Confidentiality Order For Use in the Contempt Proceedings incorporating these changes is attached as Exhibit 2.

DAVID LIRA

By: /s/ Leigh P. Robie
His Attorney

| | |
|---|---|
| Christopher T. Sheean | Edith R. Matthai |
| Swanson, Martin & Bell LLP | Leigh P. Robie |
| 330 N. Wabash Ave., Suite 3300 | Robie & Matthai, APC |
| Chicago, Illinois 60611 | 350 S. Grand Avenue, Suite 3950 |
| (312) 222-8559 | Los Angeles, California 90071 |
| csheean@smbtrials.com | (213) 706-8000 |
| | ematthai@romalaw.com |

## CERTIFICATE OF SERVICE

 I, Leigh P. Robie, the undersigned attorney, hereby certify that on July 15, 2022, I served a true and correct copy of the OBJECTION BY LIRA AND GRIFFIN TO EDELSON'S MOTION FOR MODIFICATION OF CONFIDENTIALITY ORDER [Dkt. No. 1408] upon all counsel of record via the Court's CM/ECF System.

             /s/ Leigh P. Robie
             _____