UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WELLY CHANDRA, et al., ) | | |
| ) | | |
| Plaintiffs, ) | Lead Case No.: | |
| ) | 18-cv-07686 | |
| v. ) | | |
| ) | | |
| THE BOEING INTERNATIONAL ) | Honorable Thomas M. Durkin | |
| SALES CORPORATION, A ) | | |
| Washington State Profit Corporation, ) | | |
| et al., ) | | |
| ) | | |
| Defendants. ) | | |
| ) | | |

Supplemental Confidentiality Order for Disclosure of Protected Materials Used in the Contempt Proceedings to State Bar Associations

The parties to this action have agreed to the terms of this Supplemental Order; accordingly, it is ORDERED:

**1. Scope.** This Supplemental Confidentiality Order ("Supplemental Order") governs the disclosure to and use by state bar associations of certain documents designated as Confidential Information pursuant to the Confidentiality Order entered in the contempt proceedings [ECF #1199], which has been amended to allow disclosure to state bar associations (the "Confidentiality Order"). This Supplemental Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. Other than as expressly stated herein, this Supplemental Order does not modify or affect in any way the Confidentiality Order. To the extent a confidentiality order is necessary for other proceedings in the Lion Air litigation, including but not limited to the remaining wrongful death claims, such order will be entered separately, and this Supplemental Order shall not be construed to allow state bar associations to access materials produced under that separate order.

**2. Limited disclosure to state bar associations.** In accordance with paragraph 4(b)(8) of the Confidentiality Order, any party may provide Confidential Information used or disclosed in the contempt proceedings to the State Bar of California, or any other state bar association that agrees to be bound by the Confidentiality Order and this Supplemental Order, except for the following documents, which shall not be disclosed to any state bar association:

  a. Settlement agreements executed by the families of passengers who died in the Lion Air accident ("Passengers") or drafts thereof;

  b. Correspondence exchanged as part of settlement negotiations, including correspondence between attorneys representing the families of Passengers and attorneys representing Boeing or any mediator; and

    c. Documents related to the Andrian, Saroinsong, Sulistiowati, and Lestari plaintiffs.

**3. Limited use of Confidential Information by state bar associations.** Any state bar association that receives Confidential Information pursuant to this Supplemental Order and the Confidentiality Order shall use such Confidential Information solely as part of state bar disciplinary proceedings and related investigations.

**4**. **Obligation to keep certain Confidential Information confidential**. No state bar association shall disclose or otherwise make public any Confidential Information that contains the following information:

1. The amount of any settlement between the families of any Passengers and Boeing ("Settlement");

2. Any information that could be used to derive the amount of any Settlement; and

3. The terms of any settlement agreement between the Passengers and Boeing;

**5. Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

**(a)** If a state bar association that has received Confidential Information ("Receiving State Bar") is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the Receiving State Bar must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

**(b)** The Receiving State Bar also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of the Confidentiality Order and this Supplemental Order. In addition, the Receiving State Bar must deliver a copy of the Confidentiality Order and this Supplemental Order promptly to the party in the other action that caused the subpoena to issue.

**(c)** The purpose of imposing these duties is to alert the interested persons to the existence of the Confidentiality Order and this Supplemental Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a Receiving State Bar in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the Receiving State Bar has in its possession, custody or control Confidential Information of any party to this case.

**6. Obligations on Conclusion of Litigation.**

**(a) Order Continues in Force.** Unless otherwise agreed or ordered, this Supplemental Order shall remain in force after dismissal or entry of final judgment not subject to further appeal in this action.

**(b) Obligations at Conclusion of Litigation.** Within sixty-three days after (1) the time any decision by the state bar association not to proceed with any disciplinary action based on the Confidential Information, or to cease all disciplinary action based on the Confidential Information, has become final with all potential appeals exhausted or the time for appeal expired; or (2) dismissal or entry of a final judgment or decision not subject to further appeal in any disciplinary proceeding, all Confidential Information and documents marked "CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER"

under the Confidentiality Order, including copies as defined in paragraph 3(a) of the Confidentiality Order, shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

**(c) Retention of Work Product and one set of Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed in any disciplinary action, including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

**7. Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

**8. Persons Bound.** This Supplemental Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Supplemental Order by its terms, including the lawyers, employees, and other personnel of any state bar association that receives Confidential Information pursuant to the Confidentiality Order and this Supplemental Order.

**9. Challenges to Right to Documents.** If any attorney becomes aware that the documents produced to the Receiving State Bar contain attorney-work product, such attorney retains all rights and remedies to demand a return of such document. This Supplemental Order does not affect any such rights of the attorneys.

*So Ordered.*

Dated: July 29, 2022

_____
U.S. District Judge Thomas Durkin

3