**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re Lion Air Flight JT 610 Crash | Lead Case: 1:18-cv-07686 |
| | Honorable Thomas M. Durkin |
| | This filing applies to:<br>1:19-cv-01552<br>1:19-cv-07091 |

**REPLY IN SUPPORT OF BOEING'S MOTION FOR A BENCH TRIAL
UNDER THE DEATH ON THE HIGH SEAS ACT (DOHSA)**

# TABLE OF CONTENTS

**PAGE**

INTRODUCTION ..................................................................................................... 1

ARGUMENT ........................................................................................................... 1

I.     DOHSA clearly applies to a fatal crash in the Java Sea. ................................. 1

      A.     Plaintiffs do not allege, and cannot plausibly allege or show, that the fatal injury occurred over land. ................................................................... 1

      B.     The location of Boeing's alleged wrongdoing is irrelevant. .............................. 3

II.    Plaintiffs' non-DOHSA claims are contrived to obtain a jury trial, but they are preempted by DOHSA, without merit, and cannot support a jury trial on the DOHSA claims. ............................................................................................... 4

      A.     DOHSA preempts survival claims for pre-death fear and injury. ..................... 4

      B.     DOHSA preempts and/or subsumes the Chandra plaintiffs' claims for property damage. ........................................................................................... 7

      C.     The Manfredi plaintiffs' statutory fraud claims are preempted and meritless. ...................................................................................................... 8

III.   DOHSA creates a "civil action in admiralty," for which there is no right to a jury trial. ............................................................................................................... 14

      A.     DOHSA claims, as claims in admiralty, do not follow the same rules as common law maritime claims or other *in personam* claims. ........................... 15

      B.     Boeing's jury demand was a nullity. ................................................................. 20

      C.     The Chandra plaintiffs forfeited their right to a jury trial. ............................... 20

CONCLUSION ......................................................................................................... 20

## TABLE OF AUTHORITIES

PAGE(S)

CASES

*Ahlmeyer v. Nev. Sys. of Higher Educ.*,
555 F.3d 1051 (9th Cir. 2009) ..................................................................10

*Aponte v. Royal Caribbean Cruise Lines Ltd.*,
739 F. App'x 531 (11th Cir. 2018) ...........................................................20

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).....................................................................................2

*Atl. & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*,
369 U.S. 355 (1962)...................................................................................16

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007).....................................................................................2

*Bernard v. World Learning Inc.*,
No. 09–20309–CIV, 2010 WL 11505188 (S.D. Fla. June 4, 2010) ...........6

*Bhd. Shipping Co. v. St. Paul Fire & Marine Ins.*,
985 F.2d 323 (7th Cir. 1993) ..............................................................16, 20

*Bible v. United States Aid Funds, Inc.*,
799 F.3d 633 (7th Cir. 2015) ..................................................................8, 9

*Bonte v. U.S. Bank, N.A.*,
624 F.3d 461 (7th Cir. 2010) .....................................................................8

*Bowman v. Am. River Transp. Co.*,
217 Ill. 2d 75 (2005) .................................................................................19

*Bowoto v. Chevron Corp.*,
557 F. Supp.2d 1080 (N.D. Cal. 2008) ......................................................9

*Bowoto v. Chevron Corp.*,
621 F.3d 1116 (9th Cir. 2010) ...............................................................8, 9

*Breeze v. Bayco Prods. Inc.*,
475 F. Supp. 3d 899 (S.D. Ill. 2020).......................................................12

*Coronel v. Victory*,
1 F. Supp. 3d 1175 (W.D. Wash. 2014)...................................................16

**TABLE OF AUTHORITIES (continued)**

**PAGE(S)**

*Craig v. Atl. Richfield Co.*,
    19 F.3d 472 (9th Cir. 1994) ................................................20

*Curcuru v. Rose's Oil Serv., Inc.*,
    802 N.E.2d 1032 (Mass. 2004) ................................................19

*Dome v. Celebrity Cruises Inc.*,
    No. 21-CV-20545, 2022 WL 970861 (S.D. Fla. Mar. 30, 2022)................................4

*Dooley v. Korean Air Lines Co.*,
    524 U.S. 116 (1998)................................................1, 3, 4, 5, 8, 9, 17, 18

*Evans v. John Crane, Inc.*,
    No. 15-681, 2019 WL 5457101 (D. Del. Oct. 24, 2019) ................................6

*Favaloro v. S/S Golden Gate*,
    687 F. Supp. 475 (N.D. Cal. 1987) ................................................15

*Fitzgerald v. United States Lines Co.*,
    374 U.S. 16 (1963)................................................10, 17

*Friedman v. Mitsubishi Aircraft Int'l, Inc.*,
    678 F. Supp. 1064 (S.D.N.Y. 1988)................................................15, 16

*Fuqua v. U.S. Postal Serv.*,
    956 F.3d 961 (7th Cir. 2020) ................................................9

*Garland-Sash v. Lewis*,
    348 F. App'x 639 (2d Cir. 2009) ................................................13

*Ghotra ex rel. Ghotra v. Bandila Shipping, Inc.*,
    113 F.3d 1050 (9th Cir. 1997) ................................................16

*Gone GB Ltd. v. Intel Servs. Div., LLC & Intel Corp.*,
    No. 21–978, 2022 WL 903805 (D. Del. Mar. 28, 2022) ................................12

*Gonzalez v. Velez*,
    864 F.3d 45 (1st Cir. 2017)................................................9

*Gund v. Pilatus Aircraft, Ltd.*,
    Nos. C07–4902, C08–3795, 2010 WL 887376 (N.D. Cal. Mar. 11, 2010)................................7

*Hays v. John Crane, Inc.*,
    No. 09–81881–CIV, 2014 WL 10658453 (S.D. Fla. Oct. 10, 2014)................................6

**TABLE OF AUTHORITIES (continued)**

**PAGE(S)**

*Heath v. Am. Sail Training Ass'n*,
644 F. Supp. 1459 (D.R.I. 1986) .................................................................................11, 15

*In re Air Disaster Near Honolulu, Haw. on Feb. 24, 1989*,
792 F. Supp. 1541 (N.D. Cal. 1990) ........................................................................15

*In re Apple Inc. Device Performance Litig.*,
347 F. Supp. 3d 434 (N.D. Cal. 2018), *on reconsideration in part*, 386 F.
Supp. 3d 1155 (N.D. Cal. 2019) ..............................................................................13

*In re Complaint of McCarthy Bros./Clark Bridge*,
83 F.3d 821 (7th Cir. 1996) ......................................................................................14

*In re Korean Air Lines Disaster of Sept. 1, 1983*,
704 F. Supp. 1135 (D.D.C. 1988), *aff'd in part, vacated in part on other
grounds*, 932 F.2d 1475 (D.C. Cir. 1991) ...............................................................17

*In re Lockheed Martin Corp.*,
503 F.3d 351 (4th Cir. 2007) ....................................................................................16

*Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*,
665 F.3d 930 (7th Cir. 2012) .....................................................................................2

*Int'l Fin. Servs. Corp. v. Chromas Techs. Canada, Inc.*,
356 F.3d 731 (7th Cir. 2004) ....................................................................................19

