UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| IN RE LION AIR<br>FLIGHT JT 610 CRASH | No. 18 C 07686<br><br>This Order applies to:<br>Case No. 19 C 01552<br>Case No. 19 C 07091<br><br>Judge Thomas M. Durkin |

## MEMORANDUM OPINION AND ORDER

This consolidated action arises out of an aviation accident involving a Boeing commercial jet, which resulted in the death of everyone on board. On December 20, 2022, this Court issued a Memorandum Opinion and Order ("the Order") holding that the Death on the High Seas Act, 46 U.S.C. §§ 30301–08 ("DOHSA"), applies to the two remaining actions (*Chandra v. Boeing*, case no. 19 C 01552, and *Smith v. Boeing*, case no. 19 C 07091), preempts Plaintiffs' other claims, and rests in this Court's admiralty jurisdiction such that Plaintiffs are not entitled to a jury trial. R. 1460. Plaintiffs in both actions and Defendant Xtra Aerospace, LLC ("Xtra") have moved this Court to amend the Order to certify for immediate interlocutory appeal under 28 U.S.C. § 1292(b) the issue of Plaintiffs' right to a jury trial. R. 1468, 1471, 1474.[1] Plaintiffs in the *Chandra* matter ("Chandra Plaintiffs") also request that the preemption question is certified for interlocutory appeal. For the reasons stated

---

[1] Throughout this Opinion, "R" denotes citations to the record in the consolidated case, *In Re Lion Air Flight JT 610 Crash*, 18 C 07686.

below, the Court will amend the Order to certify the right to a jury trial question under § 1292(b) but will not certify the issue of preemption.

## Background

On October 29, 2018, Lion Air Flight JT 610 crashed into the Java Sea at a high rate of speed just minutes after takeoff from Jakarta, Indonesia. R. 1391 ¶¶ 43, 44. There were no survivors. *Id.* at ¶ 5. The crash was caused by a faulty automatic flight control system which overrode the pilots and turned the plane into a nosedive. *Id.* at ¶¶ 4, 45.

The resulting litigation involved 87 individual actions against Boeing and other defendants asserting wrongful death and other claims arising out of the accident on behalf of 186 decedents. All actions were either filed in or removed to this Court and eventually consolidated under the master docket, *In Re Lion Air Flight JT 610 Crash*, 18 C 07686. Boeing has fully settled the claims of 184 decedents. The remaining two actions are those brought by the families and representatives of two decedents: Liu Chandra, an Indonesian businessman (*Chandra v. Boeing*); and Andrea Manfredi, an Italian professional cyclist and entrepreneur (*Smith v. Boeing*).

Chandra Plaintiffs originally filed suit in the Circuit Court of Cook County, Illinois. *See Chandra*, No. 19 C 01552, Dkt. 1. They alleged wrongful death arising under DOHSA. *See, e.g.*, R. 1391 at pp. 15–24. They also made survival claims for property damage and pre-death fear and injury. *Id.* Boeing removed the case to this Court under the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA"), 28 U.S.C. § 1369, and the Court's admiralty jurisdiction under 28 U.S.C. § 1333(1). *Chandra*,

No. 19 C 01552, Dkt. 1. The operative Third Amended Complaint demands a jury trial and alleges the Court has subject matter jurisdiction in diversity and under the MMTJA and DOHSA. R. 1391 ¶¶ 16, 18–19; *id.* at p. 57. Mr. Manfredi's family and the administrator of Mr. Manfredi's estate, Laura Smith, ("Manfredi Plaintiffs") filed suit in this Court, invoking its diversity jurisdiction. *See Smith*, No. 19 C 07091, Dkt. 1. The Second Amended Complaint asserts wrongful death and survival claims and demands a jury trial. *See id.* at pp. 4, 118–19.

