**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE LION AIR FLIGHT JT 610 CRASH | No. 18 C 07686 <br><br> This Order applies to: <br> Case No. 19 C 01552 <br> Case No. 19 C 07091 <br><br> Judge Thomas M. Durkin |

**AMENDED MEMORANDUM OPINION
AND ORDER**

This consolidated action arises out of an aviation accident involving a Boeing commercial jet which crashed into the Java Sea off the coast of Indonesia, resulting in the death of everyone on board. Defendants Boeing, Rockwell Collins, Inc., and Rosemount Aerospace, Inc. (collectively, "Defendants") filed motions seeking the application of the Death on the High Seas Act, 46 U.S.C. §§ 30301–08 ("DOHSA") to the two remaining actions, *Chandra v. Boeing*, case no. 19 C 01552, and *Smith v. Boeing*, case no. 19 C 07091. R. 1399, 1401. Defendants also seek a ruling that the application of DOHSA preempts all other causes of action and mandates a bench trial in each case. For the foregoing reasons, Defendants' motions are granted.

**Background**

On October 29, 2018, Lion Air Flight JT 610 began experiencing serious mechanical problems almost immediately after takeoff from Jakarta, Indonesia. R. 1391 ¶¶ 43, 44. The passengers on board the Boeing 737 MAX 8 experienced erratic movements and fluctuations in altitude due to a faulty automatic flight control

1

system called MCAS, which overrode the pilots and attempted to turn the plane into a nosedive over two dozen times. *Id.* at ¶¶ 4, 45. After a few minutes, the plane headed out over the ocean, and approximately five minutes after that, the plane crashed into the Java Sea at a high speed about 18 nautical miles off the coast of Indonesia. *See id.* ¶ 46. There were no survivors. *Id.* at ¶ 5.

The resulting litigation involved 87 individual actions asserting wrongful death and other claims arising out of the accident against Boeing and other defendants on behalf of 186 decedents. All actions were either filed in or removed to this Court and eventually consolidated under the master docket, *In Re Lion Air Flight JT 610 Crash*, 18 C 07686. Boeing has now fully settled the claims of 184 decedents. The remaining claims are those brought by the families and representatives of two decedents: Liu Chandra, an Indonesian businessman (*Chandra v. Boeing*, case no. 19 C 01552); and Andrea Manfredi, an Italian professional cyclist and entrepreneur (*Smith v. Boeing*, case no. 19 C 07091).[1]

The plaintiffs in the *Chandra* matter (the "Chandra Plaintiffs") originally filed suit in the Circuit Court of Cook County, Illinois. *See Chandra*, No. 19 C 01552, Dkt. 1. They allege wrongful death arising under DOHSA and the Illinois Wrongful Death Act based on theories of strict products liability, negligence, and negligent failure to warn. *See, e.g.*, R. 1391 at pp. 15–24. They also make survival claims for property

---

[1] At the time the instant motions were filed, another case was also outstanding. *See Sethi v. Boeing*, case no. 20 C 01152. In that case, the parties stipulated to the application of DOHSA and the Court conducting a damages-only bench trial. *See* R. 1367. Prior to trial, the case settled. R. 1457.

damage and pre-death fear and injury. *Id.* Boeing removed the case to this Court, citing the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA"), 28 U.S.C. § 1369, and the Court's admiralty jurisdiction under 28 U.S.C. § 1331(1). *Chandra*, No. 19 C 01552, Dkt. 1. In its removal paperwork, Boeing included a jury demand. *Id.* The operative Third Amended Complaint demands a jury trial and alleges the Court has subject matter jurisdiction in diversity and under the MMTJA and DOHSA. R. 1391 ¶¶ 16, 18-19; *id.* at p. 57.

