**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT COURT OF ILLINOIS, EASTERN DIVISION**

*IN RE: Lion Air Flight JT 610 Crash*

**Lead Case: 1:18-cv-07686**
Related Case Nos.: 1:19-cv-02074 (Decedents Maulana, and Agustin); 1:19-cv-02312 (Decedent Hantoro); 1:19-cv-02764 (Decedents Nuraini, Ramadhan, and Silvianti)

*Assigned for All Purposes to Hon. Thomas M. Durkin*

**PLAINTIFFS' *UNCONTESTED* MOTION FOR ORDER AMENDING PREVIOUS ORDERS RE MINORS' BLOCKED ACCOUNTS**

**PLAINTIFFS' UNCONTESTED MOTION FOR ORDER AMENDING PREVIOUS ORDERS RE MINORS' BLOCKED ACCOUNTS**

## I. INTRODUCTION

PLEASE TAKE NOTICE that the following Plaintiffs hereby move for an order modifying the Court's orders approving minors-plaintiffs' settlement[1]:

| No. | DECEDENT NAME | NAME OF PLAINTIFF AND/OR NATURAL CUSTODIAL PARENT | ECF NO. |
|---|---|---|---|
| 1 | EKA SUGANDA | MERDIAN AGUSTIN, Natural Custodial Mother of Minors A.M.A. and F.F.F. | 413 |
| 2 | YULIA SILVIANTI | ADHITYA WIRAWAN, Natural Custodial Mother of Minors R.V.A. and Y.H.S. | 414 |
| 3 | SHANDY JOHAN RAMADHAN | DHINA ALDINA SAPUTRI, Natural Custodial Mother of Minor H.U.A. | 415 |
| 4 | HESTI NURAINI | M. SHOLEKHUDIN ZUHRI, Natural Custodial Father of Minor N.E.Q. | 416 |
| 5 | IBNU HANTORO | YESENIA FERNANDEZ, Plaintiff and Estate Administrator; HELDA APRILIA[2], Natural Custodial Mother of Minors A.Z.H. and F.R.H. | 417 |

[1] Names of Minor-Plaintiffs who have turned 18 years and received their funds are omitted from this filing.

[2] YESENIA FERNANDEZ was the U.S. based administrator of Decedent Hantoro's estate who was the plaintiff for the original case *Yesenia Fernandez v. The Boeing Company*, 1:19-cv-

| | | | |
|---|---|---|---|
| 6 | SEKAR MAULANA | MYRNA JULIASARI, Natural Custodial Mother of Minors M.E.N. and A.N.S. | 418 |

The aforementioned plaintiffs and/or natural custodial parents are collectively referred to herein as "Plaintiffs."

Plaintiffs respectfully request this Court modify its orders at Dkt. Nos. 413-418 above in order to authorize the delivery of the minor settlement funds to the natural parent custodians consistent with other Lion Air Plaintiffs in this case. *See e.g.*, Dkt. Nos. 710 and 1167.

## II. FACTUAL BACKGROUND

**Current Minors' Settlement Orders.** On March 3, 2020, the Court ordered all settlement funds to be initially paid to Plaintiffs' counsel's client trust account and, thereafter, the minors' net proceeds to be deposited into blocked accounts. Dkt Nos. 412-418. The Court appointed as trustee for the minors-plaintiffs' blocked accounts MICHAEL INDRAJANA (California State Bar No. 258329) of the law firm INDRAJANA LAW GROUP. *Id*. While the Court dismissed Plaintiffs' claims in these actions, the Court retained jurisdiction to effectuate settlement, including enforcement, adjudication of liens, approval where necessary, and any other pendent matters. *Id*. On July 2, 2020, the Court granted a modification of the orders to change the financial institution in which the funds were to Comerica Bank, where they have been securely deposited on or around July 23, 2020 to the present date. Declaration of Michael B. Indrajana (The "Indrajana Decl." at ¶ 4). Since the Court issued its July 2, 2020 order, some of the minors have turned 18, and the funds have been released to said minors shortly after they turned 18 years old. *Id.*

**Practical Concerns Regarding Cross-Border Fund Administration.** In electing to have the minor settlement funds held in blocked accounts in the United States at the time of the settlement in 2020, Plaintiffs sought to provide an additional layer of protection against potential familial disputes over fund management. Indrajana Decl. at ¶ 9. However, the recent global conflict between the United States and the Islamic Republic of Iran has raised legitimate concerns among Plaintiffs regarding the long-term accessibility of funds held in U.S. financial institutions by minor foreign nationals residing in Indonesia, as well as global economic repercussions that affect

02312, and was discharged from her duty as administrator when the matter settled and the estate was closed. The minor's biological mother and guardian is Helda Aprilia, the decedent's widow and biological mother of the minors A.Z.H. and F.R.H.

