**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT COURT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| *IN RE: Lion Air Flight JT 610 Crash* | **Lead Case: 1:18-cv-07686**<br>Related Case Nos.: 1:19-cv-02074 (Decedents Maulana, and Agustin); 1:19-cv-02312 (Decedent Hantoro); 1:19-cv-02764 (Decedents Nuraini, Ramadhan, and Silvianti)<br><br>*Assigned for All Purposes to Hon. Thomas M. Durkin*<br><br>**DECLARATION OF MICHAEL B. INDRAJANA IN SUPPORT OF PLAINTIFFS' UNCONTESTED MOTION FOR ORDER AMENDING PREVIOUS ORDERS RE MINORS' BLOCKED ACCOUNTS** |

**DECLARATION OF MICHAEL B. INDRAJANA IN SUPPORT OF PLAINTIFFS' UNCONTESTED MOTION FOR ORDER AMENDING PREVIOUS ORDERS RE MINORS' BLOCKED ACCOUNTS**

I, MICHAEL B. INDRAJANA, declare as follows:

1. I am an attorney licensed to practice law in the State of California (State Bar No. 258329). I am the principal of Indrajana Law Group, a Professional Law Corporation. I have personal knowledge of the matters set forth herein and, if called as a witness, could and would competently testify thereto.

2. I served as co-counsel with Kabateck LLP in the Lion Air Flight JT 610 litigation on behalf of the families identified in the instant motion. I am fluent in Indonesian and have personally met with each of the families throughout the course of this litigation.

3. On March 3, 2020, the Court appointed me as trustee of the blocked accounts opened for the benefit of the minor plaintiffs in the actions identified at Dkt. Nos. 413–418. (Dkt. Nos. 412–418 at ¶ 6.).

4. Pursuant to the Court's July 2, 2020 order (Dkt. No. 645), the minor plaintiffs' settlement funds were deposited into blocked accounts at Comerica Bank on or around July 23, 2020, where they have remained securely held to the present date.

5. Since the Court entered its original orders, some of the minor claimants have reached the age of 18. Consistent with paragraph 9 of the Court's orders, I have transmitted the funds to those minors upon their reaching majority, without incident. As an additional safeguard, I instructed the families to establish separate joint USD accounts in the name of both the parent and the minor to avoid comingling of funds. For minors who reached the age of 18, I also directly communicated with the minor to ensure they were aware of the transfer and to confirm the account details prior to transmitting the funds.

6. The remaining minor claimants' funds continue to be held in blocked accounts at Comerica Bank pending resolution of the instant motion.

7. As trustee, I have maintained continuous and regular contact with the families of the minor claimants from 2020 to the present. In June 2024, I traveled to Indonesia and met with the families in person. Based on my observations, the parents have demonstrated financial responsibility and have provided stable environments for the minor claimants. Notably, none of the families have ever requested disbursements from the blocked accounts for the minors' expenses—requests that would have required me to seek leave of court. Based on the foregoing, I have no concerns regarding the Court modifying its orders to authorize delivery of the funds to the natural custodial parents.

8. Each of the natural custodial parents identified in the instant motion holds an adult interest in the respective decedent's estate, aligning their financial welfare with that of the minor claimants.

9. At the time of the settlement in 2020, Plaintiffs elected to have the minor settlement funds held in blocked accounts in the United States in order to provide an additional layer of protection against potential familial disputes over fund management.

10. As a U.S.-based trustee for minor foreign nationals residing in Indonesia, I have observed concerning trends regarding the long-term accessibility of funds held in U.S. financial institutions by foreign nationals. These concerns include, but are not limited to the ongoing international conflict between the United States and the Islamic Republic of Iran, which has caused

significant economic impact to the Indonesia[1] [2]. Based on these concerns, I have determined as trustee that it would be prudent to seek modification of the Court's orders to allow the funds to be administered by the natural custodial parents in Indonesia. Plaintiffs have been apprised of the situation and consent to this course of action.

11. Prior to filing the instant motion, I conferred with counsel for Defendant The Boeing Company regarding the relief sought. Defendant's counsel indicated that Boeing does not contest the instant motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 27, 2026, in San Mateo, California.

MICHAEL B. INDRAJANA

[1] *See e.g.*, Rajah, R. The economic fallout of the Iran War for Indo-Pacific developing countries. The interpreter (Mar. 10, 2026). URL: https://www.lowyinstitute.org/the-interpreter/economic-fallout-iran-war-indo-pacific-developing-countries (Last Accessed on Mar. 27, 2026)

[2] The Strait of Hormuz crisis is Indonesia's Economic Test. Yudhistira, B., et al. (Mar. 25, 2026). URL: https://www.middleeastmonitor.com/20260325-the-strait-of-hormuz-crisis-is-indonesias-economic-test/ (Last Accessed on Mar. 27, 2026)