**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT COURT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| *IN RE: Lion Air Flight JT 610 Crash* | **Lead Case: 1:18-cv-07686**<br>Related Case Nos.: 1:19-cv-02074 (Decedents Maulana, and Agustin); 1:19-cv-02312 (Decedent Hantoro); 1:19-cv-02764 (Decedents Nuraini, Ramadhan, and Silvianti)<br><br>*Assigned for All Purposes to Hon. Thomas M. Durkin*<br><br>**DECLARATION OF RENDY KAILIMANG IN SUPPORT OF PLAINTIFFS' UNCONTESTED MOTION FOR ORDER AMENDING PREVIOUS ORDERS RE MINORS' BLOCKED ACCOUNTS** |

**DECLARATION OF RENDY KAILIMANG IN SUPPORT OF PLAINTIFFS' UNCONTESTED MOTION FOR ORDER AMENDING PREVIOUS ORDERS RE MINORS' BLOCKED ACCOUNTS**

I, RENDY KAILIMANG, declare as follows:

1. I am licensed to practice law in the Republic of Indonesia. I am a partner at the law firm Kailimang & Ponto, located in Jakarta, Indonesia. I submit this declaration based on my personal knowledge and am prepared to testify about its contents as necessary.

2. Since December 2018, Kailimang & Ponto has served as Indonesian counsel for families of victims of the Lion Air Flight JT 610 crash, including the families identified in the instant motion, in connection with their claims against The Boeing Company.

3. The six families subject to the instant motion present materially different circumstances. In each case, the natural custodial parent seeking release of the minor's funds also holds an adult interest in the decedent's estate, creating alignment between the parent's and minor's financial welfare. Additionally, these families have remained intact, and the surviving parents have been the primary caregivers for the minor claimants since the October 2018 crash.

4. Based on our firm's ongoing relationship with these families over the past seven years, we have not observed any circumstances suggesting the minors' funds would be at risk of mismanagement or abuse if released to the natural custodial parents.

5. In June 2021, I submitted a declaration in a related matter (Dkt. No. 1125) expressing concerns about releasing minor settlement funds to a natural custodial parent. My concerns in that matter were specific to the circumstances presented: the parent had divorced the decedent prior to the crash, held no independent adult interest in the estate, and would be controlling funds in which the minor held a majority interest.

6. In connection with my June 2021 declaration, I reviewed the Legal Memorandum filed in this matter at Dkt. No. 707-1 regarding the Indonesian legal framework governing the management of minor children's funds. In preparation for this declaration, I have independently confirmed that the relevant Indonesian statutes—including Act 35 of 2014 (Child Protection Act), Act 16 of 2019 amending Act 1 of 1974 (Marriage Act), and the relevant provisions of the Islamic Law Compilation (KHI)—remain in effect and have not been materially amended or superseded. Under Indonesian law, settlement funds for minor beneficiaries may be transferred directly to biological parents or legal guardians, who are required to manage the funds exclusively for the child's needs and benefit and to convey the funds to the child upon reaching legal age.

7. The natural custodial parents of the minor claimants identified in the instant motion remain legally obligated under Indonesian law to manage the settlement funds solely for their children's benefit and to transfer the funds to the children upon reaching the age of majority.

I declare under penalty of perjury under the laws of the State of California and Illinois and the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on March 25, 2026, in Jakarta, Indonesia.

RENDY KAILIMANG