*LaCourse v. Def. Support Servs. LLC*,
No. 3:16cv170, 2018 WL 7342153 (N.D. Fla. Oct. 31, 2018) ................................14

*LaCourse v. PAE Worldwide Inc.*,
980 F.3d 1350 (11th Cir. 2020), *cert. denied*, 141 S. Ct. 2701 (2021)....................3

*Lasky v. Royal Caribbean Cruises, Ltd.*,
850 F. Supp. 2d 1309 (S.D. Fla. 2012) ...............................................................14, 16

*Lewis v. Lewis & Clark Marine, Inc.*,
531 U.S. 438 (2001)..................................................................................................16

*Lindsay-Stern v. Garamszegi*,
No. SACV–14–01970, 2016 WL 11745948 (C.D. Cal. Oct. 13, 2016) ..................13

*Luera v. M/V Alberta*,
635 F.3d 181 (5th Cir. 2011) ....................................................................................17

**TABLE OF AUTHORITIES (continued)**

**PAGE(S)**

*Miles v. Apex Marine Corp.*,
    498 U.S. 19 (1990)................................................................................................................18

*Mobil Oil Corp. v. Higginbotham*,
    436 U.S. 618 (1978)..............................................................................................................3

*Modica v. Hill*,
    No. Civ.A. 96–1121, 1999 WL 52153 (E.D. La. Jan. 29, 1999) ............................................14

*Moragne v. States Marine Lines, Inc.*,
    398 U.S. 375 (1970)..............................................................................................................18

*Nygaard v. Peter Pan Seafoods, Inc.*,
    701 F.2d 77 (9th Cir. 1983) ...................................................................................................7

*Ocean Tomo, LLC v. PatentRatings, LLC*,
    No. 12 C 8450, 2021 WL 3172990 (N.D. Ill. July 27, 2021) .................................................12

*Offshore Logistics, Inc. v. Tallentire*,
    477 U.S. 207 (1986)...............................................................................1, 3, 4, 5, 8, 18

*Ostrowiecki v. Aggressor Fleet, Ltd.*,
    Nos. 07-6598, 07-6931, 2008 WL 3874609 (E.D. La. Aug. 15, 2008) ....................................5

*Rohan ex rel. Rohan v. Exxon Corp.*,
    896 F. Supp. 666 (S.D. Tex. 1995) .......................................................................................7

*Rohlfing v. Manor Care, Inc.*,
    172 F.R.D. 330 (N.D. Ill. 1997)............................................................................................11

*Sea-Land Serv., Inc. v. J & W Imp./Exp., Inc.*,
    976 F. Supp. 327 (D.N.J. 1997) ...........................................................................................16

*Shamrock Foods Co. v. Gast*,
    535 F. Supp. 2d 962 (D. Ariz. 2008) ...................................................................................12

*Shaw v. Toshiba Am. Info. Sys., Inc.*,
    91 F. Supp. 2d 926 (E.D. Tex. 1999) ....................................................................................13

*Tallentire v. Offshore Logistics, Inc.*,
    800 F.2d 1390 (5th Cir. 1986) .........................................................................................14, 17

*Tozer v. LTV Corp.*,
    1983 WL 705 (D. Md. May 27, 1983)...................................................................................17

**TABLE OF AUTHORITIES (continued)**

PAGE(S)

*Van Buren v. United States*,
　　141 S. Ct. 1648 (2021)............................................................................12

*Varner v. Celebration Cruise Line, LLC*,
　　No. 15–CIV–60867, 2015 WL 12868132 (S.D. Fla. Sept. 15, 2015) .............................14, 17

*Vincent v. Alden-Park Strathmoor, Inc.*,
　　241 Ill. 2d 495, 948 N.E.2d 610 (2011) ..................................................19

*Wingerter v. Chester Quarry Co.*,
　　185 F.3d 657 (7th Cir. 1998) ....................................................................20

*Woerner v. Bankers Life & Cas. Co.*,
　　216 F. Supp. 3d 924 (N.D. Ill. 2016) ......................................................11

*Wright v. Cent. Du Page Hosp. Ass'n*,
　　63 Ill. 2d 313 (1976) ................................................................................19

STATUTES

18 U.S.C. § 1030(a)(5)(A) ..............................................................................12

18 U.S.C. § 1030(a)(5)(B)–(C) ......................................................................12

28 U.S.C. § 1333..........................................................................................17, 18

Death on the High Seas Act, 46 U.S.C. § 30301 *et seq.* ...................... Passim

RULES

Fed. R. Civ. P. 38(e) ........................................................................................16

OTHER AUTHORITIES

14A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure
　　Jurisdiction* § 3673 (4th ed. 2022 update) ...................................10, 14, 16

Dan B. Dobbs et al., *The Law of Torts* § 372 (2d ed. 2021 update) ...........................18

U.S. CONST. amend. VII ..........................................................................1, 14, 16

## INTRODUCTION

Boeing's motion for a DOHSA-only bench trial is quite simple. Plaintiffs seek to recover for the deaths of Mr. Chandra and Mr. Manfredi, which occurred on the high seas. The Death on the High Seas Act (DOHSA), 46 U.S.C. § 30301 *et seq.*, provides the *exclusive* source of recovery for deaths on the high seas, precluding all other causes of action seeking to recover for such deaths. *See, e.g.*, *Dooley v. Korean Air Lines Co.*, 524 U.S. 116, 123 (1998); *Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 218 (1986). Accordingly, plaintiffs may only recover under DOHSA. And because DOHSA creates "a civil action *in admiralty*," 46 U.S.C. § 30302 (emphasis added), plaintiffs are not entitled to a jury trial on their DOHSA claims in federal court, where the jury right is limited to "[s]uits at common law," U.S. CONST. amend. VII. A DOHSA-only bench trial, therefore, is the only way forward for the Chandra and Manfredi plaintiffs.

Plaintiffs raise a number of arguments to distract the Court from this obvious conclusion, but none has merit. DOHSA clearly applies here because Mr. Chandra and Mr. Manfredi died on the high seas, and the location of their deaths—not the location of Boeing's alleged wrongful acts—triggers DOHSA. Because DOHSA applies, all of Plaintiffs' non-DOHSA claims are preempted or precluded; Plaintiffs cannot circumvent DOHSA's comprehensive scope.

Only three claims remain to be resolved in this litigation. One already is headed to a DOHSA bench trial. *See* Dkt. 1367, 1369. The last step is to hold bench trials to determine these two plaintiffs' recoveries under DOHSA.

## ARGUMENT

### I. DOHSA clearly applies to a fatal crash in the Java Sea.

#### A. Plaintiffs do not allege, and cannot plausibly allege or show, that the fatal injury occurred over land.

The Chandra plaintiffs rightly acknowledge that the passengers died when the aircraft impacted the Java Sea. *See* Chandra Br. at 3; Dkt. 1391 ¶¶ 46–47. The Manfredi plaintiffs,

BOEING'S DOHSA REPLY BRIEF

-1-

however, speculate in their opposition brief, for the first time, that Mr. Manfredi might have died or suffered a fatal injury while the aircraft was over land. *See* Manfredi Br. at 8–10, 19–20.