Defendants the Boeing Company, Rockwell Collins, Inc., and Rosemount Aerospace, Inc. (collectively, "Defendants") filed motions in the *Chandra* and *Smith* cases, seeking the Court's determination that DOHSA applies, preempts each Plaintiffs' non-DOHSA claims, and mandates a bench trial.[2] *See* R. 1399, 1400, 1401, 1402. The Court granted those motions in the Order. R. 1460. Chandra and Manfredi Plaintiffs now request that the Court amend the Order to certify the issue of the jury trial right for interlocutory appeal. R. 1468, 1471. Five admiralty law professors from around the country, Professors Martin Davies, Robert Force, Steven F. Friedell, Thomas Galligan, and Thomas J. Schoenbaum, filed an *amici* brief in support of Manfredi Plaintiffs' motion. R. 1470. Xtra, without taking a position on the merits of the parties' substantive positions, also joins Plaintiffs' request to certify this issue, arguing that an immediate appeal would promote judicial efficiency. R. 1474. Chandra Plaintiffs also ask the Court to certify whether DOHSA preempts non-DOHSA causes of action for physical destruction of property and personal injuries to

---

[2] Xtra filed a response to the motions stating that it took no position. R. 1421.

an aircraft passenger sustained over land during a flight that ultimately led to a fatal crash. R. 1471.

Though the parties in the *Chandra* and *Smith* cases have informally exchanged some discovery in furtherance of settlement discussions, they have not engaged in formal written or expert discovery. Boeing has informed the Court that, if the Order stands, it would stipulate to its liability to pay damages such that the only issue at trial would be the amount of damages. Feb. 22, 2023 Letter to the Court.

## Legal Standard

The Circuit Court of Appeals may not entertain appeals from interlocutory (non-final) orders except in very limited circumstances. Under 28 U.S.C. 1292(b), a district court can certify an issue for interlocutory appeal if the movant shows that (1) there is a question of law; (2) the question is controlling; (3) the question is "contestable," that is, there is substantial grounds for differences of opinion; and (4) immediate appeal would speed up the ultimate termination of the litigation. *See Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000). All four criteria must be met. *Id.* at 676. Even if a district court certifies an issue for appeal, the Circuit Court has discretion to accept or reject the appeal. 28 U.S.C. § 1292(b).

## Discussion

### I. Certification of Right to a Jury Trial Issue

Plaintiffs desire to challenge on interlocutory appeal this Court's holding that "Congress . . . has explicitly limited DOHSA to 'a civil action in admiralty,' which does not carry the right to a jury trial." Order at 13 (citing *Tallentire v. Offshore Logistics,*

*Inc.*, 800 F.2d 1390, 1391 (5th Cir. 1986) (where the "sole predicate" for liability is DOHSA, the plaintiff "is not entitled to a jury trial")). Specifically, Manfredi Plaintiffs seek the certification of the following issue:

> Does a DOHSA claim in a case asserting diversity rather than admiralty jurisdiction carry a jury-trial right as a "suit at common law" within the meaning of the Seventh Amendment, the saving-to-suitors clause of 28 U.S.C. § 1333(1), and *Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355 (1962)?

R. 1468 at 1. And Chandra Plaintiffs seek certification of a similar question:

> In a diversity case, is a DOHSA plaintiff entitled to a jury trial under the saving-to-suitors clause and DOHSA's savings clause when the plaintiff originally files suit in a state common law court pursuant to *Offshore Logistics v. Tallentire*, demands a jury trial, and reasserts his jury demand post-removal?

R. 1472 at 2. These questions are substantively the same. At bottom, they ask whether a plaintiff in federal court is entitled to a jury trial under the Seventh Amendment when the plaintiff's sole claim arises under DOHSA, and the plaintiff has a concurrent basis for common law jurisdiction (such as diversity). Defendants do not contest that the issue of Plaintiffs' right to a jury trial under DOHSA is a pure question of law.[3] Therefore, to determine whether an interlocutory appeal is appropriate, the Court examines whether the question fulfills the remaining three factors of the test laid out in § 1292(b) and *Ahrenholz*.

### A. "Controlling" Question

---

[3] Indeed, determining whether DOHSA claims are limited exclusively to this Court's admiralty jurisdiction would likely require an analysis of the Seventh Amendment, the provisions of DOHSA and 28 U.S.C. § 1333(1), the Federal Rules of Civil Procedure, and persuasive case law. The Seventh Circuit would not need to hunt through the record—the facts of the case are irrelevant.