Mr. Manfredi's family and the administrator of Mr. Manfredi's estate, Laura Smith, (the "Manfredi Plaintiffs") filed suit in this Court, invoking its diversity jurisdiction. *See Smith*, No. 19 C 07091, Dkt. 1. The operative Second Amended Complaint asserts wrongful death and survival claims under theories of strict products liability, negligence, and breach of implied warranties. R. 1378 ¶¶ 201-320, 468-80, 489-95. The Manfredi Plaintiffs also plead survival claims of pre-death injury, negligent infliction of emotional distress, and claims arising under various fraud statutes, including the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1 ("ICFA") and the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA"). *Id.* They seek punitive damages and demand a jury trial. *See id.* at pp. 4, 118-19

Defendants filed motions in each of the *Chandra* and *Smith* cases, seeking the Court's determination that DOHSA applies, preempts each set of Plaintiffs' non-

DOHSA claims, and mandates a bench trial.[2] *See* R. 1399, 1400, 1401, 1402. The Chandra Plaintiffs do not dispute that DOHSA governs their wrongful death claims, but nonetheless insist that their survival claims for property loss and pre-death injury are not preempted by DOHSA and that they retain their right to a jury trial. The Manfredi Plaintiffs dispute DOHSA's application entirely and similarly argue that even if it did apply, their survival claims for pre-death injury and fraud are not preempted and that they have the right to a jury trial. Though the parties in the *Chandra* and *Smith* cases have informally exchanged some discovery in furtherance of settlement discussions, they have not engaged in formal written or expert discovery.

## Legal Standard

Defendants do not articulate a standard under which the Court should decide their motions. Defendants base their arguments on the pleadings, however, they do cite to a public crash investigation report by the Indonesian government (the "Report"). *See, e.g.*, R. 1400 at 7; R. 1438 at 8. The Manfredi Plaintiffs, in turn, attach evidentiary material outside the pleadings to their brief in opposition, argue for the application of the summary judgment standard, and request additional discovery under Rule 56(d). R. 1425-1 (attaching expert affidavit). Meanwhile, the Chandra Plaintiffs argue for the application of the Rule 12(b)(6) motion to dismiss standard. R. 1422 at 3.

---

[2] Defendant Xtra Aerospace LLC filed a response to the instant motions stating that it takes no position. R. 1421.

The Report cited by Defendants is a foreign government report and a matter of public record, and the Court may take judicial notice of it without converting Defendants' motions to ones for summary judgment. *Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998) ("Judicial notice of historical documents, documents contained in the public record, and reports of administrative bodies is proper."); *see also Color Switch LLC v. Fortafy Games DMCC*, 377 F. Supp. 3d 1075, 1089 n.6 (E.D. Cal. 2019) (taking judicial notice of Canadian government report). The fact that a plaintiff attaches evidentiary materials outside the pleadings to its brief does not convert a defendant's motion to a summary judgment motion. *Thompson v. Illinois Dept. of Prof'l Regulation*, 300 F.3d 750, 754 (7th Cir. 2002). Furthermore, it is within this Court's discretion to handle this motion as a straightforward motion to dismiss, especially where early resolution of an issue, like the application of DOHSA, would streamline the case. *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998) (holding that it was within the district court's discretion to treat motion as motion to dismiss where judgment on qualified immunity should be decided as early in the case as possible).

Thus, the Court will construe Defendants' motions under the Rule 12(b)(6) standard to decide the application of DOHSA as a matter of law on the face of the pleadings. A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable

inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

## Discussion

### A. DOHSA Applies to the *Smith* (Manfredi) Action.

Though the Chandra Plaintiffs do not dispute DOHSA's application to their wrongful death claims, the Manfredi Plaintiffs do. DOHSA is the source of law for deaths resulting from wrongful acts, neglect, or default on the high seas more than three (or in a commercial aviation accident, twelve) nautical miles from the shore of the United States. 46 U.S.C. §§ 30302, 30307. The Supreme Court has consistently applied DOHSA to aviation accidents occurring on the high seas, like the crash which occurred here. *See Dooley v. Korean Air Lines Co., Ltd.*, 524 U.S. 116 (1998); *Zicherman v. Korean Air Lines Co., Ltd.*, 516 U.S. 217 (1996); *Offshore Logistics v. Tallentire*, 477 U.S. 207 (1986); *Mobil Oil Corp. v. Higginbotham*, 436 U.S. 618 (1978); *Exec. Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249, 263-64 (1972) ("[I]t may be considered as settled today that [DOHSA] gives the federal admiralty courts jurisdiction of such wrongful-death actions" based on aircraft crashes into the high seas); *see also* 46 U.S.C. § 30307 (section of DOHSA governing commercial aviation accidents on the high seas).[3]

---

[3] Cases interpreting and applying DOHSA are virtually non-existent in this Circuit. Where there is no binding law from the Supreme Court or the Seventh Circuit, this Court considers the persuasive case law of other circuits.