Indonesia as a result of the conflict. *Id.* at ¶ 10. Given ongoing uncertainty regarding U.S. government's domestic and international operations, as well as policies potentially affecting said minor foreign nationals' access to U.S.-based assets, Plaintiffs have determined that the minor settlement funds would be more securely administered by the natural custodial parents in Indonesia, consistent with Indonesian law and this Court's prior orders in the Lion Air litigation. *Id.*

**Meet & Confer Requirement Satisfied.** Pursuant to the Court's general order applying Local Rule 37, Plaintiffs' counsel conferred with all potentially interested parties—namely, Defendant's counsel—in good faith on or before the date of filing the instant motion to resolve the issues presented. Indrajana Decl. at ¶ 11. Defendant indicated that it does not contest the instant motion and Plaintiffs' request to modify the minors' settlement orders to authorize the delivery of the settlement funds to the natural parent custodians of the plaintiff minors submitting this motion.

## III. ANALYSIS

The Court expressly retained jurisdiction to effectuate settlement, including enforcement, adjudication of liens, approval where necessary, and any other pendent matters. (Dkt. Nos. 412–418 at ¶ 10; Dkt. No. 645.) This retained jurisdiction empowers the Court to modify the terms of the minors' settlement orders where good cause exists.

Throughout the life of the *Lion Air* case, this Court has routinely granted motions to release minor settlement funds to natural custodial parents in the Lion Air consolidated actions. *See e.g.*, Dkt. Nos. 710 and 1167. More specifically, on or around August 14, 2020, the Court granted a motion seeking release of minor settlement funds to natural custodial parents for eleven decedents' families. Dkt. No. 707.

Similarly, on June 29, 2021, the Court granted another plaintiff motion to approve the minor settlement in the Estate of Filzaladi matter. Dkt. No. 1167 at ¶ 5. Notably, the Court granted this relief even after Plaintiffs' Indonesian counsel submitted a declaration raising specific concerns about that case that would allow the funds to be held in the United States in a blocked trust account until the minor turns 18 years of age. Dkt. No. 1125. Despite these heightened concerns, the Court determined that release to the natural custodial parent was appropriate.

Here, the families subject to the instant motion present circumstances far less concerning than those in *Merdekawati*. Specifically, the natural custodial parents hold adult interests in the

respective decedents' estates, aligning their financial welfare with that of the minor claimants. Indrajana Decl. at ¶ 8; Declaration of Rendy Kailimang (the "Kailimang Decl.") at ¶ 3. Indeed, the undersigned, as trustee, has maintained continuous and regular contact with these families, and has observed no circumstances suggesting the minors' funds would be at risk if released to their natural custodial parents. Indrajana Decl. at ¶ 7. The undersigned's observations are corroborated with Mr. Kailimang's experience as the families' Indonesian local counsel in the past seven years. Kailimang Decl. at ¶ 4.

The Indonesian legal framework described in other plaintiffs' motions to release funds to the Indonesian parents remains in effect. As set forth in the Kailimang Declaration, the relevant statutes—Act 35 of 2014 (Child Protection Act), Act 16 of 2019 (Marriage Act amendments), and the applicable provisions of the Islamic Law Compilation—have not been amended or superseded. Kailimang Decl. at ¶ 6. The natural custodial parents of the minor claimants remain legally obligated under Indonesian law to manage the settlement funds solely for their children's benefit and to transfer the funds to the children upon reaching the age of majority. *Id.* at ¶ 7.

Consistent with its position on prior motions seeking identical relief, Defendant has indicated it does not contest the instant motion. Indrajana Decl. at ¶ 11.

## IV. CONCLUSION

As such, Plaintiffs respectfully request the Court enter an order to allow the remaining minor settlement funds to be released into the care of the minors' natural custodial parents.

The undersigned trustee respectfully reserves the right to seek approval of reasonable trust administration fees and expenses by separate motion following the Court's entry of an order on the instant motion.

Dated: March 27, 2026

Respectfully Submitted,

*/s/ Michael B. Indrajana*

Michael B. Indrajana
Indrajana Law Group a PLC
michael@indrajana.com
*admitted Pro Hac Vice*
*Attorneys and Trustees for Plaintiffs and Minor Claimants*