The Manfredi plaintiffs' belated speculation cannot stand. Their most recent complaint was filed after they learned that Boeing planned to file this motion, yet even then they did not allege that Mr. Manfredi suffered a fatal injury over land; to the contrary, they alleged that Mr. Manfredi consciously experienced erratic plane movements for ten minutes before impact and "was able to perceive, process, understand and react to the impact of the aircraft with the ocean." Dkt. 1378 ¶¶ 148–53. The fact that death occurred on impact comports with the Indonesian government's final investigation report, all the other evidence in this case, and common sense. *See* Komite Nasional Keselamatan Transportasi Republic of Indonesia, *Final Aircraft Investigation Report* at xviii (2019), https://bit.ly/3xL7Ll5 (KNKT Report) ("The aircraft impacted the water in Tanjung Karawang, West Java, [and] all person[s] on board perished . . . ."). The court must reject any argument now to the contrary.

Even if the Manfredi plaintiffs were now permitted to amend their complaint for a third time, after seeing Boeing's motion, amendment would be futile because they cannot plausibly allege that Mr. Manfredi died over land. A claim must be plausible rather than merely conceivable or speculative. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "To meet this plausibility standard, the complaint must supply enough fact to raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations." *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (quotation marks omitted). Here, the cockpit voice recorder shows that the pilot and co-pilot were physically unharmed and engaging in conversation until moments before impact. *See* KNKT Report at 20–27, 79–85. There is no genuine dispute that they and the passengers died

BOEING'S DOHSA REPLY BRIEF

upon impact with the Java Sea. The Manfredi plaintiffs offer no evidence or credible contention

to the contrary. At most, they rely solely on their attorney's speculation for their hypothesis. *See*

Manfredi Br. at 8–10, 19–20; Dkt. 1423 (Declaration of Filippo Marchino).[1] That is not enough.

Allowing the Manfredi plaintiffs to conduct endless discovery in a futile bid to circumvent

DOHSA would only waste judicial resources and delay plaintiffs' recovery.

## B. The location of Boeing's alleged wrongdoing is irrelevant.

The Manfredi plaintiffs argue that DOHSA does not apply because (i) the trigger for

DOHSA, in their view, is a *wrongful act* on the high seas (not death or mortal injury), and

(ii) Boeing's alleged wrongful acts took place on land. Manfredi Br. at 20. Pointing to the text of

the statute, the Manfredi plaintiffs observe that DOHSA applies where the "death of an individ-

ual is caused by wrongful act, neglect, or default occurring on the high seas." 46 U.S.C. § 30302.

Precedent forecloses this argument. The Supreme Court has held that DOHSA governs

where "the *accidental deaths* occurred beyond a marine league from shore." *Offshore Logistics*,

477 U.S. at 218 (emphasis added). Supreme Court cases analyzing DOHSA involve *deaths on*

*the high seas*, not wrongful acts on the high seas. *See, e.g.*, *id.*; *Dooley*, 524 U.S. at 121–24; *Mo-*

*bil Oil Corp. v. Higginbotham*, 436 U.S. 618, 618–19 (1978). The Courts of Appeals agree that

"DOHSA has been construed to confer admiralty jurisdiction over claims arising out of airplane

crashes on the high seas though the negligence alleged to have caused the crash occurred on

land." *LaCourse v. PAE Worldwide Inc.*, 980 F.3d 1350, 1356 (11th Cir. 2020) (quotation marks

and emphasis omitted), *cert. denied*, 141 S. Ct. 2701 (2021). Indeed, DOHSA's very purpose—

as its name makes clear—is to provide a remedy for *deaths on the high seas* where none

---

[1] While plaintiffs submitted a declaration from Nathan I. Cobb, *see* Dkt. 1425, that declaration merely describes the aircraft's flight path, and Mr. Cobb does not opine that any of the individu-als on Lion Air JT 610 died over land.

BOEING'S DOHSA REPLY BRIEF

previously existed in either common law or traditional maritime law. *See, e.g.*, *Dooley*, 524 U.S. at 121–24; *Offshore Logistics*, 477 U.S. at 209, 212–17.

This Court must follow binding DOHSA precedent. Stray language from an unpublished district court opinion cannot trump Supreme Court case law. *See* Manfredi Br. at 20–21. Moreover, the case they cite, *Dome v. Celebrity Cruises Inc.*, No. 21-CV-20545, 2022 WL 970861 (S.D. Fla. Mar. 30, 2022), does not ultimately turn on the place where the negligence occurred. *Id.* at *5. To the contrary, *Dome* correctly recognizes that a DOHSA claim accrues where an allegedly wrongful act or omission resulted in a fatal injury (in that case, where the decedent contracted COVID-19) and "not at the point where previous or subsequent negligence allegedly occurred." *Id.* at 5 (quotation marks, citation, and alterations omitted).

## II. Plaintiffs' non-DOHSA claims are contrived to obtain a jury trial, but they are preempted by DOHSA, without merit, and cannot support a jury trial on the DOHSA claims.

Because a DOHSA claim may, in some cases, be tried to a jury when joined with a claim carrying a right to a jury trial, *see infra* at 10, plaintiffs attempt to manufacture non-DOHSA claims that are not preempted or precluded by DOHSA. This effort fails because the claims plaintiffs posit are barred by DOHSA and also lack merit.

### A. DOHSA preempts survival claims for pre-death fear and injury.

The Manfredi and Chandra plaintiffs assert survival claims for decedents' alleged predeath fear and other injuries, arguing that DOHSA does not preempt such claims where some of the alleged injuries purportedly occurred *over land*. *See* Chandra Br. at 1, 4–7; Manfredi Br. at 22–23. But case law is clear that DOHSA preempts state and maritime survival actions arising out of deaths on the high seas, even if some of decedents' pre-death suffering occurred over land.

DOHSA provides the exclusive recovery for deaths on the high seas. It allows plaintiffs to recover certain damages from "the person or vessel responsible" (allegedly Boeing) for having

BOEING'S DOHSA REPLY BRIEF

-4-

committed wrongful acts (e.g., allegedly defective design) that caused decedents' deaths in the Java Sea. 46 U.S.C. § 30302. Plaintiffs seek to supplement DOHSA with survival claims against the same "person . . . responsible" for having committed the same wrongful acts that caused decedents' deaths in the Java Sea. Those are precisely the sorts of claims DOHSA preempts; plaintiffs may not seek recovery beyond what DOHSA exclusively provides for those acts by alleging survival claims seeking to recover for decedents' pre-death suffering in the moments before the crash. *See, e.g.*, *Dooley*, 524 U.S. at 123–24; *Offshore Logistics*, 477 U.S. at 215–16, 220–233.

Plaintiffs offer hypotheticals arguing that this interpretation of DOHSA would make it "boundless." Chandra Br. at 1. The Chandra plaintiffs ask what would happen if "a Boeing employee punched Chandra in the nose in the airport before he boarded the Lion Air flight. Would his battery claim vanish simply because he later died on the high seas?" *Id.* at 7.[2] Similarly, the Manfredi plaintiffs argue that by Boeing's logic, "had Andrea Manfredi been injured in a car accident prior to the plane crash, Defendants would apparently contend that DOHSA would bar survival claims arising out of the car crash because he died at sea." Manfredi Br. at 23.