For a district court to certify a question under § 1292(b), the movant must show that the question is "controlling." The Seventh Circuit does not read this requirement literally. Instead, it asks whether the resolution of the question is "quite likely to affect the further course of the litigation," *Sokaogon Gaming Enterprise Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996), and is "serious to the conduct of the litigation, either practically or legally." *Johnson v. Burken*, 930 F.2d 1202, 1206 (7th Cir. 1991) (quoting *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974)). Therefore, "a question is controlling . . . if interlocutory reversal might save time for the district court, and time and expense for the litigants." *Johnson*, 930 F.2d at 1205–06 (quoting 16 Charles A. Wright, Arthur R. Miller, Edward H. Cooper & Eugene Gressman, Federal Practice and Procedure § 3930, at pp. 159–60 (1977)).

The resolution of the proper factfinder—whether judge or jury—will likely affect the course of the litigation at least practically, with substantial differences in decision-making authority, jury selection, the way evidentiary issues are handled, objections, and jury instructions. Defendants argue that, since Boeing will stipulate to liability, and the only role of the factfinder will be to compute damages, the identity of the factfinder will have no material impact on the outcome of the litigation. But the issue need not affect the litigation's outcome to be controlling—it need only be "serious to the conduct of the litigation," even if only in a practical sense. *Johnson*, 930 F.2d at 1206.

Other considerations make this question a controlling one. For example, an interlocutory reversal would save substantial time for this Court and expenses for the litigants. In *Johnson*, the Seventh Circuit accepted a question of proper service as a controlling question on interlocutory appeal. *Id.* The Seventh Circuit noted that, without taking the issue on interlocutory appeal, the case would have gone through to judgment, followed by an appeal that would have resulted in throwing the entire case out for want of proper service, and requiring a remand back to the district court to start at square one. *Id.* Similarly here, if this case were to proceed to a bench trial, and Plaintiffs were to appeal in the regular course and obtain reversal on the jury trial issue, the case would be remanded back to this Court to hold *another* trial, this time by jury. The Seventh Circuit has explained that avoiding such inefficiencies is why it takes a flexible approach to determining whether a question is "controlling." *Id.*

Defendants cite two cases which they purport show that the denial of a jury trial is not the sort of controlling decision that warrants immediate appeal, *Caldwell-Baker Co. v. Parsons*, 392 F.3d 886 (7th Cir. 2004) and *National Bank of Waukesha v. Warren*, 796 F.2d 999 (7th Cir. 1986). However, neither of those cases considered whether an interlocutory appeal was proper under the § 1292(b) standard, but rather, under the standard for a writ of mandamus, which is a "drastic remedy traditionally used to confine a lower court to the lawful exercise of its jurisdiction or to compel it to exercise its authority when it has a duty to do so." *United States v. Lapi*, 458 F.3d 555, 560–61 (7th Cir. 2006); *see also Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S.

33, 35 (1980) ("Only exceptional circumstances, amounting to a judicial usurpation of power, will justify the invocation of this extraordinary remedy."). And in both cases, the situations would have required the Circuit Court to conduct factual analyses such that a § 1292(b) appeal would not have been proper in the first place. *See Caldwell-Baker*, 392 F.3d at 888 (district court's refusal to withdraw reference to personal bankruptcy not reviewable because the issue was not "the procedural decision about which court would make the initial substantive decision, but review of the substantive decision itself."); *Warren*, 796 F.2d at 1001 (determining right to jury trial depended on the characterization of banking transactions and other factual questions on which the Circuit Court did "not have a complete record on which to resolve them").