The weight of the case law in other circuits is that when a plaintiff is fatally injured over the high seas, DOHSA applies. *LaCourse v. PAE Worldwide Inc.*, 980 F.3d 1350, 1357 (11th Cir. 2020) ("Where a death occurs on the high seas, DOHSA applies, full stop."); *Bergen v. F/V St. Patrick*, 816 F.2d 1345, 1348 (9th Cir. 1987); *Kennedy v. Carnival Corp.*, 385 F. Supp. 3d 1302, 1316 (S.D. Fla. 2019) (DOHSA applies where "the injury that led to the Decedent's death occurred in the water); *see also Sea-Land Servs., Inc. v. Gaudet*, 414 U.S. 573, 599–600 and n.5 (1974) (J. Powell, dissenting on other grounds) (DOHSA "by its terms covers deaths caused by injuries inflicted at sea, not simply deaths occurring on the high seas.").

Citing *Motts v. M/V Green Wave*, a case in which the Fifth Circuit held that DOHSA applied when the injury occurred on the high seas but the prior negligence and the later death occurred onshore, the Manfredi Plaintiffs argue that the Court should instead consider the location of where the negligence is consummated into a "first" injury in determining whether DOHSA applies. 210 F.3d 565, 569–71 (5th Cir. 2000). Their argument is that Mr. Manfredi was first injured during the period that the flight was over land—they allege he suffered, at a minimum, emotional distress— and this prevents the application of DOHSA. But the *Motts* court specifically held that the proper test is to "look to the location of the accident in determining whether DOHSA applies." *Id.* at 571. The Manfredi Plaintiffs can point to no other case law which adopts their "first injury" test. Therefore, the situs of a pre-death but non-fatal injury does not matter.

The Manfredi Plaintiffs' argument that over half of the flight occurred over land similarly fails. *LaCourse*, 980 F.3d at 1357 (aviation accident was governed by DOHSA even where the flight was scheduled almost entirely over land and only crashed during the short time when it was "fortuitously" over water). Their argument that Defendants' negligence occurred on land also fails. *Id.* at 1356; *In re Dearborn Marine Serv., Inc.*, 499 F.2d 263, 272 n.17 (5th Cir. 1974) ("DOHSA has been construed to confer admiralty jurisdiction over claims arising out of airplane crashes on the high seas though the negligence alleged to have caused the crash occurred on land.").

Even so, the Manfredi Plaintiffs argue that it is too early at this juncture to determine where the fatal injury occurred, whether over land or sea. They maintain that because no discovery has occurred, the record does not show when Mr. Manfredi was fatally injured during the fated flight path. For example, they propose for the first time that Mr. Manfredi may have died over land from a heart attack due to his emotional distress, from extreme G-forces breaking his neck or causing brain injury during the plane's erratic movements, or from a piece of baggage flying out of an overhead compartment. Citing *Bernard v. World Learning, Inc.*, the Manfredi Plaintiffs contend that this is a "metaphysical" factual question on which the Court should not speculate without discovery. No. 09-20309-CIV, 2010 WL 11505188, at *8 (S.D. Fla. June 4, 2010). But the *Bernard* court simply held that the defendant was not entitled to summary judgment on the application of DOHSA because there were genuine evidentiary disputes regarding whether the decedent was mortally injured

on land or sea. *Id.* (detailing the parties' dispute over whether the decedent died while swimming in the ocean or on land as a result of a landslide and was then pushed out to sea).

Here, the Court agrees it should not speculate or weigh evidence on the location of Mr. Manfredi's death in deciding a 12(b)(6) motion, but instead takes the facts alleged as true. The Manfredi Plaintiffs' own Complaint does not state that Mr. Manfredi died prior to impact or as a result of the plane's erratic movements over land. Rather, it specifically alleges that Mr. Manfredi died when the aircraft crashed into the ocean. *See, e.g.*, R. 1378 ¶ 149–153 (describing pre-death terror prior to crash into the water); 229, 246, 265, 278, 290, 309, 351, 368, 387, 400, 412, 431, 442, 486, 502 (all paragraphs alleging that Mr. Manfredi "was able to perceive, process, understand and react to the impact of the aircraft with the ocean."). Based on the pleadings, Mr. Manfredi suffered his fatal injury on the high seas, and thus DOHSA applies.[4] Because DOHSA applies to the *Smith* and *Chandra* cases as pleaded, the