Plaintiffs' hypotheticals are misplaced; DOHSA obviously would not apply in those scenarios. An assault or car accident before the flight would involve separate wrongful acts, committed by independent tortfeasors, having nothing to do with the acts that allegedly caused the aircraft to crash on the high seas. The hypothetical injuries posited would have no connection to decedents' deaths on the high seas. In the scenarios plaintiffs imagine, they would have to look

---

[2]The Chandra plaintiffs cite *Ostrowiecki v. Aggressor Fleet, Ltd.*, Nos. 07-6598, 07-6931, 2008 WL 3874609 (E.D. La. Aug. 15, 2008), in which a daughter was confined after her father was lost on a scuba diving trip. There, a claim based on bystander injury was preempted by DOHSA, while an emotional distress claim for being confined was not because the confinement represented "separate and discrete acts." *Id.* at *5–6. By contrast, Plaintiffs' emotional distress theories here are based on the same acts as their DOHSA claim.

BOEING'S DOHSA REPLY BRIEF

to state survival statutes to recover from the individual tortfeasors involved.

In the case at bar, by contrast, plaintiffs seek survival damages from Boeing for the same acts that allegedly caused decedents' deaths on the high seas. Congress chose not to include claims for decedents' alleged pre-death physical and psychological suffering in DOHSA, and that decision bars such claims here.

The only authority plaintiffs cite for their position is so far afield that it underscores the weakness of their argument. As plaintiffs telegraphed in pre-motion proceedings, they cite cases involving exposure to toxic substances. *See* Chandra Br. at 6 (citing *Evans v. John Crane, Inc.*, No. 15-681, 2019 WL 5457101 (D. Del. Oct. 24, 2019); *Hays v. John Crane, Inc.*, No. 09–81881–CIV, 2014 WL 10658453 (S.D. Fla. Oct. 10, 2014)). The decedents in those cases experienced an ultimately mortal injury that had been incurred over long periods of time as they suffered chronic exposure to toxic substances both on the high seas and elsewhere (i.e., on land or in territorial waters). In those cases, the courts held that decedents suffered an indivisible fatal injury *both on the high seas and not on the high seas*. *See Evans*, 2019 WL 5457101, at *4; *Hays*, 2014 WL 10658453, at *2. Here, by contrast, the decedents suffered one fatal injury in the Java Sea and nowhere else. That Mr. Chandra and Mr. Manfredi allegedly experienced physical and/or psychological injury during the lead up to the crash does not mean that they were fatally injured in more than one location.

Plaintiffs also cite *Bernard v. World Learning Inc.*, No. 09–20309–CIV, 2010 WL 11505188 (S.D. Fla. June 4, 2010), in which the decedent *might* have been fatally injured during an *earth slide on land* that pushed him into the ocean. Because of the dispute regarding where the mortal injury occurred, the district court there held only that defendant was not entitled to summary judgment on the application of DOHSA. *Id.* at *7. *Bernard* does not apply where, as here,

BOEING'S DOHSA REPLY BRIEF

there is no material dispute that a death occurred on the high seas.

### B. DOHSA preempts and/or subsumes the Chandra plaintiffs' claims for property damage.

The Chandra plaintiffs maintain that they "included a claim for property damage in each of [Mr. Chandra's] survival claims" that is "outside DOHSA's preemptive scope." Chandra Br. at 7–8. This argument is meritless for multiple reasons.

*First*, the Chandra plaintiffs have not alleged a standalone claim for property damage. Rather, in connection with their survival act claims, the Chandra plaintiffs allege that Mr. Chandra "suffered multiple and diverse injuries of both a personal and pecuniary nature, inclusive of . . . property damage." *See, e.g.*, Dkt. 1391 at pp. 24–25. Accordingly, the Chandra plaintiffs have alleged merely that "property damage" is one type of pecuniary damage Mr. Chandra suffered as a result of Boeing's alleged negligence and other wrongful acts. But DOHSA preempts the Chandra plaintiffs' survival act claims. *See supra* at 1, 5; Boeing Mot. at 1, 2, 6, 8.[3]

*Second*, the only case the Chandra plaintiffs cite (at 8) for the notion that they could bring a standalone claim for property damage alongside a DOHSA claim does not support their argument. Plaintiffs in *Gund v. Pilatus Aircraft, Ltd.*, Nos. C07–4902, C08–3795, 2010 WL 887376 (N.D. Cal. Mar. 11, 2010), asserted claims for property damage along with wrongful death and survival claims arising out of a fatal plane crash off the coast of Costa Rica. *Id.* at *1. Defendant did not move to dismiss the property damage claims, so the issue was never litigated. *Id.* at *8. When the claim is contested—as it is here—the correct result is that a separate property damage

---

[3] If the Chandra plaintiffs could recover for property damage, it would not be as survival damages (i.e., damages Mr. Chandra could have recovered if he survived the accident), but rather as "fair compensation for the pecuniary loss" sustained by Mr. Chandra's beneficiaries if the property would have become part of their inheritance. 46 U.S.C. § 30303. *See Nygaard v. Peter Pan Seafoods, Inc.*, 701 F.2d 77, 80 (9th Cir. 1983); *Rohan ex rel. Rohan v. Exxon Corp.*, 896 F. Supp. 666, 670 (S.D. Tex. 1995).

BOEING'S DOHSA REPLY BRIEF

claim cannot supplement DOHSA's exclusive recovery. *See, e.g.*, *Dooley*, 524 U.S. at 123.

In sum, the Chandra plaintiffs' property damage claims are either survival claims preempted by DOHSA or part of the DOHSA pecuniary loss.

### C. The Manfredi plaintiffs' statutory fraud claims are preempted and meritless.

As Boeing explained in its motion (at 10–13), the Manfredi plaintiffs are the only plaintiffs attempting to plead fraud claims in these wrongful death cases. Their attempt fails first because these claims, too, are preempted by DOHSA and, second, because they have no merit.

The Manfredi plaintiffs' Illinois consumer fraud claims (ICFA) are preempted because "state statutes are pre-empted by DOHSA where it applies." *Offshore Logistics*, 477 U.S. at 232; *see* Boeing Mot. at 10. The Manfredi plaintiffs do not contest, and therefore concede, this point. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver.").