Defendants also cite a number of bankruptcy cases in which district courts have refused to certify the question of a jury trial right for appeal under § 1292(b). But the right to a jury trial in a bankruptcy case turns on different rules, appellate procedures, and factual questions, such as whether a jury request is waived or timely raised. *See, e.g.*, *In re Beale*, 410 B.R. 613, 617 (N.D. Ill. 2009) ("[T]he legal question of whether Defendants are still entitled to a jury trial under the Seventh Amendment is not before this court. This is important, for the Bankruptcy Court concluded that the right had been waived . . . ."); *In re Glenn*, Nos. 04 A 4493, 02 B 4081, 06 C 3565, 2006 WL 2252529, at *2 (N.D. Ill. Aug. 3, 2006) (interlocutory appeal only "raises the questions of whether the [jury] demand was timely and the judge properly exercised discretion" in light of "the court's schedule, prejudice to the adverse party, and the reason for the moving party's delay."). No such questions are at issue here.

8

And where the question of a jury trial right is properly raised and meets the other requirements of § 1292(b), the Supreme Court and the Seventh Circuit have accepted the question as controlling on a § 1292(b) appeal. *See, e.g.*, *Lehman v. Nakshian*, 453 U.S. 156, 159 (1981) (right to jury trial in ADEA case determined on interlocutory appeal); *Lorillard v. Pons*, 434 U.S. 575, 576–577 (1978) (same); *Ross v. Bernhard*, 396 U.S. 531, 532 (1970) (right to a jury trial in stockholder derivative action reached Supreme Court on interlocutory appeal); *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008) (interlocutory appeal on right to jury trial in prisoner litigation); *In re Grabill Corp.*, 967 F.2d 1152, 1152-53 (7th Cir. 1992) (right to a jury trial in bankruptcy proceeding on interlocutory appeal).[4] In sum, none of Defendants' cited cases create a *per se* rule that a right to a jury trial is not a controlling question. Instead, the determination is heavily case and context specific. And here, the question is controlling in the practical sense.

### B. "Contestable" Question

A question is "contestable" when substantial grounds for a difference of opinion exist. 28 U.S.C. § 1292(b); *Ahrenholz*, 219 F.3d at 675. For a question to be appealable

---

[4] Plaintiffs also point to cases in other circuits which accepted appeals under § 1292(b) on the right to a jury trial, most notably, *Peace v. Fidalgo Island Packing Co.*, 419 F.2d 371, 371 (9th Cir. 1969), which decided the question of a DOHSA plaintiff's right to a jury trial on interlocutory appeal under § 1292(b). Other cases dealing with a right to a jury trial on interlocutory appeal include: *Cascone v. Ortho Pharmaceutical Corp.*, 702 F.2d 389, 391 (2d Cir. 1983); *Rex v. Cia. Pervana de Vapores, S.A.*, 660 F.2d 61, 62 (3d Cir. 1981); *Singletary v. Enersys, Inc.*, 57 F. App'x 161, 162 (4th Cir. 2003); *Luera v. M/V Alberta*, 635 F.3d 181, 186 (5th Cir. 2011); *Smith v. Dowden*, 47 F.3d 940, 941 (8th Cir. 1995); *Zahn v. Geren*, 245 F. App'x 696, 697 (9th Cir. 2007); *Adams v. Cyprus Amax Minerals Co.*, 149 F.3d 1156, 1158 (10th Cir. 1998); *Stewart v. KHD Deutz of America Corp.*, 75 F.3d 1522, 1524 (11th Cir. 1996).

under § 1292(b), it must be a "difficult central question of law which is not settled by controlling authority," and there must exist a "substantial likelihood" that the district court's ruling will be reversed. *In re Brand Name Prescription Drugs Antitrust Litig.*, 878 F. Supp. 1078, 1081 (N.D. Ill. 1995) (citations omitted).