---

[4] The Manfredi Plaintiffs request leave to amend their Complaint to allege alternative theories of death which include their new land-based scenarios. "The court should freely give leave to amend . . . [u]nless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519–20 (7th Cir. 2015) (cleaned up). An amendment is futile when it "fails to state a valid theory of liability" or "could not withstand a motion to dismiss." *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992). Defendants argue that amendment would be futile because the Indonesian Report demonstrates that the Manfredi Plaintiffs' speculated scenarios are very unlikely. For example, the transcript of the Cockpit Voice Recorder shows that the captain and co-captain were alive and still conversing until less than 30 seconds before the crash. *See* Komite Nasional Keselamatan Transportasi Republic of Indonesia, Final Aircraft Investigation Report (2019), https://bit.ly/3xL7Ll5 at 85. While the report makes the Manfredi Plaintiffs' new theories improbable, it does not foreclose them entirely—the report does not discuss

Court will determine whether it preempts Plaintiffs' other claims and whether it forecloses their right to a jury trial.

## B. Plaintiffs' Non-DOHSA Claims Are Preempted, and Plaintiffs Are Not Entitled to a Jury Trial.

Defendants argue that DOHSA acts to preempt Plaintiffs' other claims against them, and that Plaintiffs do not have a right to a trial by jury because DOHSA is a claim in admiralty. DOHSA provides that where a death occurs on the high seas as the result of negligence or wrongdoing, the decedent's spouse, parent, child, or dependent relative "may bring a civil action in admiralty" against the wrongdoer. *Id.* § 30302. DOHSA allows recovery of pecuniary and non-pecuniary damages exclusively for those relatives, but explicitly forbids punitive damages. *Id.* § 30307. If a person is injured on the high seas and dies while he or she has a civil action pending to recover for those injuries, "the personal representative of the decedent may be substituted as the plaintiff" and the action proceeds under the provisions of DOHSA. *Id.* at § 30305.

The Seventh Amendment does not require jury trials in cases brought in admiralty. *Fitzgerald v. U.S. Lines Co.*, 374 U.S. 16, 20 (1963) (citing *Waring v. Clarke*, 46 U.S. 441 (1847)); Fed. R. Civ. P. 38(e). Nevertheless, jury trials in admiralty are not forbidden. *Fitzgerald*, 374 U.S. at 20. While the case law is murky

---

what may have happened to any passengers in the main cabin. So long as the Manfredi Plaintiffs have "evidentiary support or . . . will likely have evidentiary support after a reasonable opportunity for further investigation or discovery" for any new allegations, Fed. R. Civ. P. 11(b), they are granted leave to amend their complaint, keeping in mind that they may be subject to sanctions if their pleading does not comply with the requirements of Rule 11.

and often conflicting,[5] it appears that a plaintiff's jury demand in a DOHSA case may be granted in two instances: (1) where the plaintiff asserts a non-preempted claim in addition to the DOHSA claim that carries a right to a jury trial; or (2) where, "in addition to asserting a DOHSA claim, a plaintiff also asserts another claim that does not necessarily entitle her to a jury trial, but that invokes the court's diversity jurisdiction." *Lasky v. Royal Caribbean Cruises, Ltd.*, 850 F. Supp. 2d 1309, 1313 (S.D. Fla. 2012) (collecting cases).

### 1. DOHSA Preempts Plaintiffs' Survival Actions

First, both Plaintiffs argue that they plead non-preempted claims which grant them a right to a jury trial. Defendants, however, argue that DOHSA preempts Plaintiffs' other claims against them. These are their wrongful death claims under Illinois law, their pre-death injury and emotional distress claims, the Chandra Plaintiffs' claims for property damage, and the Manfredi Plaintiffs' claims under the ICFA and CFAA.

We start with the principle that where DOHSA applies, it is generally the exclusive source of law and preempts all other state wrongful death claims. *See generally Tallentire*, 477 U.S. 207.[6] The Supreme Court in *Dooley* has also held that survival claims for pre-death pain and suffering, like those sought by Plaintiffs, are

---

[5] Indeed, the Supreme Court has described as "tortuous" the development of the law as it pertains to wrongful death claims in the maritime context. *Tallentire*, 477 U.S. at 212.