The Manfredi plaintiffs' Computer Fraud and Abuse Act (CFAA) claims are likewise preempted because DOHSA preempts and precludes all other claims for deaths on the high seas, including claims arising under federal statutes, unless there is a clear indication that Congress intended otherwise. *See Bowoto v. Chevron Corp.*, 621 F.3d 1116, 1124–25 (9th Cir. 2010) (holding that DOHSA preempts survival claims under Alien Tort Statute and explaining that *Dooley* "preempts all survival claims for deaths on the high seas"). Relying on *Bible v. United States Aid Funds, Inc.*, 799 F.3d 633 (7th Cir. 2015), the Manfredi plaintiffs challenge the proposition that DOHSA "preempts" the CFAA claim because "'[p]reemption is limited to conflicts between federal and state law,'" not conflicts between two federal laws. Manfredi Br. at 23 (quoting *Bible*, 799 F.3d at 660). But *Bible* was concerned merely with the proper word choice for describing the preemptive effect: while federal law "preempts" state law, federal law "precludes" another

BOEING'S DOHSA REPLY BRIEF

federal law. *Bible*, 799 F.3d at 660. In a case involving death on the high seas, therefore, DOHSA *precludes* the CFAA because DOHSA provides the *exclusive* source of recovery for such deaths. *See, e.g.*, *Dooley*, 524 U.S. at 123.

The Manfredi plaintiffs also argue that *Bowoto*, while precluding Alien Tort Statute (ATS) survival claims, leaves open the possibility of "pursu[ing] *wrongful death* claims under both the ATS and DOHSA." Manfredi Br. at 23. The *Bowoto* district court had earlier ruled that since "Congress has spoken directly to wrongful acts that cause death at sea, . . . plaintiffs' claim . . . must be treated as a DOHSA, not an ATS, claim." *Bowoto v. Chevron Corp.*, 557 F. Supp.2d 1080, 1088 (N.D. Cal. 2008). On appeal, the Ninth Circuit stated only that it could not "foreclose the possibility of there ever being a cognizable ATS claim *invoking principles of international law* to recover for a death at sea." *Bowoto*, 621 F.3d at 1124 (emphasis added). Given the proce-dural history of the case, the court did not need to address that question. *Id.* at 1121. But in any event, *Bowoto*'s dicta cannot open the door to the CFAA claim here because it concerned (as it must under the ATS) questions regarding the application of *international law* versus federal law. It did not address, as the court must here, whether DOHSA—a specific and exclusive federal wrongful death statute—would preclude a different *federal* statute that is not intended to cover wrongful death on the high seas.

The answer to that question should be clear. Federal statutes providing the exclusive path to recovery preclude supplemental relief under other federal statutes. *See, e.g.*, *Fuqua v. U.S. Postal Serv.*, 956 F.3d 961, 964 (7th Cir. 2020) (exclusive recovery under Federal Employees' Compensation Act precludes recovery under Federal Tort Claims Act); *Gonzalez v. Velez*, 864 F.3d 45, 55–56 (1st Cir. 2017) ("'Exclusive' ordinarily means 'exclusive,' and we can envision no reason why a RICO claim premised on allegations of discrimination in federal employment

might somehow elude the grasp of" the exclusive remedies in the Civil Service Reform Act and Title VII); *Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1055–56 (9th Cir. 2009) (Age Discrimination in Employment Act precludes action under Section 1983).

Separately, even if the fraud claims could somehow survive, Plaintiffs offer no case law holding that it would warrant a jury trial on their DOHSA claim. An admiralty claim (like a DOHSA claim) may be submitted to a jury only when joined with a claim carrying the right to a jury trial (like a Jones Act claim) and when both claims "arise out of one set of facts." 14A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure Jurisdiction* § 3673 (4th ed. 2022 update) (collecting cases). *Fitzgerald v. United States Lines Co.*, 374 U.S. 16 (1963), upheld the practice of granting jury trials to plaintiffs who join in one complaint their Jones Act, unseaworthiness, and maintenance-and-cure claims, which together are basically "one claim split conceptually into separate parts because of historical developments." *Id.* at 18, 21. The Court held that in those circumstances, "[o]nly one trier of fact should be used for the trial of what is essentially one lawsuit"; the trial would be based on "one unitary set of circumstances," depend "in large part upon the same evidence," involve "some identical elements of recovery," and serve the overarching "purpose of indemnifying a seaman for damages caused by injury." *Id.* Here, the fraud claims by the Manfredi plaintiffs—which require proof, among other things, of unauthorized access to a computer system—are substantively different from the airplane design defect theories underlying their DOHSA claims. This is not *Fitzgerald*, which permitted a jury trial when the issues were essentially the same and the overlap nearly total.[4]

Regardless of how pled, all of the Manfredi plaintiffs' claims, including their ICFA and

---

[4] For the same reasons, the Chandra plaintiffs' property damage claims would not create the right to a jury trial on their DOHSA claim.

CFAA claims, seek to recover for a wrongful death that occurred on the high seas. It would defeat Congress' intent and run afoul of U.S. Supreme Court precedent to allow any but the DOHSA claim to proceed. DOHSA's exclusive scope therefore must preempt the ICFA and CFAA claims, which can be dismissed on this ground alone. *See Heath v. Am. Sail Training Ass'n*, 644 F. Supp. 1459, 1466 (D.R.I. 1986) ("[S]imply calling a wrongful death claim a contract claim . . . cannot effect an end run around DOHSA and stiffarm the manifest intent of the Congress in the bargain."). Even if not preempted, however, plaintiffs' claims will fail for the reasons explained in Boeing's motion (at 10–13) and briefly recapped below.

**The Illinois Consumer Fraud and Deceptive Practices Act claims**: Neither Mr. Manfredi nor the plaintiffs acting on his behalf are Illinois citizens. To pursue an ICFA claim, then, they must allege that the circumstances relating to the "disputed transaction occur[ed] primarily and substantially in Illinois." *Woerner v. Bankers Life & Cas. Co.*, 216 F. Supp. 3d 924, 930 (N.D. Ill. 2016) (citation omitted). Plaintiffs have not done that. Instead, they simply say that "Boeing is headquartered in Illinois" and that they "could amend the complaint" to add further factual allegations about the misrepresentations that "emanated from Boeing's headquarters." Manfredi Br. at 28. That is insufficient, even if they were allowed to replead. *See, e.g.*, *Rohlfing v. Manor Care, Inc.*, 172 F.R.D. 330, 340 & n.10 (N.D. Ill. 1997) (finding that where the only connection with Illinois is the headquarters of the defendant or the fact that a scheme "emanated" from Illinois, ICFA "does not apply to the claims of the non-Illinois plaintiffs").

In addition to the absence of an Illinois connection, Mr. Manfredi is not a "consumer" of any Boeing product and cannot, in the alternative, satisfy the statute's "consumer nexus" test. That test requires a plaintiff to show, among other things, that his actions "were akin to a

BOEING'S DOHSA REPLY BRIEF

-11-

consumer's actions." *Breeze v. Bayco Prods. Inc.*, 475 F. Supp. 3d 899, 906 (S.D. Ill. 2020); *see* Manfredi Br. at 28–29. Plaintiffs argue they meet that requirement because Mr. Manfredi, "like any passenger, wished to fly on a safe aircraft." *Id.* at 29. But the relevant consumer here would be a purchaser of a commercial aircraft, not a purchaser of a ticket for a seat on that aircraft. And Mr. Manfredi's purchase of a seat on a commercial flight is in no way akin to a wealthy individual purchasing a private plane for his own use. The ICFA claim fails.