First and foremost, there is no controlling Seventh Circuit or Supreme Court authority which decides this question. According to Plaintiffs, the Order therefore "entrenches" a conflict among courts regarding the right to a jury trial under DOHSA, which makes an interlocutory appeal especially suitable. In the Order, this Court followed cases from other district and circuit courts around the country that have held that there is no jury trial right under DOHSA unless there is also a non-DOHSA cause of action that carries the right to a jury trial or that allows the litigant to invoke diversity jurisdiction. *Tallentire*, 800 F.2d at 1391 (on remand) (where the "sole predicate" for liability is DOHSA, the plaintiff "is not entitled to a jury trial"); *Lasky v. Royal Caribbean Cruises, Ltd.*, 850 F. Supp. 2d 1309, 1313 (S.D. Fla. 2012) (collecting cases); *In re Air Crash Disaster Near Honolulu, Hawaii, on Feb. 24, 1989*, 783 F. Supp. 1261, 1266 (N.D. Cal. 1992); *Friedman v. Mitsubishi Aircraft Int'l, Inc.*, 678 F. Supp. 1064, 1066 (S.D.N.Y. 1988); *Favaloro v. S/S Golden Gate*, 687 F. Supp. 475, 481 (N.D. Cal. 1987). Though most courts which have confronted the question hold this view,[5] Defendants rightly point out that other courts have held that there

---

[5] According to Defendants, 14 cases have decided a plaintiff's entitlement to a jury trial under DOHSA; 12 have ruled that DOHSA rests exclusively in admiralty jurisdiction such that a plaintiff does not have a Seventh Amendment jury trial right. Whether or not this count is correct, the fact remains that this Court followed the majority view.

is a jury trial right under DOHSA, provided diversity or some other basis for common law jurisdiction exists. *Tozer v. LTV Corp.*, No. HM81-2134, 1983 WL 705, at \*6–7 (D. Md. May 27, 1983) ("Although an admiralty claimant is not generally entitled to a jury trial, where an independent basis for jurisdiction exists, a claimant may under the saving to suitors clause, 28 U.S.C. § 1333, assert an admiralty claim as a nonmaritime civil action . . . [and] obtain a jury trial."); *see also In re Korean Air Lines Disaster of Sept. 1, 1983*, 704 F. Supp. 1135, 1157 (D.D.C. 1988), *affirmed in part*, 932 F.2d 1475 (D.C. Cir 1991); *Cucuru v. Rose's Oil Serv., Inc.*, 441 Mass. 12, 20 (2004).

Second, though the Court believes the Order is rightly decided, there are substantial grounds for a difference of opinion on a plaintiff's jury trial right under DOHSA. The Court's ruling was based on the language of DOHSA, 46 U.S.C. § 30302, which states that, in the case of wrongful death on the high seas, the personal representative of the decedent "may bring a civil action in admiralty." This language, by the Court's reading, stands for the principle that DOHSA exclusively provides a remedy in admiralty. Therefore, the saving-to-suitors provision in 28 U.S.C. § 1333(1), which in most admiralty cases reserves the right to common law remedies, including a trial by jury, is not applicable. *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 454–55 (2001) ("Trial by jury is an obvious . . . example of the remedies available to suitors."); *Atl. & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355, 360 (1962) ("This suit [for breach of a maritime contract] being in the federal courts by reason of diversity of citizenship carried with it, of course, the right to trial by jury.").

11

According to *amici*,[6] the Order misreads the language in DOHSA that the personal representative "may bring a civil action in admiralty." 46 U.S.C. § 30302. *Amici* instead argue that the permissive "may" modifies "in admiralty" such that a claimant may elect to bring the claim in admiralty or at common law under the maritime saving clause statute, 28 U.S.C. § 1333(1). This Court reads the provision to mean that the personal representative "may" file suit at his or her discretion, but if a case is brought, it is limited to a civil action in admiralty. And though this Court believes its reading is the most reasonable,[7] there is certainly enough room for a difference of opinion.

Plaintiffs also point to *Offshore Logistics v. Tallentire*, 477 U.S. 207, 231–32 (1986), in which the Supreme Court held that DOHSA's own saving-to-suitors clause allows for concurrent state common law jurisdiction over DOHSA actions. *Id.* at 232. Noting that "the resolution of DOHSA claims does not normally require the expertise that admiralty courts bring to bear," the Supreme Court held that "DOHSA actions are clearly within the competence of state courts to adjudicate." *Id.* It would be incongruous, Plaintiffs therefore argue, for DOHSA claimants to have the right to a

---

[6] *Amici* include Prof. Schoenbaum, who wrote the treatise that this Court referenced to support its holding that the general saving-to-suitors clause does not apply to DOHSA actions. Thomas J. Schoenbaum, 1 Admiralty & Mar. Law § 4:2 (6th ed.) ("[§ 1333(1)] is subject to [ ] qualifications. . . . [One is that] Congress, by statute, has vested exclusive admiralty jurisdiction in the federal courts for certain admiralty claims . . . .").