[6] The Chandra Plaintiffs accordingly concede that their wrongful death claim under Illinois law is preempted. R. 1422 at 3.

preempted by the application of DOHSA. 524 U.S. at 124. Without deciding whether survival claims may *ever* be brought in DOHSA cases, the Court explained:

> DOHSA expresses Congress' judgment that there should be no [pre-death pain and suffering] cause of action in cases of death on the high seas. **By authorizing only certain surviving relatives to recover damages, and by limiting damages to the pecuniary losses sustained by those relatives, Congress provided the exclusive recovery for deaths that occur on the high seas.** [Allowing such a] survival action would necessarily expand the class of beneficiaries in cases of death on the high seas by permitting decedents' estates (and their various beneficiaries) to recover compensation. [It also] would expand the recoverable damages for deaths on the high seas by permitting the recovery of nonpecuniary losses       Because Congress has already decided these issues, it has precluded the judiciary from enlarging either the class of beneficiaries or the recoverable damages. As we noted in *Higginbotham*, 'Congress did not limit DOHSA beneficiaries to recovery of their pecuniary losses in order to encourage the creation of nonpecuniary supplements.'       The comprehensive scope of DOHSA is confirmed by its survival provision, . . . which limits the recovery in such cases to the pecuniary losses suffered by surviving relatives. The Act thus expresses Congress' 'considered judgment,' on the availability and contours of a survival action in cases of death on the high seas.

*Id.* (quoting *Higginbotham*, 436 U.S. at 625) (emphasis added). The Court also noted that the Jones Act, which Congress adopted the same year as DOHSA and which permits seamen injured in the course of their employment to recover damages for their injuries, has a specific provision allowing a survival action for pre-death injury. The Court consequently reasoned that Congress was "certainly familiar" with language which would permit a survival cause of action, and that it likely made a conscious decision not to include a similar provision in DOHSA. *Dooley*, 524 U.S. at 124. In short, "Congress has spoken on the availability of a survival action, the losses

to be recovered, and the beneficiaries, in cases of death on the high seas," and generally, other survival actions are preempted. *Id.* at 123–24.

Plaintiffs argue that the Supreme Court's holding in *Dooley* does not apply to their pre-death pain and suffering claims, because some of Mr. Chandra's and Mr. Manfredi's injuries occurred while the plane was over land. They cite *Evans v. John Crane, Inc.*, C.A. No. 15-681 (MN) (D. Del. Oct. 24, 2019) and *Hays v. John Crane, Inc.*, Case No. 09-81881-CIV-KAM, 2014 WL 10658453 (S.D. Fla. Oct. 9, 2014), two cases in which the decedents died from asbestos exposure which occurred cumulatively over land and sea. However, these cases are distinguishable—they are "indivisible injury" cases where the fatal injury occurred over many years and partially over land. Plaintiffs here do not allege the decedents suffered "indivisible" fatal injuries (like asbestos exposure) over land and sea.

DOHSA similarly preempts the Chandra Plaintiffs' property damage claim and the Manfredi Plaintiffs' ICFA and CFAA claims. Though the Supreme Court has never directly addressed whether *all* other survival claims arising out of a death on the high seas are preempted by DOHSA, its dicta is instructive. *See, e.g.*, *Tallentire*, 477 U.S. at 232. ("[T]he conclusion that the state statutes are pre-empted by DOHSA where it applies is inevitable."). It is clear, then, that a survival claim for damages to the estate arising out of a death on the high seas will not lie, absent a clear indication from Congress to the contrary. Courts around the country have agreed.[7] *See Bowoto*

---

[7] The few cases which have allowed survivor claims to be brought concurrently with a DOHSA claim were decided pre-*Dooley* and were brought under the Jones Act, which was designed to "work together" with DOHSA, and the Warsaw Convention.

*v. Chevron Corp.*, 621 F.3d 1116, 1124 (9th Cir. 2010); *Jacobs v. N. King Shipping Co.*, 180 F.3d 713, 717 (5th Cir. 1999); *In re Air Disaster Near Honolulu, Haw. on Feb. 24, 1989*, 792 F. Supp. 1541 (N.D. Cal. 1990) (DOHSA provides only pecuniary damages to surviving dependents and precludes the availability of non-pecuniary damages under either general maritime law or state law, regardless of whether asserted as part of a wrongful death action or as a survival action); *Heath v. Am. Sail Training Ass'n*, 644 F. Supp. 1459, 1471-72 (D.R.I. 1986).