**The Computer Fraud and Abuse Act claims**: Plaintiffs' CFAA claims are meritless. To start, because Boeing owned the aircraft at the time it installed MCAS, plaintiffs cannot plausibly allege that Boeing "intentionally cause[d] damage *without authorization*" to any protected computer on the aircraft as required under the statute, *see* 18 U.S.C. § 1030(a)(5)(A), or that it "accessed [those] protected computer[s] *without authorization*," *id.* § 1030(a)(5)(B)–(C). *See Gone GB Ltd. v. Intel Servs. Div., LLC & Intel Corp.*, No. 21–978, 2022 WL 903805, at *5 (D. Del. Mar. 28, 2022) ("The CFAA does not empower a plaintiff to bring a claim against a defendant for causing 'damage' to its own computer; such an interpretation would be untenable."); *see also Van Buren v. United States*, 141 S. Ct. 1648, 1658 (2021) (the "without authorization" clause protects against defendants who "access a computer *without any permission at all*" (emphasis added) (quotations omitted)); *Ocean Tomo , LLC v. PatentRatings, LLC*, No. 12 C 8450, 2021 WL 3172990, at *3 (N.D. Ill. July 27, 2021) (authorization may be implied by "possess[ion of] servers and authority to use them"); *Shamrock Foods Co. v. Gast*, 535 F. Supp. 2d 962, 967 (D. Ariz. 2008) ("A violation for accessing 'without authorization' occurs only where initial access is not permitted." (citation omitted)). Unlike the cases cited by the Manfredi plaintiffs (at 24), here Boeing owned the relevant protected computer at the time MCAS was installed and was obviously authorized to install it. *See* Dkt. 1378 at pp. 36–37 (alleging that Boeing designed MCAS

before it marketed the Boeing 737 MAX to airlines and installed the system before the aircraft was sold). This is sufficient reason alone to find that the CFAA simply does not apply.

Moreover, even if plaintiffs could allege that Boeing either accessed or caused damage to the protected computer without authorization, they still cannot plausibly allege that Boeing intended to cause damage without authorization to the aircraft's computer systems. While plaintiffs assert that they adequately alleged intentional conduct, Manfredi Br. at 24, they merely allege that Boeing "knew and/or should have known of [MCAS's alleged] defectiveness" when attempting to "mitigate the risk of a potential stall." *See* Dkt. 1378 ¶¶ 167–68. They do not plead the utterly implausible allegation that Boeing *intended* for MCAS to damage the aircraft or any of its components in any way. The cases plaintiffs cite (at 24) thus do not support their CFAA claims because the plaintiffs in those other cases plausibly alleged that the software was actually *intended* to cause damage.[5]

The Manfredi plaintiffs also lack standing to assert CFAA claims because the decedent did not personally suffer damage or loss to *his* computers or data. *See* Boeing Mot. at 12.[6] Plaintiffs cite no authority to the contrary. In the cases they cite (at 25), plaintiffs had standing because they had an interest in the data. *See Garland-Sash v. Lewis*, 348 F. App'x 639, 641 (2d Cir. 2009) (deletion of plaintiff's name from her husband's authorized visitor record); *Lindsay-Stern v. Garamszegi*, No. SACV–14–01970, 2016 WL 11745948, at *4 (C.D. Cal. Oct. 13, 2016)

---

[5] *See In re Apple Inc. Device Performance Litig.*, 347 F. Supp. 3d 434, 452 (N.D. Cal. 2018) (finding sufficient plaintiffs' allegations that Apple caused damage to their iPhones "without permission and did so intentionally"), *on reconsideration in part*, 386 F. Supp. 3d 1155 (N.D. Cal. 2019); *Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 926, 932 (E.D. Tex. 1999) (finding sufficient plaintiffs' allegation that defendants knowingly transmitted instructions that they "knew would cause the loss and corruption of data").

[6] Plaintiffs claim that an amendment to the CFAA somehow invalidates the cases cited in Boeing's motion, but Boeing's cases all post-date the amendment. *See* Manfredi Br. at 25.

BOEING'S DOHSA REPLY BRIEF

(defendant intercepted plaintiff's emails). Manfredi had no equivalent interest in the MCAS software or the plane's computer systems more generally, which means that plaintiffs have no viable CFAA claim.

### III. DOHSA creates a "civil action in admiralty," for which there is no right to a jury trial.

DOHSA creates a "civil action in admiralty." 46 U.S.C. § 30302. There is no constitutional right to a jury trial in admiralty. *See, e.g.*, *In re Complaint of McCarthy Bros./Clark Bridge*, 83 F.3d 821, 826 (7th Cir. 1996); Wright & Miller, *supra*, § 3671.4. The Seventh Amendment guarantees a jury trial for "[s]uits at common law," not suits in admiralty. U.S. CONST. amend. VII.

These basic principles inform the many decisions in which courts have held that there is no right to a jury where plaintiff's claims arise under or are preempted by DOHSA. *See, e.g.*, *Tallentire v. Offshore Logistics, Inc.*, 800 F.2d 1390, 1391 (5th Cir. 1986) ("[T]he Supreme Court held that the Death on the High Seas Act (DOHSA) is the sole predicate for Offshore Logistic's liability to appellants. Thus, Mrs. Tallentire's action under DOHSA is cognizable only in admiralty and she is not entitled to a jury trial."); *LaCourse v. Def. Support Servs. LLC*, No. 3:16cv170, 2018 WL 7342153, at *2 (N.D. Fla. Oct. 31, 2018) (striking jury demand where all plaintiff's claims were preempted by DOHSA) (collecting cases); *Varner v. Celebration Cruise Line, LLC*, No. 15–CIV–60867, 2015 WL 12868132, at *3 (S.D. Fla. Sept. 15, 2015) (refusing jury trial for negligence claim based on diversity jurisdiction where claim overlapped with and was preempted by DOHSA); *Lasky v. Royal Caribbean Cruises, Ltd.*, 850 F. Supp. 2d 1309, 1314–15 (S.D. Fla. 2012) (rejecting argument that plaintiff gets a jury trial based on diversity jurisdiction where sole claim was governed by DOHSA); *Modica v. Hill*, No. Civ.A. 96–1121, 1999 WL 52153, at *2 (E.D. La. Jan. 29, 1999) ("Because plaintiffs' remedy lies under DOHSA,

BOEING'S DOHSA REPLY BRIEF

the action is cognizable only in admiralty and plaintiff is not entitled to a jury trial."); *In re Air Disaster Near Honolulu, Haw. on Feb. 24, 1989*, 792 F. Supp. 1541, 1547 (N.D. Cal. 1990) ("[t]o the extent that any other causes of action that DOHSA plaintiffs might have asserted are effectively preempted by DOHSA, there is no basis for" jury demand); *Friedman v. Mitsubishi Aircraft Int'l, Inc.*, 678 F. Supp. 1064, 1065–66 (S.D.N.Y. 1988) (existence of diversity does not support jury demand for DOHSA claim where no other claims present); *Favaloro v. S/S Golden Gate*, 687 F. Supp. 475, 481 (N.D. Cal. 1987) ("DOHSA actions, according to the terms of the statute, lie in admiralty. Therefore, plaintiffs are not entitled to a jury under DOHSA." (citation omitted)); *Heath*, 644 F. Supp. at 1471 (striking jury demand because "DOHSA claims are triable in admiralty to the court, without the intervention of a jury").