[7] The Jones Act, which was passed the same year as DOHSA, expressly provides that a plaintiff "may elect to bring a civil action at law, with the right of a jury trial." 46 U.S.C. § 30104. No such language explicitly mentioning the right to a jury trial is found in DOHSA.

jury trial in state common law courts under *Tallentire*, but not have the right in federal court once the case is removed.

Further, Plaintiffs point to dicta in a footnote in *Moragne v. States Marine Lines*, 398 U.S. 375 (1970), in which the Supreme Court stated:

> If we found from the legislative history [of DOHSA] that Congress imposed exclusive [admiralty] jurisdiction because of a desire to avoid the presentation of wrongful-death claims to juries, that might support an inference that Congress meant to forbid nonstatutory maritime actions for wrongful death, which might come before state or federal juries. *Cf. Fitzgerald v. United States Lines*, 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963). However, that is not the case.

*Id.* at 400 n.14. Though this footnote is not directly on point, it does note that the legislative history of DOHSA is void of any indication that Congress intended to foreclose the right to a trial by jury. *Id.*

This, combined with the language of § 1333(1), the minority view espoused by other courts, and the *amici* argument on the meaning of DOHSA, creates uncertainty. There are substantial grounds for a difference of opinion, and the Seventh Circuit might reasonably side with Plaintiffs. The question of Plaintiffs' entitlement to a jury trial under DOHSA is therefore contestable.

### C. Resolving the Question Would Speed Up Litigation

The final § 1292(b) element is satisfied if "an immediate appeal may materially advance the ultimate termination of the litigation." *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2013). First, Plaintiffs and Xtra primarily assert that, if the jury question is not certified, and the Seventh Circuit later concludes, after a bench trial, that Plaintiffs have a right to a jury trial, the case will

need to be retried in front of a jury. In that circumstance, the bench trial will have been a costly waste of resources for the parties and the Court. Defendants do not contest this is true. Instead, they argue that, because Boeing has stipulated to liability for compensatory damages under DOHSA, the case should proceed expeditiously to a bench trial on the only remaining issue—that of damages.[8] But this case can proceed with discovery while an interlocutory appeal is taken. Though there may be some disagreement over the length and extent of the discovery necessary, discovery is not affected by the jury trial right and can continue apace while the interlocutory appeal is pending. The concern that the proceedings would "grind[ ] to a halt" is therefore unfounded. *Ahrenholz*, 219 F.3d at 676.

As a final note, Plaintiffs also argue that certifying the issue for appeal would promote settlement because, with clarity on whether the cases will be tried before juries or not, the parties will have a better idea of the value of their claims. *See Sterk*, 672 F.3d at 536 (promotion of settlement by way of clearing uncertainty is "enough to satisfy the 'may materially advance' clause of section 1292(b)."). Defendants, however, argue that an interlocutory appeal would "halt settlement discussions for a

---

[8] Plaintiffs imply that they may not accept Boeing's stipulation and may instead insist on their right to prove liability, which would further extend discovery. *United States v. Allen*, 798 F.2d 985, 1001 (7th Cir. 1986) ("[A] party is not required to accept a judicial admission of his adversary, but may insist on proving the fact. . . . [A] cold stipulation can deprive a party of the legitimate moral force of his evidence, and can never fully substitute for tangible, physical evidence or the testimony of witnesses."). Whether or not Plaintiffs will accept Boeing's stipulation or insist on further liability discovery is immaterial to the certification issue before the Court. Either way, discovery can commence during the pendency of the appeal. Plaintiffs can seek a ruling on the stipulation issue in separate motions if they so desire.

year or more," depending on the length of the appeal. But if the only issue to be decided by the trier of fact is the amount of damages, it is unclear why the valuation of the parties' cases would differ drastically depending on the trier of fact or how an appeal on that issue would either speed up or halt settlement. It is therefore the Court's expectation that the parties will continue to negotiate a settlement in good faith while an interlocutory appeal is pending.