Plaintiffs contend that broad DOHSA preemption could lead to absurd results. For example, the Chandra Plaintiffs claim it would be unjust for DOHSA to preempt an estate from obtaining damages for a pre-accident assault at the airport. But DOHSA's preemption of claims arising out of incidents unconnected to the fatal accident is not at issue here. Their citation of *Ostrowiecki v. Aggressor Fleet, Ltd.* is similarly inapposite, because the emotional distress in that case was not preempted because it was "predicated on entirely different acts of defendants from those which allegedly caused [the decedent's] death." Nos. 07-6598, 07-6931, 2008 WL 3874609, at *5-6 (E.D. La. Aug. 15, 2008).

The Manfredi Plaintiffs also argue that the CFAA is a federal statute and that federal statutes cannot preempt each other. However, the Ninth Circuit, in deciding that DOHSA preempted survival claims under the federal Alien Tort Statute,

---

*See Peace v. Fidalgo Island Packing Co.*, 419 F.2d 371, 372 (9th Cir. 1969); *In re Korean Air Lines Disaster*, 704 F. Supp. 1135, 1152-53 (D.D.C. 1988); *Tozer v. LTV Corp.*, 1983 WL 705, at *7 (D. Md. May 27, 1983). Neither the Chandra nor the Manfredi Plaintiffs plead such claims.

explained that "*Dooley* . . . held that DOHSA preempts *all* survival claims for deaths on the high seas unless there is clear indication that Congress intended otherwise." *Bowoto*, 621 F.3d at 1124 (emphasis in original). Here, in contrast to DOHSA's comprehensive scope, the CFAA is a criminal statute that creates a private right of action. *See* 18 U.S.C. § 1030. It has a punitive purpose and does not even speak to the issue of survival claims. *Id.* Congress passed the CFAA after DOHSA, and if it intended such claims to be allowed in conjunction with a DOHSA claim, it would have said so. Like the Alien Tort Statute, there is thus "no evidence that Congress intended [CFAA] survival claims to remain viable" upon application of DOHSA. *Bowoto*, 621 F.3d at 1124.[8]

The Court consequently concludes that the Plaintiffs' other causes of action are preempted by DOHSA and should be dismissed.

### 2. "Saving to Suitors" Clauses and Existence of Diversity Do Not Preserve Right to a Jury Trial for DOHSA Claims

---

[8] The Court dismisses the Manfredi Plaintiffs' ICFA and CFAA claims because DOHSA preempts them. Nevertheless, those claims are also meritless as pleaded. Mr. Manfredi was not a "consumer" of the Boeing 737 MAX 8 aircraft, nor can he make a claim under the "consumer nexus test." *Tile Unltd., Inc. v. Blanke Corp.*, 788 F. Supp. 2d 734, 740 (N.D. Ill. 2011) (argument that consumer can state a claim under ICFA because he or she ultimately used a product has been "soundly, repeatedly, and correctly rejected"). Their CFAA claim also suffers from a host of deficiencies, the most egregious being that the CFAA specifically bars claims for negligent design of a computer system, which is precisely what the Manfredi Plaintiffs allege. 18 U.S.C. § 1030(g). Further, the Manfredi Plaintiffs lack standing because only an entity which suffered loss related to its computer system may state a claim under the CFAA. *Von Holdt v. A-1 Tool Corp.*, 714 F. Supp. 2d 863, 876 (N.D. Ill. 2010). And the Act prohibits only unauthorized activities. *See* 18 U.S.C. § 1030(g). Here, the Manfredi Plaintiffs allege that Boeing loaded the negligently designed MCAS software on its *own* aircraft, which is obviously authorized, and which does not affect Mr. Manfredi's computer systems.