Plaintiffs' arguments for why they are entitled to a jury trial of their DOHSA claim lack merit for the reasons explained below.

### A. DOHSA claims, as claims in admiralty, do not follow the same rules as common law maritime claims or other *in personam* claims.

Plaintiffs would like this Court to believe that precedent from the U.S. Supreme Court and the Seventh Circuit "support a jury trial in this case and that's determinative." Chandra Br. at 2. Without explicitly stating it, their argument seems to be that they should get a jury because the same rules governing *in personam* maritime claims should apply to statutory "admiralty" claims under DOHSA. Plaintiffs' argument is wrong, and it relies on cases that do not involve DOHSA. Congress enacted DOHSA because there were *no* common law or maritime claims available for deaths on the high seas. DOHSA filled this gap by allowing for particular forms of recovery *in admiralty*. A DOHSA claim is not a general maritime claim. It is not a common law claim. It is not a federal civil cause of action like a Section 1983 claim. It is a "civil action in admiralty," and it exists solely under the different procedural and substantive rules that apply in admiralty.

BOEING'S DOHSA REPLY BRIEF

**Diversity jurisdiction does not create the right to a jury**. Plaintiffs cite a long list of *general maritime* authorities for the proposition that a plaintiff may pursue an *in personam* maritime claim in federal court "at law" if there is diversity or federal question jurisdiction. *See* Chandra Br. at 11–13; Manfredi Br. at 10–17.[7] Plaintiffs argue that because general maritime plaintiffs may request a jury trial in federal court if the court has diversity jurisdiction, then DOHSA plaintiffs should have that option as well. *Id.*

Plaintiffs are incorrect. The mere existence of diversity jurisdiction, standing alone, does not create the right to a jury trial in a DOHSA case. *E.g.*, *Lasky*, 850 F. Supp. 2d at 1314–15; *Friedman*, 678 F. Supp. at 1065–66. The right to a jury trial for a general maritime claim derives from the fact that the saving-to-suitors clause allows *in personam* maritime claims to be brought "at law," and the Seventh Amendment guarantees the right to a jury for "[s]uits at common law." *See* U.S. CONST. amend. VII; *Atl. & Gulf Stevedores*, 369 U.S. at 360 (addressing *general maritime* claim for breach of contract). A DOHSA claim, in contrast, is not a suit "at law." Rather, DOHSA creates "a civil action in admiralty," 46 U.S.C. § 30302, and the Seventh Amendment does not provide the right to a jury trial for suits in admiralty. *See* U.S. CONST. amend. VII. Likewise, the Federal Rules of Civil Procedure do not create a right to a jury trial on admiralty claims. *See* Fed. R. Civ. P. 38(e) (stating that the Federal Rules of Civil Procedure "do not create a right to a jury trial on issues in a claim that is an admiralty or maritime claim under Rule 9(h)"); Wright & Miller, *supra*, § 3671.4 ("[B]y virtue of Rule 38(e) there is no right to jury trial

---

[7] *See, e.g.*, *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 455 (2001); *Atl. & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355, 360 (1962); *In re Lockheed Martin Corp.*, 503 F.3d 351, 354–55 (4th Cir. 2007); *Ghotra ex rel. Ghotra v. Bandila Shipping, Inc.*, 113 F.3d 1050, 1054–55 (9th Cir. 1997); *Bhd. Shipping Co. v. St. Paul Fire & Marine Ins.*, 985 F.2d 323, 326 (7th Cir. 1993); *Coronel v. Victory*, 1 F. Supp. 3d 1175, 1181–82 (W.D. Wash. 2014); *Sea-Land Serv., Inc. v. J & W Imp./Exp., Inc.*, 976 F. Supp. 327, 330 (D.N.J. 1997).

BOEING'S DOHSA REPLY BRIEF

in admiralty cases unless the underlying statute provides for a jury trial." (footnote omitted)).

To be sure, plaintiffs cite some cases holding that diversity plaintiffs may submit their DOHSA claims to a jury in federal court. *See In re Korean Air Lines Disaster of Sept. 1, 1983*, 704 F. Supp. 1135, 1151–58 (D.D.C. 1988), *aff'd in part, vacated in part on other grounds*, 932 F.2d 1475 (D.C. Cir. 1991); *Tozer v. LTV Corp.*, 1983 WL 705, at *7 (D. Md. May 27, 1983). But those cases, which predate *Dooley*, are incorrect because DOHSA is (i) the only viable claim for a death on the high seas, (ii) cannot be supplemented with other claims, and (iii) is a "civil action in admiralty." Accordingly, there is no right to a jury trial. *See. e.g.*, *Tallentire*, 800 F.2d at 1391.

A jury trial is simply not available on a DOHSA claim in federal court, even if the court also happens to have an alternative basis for jurisdiction. A jury trial is only possible, as explained above, if the DOHSA claim is joined with a related claim "at law" arising out of the same set of facts. *See Luera v. M/V Alberta*, 635 F.3d 181, 192 (5th Cir. 2011) ("All of the circuits that have addressed the issue have concluded that, under *Fitzgerald*, admiralty claims may be tried to a jury when the parties are entitled to a jury trial on the non-admiralty claims."). Here, DOHSA is exclusive and no non-admiralty claims exist. *Varner*, 2015 WL 12868132, at *3.

**There is no jury trial for a standalone DOHSA claim in federal court**. Plaintiffs' related theory that the saving-to-suitors clause allows for a jury trial on a DOHSA claim is also wrong. *See* Chandra Br. at 9–11; Manfredi Br. at 4–6, 10–17. Neither the general maritime savings clause at 28 U.S.C. § 1333 nor the DOHSA nonapplication clause at 46 U.S.C. § 30308 provides for a jury trial in federal court for DOHSA claims.

The general maritime savings clause at 28 U.S.C. § 1333, which saves "to suitors in all cases all other remedies to which they are otherwise entitled," has no effect on a DOHSA claim.

BOEING'S DOHSA REPLY BRIEF

-17-

There were no actions for wrongful death or survival at common law or under general maritime law. *See* Dan B. Dobbs et al., *The Law of Torts* § 372 (2d ed. 2021 update); *Moragne v. States Marine Lines, Inc.*, 398 U.S. 375, 380 (1970). The traditional rule was that "a right of action was personal to the victim and thus expired when the victim died." *Dooley*, 524 U.S. at 121; *see also Miles v. Apex Marine Corp.*, 498 U.S. 19, 33 (1990). Before DOHSA, *no suit* could be brought for a death on the high seas. *Dooley*, 524 U.S. at 121. Accordingly, nothing existed that could be "saved" to suitors under the saving-to-suitors clause. A DOHSA action in admiralty is the only possible cause of action for a death on the high seas, and there are no "other remedies" to which these plaintiffs are entitled under 28 U.S.C. § 1333.