In sum, this Court will certify for interlocutory appeal under 28 U.S.C. § 1292(b) the question of whether a plaintiff in federal court is entitled to a jury trial under the Seventh Amendment when the plaintiff's sole claim arises under DOHSA, and the plaintiff has a concurrent basis for common law jurisdiction. It is a "controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal . . . may materially advance the ultimate termination of the litigation." § 1292(b).

## II.    Preemption Question

Chandra Plaintiffs also ask this Court to certify whether DOHSA preempts their causes of action for physical destruction of property and personal injuries to the decedent allegedly sustained over land during the flight that ultimately led a fatal crash. The issue of DOHSA's preemptive scope, however, does not meet the requirements for certification under § 1292(b) because it is neither controlling nor contestable.

Chandra Plaintiffs argue that the viability of their survival personal injury and property damage claims will impact the course of the litigation by determining

whether additional categories of damages are available and whether additional discovery will be needed. But any property lost is minor and incidental. Chandra Plaintiffs' Third Amended Complaint does not specify what property was damaged, but it is likely that only Mr. Chandra's personal effects and luggage were lost. *See generally* R. 1391. Further, Chandra Plaintiffs have not pled a pre-impact physical injury, so their request that the Court certify this question has no real practical effect on the litigation. *Id.*

DOHSA's preemptive effect is also not contestable. As the Order points out, the Supreme Court has already held that DOHSA preempts survival actions for pre-death pain and suffering (without any reference to whether the injury occurred over land or sea) in *Dooley v. Korean Air Lines Co., Ltd.*, 524 U.S. 116, 123 (1998). There, the Supreme Court stated:

> "[b]y authorizing only certain surviving relatives to recover damages, and by limiting damages to the pecuniary losses sustained by those relatives, Congress provided the exclusive recovery for deaths that occur on the high seas. [Allowing a] survival action would necessarily expand the class of beneficiaries in cases of death on the high seas by permitting decedents' estates . . . to recover compensation [and] would expand the recoverable damages for deaths on the high seas . . . . Because Congress has already decided these issues, it has precluded the judiciary from enlarging either the class of beneficiaries or the recoverable damages.

*Id.* And the Supreme Court has stated in no uncertain terms that "Congress did not limit DOHSA beneficiaries to recovery of their pecuniary losses in order to encourage the creation of nonpecuniary supplements." *Mobil Oil Corp. v. Higginbotham*, 436 U.S. 618, 625 (1978). It is clear, therefore, that Plaintiffs' right to nonpecuniary

damages such as property loss and pre-death pain and suffering (even if experienced over land) is not contestable.

Plaintiffs argue that there is at least one case in which DOHSA did not preempt property loss claims, *Smith v. Pan Air Corp.*, 684 F.2d 1102 (5th Cir. 1982). But that case is inapplicable. DOHSA by its terms applies only to wrongful death actions brought by personal representatives of the decedent. 46 U.S.C. § 30303. And in *Smith*, a helicopter company, not the personal representative of the decedent's estate, sought recovery for loss of its helicopter. *Id.* at 1112. It is therefore not surprising that DOHSA did not preempt the helicopter company's claim. In the end, Chandra Plaintiffs have not cited any other case showing that the preemption issue is contestable. Therefore, certifying the issue for interlocutory appeal is inappropriate.

## CONCLUSION

For the foregoing reasons, Manfredi Plaintiffs' and Xtra's motions, R. 1468, 1474, are granted in whole, and Chandra Plaintiffs' motion, R. 1471, is granted in part. This Court will amend the Order to include language certifying the issue of Plaintiffs' entitlement to a jury trial for interlocutory appeal under 28 U.S.C. § 1292(b). Chandra Plaintiffs' request to certify the issue of claim preemption is denied.

ENTERED:


_Thomas M Durkin_
Honorable Thomas M. Durkin
United States District Judge

Dated: May 25, 2023