Plaintiffs next argue that two "saving to suitors" clauses preserve their right to a jury trial. First, they argue that 28 U.S.C. § 1331(1), which allows a plaintiff with a general maritime claim to pursue any other remedies at law he might have, carries the right to a jury trial into any suit in admiralty where the court also sits in diversity. *See Atl. & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355, 359-60 (1962) ("This suit [for breach of a maritime contract] being in the federal courts by reason of diversity of citizenship carried with it, of course, the right to trial by jury."). Plaintiffs cite many general maritime cases for this argument.[9] However, none are applicable to a DOHSA case. A plaintiff in a general maritime claim may have a right to a jury trial for "suits at common law" under the Seventh Amendment because § 1331(1) allows *in personam* maritime claims to be brought "at law." Congress, however, has explicitly limited DOHSA to "a civil action in admiralty," which does not carry the right to a jury trial. *Tallentire v. Offshore Logistics, Inc.*, 800 F.2d 1390, 1391 (5th Cir. 1986) (on remand) (where the "sole predicate" for liability is DOHSA, the plaintiff "is not entitled to a jury trial"). As the Manfredi Plaintiffs' brief acknowledges, there is an exception to §1331(1) for claims that can only be brought in admiralty. *See* R.

---

[9] *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 455 (2001); *Atl. & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355, 360 (1962); *Wingerter v. Chester Quarry Co.*, 185 F.3d 657, 665 (7th Cir. 1999); *Bhd. Shipping Co. v. St. Paul Fire & Marine Ins.*, 985 F.2d 323, 326 (7th Cir. 1993); *Luera v. M/V Alberta*, 635 F.3d 181, 188 (5th Cir. 2011); *In re Lockheed Martin Corp.*, 503 F.3d 351, 354–55 (4th Cir. 2007); *Ghotra ex rel. Ghotra v. Bandila Shipping, Inc.*, 113 F.3d 1050, 1054–55 (9th Cir. 1997); *Odeco Oil & Gas Co., Drilling Div. v. Bonnette*, 74 F.3d 671, 674 (5th Cir. 1996); *Coronel v. Victory*, 1 F. Supp. 3d 1175, 1181–82 (W.D. Wash. 2014); *Manrique v. Fagan*, 2009 U.S. Dist. LEXIS 61794, at *24 (S.D. Fla. 2009); *Sea-Land Serv., Inc. v. J & W Imp./Exp., Inc.*, 976 F. Supp. 327, 330 (D.N.J. 1997); *Neal v. McGinnis, Inc.*, 716 F. Supp. 996, 998-99 (E.D. Ky. 1989).

1425 at 6 (citing 1 Schoenbaum § 4-4, pp. 239-40 (explaining that § 1331(1) does not apply to statutes where Congress "has conferred exclusive admiralty jurisdiction upon the federal courts."). DOHSA, by its terms, is one of those statutes. *Friedman v. Mitsubishi Aircraft Int'l, Inc.*, 678 F. Supp. 1064, 1066 (S.D.N.Y. 1988) ("[S]ince DOHSA provides a remedy in admiralty, admiralty principles are applicable and a DOHSA plaintiff has no right to a jury trial"); *Favaloro v. S/S Golden Gate*, 687 F. Supp. 475, 481 (N.D. Cal. 1987) ("DOHSA actions, according to the terms of the statute, lie in admiralty. . . . Therefore, plaintiffs are not entitled to a jury under DOHSA.").

Plaintiffs also argue that DOHSA's § 7, its own "saving to suitors clause," which provides "[t]his chapter does not affect the law of a state regulating the right to recover for death," preserves their right to a jury trial. 46 U.S.C. § 30308(a). But the Supreme Court has already decided the meaning of § 7 of DOHSA in *Tallentire*. 477 U.S. at 232. There, the plaintiffs argued that a state wrongful death statute was available to supplement recovery under DOHSA because, they argued, state law applied to the high seas and was "saved" by Section 7 of DOHSA. The Supreme Court held, however, that Section 7 of DOHSA was only intended to provide concurrent jurisdiction to state courts to adjudicate DOHSA claims. *Id.* It does not, as Plaintiffs contend, allow state law causes of action to be brought in federal court concurrently with DOHSA, or allow Plaintiffs to invoke common law jurisdiction. *Id.*

Plaintiffs argue that, under § 7 of DOHSA and *Tallentire*, they could (and the Chandra Plaintiffs did) bring their claims in Illinois state court. In state court, they

could potentially obtain a right to a trial by jury. It would be inconsistent, they argue, to be deprived of that right by accident of the case being removed to or filed in federal court. They cite *Cucuru v. Rose's Oil Serv., Inc.*, 802 N.E.2d 1032, 1035 (Mass. 2004), a case in which the Massachusetts Supreme Court held that DOHSA's § 7 gave the plaintiffs a jury trial right in state court. But the *Cucuru* decision turned on Massachusetts constitutional and procedural law. Here, however, "federal procedural law controls the question of whether there is a right to a jury trial" in federal court. *Int'l Fin. Servs. Corp. v. Chromas Techs. Canada, Inc.*, 356 F.3d 731, 735 (7th Cir. 2004). And federal procedural law holds that cases brought in admiralty do not carry a right to a jury trial. *See* Fed. R. Civ. P. 38 (e) ("These rules do not create a right to a jury trial on issues in a claim that is an admiralty or maritime claim).