Plaintiffs' claim that DOHSA's "nonapplication clause," sometimes known as DOHSA's savings clause, might permit a jury trial is also wrong. *See* Chandra Br. at 9–11; Manfredi Br. at 4–6, 10–17. DOHSA's nonapplication clause says only that DOHSA "does not affect the law of a State regulating the right to recover for death." 46 U.S.C. § 30308. According to the Supreme Court, this clause (and previous iterations of it) "was intended only to serve as a jurisdictional saving clause," preserving "concurrent state jurisdiction to hear DOHSA actions" in a forum convenient for DOHSA beneficiaries. *Offshore Logistics*, 477 U.S. at 221, 232. The clause does *not* allow courts to apply state wrongful death statutes to deaths on the high seas; DOHSA preempts all other substantive law when it comes to such deaths. Nor does it say anything about allowing for a jury trial on a DOHSA admiralty claim in federal court.

The contrast between DOHSA and the Jones Act, which was passed the same year as DOHSA, dispels any notion that DOHSA generally—or the nonapplication clause specifically—should be read to confer the right to a jury trial in federal court. The Jones Act provides that "[a] seaman injured in the course of employment or, if the seaman dies from the injury, the personal

representative of the seaman *may elect to bring a civil action at law, with the right of trial by jury*, against the employer." 46 U.S.C. § 30104 (emphasis added). It thus specifically allows for a "civil action at law" with "the right of trial by jury." *Id.* If Congress wished to authorize a similar remedy under DOHSA, it knew how. Courts should not read into DOHSA provisions that were not enacted by Congress.

**State court cases have no bearing on whether a jury right exists in federal court**. Finally, Plaintiffs rely heavily on a single state court case for the notion that a DOHSA claim may be tried to a jury if brought in state court. Chandra Br. at 10–11; Manfredi Br. at 17; *Curcuru v. Rose's Oil Serv., Inc.*, 802 N.E.2d 1032, 1035 (Mass. 2004) (concluding that DOHSA's nonapplication clause "leaves intact a plaintiff's right to a jury trial in State court where that State's own procedures would include a right to jury trial"). The *Curcuru* decision, by its own terms, turns on the Massachusetts Constitution and state rules of civil procedure. *Id.* at 16–17. Illinois law is different, even if the *Curcuru* analysis were correct.[8] But whether *Curcuru* was correctly decided is irrelevant because these cases are in federal court. "[F]ederal procedural law controls the question of whether there is a right to a jury trial" in federal court. *Int'l Fin. Servs. Corp. v. Chromas Techs. Canada, Inc.*, 356 F.3d 731, 735 (7th Cir. 2004). And federal law is clear—a plaintiff is not entitled to a jury when DOHSA exclusively applies. *See supra* at 14–15.[9]

---

[8] *See Bowman v. Am. River Transp. Co.*, 217 Ill. 2d 75, 95–96 (2005) ("Under [Article I, section 13, of the Illinois Constitution], parties to a civil case are entitled to a jury trial when that right existed at common law."); *Vincent v. Alden-Park Strathmoor, Inc.*, 241 Ill. 2d 495, 505, 948 N.E.2d 610, 615 (2011) (describing tort claims that did not survive death under the common law); *Wright v. Cent. Du Page Hosp. Ass'n*, 63 Ill. 2d 313, 326 (1976) (noting that wrongful death was not a claim that existed under the common law in Illinois).

[9] The propriety of removal here is not at issue. The Chandra plaintiffs originally filed their complaint in state court, but Boeing properly removed, and the Chandra plaintiffs do not challenge it. *See* Chandra Br. at 11–12. Nor do they make any argument about the effect of removal beyond maintaining that the saving-to-suitors clause should apply, which it does not for the reasons already explained. The Manfredi plaintiffs discuss removal, but that discussion is irrelevant

BOEING'S DOHSA REPLY BRIEF

## B.  Boeing's jury demand was a nullity.

The Chandra plaintiffs argue (at 14) that they are entitled to rely on Boeing's initial jury demand. That is wrong. If a claim is cognizable only in admiralty, it is an admiralty claim whether so identified or not. *See Wingerter v. Chester Quarry Co.*, 185 F.3d 657, 665 (7th Cir. 1998); *see also Aponte v. Royal Caribbean Cruise Lines Ltd.*, 739 F. App'x 531, 534 (11th Cir. 2018) (a complaint's ineffective jury demand does not deprive court of admiralty jurisdiction). And a plaintiff is not entitled to rely on a defendant's jury demand where the defendant has neither a constitutional nor a statutory right to a jury. *See Craig v. Atl. Richfield Co.*, 19 F.3d 472, 476–77 (9th Cir. 1994). "[M]erely requesting a jury trial does not change an admiralty claim, identified as such, to a nonadmiralty claim. In such cases the district court should simply deny the request." *Wingerter*, 185 F.3d at 668 (citation omitted) (concluding that jury demand was a nullity where complaint properly invoked the district court's admiralty jurisdiction).

## C.  The Chandra plaintiffs forfeited their right to a jury trial.

Because the Chandra plaintiffs were not entitled to elect a jury trial for their DOHSA claim in admiralty, the Court need not address the argument that they have forfeited their right to a jury by invoking admiralty jurisdiction. If the Court determines that an election was possible, however, it should, in fact, hold that the Chandra plaintiffs forfeited their right to a jury trial. *See Bhd. Shipping*, 985 F.2d at 326 (where complaint pleads admiralty as basis for jurisdiction, jury trial right for that claim is forfeited); *see also, e.g.*, *Wingerter*, 185 F.3d at 668.

## CONCLUSION

For the foregoing reasons, the Court should hold a DOHSA bench trial to resolve these two remaining unsettled claims.

---

because the Manfredi plaintiffs originally filed their complaint in federal court. *See* Manfredi Br. at 6, 17.

BOEING'S DOHSA REPLY BRIEF

DATED: September 2, 2022

**THE BOEING COMPANY**

By: /s/ Mack H. Shultz, Jr.
     *One of Its Attorneys*

Bates McIntyre Larson
BLarson@perkinscoie.com
Daniel T. Burley
DBurley@perkinscoie.com
**PERKINS COIE LLP**
131 S. Dearborn, Suite 1700
Chicago, Illinois 60603-5559
Phone: (312) 324-8400
Fax: (312) 324-9400

Mack H. Shultz, Jr.
MShultz@perkinscoie.com
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

BOEING'S DOHSA REPLY BRIEF

## CERTIFICATE OF SERVICE

I, Mack H. Shultz, Jr., certify that on September 2, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record. I also certify that I served the foregoing by email to the following attorneys:

> Filippo Marchino
> fm@xlawx.com
> Tom Cassaro
> tc@xlawx.com
> Thomas Gray
> tg@xlawx.com
> THE X-LAW GROUP, P.C.
> 625 Fair Oaks Ave., Suite 390
> South Pasadena, CA 91030
> Tel: (213) 599-3380

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 2nd day of September 2022.

> *s/ Mack H. Shultz*
> Mack H. Shultz
> **PERKINS COIE LLP**
> 1201 Third Avenue, Suite 4900
> Seattle, Washington 98101-3099
> Phone: (206) 359-8000
> Fax: (206) 359-9000

BOEING'S DOHSA REPLY BRIEF