Plaintiffs also reason that this Court has concurrent diversity jurisdiction over their claims, which means their cases can be brought "at law" and they have a right to a jury trial under the Seventh Amendment. But the jury trial right turns not on whether the parties for the DOHSA claim are diverse, but on whether another claim in diversity is being tried concurrently with the DOHSA claim. *Lasky*, 850 F. Supp. 2d at 1313. For example, the court in *Friedman* addressed whether a plaintiff is entitled to a jury trial on his or her DOHSA claims because the parties are diverse and held that "[t]he existence of an additional jurisdictional predicate in this case, *i.e.*, diversity of citizenship, can lead to no different result. Diversity of citizenship creates only an additional basis for federal jurisdiction; it does not enlarge the parameters of the substantive remedy upon which a claim is based." 678 F. Supp. at

1066 n.5; *see also Lasky*, 850 F. Supp. 2d at 1314-15 (holding in part that a plaintiff who brought a death action under DOHSA was not entitled to a jury trial notwithstanding the fact that there was diversity of citizenship). Here, although the parties are diverse, as discussed above, Plaintiffs' only remaining claims arise under DOHSA, which under its clear terms, limits the claims to this Court's admiralty jurisdiction.

### 3. The Presence of a Jury Demand Does Not Necessitate a Trial by Jury

Finally, the Chandra Plaintiffs argue that they made a jury demand in their complaint and that Boeing, too, made a jury trial demand in its removal of the case. Boeing responds that its jury demand was a nullity and all Defendants assert that the Chandra Plaintiffs' jury demand is waived by virtue of their invocation of this Court's admiralty jurisdiction. Defendants are correct that "there is no basis for" a jury demand "to the extent that any other causes of action . . . are effectively preempted by DOHSA." *In re Air Disaster v. Honolulu, Haw. on Feb. 24, 1989*, 792 F. Supp. at 1547; *see also LaCourse v. Def. Support Servs. LLC*, No. 3:16cv170-RV/CJK, 2018 WL 7342153, at *2 (N.D. Fla. Oct. 31, 2018) (striking jury demand where plaintiff's claims were preempted by DOHSA). A jury demand by either party does not convert an admiralty claim to a nonadmiralty claim. *Wingerter v. Chester Quarry Co.*, 185 F.3d 657, 668 (7th Cir. 1998). "In such cases the district court should simply deny the request." *Id*. The Court does so here.

## C. Certification of Jury Trial Issue for Interlocutory Appeal

For the reasons stated in the Court's Opinion granting Plaintiffs' and Defendant

Xtra's motions for certification entered herewith, R. 1489, the Court certifies for immediate interlocutory appeal under 28 U.S.C. § 1292(b) the issue of Plaintiffs' right to a jury trial. Namely, the issue of "whether a plaintiff in federal court is entitled to a jury trial under the Seventh Amendment when the plaintiff's sole claim arises under DOHSA, and the plaintiff has a concurrent basis for common law jurisdiction (such as diversity)," R. 1489 at 5, "involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." § 1292(b).

## CONCLUSION

For the foregoing reasons, Defendants' motions, R. 1399, 1401, are granted. All pre-death pain and suffering, emotional distress, property damage, and state and federal fraud claims in the *Chandra* and *Smith* cases are dismissed. Both cases will be tried exclusively under DOHSA. Because DOHSA mandates the cases to be tried pursuant to the Court's admiralty jurisdiction, Defendants' requests for bench trials in each case are granted. The lone issue of Plaintiffs' entitlement to a jury trial is certified for immediate interlocutory appeal under 28 U.S.C. § 1292(b). Plaintiffs may take an appeal within ten days of entry of this amended order. *Id.*

ENTERED:

Honorable Thomas M. Durkin
United States District Judge

Dated: May 25, 2023